FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2013 DEC 11 P 2:42

CLERK'S OFFICE
AT GREENBELT

BRETT KIMBERLIN,

 Plaintiff,

v.

NATIONAL BLOGGERS CLUB,

*et al.*,

 Defendants

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

GREENBELT DIVISION

Case No. 13-CV-03059-PWG

### DEFENDANT WILLIAM HOGE'S MOTION TO DISMISS

Plaintiff has not properly served Defendant Hoge. He provided Mr. Hoge with a copy of the original Complaint by *personally* handing it to him. He subsequently sent Mr. Hoge a document purporting to be the Amended Complaint via Certified Mail. Neither document Mr. Hoge received bears the acceptance stamp of the Clerk of the Court, and the purported Amended Complaint is not the same as the Amended Complaint found as Item 2 of the case docket on PACER. This Motion to Dismiss addresses the Amended Complaint found on PACER.

## First Claim for Relief—RICO

1. Plaintiff's Amended Complaint is rife with conclusory statements but does not properly allege that he suffered actual damages to his business or property as a result of Defendant Hoge's (or any other defendant's) actions. Thus, Plaintiff lacks standing to sue under 18 U.S.C. § 1964(c) which requires that (1) the plaintiff must be a "person" (2) who sustains injury (3) to its "business or property" (4) "by reason of" the defendant's violation of § 1962. Plaintiff's conclusory statements do not establish a claim upon which relief can be granted. The Supreme Court has said, "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2. In order to invoke 18 U.S.C. § 1961 Plaintiff is required to show that at least two predicate acts of racketeering activity have been committed. Plaintiff fails to allege the necessary elements of even one. He attempts to allege the following crimes:

    A. Mail Fraud (18 U.S.C. § 1341)

    B. Wire Fraud (18 U.S.C. § 1343)

    C. Money Laundering (18 U.S.C. § 1957)

    D. Extortion (18 U.S.C. § 1951)

    E. Obstruction of Justice (18 U.S.C. §§ 1503, 1510, and 1511)

    F. Retaliation Against a Witness or Juror (18 U.S.C. § 1513)

## Failure to Properly Allege Mail or Wire Fraud

3. "Mail or wire fraud occurs when a person (1) intentionally participates in a scheme to defraud another of money or property and (2) uses the mails or wires in furtherance of the scheme." *Pelletier v. Zweifel,* 921 F.2d 1465, 1498 (11th Cir. 1991). The elements of fraud are (1) a material, (2) false statement, (3) known by the defendant to be untrue, (4) made with the intent of the defendant to deceive the alleged victim, (5) the justifiable reliance of the victim on the statement, and (6) actual injury to the victim as a result. At no point in his Amended Complaint does Plaintiff explain with particularity why any of the statements he cites are untrue. He does not allege that any of the defendants knew that any material statements were untrue. He does not allege that they were material. Further, he neither identifies a particular person reasonably deceived by any defendant, nor does he specify how any deception injured Plaintiff in his business or property. At best, he offers a few conclusory statements rather than properly alleging damages suffered. He shows no knowingly false statement, no victim., no damages, and, therefore, no fraud.

4. Thus, Plaintiff has failed to properly allege either Mail Fraud or Wire Fraud as predicate acts supporting a civil RICO claim.

## Failure to Properly Allege Money Laundering

5. The Money Laundering statute 18 U.S.C. § 1957 punishes transactions dealing with property derived from criminal activity and having a value greater than $10,000. Plaintiff fails to properly allege any of the elements of this offense. He does not allege that whoever made the transactions did so in the United States or within its maritime or territorial jurisdiction or that he was a United States person. Indeed, he admits in paragraph 141 of the Amended Complaint that he is not privy to any accounting of the funds. Further, his allegation of any transaction valued in excess of $10,000 is purely conclusory and not entitled to be assumed to be true.

6. Finally, Plaintiff has failed to properly allege any illegal activity from which the funds in question were derived. As demonstrated above, he has not properly alleged fraud or any other crime by any defendant.

7. Thus, Plaintiff has failed to properly allege any instance of Money Laundering as a predicate act supporting a civil RICO claim.

