# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# GREENBELT DIVISION

| | |
|---|---|
| BRETT KIMBERLIN, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>NATIONAL BLOGGERS CLUB, )<br>*Et. al.* )<br>)<br>    Defendants. ) | **Case No. PWG 13 3059** |

## OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME IN WHICH TO RESPOND TO PENDING MOTIONS BY DEFENDANTS

Comes now, Defendant DB Capitol Strategies PLLC (hereinafter "DBCS"), by and through counsel, and hereby opposes Plaintiff Brett Kimberlin's (hereinafter "Plaintiff") Motion for Extension of Time in which to Respond to Pending Motions by Defendants (hereinafter "Motion for Extension of Time") for the reasons stated herein.

1. Plaintiff, pro se, filed the instant, frivolous action on October 15, 2013. An Amended Complaint filed on October 17, 2013 named DBCS as a defendant.

2. Plaintiff served DBCS on October 19, 2013 and requested waiver of service.

3. An Answer by DBCS to the Amended Complaint was due on December 18, 2013.

4. In lieu of an Answer, DBCS filed a Motion to Dismiss for Failure to State a Claim on December 17, 2013.

5. Plaintiff's Opposition to DBCS's Motion to Dismiss is due January 3, 2014.

6. Plaintiff, in his Motion for Extension of Time, states that he is "negotiating with counsel about representing him", not that he has, or will be, hiring counsel. *See* Plaintiff's Motion

for Extension of Time, introductory paragraph. Plaintiff could have sought the assistance of counsel prior to the initiation of this lawsuit and similarly could have hired counsel after he filed the Amended Complaint on October 17, 2013. Plaintiff has not provided any substantive evidence of these "negotiations", such as the name of the law firm or attorney with whom he is negotiating. Plaintiff should not be excused from filing a timely response to DBCS's Motion to Dismiss because he is allegedly "negotiating with counsel about representing him".

7. Additionally, pursuant to the court's docket, Plaintiff's representation that "half a dozen" Motions to Dismiss have been filed is incorrect. *See* Plaintiff's Motion for Extension of Time, Paragraph 1. Pursuant to the court's docket, there have been four Motions to Dismiss filed as of December 18, 2013, which is the latest docket entry date.

8. Plaintiffs assertion in Paragraph 2, of some alleged settlement discussions with some unspecified number of Defendants is both improper and immaterial with respect to Plaintiffs opposition to DBCS's Motion to Dismiss, and is unsupported by any evidence other than this statement from Plaintiff, who is a convicted perjurer.

9. Plaintiff's assertion in Paragraph 3 of his Motion for Extension of Time that "It would be in the best interest of all parties in this case, and the court, to have the benefit of counsel representing Plaintiff" does not correctly characterize what is in the best interest of DBCS. It is in the best interest of DBCS to have this frivolous litigation resolved as soon as practicable so as not to incur additional expenses and costs while defending itself against this frivolous lawsuit.

10. The Amended Complaint fails to properly plead a cause of action against DBCS and, as such, DBCS seeks judicial resolution of this frivolous matter as soon as practicable. In his Motion for Extension of Time, Plaintiff requests "for an extension until February 28, 2014 to respond to all pending Motions". As Plaintiff's response to DBCS's Motion to Dismiss is due January 3, 2013, a response due date of February 28, 2014 would provide Plaintiff with an additional fifty-six days before being required to file a response. This is an unreasonable extension of time.

11. An individual who decides to precede pro se does not acquire any "greater rights than a litigant represented by a lawyer". *United States v. Pinkey*, 548 F.2d 305, 311 (10th Cir. 1977); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedure and substantive law"), *citing Faretta v. California*, 95 S. Ct. 2525, 2540 (1975). Plaintiff should be held to the timeline articulated by Local Rule 105.2.a. Plaintiff, who by his own admission is a serial litigant (See Exhibit A), chose to initiate litigation against more than twenty defendants without the representation of counsel and should not be excused from his obligation to file an Opposition to DBCS's Motion to Dismiss by January 3, 2014.

Wherefore, the Defendant, DB Capitol Strategies, PLLC, respectfully requests that this Court deny Plaintiff's Motion for Extension of Time in which to Respond to Pending Motions filed by Defendants.

Respectfully submitted,

 /s/
Caitlin Parry Contestable
717 King Street Ste 300
Alexandria, Virginia 22314
(727) 644-2957
(202) 478-0750
Caitlin@dbcapitolstrategies.com
Bar No. 18826

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**GREENBELT DIVISION**

| | |
|---|---|
| BRETT KIMBERLIN, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | **Case No. PWG 13 3059** |
| ) | |
| NATIONAL BLOGGERS CLUB, ) | |
| *Et. al.* ) | |
| ) | |
|     Defendants. ) | |

**PROPOSED ORDER**

For the reasons set out in Defendant DB Capitol Strategies PLLC's Opposition to Plaintiff's Motion for Extension of Time in which to Respond to Pending Motions filed by Defendants, it is this ____ day of _____,_____, by the U.S. District Court for the District of Maryland, Greenbelt Division,

ORDERED that Plaintiff's Motion for Extension of Time in which to Respond to Pending Motions by Defendants be, and hereby is, DENIED.

 

                                                                                                           _____
                                                                                                           Paul W. Grimm
                                                                                                           United States District Judge
                                                                                                           U.S. District Court
                                                                                                           for the District of Maryland
                                                                                                           Greenbelt Division