UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
PAUL W. GRIMM
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0670
(301) 344-3910 FAX

December 30, 2013

RE: *Kimberlin v. National Bloggers Club et al.*
PWG-13-3059

## **LETTER ORDER**

Dear Parties:

      This Letter Order addresses: (1) Defendant William Hoge's Motion to Require Verified Pleadings from Plaintiff (the "Hoge Mot."), ECF No. 7; (2) Defendant Aaron Walker's Motion to Require the Plaintiff to File Verified Papers in Future Filings (the "Walker Mot." and, collectively with the Hoge Mot., the "Verify Mots."), ECF No. 9; and (3) Plaintiff Brett Kimberlin's Motion for Extension of Time in Which to Respond to Pending Motions by Defendants ("Pl.'s Mot. to Extend"), ECF No. 18, and Defendant DB Capital Strategies PLLC's Opposition, ECF No. 19. Although none of these three motions is ripe, it is readily apparent that they are appropriate for expedited resolution and that a hearing is not necessary with respect to any of them. *See* Loc. R. 105.6.

      First, both the Hoge Motion and the Walker Motion seek the same relief for the same reason: both ask that I require Plaintiff to verify his future papers on the grounds that he has been convicted of perjury and "has an ongoing history of making false statements." Hoge Mot. ¶¶ 1–2; Walker Mot. ¶¶ 1–2. Plaintiff's response, if any, is due today with respect to the Hoge Motion and on January 2, 2014 with respect to the Walker Motion; as yet, Plaintiff has not responded to either Verify Motion.

      Even assuming that the facts set forth in the Verify Motions are true and are conceded by Plaintiff, the Verify Motions do not state a valid basis for relief. First, neither Verify Motion has cited any case law for the proposition that a party that has been convicted of perjury should be required to verify his filings in future lawsuits. Second, Plaintiff already is subject to the requirement under Fed. R. Civ. P. 11(b)(3)–(4) that he certify that his factual contentions have or likely will have evidentiary support, and is subject to sanctions should he falsely so certify. The Federal Rules of Evidence provide Defendants with ample opportunity to impeach Plaintiff if he should testify at trial or an evidentiary hearing. Until such time, I find that Rule 11 provides sufficient deterrence against and adequate sanctions for false statements by a party, and therefore both the Hoge Motion and the Walker Motion will be DENIED.

      As for Plaintiff's Motion to Extend, only a single response has been received. *See* DB Capital Opp'n. However, the earliest of the deadlines that Plaintiff seeks to extend is today, and therefore expedited consideration is appropriate. Plaintiff seeks an extension to February 28, 2014 because he is attempting to find counsel, Pl.'s Mot. to Extend ¶ 2–3, because he wishes to have a single date to file responses to motions to dismiss, *id.* ¶ 4, and because he believes that

Defendants deliberately have filed motions timed to disrupt the holidays for Plaintiff.  Defendant DB Capital has, in essence, taken the position that Plaintiff's claims are frivolous, that Defendants have a right to have a prompt resolution to their motions to dismiss, and that Plaintiff is not entitled to special solicitude because he is unrepresented.  *See* DB Capital Opp'n.

Plaintiff controlled when he filed his complaint and, within limits, exercises considerable control over when Defendants are served, within a wide, 120-day window.  *See* Fed. R. Civ. P. 4(m).  Accordingly, Plaintiff knew when he filed his Complaint that he was unrepresented, and knew or should have known that serving Defendants in mid-November may require him to respond to Rule 12 motions in late December.  Thus, neither of these arguments merits an extension of time, and certainly not an additional two months as requested.

However, Plaintiff has named over twenty Defendants, and, although I understand the concerns of DB Capital that this case not be dragged out indefinitely, if it will not cause undue delay, there is considerable value and efficiency in allowing for the simultaneous briefing and resolution of all Rule 12 motions if possible, rather than addressing them seriatim.  Unfortunately, Plaintiff has not provided any indication as to whether he has served any Defendants who have not appeared or, if not, when he expects to do so.  Without this information, it is impossible to make an informed ruling on Plaintiff's Motion to Extend.

Accordingly, Plaintiff's Motion to Extend will be GRANTED IN PART, and Plaintiff may have until January 17, 2014 to file his response to all of the pending motions.  Further, by or before January 10, 2014, Plaintiff SHALL FILE a status report containing, with respect to each Defendant:

i) Whether that Defendant has been served;
ii) If so, the date and method of service; and
iii) If not, the efforts that Plaintiff has undertaken to serve said Defendant.

If it appears that it may be possible to set a single, consolidated schedule that will apply to Rule 12 motions by a substantial number of Defendants, I will entertain motions from all parties to set such a schedule once Plaintiff's status report has been filed.  If not, Plaintiff will not be granted additional extensions without good cause.  All parties are advised that Defendants can expect similar solicitude should they require additional time or consideration with respect to their replies.

In sum, Defendant Hoge and Defendant Walker's motions to require verified papers, ECF Nos. 7, 9, are DENIED; Plaintiff's Motion to Extend, ECF No. 18, is GRANTED IN PART, and Plaintiff SHALL FILE a status report by or before January 10, 2014.

Although informal, this is an Order of the Court and shall be docketed as such.

Sincerely,

/S/

Paul W. Grimm
United States District Judge