UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

BRETT KIMBERLIN,

        Plaintiff

v.

NATIONAL BLOGGERS CLUB, et al.,

        Defendants

Case No. PWG 13-3059

## MOTION FOR LEAVE TO FILE REPLY IN EXCESS OF PAGE LIMIT

COMES NOW Defendant Aaron J. Walker, Esq., and hereby moves this court to grant leave to file a Reply to "Plaintiff's Response to Defendants Hoge and Walker's Motion to Dismiss," in excess of the page limitations in D. Md. local rule 105.3. and states the following:

### BACKGROUND

1.    On January 17, 2014, the Plaintiff filed three oppositions entitled "Plaintiff's Response to Defendant The Franklin Center's Motion to Dismiss," "Plaintiff's Response to Defendants Hoge and Walker's Motion to Dismiss," and "Plaintiff's Response to Defendant DB Capital Strategies' Motion to Dismiss" (hereinafter the "Opposition to TFC," "Opposition to H&W" and "Opposition to DBCS" respectively and collectively referred to as his "Oppositions") as well as a "Notification of Related Court Ruling" (hereinafter the "Notification").

2.      These documents were served on Mr. Walker the next day on January 18, 2014. Accordingly, Mr. Walker's Reply is due on February 3, 2014. See, D. Md. local rule 105.2.(a) and Fed. R. Civ. P. 6(a)(1)(C).

3.      Concurrent with this motion, Mr. Walker has filed a "Reply to Plaintiff's Opposition to Walker's Motion to Dismiss" that is 32 pages long.

### REASONS FOR GRANTING LEAVE

4.      The deviation from length limitations is slight. A Reply is normally limited to 25 pages. D. Md. local rule 105.3. The Reply, filed concurrently, is only 32 pages, excluding exhibits, the table of contents (required because it is over 25 pages, under rule 105.4.) and table of authorities. That is seven pages longer than that limit.

5.      RICO (18 U.S.C. §1961 et seq.) is ordinarily a very complex area of law, made more so with the vast array of potential predicate acts that might support a RICO claim under §1961(1), requiring mastery and analysis of many criminal statutes. C.f. *Shearson/American Express Inc. v. McMahon*, 482 U.S. 220, 239 (1987) ("Antitrust matters are every bit as complex as RICO claims").

6.      This case in particular is made even more complex by the large number of Defendants, and the many counts the Plaintiff has alleged besides RICO, including two civil rights act claims and three state law claims. Frankly, the task is made even more complex by the impenetrable, fanciful and self-contradictory nature of many of the Plaintiff's allegations.

7.      Defendant Walker has an interest in challenging every cause of action based on federal law, even where his own conduct is not at issue, because this court can only have jurisdiction over the Plaintiff's state law claims by virtue of supplemental jurisdiction under 28 U.S.C. §1367(a). Therefore Mr. Walker is seeking to have all federal claims dismissed as to all Defendants, so that all state claims

against Mr. Walker might be dismissed for want of diversity jurisdiction. This would also serve the interests of judicial economy because it would end the case quickly without consideration of multiple motions to dismiss seriatim. Mr. Walker is also alternatively seeking to dismiss all state law claims for failure to state a claim for which relief can be granted.

8. The Plaintiff has further complicated responding to him because of the following:

   a. The Plaintiff's Oppositions to the Motions to Dismiss are lengthy. The Opp. to H&W is 98 pages, 31 of which are the opposition itself and the remainder being exhibits. The Opp. to DBCS is 94 pages, 21 of which are the opposition itself. The Opp. to TFC is 22 pages, 9 of which are the opposition itself. Even the Notification, albeit short, contains contentions that must be addressed in seeking a motion to dismiss.

   b. Further, the Plaintiff has made it clear that these oppositions are not to be considered in isolation. Instead he incorporates arguments from one opposition to another. See, e.g. Opp. to TFC ¶ 9, Opp. to DBCS ¶ 28 and Opp. to H&W ¶ 23-24. Even if he did not do so, many of the arguments and improper factual allegations he makes for the first time in his Opp. to TFC and Opp. to DBCS, are likely to have an impact on the consideration of Mr. Walker's Motion to Dismiss. Therefore effectively Mr. Walker must respond to all three Oppositions.

   c. The Plaintiff has improperly alleged a massive plethora of new facts not contained in the complaint, including many exhibits. While Mr. Walker has filed a Motion to Strike for this reason, and has requested as alternate relief that this court refuse to consider new allegations, a wise attorney recognizes the danger that the court will deny his motion. Therefore Mr. Walker felt it was necessary to address these new, improper allegations and point out that even if accepted they are not sufficient to state a claim for which relief can be granted.

d.  The Plaintiff's bad faith and continual dishonesty also makes brevity difficult. Mr. Walker often has to correct the record when the Plaintiff misstates the rulings of courts and even the contents of his own exhibits.

e.  The Plaintiff has also alleged, for the first time, a new alleged predicate act under 18 U.S.C. §1961(1), namely obstruction of justice under 18 U.S.C. §1512, requiring exposition on why that statute doesn't apply to the Plaintiff's allegations, whether they are made in the Amended Complaint or improperly made in the Oppositions).

Accordingly, Defendant Aaron J. Walker, Esq. should be granted leave to file a Reply in excess of the 25 page limitation imposed by D. Md. local rule 105.3. and all other relief that is appropriate.

Monday, February 03, 2014                    Respectfully submitted,

_____
Aaron J. Walker, Esq.
Va Bar# 48882
7537 Remington Road
Manassas, Virginia  20109
(703) 216-0455
AaronJW72@gmail.com

## CERTIFICATE OF SERVICE

I certify that on the ___3rd___ day of February, 2014, I served copies of this document on the following parties via U. S. Mail or email as noted:

Brett Kimberlin at 8100 Beech Tree Road, Bethesda, Maryland 20817
Michael Smith, Esq., for Michelle Malkin and non-party Twitchy at smith@smithpllc.com
Mark Bailen, Esq., for Erick Erickson, Redstate, Simon & Schuster, Glen Beck, Mercury Radio Arts, The Blaze, and James O'Keefe at mbailen@bakerlaw.com
Lee Stranahan at stranahan@gmail.com
Mandy Nagy at libertychickblog@gmail.com
Breitbart.com at Loconnor@breitbart.com and Larry@breitbart.com
National Bloggers Club and Ali Akbar at ali@blogbash.com
Ace of Spades at aceofspadeshq@gmail.com
Patrick Frey at patterico@gmail.com
DB Capitol Strategies at DBacker@DBCapitolStrategies.com
Linda Mericle and Justin Cameron, attorneys for The Franklin Center at linda.mericle@verizon.net and jcameron@lsmpa.com
Robert Stacy McCain at r.s.mccain@att.net
Kimberlin Unmasked at kimberlinunmask@hush.com
William Hoge III at himself@hogewash.com

_[signature]_