UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

FILED          ENTERED
LODGED         RECEIVED

FEB 1 8 2014

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____DEPUTY

BRETT KIMBERLIN,
    Plaintiff,

v.                                    No. PWG 13 3059

NATIONAL BLOGGERS CLUB, et al
    Defendants.

### PLAINTIFF'S MOTION TO RECONSIDER THE COURT'S GRANTING OF DEFENDANT WALKER'S MOTIONS TO EXCEED PAGE LIMIT

Now comes Plaintiff Brett Kimberlin, in response to the Court's February 11, 2014 ORDER, hereby files a Motion to Reconsider its Order granting Defendant Walker's Motions to Exceed Page Limit.

### Defendant Walker's Motions Are Brought For An Improper Purpose

1. Defendant Walker has filed seven pages over the page limit for his Reply and another 25 pages continuing his argument in his Motion to Strike, for a total of 32 pages over the limit of the Court's local rules. The Court, in its Order, only believed that the Reply exceeded the limit by seven pages. However, the Reply and the Motion to Strike must be considered as one motion because they ask for the same relief and address Plaintiff's Responses to the Motions to Dismiss.

2. And immediately upon filing those documents, Defendant Walker posted them on his website and then engaged in mocking commentary in three separate blog posts. The first, on February 11, 2014, is titled, "My Motion to Strike Convicted Perjurer and Document Forger Brett Kimberlin's Oppositions to the Motion to Dismiss." The second, dated February 12, 2014,

is titled. "Convicted Perjurer Brett Kimberlin's Silly Opposition To My Motion For Leave To Exceed Page Limitation." And the third, dated February 13, 2014, is titled, "My Reply To Convicted Terrorist Brett Kimberlin's Opposition To My Motion To Dismiss His Silly RICO Suit." Exhibit A.

3. In these thousands of word blog posts, Defendant Walker asks his readers to get out the popcorn and calls Plaintiff "a liar," "a compulsive liar," "stupid," "a little girl whining," "a bigot," and many other unflattering invectives.

4. Defendant Walker tells his readers he is playing "three dimensional chess" with Plaintiff and that he has him "checkmated" because this Court granted his motion to exceed the page limit.

5. Defendant Walker uses Plaintiff's name in his titles of the posts along with allegations of criminal activity so Google and other search engines will list those defamatory and prejudicial titles when anyone searches for Plaintiff's name.

6. Defendant Walker has filed his pleadings as an attorney but he is not licensed to practice in the state of Maryland. However, since he has chosen to file as a lawyer, he is bound by rules governing attorney conduct with regard to opposing parties.

7. The Maryland Lawyer's Rules of Professional Conduct, Preamble, #5, states: "A lawyer should use the law's procedures only for legitimate purposes and *not to harass or intimidate others.*" (emphasis added). Defendant is using his filings as a basis to harass and intimidate Plaintiff by posting them on his blog along with mocking, personal attacks and invectives.

8. Rule 3.6, Trial Publicity, states: "(a) A lawyer who is participating or has participated in the investigation or litigation of a matter *shall not make an extrajudicial statement that the lawyer knows or reasonably should know will be disseminated by means of public communication* and will have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter." (emphasis added). Defendant Walker is using his filings in order to make extrajudicial statements to materially prejudice the Court and the public, including potential jurors.

9. Title 16, Courts, Judges and Attorneys, Appendix, *Ideals of Professionalism*, is an adjunct to the Professional Rules above. A full copy is attached as Exhibit B. Defendant Walker's conduct, by filing prejudicial information so he can publish it on his blog along with mocking and invectives, violates the following Ideals.

