# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
PAUL W. GRIMM
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0670
(301) 344-3910 FAX

February 21, 2014

RE: *Kimberlin v. National Bloggers Club et al.*
PWG-13-3059

## LETTER ORDER

Dear Parties:

This Letter Order addresses the following pending motions:

1) Defendant William Hoge's Motion for Amended Report of Status of Service ("Hoge's Status Mot."), ECF No. 33;

2) A purported Motion to Strike Multiple Filings by Plaintiff Brett Kimberlin that actually is another copy of Hoge's Status Motion (the "Duplicate Mot."), ECF No. 39;

3) Plaintiff's Motion to Correct Complaint Caption ("Pl.'s Mot. to Am."), which actually sounds in a Motion to Amend the Complaint pursuant to Fed. R. Civ. P. 15(a)(2), ECF No. 48;

4) Defendant Aaron Walker's Motion to Strike Plaintiff's Oppositions, Notification and Declaration ("Walker's Mot. to Strike"), ECF No. 54;

5) Correspondence received from non-party Bill Schmalfeldt (the "Schmalfeldt Letter"), ECF No. 63;

6) Defendant Walker's Motion to Dismiss Ace of Spades, Kimberlin Unmasked, Breitbart.com, National Bloggers Club and Ali Akbar from the Case ("Walker's Vicarious Mot. to Dismiss"), ECF No. 66;

7) Defendant Hoge's Motion to Dismiss Unserved Defendants ("Hoge's Vicarious Mot. to Dismiss"), ECF No. 68;

8) Defendant Michelle Malkin and Non-Party Twitchy's Motion to Extend Reply Deadline ("Malkin and Twitchy's Mot. to Extend"), ECF No. 69;

9) Plaintiff's Mot. to Reconsider the Court's Granting of Defendant Walker's Motions to Exceed Page Limit, ECF No. 73;

10) Correspondence Received from attorney Bruce Godfrey on behalf of Defendants Patrick Frey and Mandy Nagy, ECF No. 79; and

11) Plaintiff's Notification of Intent to File Motion for Leave to File Second Amended Complaint, ECF No. 80.

This Letter Order will not address any of the six pending motions to dismiss, *see* ECF Nos. 5, 8, 11, 16, 41, 50, or the two pending motions for admission *pro hac vice*, ECF Nos. 76 & 78. It also will not address Plaintiff's Verified Motion for Subpoena to Identify Defendant Ace of Spades, ECF No. 51, or Plaintiff's Verified Motion to Find that Defendant KimberlinUnmasked Has Been Served Under Federal Rule of Civil Procedure 4(e)(1) and Maryland Rule of Civil Procedure 2-121, ECF No. 72, neither of which is ripe yet.

## I.      The Schmalfeldt Letter

The easiest of the pending filings to dispose of is the Schmalfeldt Letter, which is not a pending motion but rather is a letter "tak[ing] exception to what defendant WJJ Hoge III wrote about" Mr. Schmalfeldt, expressing grievances related to a dispute that is not before this Court, and stating that I "need[] to be aware of the nature of these people." Schmalfeldt Letter 1–3.

This letter does not appear to be a valid filing—Schmalfeldt has not sought to intervene under Fed. R. Civ. P. 24, nor has he received permission to file as an amicus curiae. Further, it does not appear that he could file a memorandum amicus curiae as "an impartial individual who suggests the interpretation and status of the law, gives information concerning it, and whose function is to advise in order that justice may be done." *Leigh v. Engle*, 535 F. Supp. 418, 420 (N.D. Ill. 1982). The Schmalfeldt Letter appears more akin to "a memorandum amicus petitor, one proffered as a friend of the plaintiff(s)." *Id.* at 422. As such, it is not an appropriate filing in this case. Accordingly, the Schmalfeldt Letter will be STRICKEN from the record, and future filings from non-parties will not be accepted.