## Failure to Properly Allege Extortion Under 18 U.S.C. § 1951

8. Extortion as defined by 18 U.S.C. § 1951(b)(2) means "the obtaining of property from another, with his consent, induced by wrongful use of actual force, violence, or fear,

or under color of official right." Plaintiff does not allege that he consented to give up any property because of actions by any of the defendants. Nor does he allege that any of the defendants made any extortionate threats. An ordinary settlement offer is not extortion.

9. Thus, Plaintiff has failed to properly allege any instance of Extortion as a predicate act supporting a civil RICO claim.

**Failure to Properly Allege Obstruction of Justice**

10. Obstruction of Justice under 18 U.S.C. § 1503 is defined as endeavoring "to influence, intimidate, or impede any grand or petit juror, or officer in or of any court of the the United States, or officer who may be serving at any examination or other proceeding before any United States magistrate judge or other committing magistrate ..." Plaintiff fails to allege that he or any other alleged victim were federal jurors, officers of a federal court, or Article I or Article III judges or that any defendant obstructed any federal proceeding. See, *e.g.*, *U.S. v. Ardito*, 782 F.2d 358 (2d Cir. 1986); cited with approval in *U.S. v. Aragon*, 983 F.2d 1306 (4th Cir. 1993).

11. Obstruction of Justice under 18 U.S.C. § 1510 involves "bribery to obstruct, delay, or prevent the communication of information relating to a violation of any criminal statue of the United States by any person to a criminal investigator ..." Plaintiff makes no allegation that any defendant bribed anyone.

12. Obstruction of Justice under 18 U.S.C. § 1511 means interference with law enforcement "to facilitate an illegal gambling business ..." Plaintiff makes no mention of gambling, legal or illegal, in his Amended Complaint.

13. Thus, Plaintiff has failed to properly allege any instance of Obstruction of Justice as a predicate act supporting a civil RICO claim.

**Failure to Properly Allege Retaliation Against a Witness or Juror**

14. The Retaliation Against a Witness Statute 18 U.S.C. § 1513(b) which Plaintiff cites deals with conduct which "causes bodily injury to another person or damages the tangible property of another person, or threatens to do so, with the intent to retaliate against that person ..." Plaintiff alleges that the defendants have written bad things about him on the Internet. He has alleged that criminal charges, peace orders, and civil lawsuits have been filed against him. He claims that he has been subjected to "extortion by lawsuit." He alleges that some of the defendants have advocated that he should be sent back to prison. Even if any of that be true, none of those acts are prohibited by 18 U.S.C. § 1513.

15. Plaintiff's allegation of assault might be covered by 18 U.S.C. § 1513—if it were true. However, such an allegation against Defendant Aaron Walker is barred by collateral estoppel. Plaintiff attempted to use the alleged incident of assault as a the basis of a

peace order against Mr. Walker in 2012, but the both the District and Circuit Courts ruled no assault occurred. See *Kimberlin v. Walker* (Md.Cir.Ct. Mont.Co. 2012) Case No. 8444D. Furthermore, the alleged assault was related to a Maryland civil lawsuit (*Kimberlin v. Allen*, (Md. Mont. Co. Cir. Ct. 2011) case number 339254V) but not any federal case. An "official proceeding" is defined by 18 U.S.C. §1515(a)(1) as relating to federal cases only. *See U.S. v. Shively*, 927 F. 2d 804 (5th Cir. 1991).

16. Plaintiff also alleges that unknown persons have been "threatening his family." However, no particular threat is alleged, certainly none that would have affected any federal proceeding. He does not allege that any of the defendants made threats to his family, and he does not allege that they incited other to make threats. Such a conclusory allegation should be disregarded.

17. Thus, Plaintiff has failed to properly allege any instance of Retaliation Against a Witness or Juror as a predicate act supporting a civil RICO claim.

**Failure to Properly Allege the Existence of a RICO Enterprise**

18. Plaintiff is required to allege the existence of a "group with a common purpose and course of conduct—and the actual commission of a pattern of predicate offenses." *Boyle v. U.S.*, 129 S.Ct. 2237, 2250 (2009). There is no rational demonstration of the

7

existence of a RICO enterprise to be found among the smoke and mirrors of Plaintiff's Amended Complaint.

19. Plaintiff alleges the existence of an "association-in-fact" but alleges no facts to show its continuity of structure and personality or its common purpose. His conclusory allegations are not adequate to establish "'an ongoing organization with some sort of framework, formal or informal, for carrying out its objectives' and that 'the various members and associates of the association function[ed] as a continuing unit to achieve a common purpose.'" *Id.* at 2242.