   - (7) to preserve the dignity and the integrity of the profession by his or her conduct,

   - (3) maintain an open and respectful dialogue with clients and opposing counsel;

   - (7) reflect a spirit of respect in all interactions with opposing counsel,

   - (3) know that zeal requires only that the client's interests are paramount and therefore warrant use of negotiation and compromise, when appropriate, to achieve a beneficial outcome, understanding that yelling, intimidating, issuing ultimatums, and using an "all or nothing" approach may constitute bullying, not zealous advocacy;

   - (7) use litigation tools to strengthen the client's case, but avoid using litigation tactics in a manner solely to harass, intimidate, or overburden an opposing party;

   - A lawyer should understand that:
     (1) professionalism requires civility in all dealings, showing respect

for differing points of view, and demonstrating empathy for others;
(2) courtesy does not reflect weakness; rather, it promotes effective advocacy by ensuring that parties have the opportunity to participate in the process without personal attacks or intimidation;
(3) maintaining decorum in every venue, especially in the courtroom, is neither a relic of the past nor a sign of weakness; it is an essential component of the legal process;
(4) professionalism is enhanced by preparing scrupulously for meetings and court appearances and by showing respect for the court, opposing counsel, and the parties through courteous behavior and respectful attire;
(5) courtesy and respect should be demonstrated in all contexts, not just with clients and colleagues, or in the courtroom, but also with support staff and court personnel;
(6) hostility between clients should not become grounds for a lawyer to show hostility or disrespect to a party, opposing counsel, or the court;
(7) patience enables a lawyer to exercise restraint in volatile situations and to defuse anger, rather than elevate the tension and animosity between parties or lawyers; and
(8) the Ideals of Professionalism are to be observed in all manner of communication, and a lawyer should resist the impulse to respond uncivilly to electronic communications in the same manner as he or she would resist such impulses in other forms of communication.

10. Defendant Walker is using his filings to show disrespect for Plaintiff, to harass him, to show hostility, to be discourteous, to engage in bullying, and to intimidate him by and through name-calling. Defendant Walker's conduct is the polar opposite of the "civility" required by the Professional Ideals.

11. Defendant Walker has ignored professionalism in his "electronic communications" by posting his filings for the improper purpose of bullying and harassing Plaintiff.

12. Defendant Walker is engaged in trial by blog court, and files the most vile allegations he can muster in this Court in order to post them on his blog along with his pronouncements that he has "checkmated" Plaintiff, who he describes as "stupid, whining, lying and bigot[ed]"

13. This Court should not allow Defendant Walker to file any documents in this Court as an attorney while failing to abide by the Maryland Lawyer's Rules of Professional Conduct and the corresponding Ideals of Professionalism. This Court should not allow Defendant Walker to use his blog to try this case while attacking and disrespecting Plaintiff with invectives.

14. As noted previously in other exhibits filed in this case, Defendant Walker has repeatedly filed pleadings against Plaintiff for an improper purpose. Judge Potter, in dismissing Defendant Walker's malicious state suit against Plaintiff stated: "The Court finds that the complaint is not well grounded in fact, it's not warranted by existing law, and it's imposed for an improper purpose...." And when outside counsel terminated Defendant Walker from his job two years ago as a legal compliance lawyer for a health care provider, he excoriated him for wrapping himself in the First Amendment by attacking Muslims while placing all his co-workers in harm's way, and for "the incredibly irresponsible way in which you performed legal services for PHRI (or failed to) the past four years, both as an outside attorney and, since July 2011, as an employee of PHRI."

15. This Court should not allow Defendant Walker to mock Plaintiff, ethical rules, and the decorum of the Court by filing pleadings so he can publish them on his blog to attack and mock Plaintiff, while raising funds from his readers. This constitutes "improper purpose."

Wherefore, for all the above reasons, and the reasons stated in Plaintiff's previously filed Opposition to Defendant Walker's Motion to Exceed Page Limit, this Court should deny Defendant Walker's Motion and his Motion to Strike, and any other relief this Court finds appropriate.

Respectfully submitted,

Brett Kimberlin
8100 Beech Tree Rd
Bethesda, MD 20817
(301) 320 5921
justicejtmp@comcast.net

Certificate of Service

I certify that I have served a copy of this Response on Lee Stranahan, Ron Coleman, Catilyn Contestable, Michael Smith, and Mark Bailen by email, and on Defendants Hoge, The Franklin Center, and Walker by First Class mail this 18th day of February, 2014.

Brett Kimberlin