## II.     Plaintiff's Motion to Amend and the Status of "Twitchy"

I turn next to Plaintiff's Motion to Amend, which seeks to "correct a clerical error in the caption of" the Amended Complaint by adding "Twitchy" as a defendant listed in the caption of the complaint. Pl.'s Mot. to Am. 1. Plaintiff asserts that Twitchy has been served (although it does not appear that the Clerk issued a summons for Twitchy) and is named in the body of the Amended Complaint as a "Defendant," but was not listed in the caption. Oppositions have been filed by Twitchy (the "Twitchy Opp'n"), ECF No. 74, as well as by Hoge ("Hoge's Am. Opp'n"), ECF No. 64, and Walker, ECF No. 70 ("Walker's Am. Opp'n").[1]

---

[1]      Defendant Walker also has filed a "Notice of Intention to File an Opposition to the Plaintiff's 'Motion to Correct Complaint Caption,'" ECF No. 65, asserting that although service was completed on January 30, 2014, it was not received until February 1, so that Walker determined that a response was due on February 18, 2014. *Id.* First, Walker's Notice of Intention to File is improper—parties either shall file or shall not file a response and, if they cannot do so in a timely fashion, shall move for an extension of time under Fed. R. Civ. P. 6(b).

In its opposition, Twitchy primarily argues that Plaintiff has acted in bad faith in altering a summons issued for Aaron Walker to appear to be a summons issued for Twitchy, and that this bad faith has prejudiced Twitchy. Twitchy Opp'n 2–6. Twitchy also argues that the Motion to Amend should be denied as futile. *Id.* at 7. Defendants Hoge and Walker raise substantially similar arguments, as well as raising Plaintiff's noncompliance with Local Rule 103's redline requirements. *See* Hoge's Am. Opp'n; Walker's Am. Opp'n. Plaintiff has not yet replied, although the time for him to do so has not expired. Loc. R. 105.2(a).

When a party seeks amendment under Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave when justice so requires," *id.*, and should deny leave to amend only if amendment "would prejudice the opposing party, reward bad faith on the part of the moving party, or . . . amount to futility," *MTB Servs., Inc. v. Tuckman-Barbee Constr. Co.*, No. RDB-12-2109, 2013 WL 1819944, at *3 (D. Md. Apr. 30, 2013). Otherwise, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief" and the plaintiff moves to amend, the Court should grant the motion to give the plaintiff "opportunity to test his claim on the merits." *Foman*, 371 U.S. 178, 182 (1962).

Here, there is no legitimate claim that Twitchy has been prejudiced by the amendment— Twitchy has received the Amended Complaint and already has filed a motion to dismiss and for sanctions against Plaintiff. *See* Def. Michelle Malkin and Non-Party Twitchy's Mot. to Dismiss First Am. Compl. and for Att'y's Fees and Costs, ECF No. 41. And it seems that, to the extent service has not been effected as to Twitchy, Twitchy essentially has waived service and elected to move forward with a motion to dismiss, notwithstanding that it continues to identify itself as a "non-party." Allowing amendment of complaint therefore has been reduced to a mere academic question insofar as "absence of prejudice, though not alone determinative, will normally warrant granting leave to amend." *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) (citation omitted). Plaintiff's Motion to Amend will be GRANTED.

Malkin and Twitchy's Motion to Extend is reasonable, particularly in light of the short, seven-day extension sought. Accordingly, it will be GRANTED.

I do note that, though amendment of the complaint is appropriate, Twitchy has leveled accusations of serious misconduct against Plaintiff, alleging that he has altered summonses issued by the Clerk of this Court for the purpose of misrepresenting the nature of this action. Accordingly, Plaintiff SHALL SHOW CAUSE within twenty-one (21) days why sanctions or other appropriate relief shall not be entered against him.

---

Second, Walker seems to misconstrue how time runs under the Federal Rules of Civil Procedure. The time to respond to a filing begins to run when it is *served*, Loc. R. 105.2(a), which, when service is by mail, occurs "upon mailing," not upon receipt. Fed. R. Civ. P. 5(b)(2)(C). To the extent that receipt through the mail may not be immediate, the Federal Rules of Civil Procedure compensate by granting an extra three days to respond to papers filed by mail. Fed. R. Civ. P. 6(d). Of course, because the deadline to respond was Sunday, February 16, Walker's opposition was due the next business day in any event, Fed. R. Civ. P. 6(a)(1)(C), and therefore it was filed timely.

### III.     Hoge and Walker's Motions

Hoge's Status Motion, the Duplicate Motion, and Walker's Motion to Strike all seek, in essence, for me to micromanage the conduct of the parties of this case and to address certain of Plaintiffs' disputes with Hoge and Walker on an expedited basis.