20. Thus, Plaintiff has failed to properly allege any fact showing the existence of a RICO enterprise that might have acted against him.

**SECOND CLAIM FOR RELIEF—VIOLATION OF THE CIVIL RIGHTS ACT OF 1866**

21. Plaintiff makes no allegation against Defendant Hoge for violations of 42 U.S.C. § 1983.[1] Instead, Plaintiff attempts to use this statute against Defendant Frey because of his employment as a Deputy District Attorney for Los Angeles County, California. However, Mr. Frey is not a state actor in connection with his blogging. In *Naffe v. Frey,*

---

[1] Defendant Hoge has standing to challenge this cause of action (and any other based on federal law) because this Court can only have jurisdiction over the state law claims alleged by the Plaintiff through supplemental jurisdiction under 28 U.S.C. § 1367(a). Mr. Hoge has a valid interest in seeing all federal claims dismissed so that the remaining state claims should be dismissed for lack of jurisdiction.

*et al.* (C.D. Cal., Case No. 2:12-CV-08443-GW-MRW.), a case involving the same defendant and the same federal statute, Judge George Wu found that "Frey's practice of simply (relatively frequently) mentioning the fact that he is a deputy district attorney or prosecutor ... does not transform everything he says on his blog or on Twitter into state action" and also found that "[q]uite simply, nothing Plaintiff has alleged plausibly suggests that Frey acted, or purported or pretended to act, in performance of his official duties." Plaintiff has not offered a single reason for this Court to find otherwise.

22. Plaintiff fails to allege with any particularity an act by any defendant that violated Plaintiff's (or any third party's) civil rights guaranteed under the Constitution or any federal statute.

23. Thus, Plaintiff has failed to properly allege any instance of a violation of the Civil Rights Act of 1866.

### THIRD CLAIM FOR RELIEF—VIOLATION OF THE KU KLUX KLAN ACT OF 1871

24. Plaintiff makes a *pro forma* recitation of the elements of a violation 42 U.S.C. § 1985(2) or, perhaps, § 1985(3) in alleging that the defendants conspired to deny him the equal protection of the laws. He does so with no particularity. He does not even suggest which defendant might have taken what action on what date or in connection with which matter. On information and belief, the only times that Plaintiff has been prevented from

offering testimony have been in Maryland state courts where he is barred from testifying (MD COURTS & JUDICIAL PROC. § 9-104.) because of his prior conviction for perjury. See *U.S. v. Kimberlin*, 483 F.Supp. 350 (S.D. Ind. 1979), ¶ 3.

25. Thus, Plaintiff has failed to properly allege any instance of a violation of the Ku Klux Klan Act of 1871 committed against him.

### FOURTH CLAIM FOR RELIEF—FRAUD

26. As shown in paragraph 3 above, Plaintiff has failed to properly allege the elements of fraud.

27. Furthermore, Plaintiff does not claim to be among the group of persons who made donations to any of the defendants, so, even if a fraud existed, he would not be among its victims. He shows no way in which he was damaged. Therefore, he has no standing to allege that any of the defendants defrauded him.

28. Thus, Plaintiff has failed to properly allege any instance of fraud committed against him or to specify any damages caused by such fraud.

## FIFTH CLAIM FOR RELIEF—DEFAMATION

29. Plaintiff has not pled with particularity any defamatory statement. Who said what when?[2]

30. Plaintiff has not alleged any actual damages or expenses incurred because of any defamation.

31. Even if the alleged statements made by Defendant Hoge be defamatory, any claim by Plaintiff is barred by the statute of limitations (MD COURTS & JUDICIAL PROC. § 5-105.) because all alleged statements by Mr. Hoge were made more than one year before the filing of the instant suit.