Hoge's Status Motion argues that Plaintiff has not been serving other defendants properly in this case.  Hoge Status Mot.  Unfortunately for Hoge, he lacks standing to object to service on anyone but himself.  *E.E.O.C. v. Brooks Run Mining Co., LLC*, No. 5:08-cv-00071, 2008 WL 2543545, at *2 (S.D.W. Va. June 23, 2008) ("It generally is accepted that parties lack standing to seek dismissal of parties other than themselves.").   Accordingly, Hoge's Status Motion is DENIED.

The Duplicate Motion simply is a copy of Hoge's Status Motion, and it too is DENIED.

Walker's Motion to Strike argues, in essence, that Plaintiff cannot be trusted, that his filings have included improper factual allegations, and that Plaintiff repeatedly has lied about the adequacy of service of process and the facts in his complaint and filings.  *See generally* Walker Mot. to Strike.  Even if true, none of these arguments are proper at this stage in the litigation. Insufficiency of service can be asserted—or waived—by the party served only.  *See Brooks Run Mining*, 2008 WL 2543545, at *2.  The propriety of Plaintiff's filings with respect to the myriad pending motions to dismiss will be determined in the course of ruling on those motions, and not before.  And at the motion to dismiss stage, a court must accept the facts alleged in the complaint as true.  *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011).  Determining whether those allegations are true in fact is neither necessary nor appropriate until after it is determined whether Plaintiff's complaint as pleaded is facially sufficient to state a claim.  Accordingly, Walker's Motion to Strike is DENIED.

Hoge and Walker also lack standing to move to dismiss unserved defendants.  *See Brooks Run Mining*, 2008 WL 254345, at *2.  Therefore Walker's Vicarious Motion to Dismiss and Hoge's Vicarious Motion to Dismiss both will be DENIED.

### IV.     Plaintiff's Motion to Reconsider

Plaintiff has filed a motion to reconsider my Order of February 11, ECF No. 60, granting Walker's motion for permission to submit an overlength reply in support of his motion to dismiss.  Pl.'s Mot. to Reconsider.  Such a motion expressly was contemplated by the Order and will be entertained notwithstanding the generally disfavored nature of motions to reconsider.  *See Potter v. Potter*, 199 F.R.D. 550 (D. Md. 2001).

Plaintiff argues that Walker is making the same set of arguments in his reply as in his Motion to Strike, and therefore already has additional pages in which to argue.  Pl.'s Mot. to Reconsider ¶ 1.  However, the Motion to Strike is denied in this Letter Order and it will not be reconsidered when I take up the pending motions to dismiss.

Plaintiff also takes issue with Walker's conduct, particularly in light of the fact that he is an attorney admitted to practice in Virginia.  *See* Pl.'s Mot. to Reconsider ¶¶ 2–15.  First, contrary to Plaintiff's assertions, I do not find that Walker is representing to the Court that he is a Maryland attorney, *see* Pl.'s Mot. to Reconsider ¶ 6.  He clearly identifies himself as having a

Virginia bar number only, and the docket identifies that he is unrepresented.  Further, even if
Walker's speech outside of court is inflammatory, Plaintiff has shown no reason why that should
affect a ruling on his motion for additional pages.  Accordingly, Plaintiff's Motion to Reconsider
is DENIED.

### V.        Further Amendments to the Complaint

Plaintiff has filed a Notification of Intent to File Motion for Leave to File Second
Amended Complaint, ECF No. 80, stating that Plaintiff will file a further amended complaint
within fourteen days and is seeking the consent of Defendants before so doing.  At the outset, a
notice of a party's intention to file a motion is not a valid filing; a motion should be filed or not
filed.

In light of the large number of Defendants in this case and the massive amount of briefing
that already has occurred on motions to dismiss the current complaint, continued amendments
have a serious chance of prejudicing Defendants and considerably delaying this case.  Because
Fed. R. Civ. P. 15 calls for amendments to be freely granted, Plaintiff will be permitted to amend
his complaint as he has stated he intends.  However, in the interest of expediency and protecting
Defendants from multiple rounds of briefing, no further amendments will be permitted after
March 7, 2014.  Further, Plaintiff's motion to amend the complaint will not be accepted by the
Clerk if it fails to comply with Local Rule 103.6.