32. Plaintiff is a public figure who is defamation proof. He became the object of public attention when he was tried and convicted as the Speedway Bomber. See *U.S. v. Kimberlin*, 527 F.Supp. 1010 (S.D. Ind. 1981) and 483 F.Supp. 350 (S.D. Ind. 1979). He broadened his fame when, while still in prison on bombing and drug smuggling charges, he claimed to have sold marijuana to then-Vice-Presidential-candidate Dan Quayle. See *Kimberlin v. Quinlan*, 6 F.3d 789, 791 (D.C. Cir. 1999). Further public interest was generated when his parole for the bombing and drug charges was revoked. *Kimberlin v. Dewalt*, 12 F.Supp.2d 487 (D. Md. 1998). It was revoked because of failure to make restitution to the widow of a bombing victim (herself a wounded victim) which was a

---

[2] As noted in paragraph 45 below, there are two individuals who fit the description of "William Hoge" found in paragraph 18 of the Amended Complaint.

condition of his parole. He achieved another measure of fame when he sued the Bureau of Prisons because he was not allowed to possess an electric guitar in prison. See *Kimberlin v. U.S. Dept. of Justice*, 318 F.3d 228 (D.C. Cir. 2003). As a public figure, he has not alleged any instance demonstrating actual malice or a reckless disregard for the truth by any of the defendants. *NYT v. Sullivan*, 376 U.S. 254 (1964).

33. As can be seen by the partial listing of Plaintiff's history in the paragraph above, he has considerable reputational baggage. *Citizen K: The Deeply Weird American Journey of Brett Kimberlin* (Singer, Mark, Knoff, New York, 1996.) is an *authorized* biography of Kimberlin. It insinuates that Plaintiff had an improper relationship with a ten year old girl (p. 78.), that he was suspected of having arranged the murder-for-hire of the girl's grandmother. (pp. 82, 83.), and that the subsequent Speedway Bombings were an attempt to distract the murder investigation (p. 89.). The book tells of other unsavory actions, including Plaintiff's bragging about sabotaging military equipment while working in a prison industry (p. 184.). Plaintiff's status as public figure is not unlike Nathan Leopold's (of Leopold and Loeb); when one commits a sufficiently infamous crime, one becomes a public figure from that day onward. See *Leopold v. Levin*, 45 Ill.2d 434 (1970).

34. In paragraph 181 of the Amended Complaint Plaintiff alleges that statements by the defendants concerning his behavior make him appear "odious, infamous, and/or frightening" without, as noted above, alleging which particular statement(s) by which particular defendant(s) were defamatory. However, Plaintiff in the past has tacitly

acknowledged his reputation (as a perjurer, drug smuggler/wholesaler/dealer, bomber, murder suspect, etc.) is bad. *See e.g.*, *U.S. v. Kimberlin*, 805 F. 2d 210, 223-24 (7th Cir. 1986). Indeed, it is so bad as to render him defamation proof. See *Jackson v. Longscope*, 394 Mass. 577 (1985).

35. Thus, Plaintiff has failed to properly allege any instance of defamation committed against him or to specify any damages suffered because of such defamation.

### SIXTH CLAIM FOR RELIEF—FALSE LIGHT INVASION OF PRIVACY

36. As noted in paragraph 31 above, even if Plaintiff Kimberlin's allegations with respect to false light and misrepresentation be true, any claim against Defendant Hoge is barred by the statute of limitations. See *Smith v. Esquire, Inc.*, 494 F. Supp. 967, 970 (D. Md., 1980).

37. Plaintiff has not alleged with particularity which statement(s) made by which defendant(s) placed him in a false light. He has not alleged any actual damages or expenses incurred because of any alleged portrayal in a false light.

38. As noted in paragraph 32 above, Plaintiff is a public figure. He has not alleged any instance demonstrating actual malice or a reckless disregard for the truth by any of the defendants.

39. Thus, Plaintiff has failed to properly allege any instance of his being portrayed in a false light or to specify any damages caused by portrayal in a false light.

**SEVENTH CLAIM FOR RELIEF—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

40. Plaintiff alleges that he has suffered "severe emotional distress and mental anguish." However, he does not allege any particular statement or writing by any particular defendant that might have caused such distress and anguish. Further, he alleges no details of any treatment or counseling sought, expense incurred, or other economic loss caused by any alleged distress or anguish.

41. Thus, Plaintiff has failed to properly allege any specific damages related to emotional distress or suffering.

**PUNITIVE DAMAGES**

42. Given that Plaintiff has not properly alleged any claim for which compensatory damages might be awarded, he is not entitled to any award of punitive damages.

## JURISDICTION

43. Plaintiff has failed to allege any of the elements necessary to support a RICO civil suit. He has failed to alleged any of the elements necessary to support a claim under the Civil Rights Act of 1866 or the Ku Klux Klan Act of 1871. Therefore, there are no federal questions raised, and this Court lacks jurisdiction under 28 U.S.C. § 1367(a). To the extent that any of Plaintiff's other claims might be valid, they should be tried in the courts of Maryland.