Defendants Patrick Frey and Mandy Nagy have sought additional time to respond to
Plaintiff's complaint in light of the possibility that an amendment is imminent.  *See* Godfrey
Letter 1.  Frey and Nagy seek an extension until March 4, 2014; because Plaintiff may seek to
amend his complaint up until March 7, 2014, that will be the deadline for Defendants Frey and
Nagy to respond.  Further, if Plaintiff files a motion to amend his complaint it will operate to toll
the time to respond as to all parties.

### VI.       Need for a Case Management Order

I close by noting that the deluge of filings in this case has rendered the docket almost
unmanageable.  I remind the parties that the issues in this case, as framed by Plaintiff's Amended
Complaint, revolve around Plaintiff's allegations of a RICO conspiracy to defame him as well as
various other tort claims alleged against Defendants.  And at this early stage, the only question
before the Court is likely to be whether Plaintiff validly has stated a claim or whether dismissal
is appropriate to some or all Defendants.

It is clear to me that the animosity between and among the parties in this case runs deep
and that at least some of the parties here have been feuding with one another for some time.  But
the role of this Court is no more or less than to address the actual and concrete controversy that
Plaintiff has brought before it in this case, as well as any defenses and counterclaims raised by
Defendants.  This Court is not "a trampoline for the excess energies of litigants whose need to
have the last word exceeds the boundaries of fair briefing of issues."  *Allnut v. U.S. Dep't of
Justice*, No. Y98-1722, 2000 WL 34475731, at *14 (D. Md. March 6, 2000).

Accordingly, I will be entering a case management order to govern filings in this case.
That order will be entered within the next week.  Until then, the only filings that will be accepted
by the Clerk are (1) answers or motions to dismiss from Defendants who have been served but

have not yet responded to the complaint, and (2) responses to motions that already are pending and are not resolved by this Letter Order.  Until a case management order is issued, no other filings will be permitted without advance permission from the Court.

To summarize,

1) Defendant William Hoge's Motion for Amended Report of Status of Service, ECF No. 33, is DENIED;

2) A purported Motion to Strike Multiple Filings by Plaintiff Brett Kimberlin, ECF No. 39, is DENIED;

3) Plaintiff's Motion to Correct Complaint Caption, ECF No. 48, is GRANTED;

4) Defendant Aaron Walker's Motion to Strike Plaintiff's Oppositions, Notification and Declaration, ECF No. 54, is DENIED;

5) Correspondence received from non-party Bill Schmalfeldt, ECF No. 63, is STRICKEN;

6) Defendant Walker's Motion to Dismiss Ace of Spades, Kimberlin Unmasked, Breitbart.com, National Bloggers Club and Ali Akbar from the Case, ECF No. 66, is DENIED;

7) Defendant Hoge's Motion to Dismiss Unserved Defendants, ECF No. 68, is DENIED;

8) Defendant Michelle Malkin and Non-Party Twitchy's Motion to Extend Reply Deadline, ECF No. 69, is GRANTED;

9) Plaintiff's Mot. to Reconsider the Court's Granting of Defendant Walker's Motions to Exceed Page Limit, ECF No. 73, is DENIED;

10) The time for Defendants Frey and Nagy to respond to the Complaint IS EXTENDED until March 7, 2014;

11) The deadline for amendments of the complaint SHALL BE March 7, 2014, and any motions to amend the complaint SHALL TOLL the time to respond for all parties who have not yet responded;

12) Within twenty-one days of this Letter Order, Plaintiff SHALL SHOW CAUSE as to why sanctions or other appropriate relief should not be assessed as a result of his alterations of summonses issued by the Clerk of this Court; and

13) Except for motions to dismiss, answers, or responses as provided herein, no new filings will be accepted without leave of the Court until the entry of a case management order in this case.  Any request for leave to file a motion with the Court shall be in letter format, not to exceed two pages, single-spaced.  Any response shall be filed in letter format within five business days and is limited to two pages, single spaced.  No replies will be permitted unless requested by the Court.

Though informal, this letter constitutes an order of the Court and shall be docketed as such.

Sincerely,

_____/S/_____
Paul W. Grimm
United States District Judge

dsy