44. Plaintiff is a convicted perjurer (483 F.Supp. 350 (S.D. Ind. 1979), ¶ 3.), and, as such, is forbidden from offering testimony in the state courts of Maryland (MD COURTS & JUDICIAL PROC. § 9-104.). He appears to be venue shopping so that he may offer testimony. It is not in the interest of justice to permit Plaintiff to use the federal courts to evade Maryland's statute.

## FAILURE TO PROPERLY IDENTIFY DEFENDANT HOGE

45. In paragraph 18 of Plaintiff's Amended Complaint, Defendant Hoge is identified as "a blogger who resides at 20 Ridge Road, Westminster, Maryland 21157." There are two individuals named William Hoge who reside at 20 Ridge Road, Westminster,

Maryland 21157. Both individuals are bloggers[3]. On information and belief, Plaintiff was aware that both William Hoges live at 20 Ridge Road and that both are bloggers at the time he filed his Amended Complaint—making the identification of "William Hoge" in the Amended Complaint ambiguous. William John Joseph Hoge, III, believes he is the blogger Plaintiff intends to sue solely on the basis of Plaintiff's personally handing him a copy of the original Complaint.

## CONCLUSION

WHEREFORE, Defendant Hoge asks this Honorable Court to dismiss with prejudice Plaintiff's Amended Complaint for failure to state a claim upon which relief can be based and/or lack of jurisdiction and to enter judgment in Defendant Hoge's favor and against Plaintiff as follows:

1. That Plaintiff shall have nothing,
2. That Defendant Hoge shall have his reasonable costs, and
3. That Defendant Hoge shall have such other relief as the Court may find just and proper.

---

[3] A blog is a personal Internet website or web page on which an individual records opinions, links to other websites, etc., on a regular basis. Some blogs are frivolous. Some are serious journalism. A blogger is one who maintains a blog.

Date: 9 December, 2013                    Respectfully submitted,

*[signature]*

William John Joseph Hoge, III, *pro se*
20 Ridge Road
Westminster, Maryland  21157
voice (410) 596-2854
no fax
himself@wjjhoge.com

## Certificate of Service

I certify that on the  9th  day of December, 2013, I served copies of this Motion to Dismiss on the following parties via U. S. Mail or email as noted:

Brett Kimberlin at 8100 Beech Tree Road, Bethesda, Maryland 20817
Simon & Schuster, Inc., 1230 Avenue of the Americas, New York, New York  10020
James O' Keefe, III, at 1214 W. Boston Post Road #145, Mamaroneck, New York  10543
Lee Stranahan at stranahan@gmail.com
Mandy Nagy at liberytchickblog@gmail.com
Breitbart.com at 149 South Barrington #735, Los Angeles, California  90049
National Bloggers Club at ali@blogbash.com
Glen Beck at 1270 Avenue of the Americas, New York, New York  10020
Michelle Malkin at 445C E. Cheyenne Mountain Blvd., Colorado Springs, Colorado  80906
Erick Erickson at 735 Waverly Pt., Macon, Georgia  31210
Ace of Spades at 3131 Homestead Road, #3E, Santa Clara, California  95051
Patrick Frey at patterico@gmail.com
Twitchy at 445C E. Cheyenne Mountain Blvd., Colorado Springs, Colorado  80906
Mercury Radio Arts at 1270 Avenue of the Americas, New York, New York  10020
The Blaze, Inc., at 1133 Avenue of the Americas, 34th Floor, New York, New York  10036
Red State at 1 Massachusetts Avenue, NW, Ste. 600, Washington, D. C.  20002
DB Capitol Strategies at DBacker@DBCapitolStrategies.com
The Franklin Center at 1229 King Street, 3rd Floor, Alexandria, Virginia  22314
Aaron Walker at aaronjw72@gmail.com
Robert Stacy McCain at r.s.mccain@att.net
Ali Akbar at ali@blogbash.org
Kimberlin Unmasked at kimberlinunmask@hush.com

William John Joseph Hoge, III, *pro se*
20 Ridge Road
Westminster, Maryland 21157
voice (410) 596-2854
no fax
himself@wjjhoge.com