UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

BRETT KIMBERLIN,
    Plaintiff,

v.                                        No. PWG 13 3059 

NATIONAL BLOGGERS CLUB, et al
    Defendants.

### MOTION TO DISQUALIFY COUNSEL FOR DEFENDANT ACE OF SPADES FOR MULTIPLE CONFLICTS OF INTEREST

    Now comes Plaintiff Brett Kimberlin and moves this Court to disqualify attorney

Paul Alan Levy from representing Defendant Ace of Spades because of his many

conflicts of interest.  In support of this motion, Plaintiff states (1) Mr. Levy has

represented Plaintiff in past legal matters and has consulted with him on various

matters recently, (2) Mr. Levy represented Plaintiff's anonymous co-defendant in

*Aaron Walker v. Brett Kimberlin,* and Aaron Walker is a Defendant in the present

case, (3) Mr. Levy contacted that anonymous defendant after filing his motion in this

case with an ominous warning for her to tell Plaintiff to back off this case, (4) Mr.

Levy published a blog post attacking Plaintiff and sent that post to his prior client

which she considered to be improper influence and a threat to turn on the former

client like Mr. Levy has turned on Plaintiff,  and (5) Defendant Ace of Spades

published a blog post after the filing asking his many readers to donate money to

Mr. Levy.

## STATEMENT OF FACTS

### Prior Representation Of Plaintiff

As Plaintiff states in his attached affidavit, Mr. Levy formally represented Plaintiff in past civil matters. Exhibit A. Also, over the past several years, Plaintiff has had several discussions with Mr. Levy that fall under the attorney client rubric. Plaintiff has never waived his attorney client relationship with Mr. Levy and in fact, prior to Mr. Levy's filing in this case, Plaintiff informed Mr. Levy that he would be laboring under a conflict of interest if he represented Defendant Ace of Spades. Id. Despite this warning, Mr. Levy went ahead with his conflicted representation.

### Prior Representation Of Plaintiff's Civil Co-Defendant

In 2012, Defendant Aaron Walker sued Plaintiff in this Court in *Walker v. Kimberlin* et al, case number JFM 12-1852, which was assigned to Judge Motz. One of the other defendants in that case was an anonymous blogger named BreitbartUnmasked. ("BU") Mr. Levy represented BU in that case when Defendant Walker and Defendant DB Capitol Strategies, which was the law firm representing Defendant Walker, attempted to learn the identity of BU. Mr. Levy contacted Attorney Dan Backer, the attorney for DB Capitol Strategies, to discuss removing BU from that case, which Mr. Backer rejected.

In the instant case, part of the RICO case allegation is that Dan Backer, on behalf of Defendants Aaron Walker and DB Capitol Strategies, engaged in extortion by attempting to get Plaintiff fired from his employment with Justice Through Music in exchange for dismissing Justice Through Music from the suit. Shortly after that extortion attempt, Judge Motz dismissed the case out of hand as without merit.

**Improper Threat By Mr. Levy**

Mr. Levy wrote a blog post about his filing in this case that constitutes a direct attack on Plaintiff in a way that an attorney should not do to a former client. Exhibit B. He then immediately sent that post to his former client BU with a link to the post and the following ominous language: "I'm afraid your buddy Brett has gone too far. Maybe his friends can talk him out of this."

**From:** Paul Alan Levy [mailto█████████
**Sent:** Tuesday, February 18, 2014 11:58 PM
**To:** 'BU'
**Subject:** I am afraid your buddy Brett has gone too far

http://pubcit.typepad.com/clpblog/2014/02/brett-kimberlins-attack-on-free-speech.html

Maybe his friends can talk him out of this

According to a blog post on the BU website, this email was taken by BU as an attempt by Mr. Levy to improperly influence this case and as a veiled threat that if BU wanted to remain anonymous, she had better tell Plaintiff to back off of this lawsuit. Exhibit C.

**Improper Quid Pro Quo By Mr. Levy And Defendant Ace of Spades**

Shortly after Mr. Levy wrote his blog post attacking Plaintiff, Defendant Ace of Spades published his own blog post, in which he asked his readers to donate to Mr. Levy to reward him for representing Defendant Ace of Spades. Exhibit D. That post has had close to 300 comments and many of his readers stated that they were donating to Mr. Levy.

**ARGUMENT**

Mr. Levy is laboring under a conflict of interest because he previously represented Plaintiff, he previously represented co-defendant of Plaintiff's in case brought by two of the Defendants in the instant case, and he is now accepting money from Defendant Ace of Spade's readers in order to attack Plaintiff. This is adversely affecting Plaintiff.

As Plaintiff states in his declaration, he did not waive his attorney-client relationship with Mr. Levy and specifically invoked it when he learned that Mr. Levy was planning to represent Defendant Ace of Spades. Plaintiff now believes that Mr. Levy will use confidences he has learned from Plaintiff to adversely affect Plaintiff. In fact, Mr. Levy has already adversely attacked Plaintiff in his filing and in his blog post on behalf of Ace of Spades.

Mr. Levy has also made an implied threat to his former client BU that she had better tell Plaintiff to back off of this case or Mr. Levy was going to harm Plaintiff's interests, and he linked to the blog post to show BU what he was capable of doing to a former client if he did not heed such warnings. BU felt that Mr. Levy was threatening her and improperly trying to get her to influence Plaintiff to drop this legal action, which would be adverse to Plaintiff's interests.

Mr. Levy's conflicts of interest are multiple and violate many provisions of the Code of Professional Responsibility and ABA Model Code of Professional Responsibility. These are:

**DR 2-101 -Publicity in General.**

(A) -A lawyer shall not, on behalf of himself, his partner, associate or any other lawyer affiliated with him or his firm, use or participate in the use of any form of public communication containing a false, fraudulent, misleading, deceptive, self-laudatory or unfair statement or claim.

Mr. Levy used his blog post to make false, deceptive, self-laudatory and unfair

statements or claims about this case and about Plaintiff. For example, he states:

"Released from prison in 2000, Brett Kimberlin has now turned his jailhouse lawyer skills on a new pool of victims: Bloggers who dare to publicly mention, on their small-scale electronic newspapers, Brett Kimberlin's criminal record. And the avalanche of frivolous, vexatious, and outright malicious lawsuits begins anew, as well as more alarming harassments.

To portray the Defendants in this case as "victims" is preposterous, and to state

that they are small-time electronic newspapers is incredible, or to state that Plaintiff

has filed an avalanche of frivolous, vexations, and outright malicious lawsuits

"anew" as well as more alarming harassments is outright defamation. Plaintiff is the

victim who has been falsely accused by the Defendants of serious crimes in a multi-

year campaign. Defendants Beck, Malkin, Ace of Spades, James O'Keefe, Simon &

Schuster and the others are not small scale by any stretch of the word since they

reach tens of millions of readers and viewers and have a combined worth in the

hundreds of millions. What does Mr. Levy mean by "anew?" He has not identified

any other frivolous, vexations, and outright malicious lawsuits brought by Plaintiff

because there are none. And what other "alarming harassments" is he talking

about? Is he alleging that Plaintiff is involved with swattings?

And Mr. Levy states:

Various sides have sought my assistance in connection with various aspects of this series of lawsuits. …. On the other hand, at one point I agreed to represent an anonymous blogger in opposing an effort by a Kimberlin adversary to obtain her

identifying information so that the adversary could sue her for defamation along with Kimberlin himself. Happily, I was able to talk the plaintiff's lawyer out of pursuing such discovery; in fact, he had an attack of good judgment and dismissed the case altogether.

The last sentence of this statement by Mr. Levy is pure fiction. The "plaintiff's

lawyer" in that case was Dan Backer, who works for Defendant DB Capitol

Strategies, and Mr. Backer emphatically refused to stop discovery and did not

dismiss the case at all but tried to use it to extort Plaintiff's employer into firing him,

and it was Judge Motz who dismissed the case in a very unfavorable decision.

Clearly, these public statements are adverse to Plaintiff, are meant to harm him, and

are false, misleading, deceptive and unfair in violation of the above disciplinary rule.

### DR 2-103 -Recommendation of Professional Employment.

(C) -A lawyer shall not request a person or organization to recommend or promote the use of his services or those of his partner or associate, or any other lawyer affiliated with him or his firm, as a private practitioner.

### DR 5-107 -Avoiding Influence by Others Than the Client.

(A) -Except with the consent of his client after full disclosure, a lawyer shall not:
(1) -Accept compensation for his legal services from one other than his client.
(2) -Accept from one other than his client any thing of value related to his representation of or his employment by his client.


Mr. Levy, within minutes of filing his pleading electronically with this Court,

posted his defamatory blog post. And shortly thereafter, Defendant Ace of Spades

promoted the use of Mr. Levy's services by posting a laudatory post about Mr. Levy

and linking to Mr. Levy's post, and asking his readers to donate big time to Mr. Levy.

Mr. Levy has written a blog post about the matter here. If you like reading motions, you can read his response in opposition to Kimberlin's motion here. It was just submitted yesterday. Mr. Levy is taking this case *pro bono* -- donating his time and expertise. However, Public Citizen does, of course, take donations, and if the mood strikes you to support someone, on principle, who is himself taking on a fight not his

own, on principle, you can donate to <u>Public Citizen's efforts to protect online speech, to protect the First Amendment, here.</u> ...

If you were thinking of hitting the donation button for me recently, hit it instead for Mr. Levy. He's already spent a lot of time on this case, and will undoubtedly spend a lot more. <u>http://ace.mu.nu/archives/347274.php</u>

    Clearly, it appears that there was coordination between Mr. Levy and Defendant

Ace of Spades to use his multitude of readers to promote the use of Mr. Levy's

services and to compensate Mr. Levy by people "other than his client" even though

Mr. Levy professed to take the case "pro bono."

## DR 4-101 -Preservation of Confidences and Secrets of a Client.

(A) -"Confidence" refers to information protected by the attorney-client privilege under applicable law, and "secret" refers to other information gained in the professional relationship that the client has requested be held inviolate or the disclosure of which would be embarrassing or would be likely to be detrimental to the client.

(B) -Except when permitted under DR 4-101(C), a lawyer shall not knowingly:

(1) -Reveal a confidence or secret of his client.

(2) -Use a confidence or secret of his client to the disadvantage of the client.

(3) -Use a confidence or secret of his client for the advantage of himself or of a third person, unless the client consents after full disclosure.

    Again, Plaintiff did not waive any attorney client relationship but rather invoked

it fully both in communications to Mr. Levy and to Defendant Ace of Spades. Mr.

Levy, however, totally ignored Plaintiff's invocation by representing Defendant Ace

of Spades, and then attacking Plaintiff in both his motion and in his blog post with

outright falsehoods and ad hominem character assassination.  These falsehoods and

attacks carried much greater weight to the average reader because Mr. Levy

previously represented Plaintiff.  Therefore, they would believe that they were true

and that Plaintiff shared confidences with Mr. Levy that he is now divulging in court

filings and in his blog post. Clearly, this violation of the attorney client relationship

is embarrassing to Plaintiff and likely to disadvantage and be detrimental to him.

### DR 7-106 (G) –Extrajudicial Publicity

A lawyer or law firm associated with a civil action shall not during its investigation
or litigation make or participate in making an extrajudicial statement, other than a
quotation from or reference to public records, that a reasonable person would
expect to be disseminated by means of public communication and that relates to:
(1) -Evidence regarding the occurrence or transaction involved.
(2) -The character, credibility, or criminal record of a party, witness, or prospective
witness.
(3) -The performance or results of any examinations or tests or the refusal or failure
of a party to submit to such.
(4) -His opinion as to the merits of the claims or defenses of a party, except as
required by law or administrative rule.
(5) -Any other matter reasonably likely to interfere with a fair trial of the action.

   As noted above, Mr. Levy, within minutes of filing his pleading in this case,

violated the above disciplinary rule by making extrajudicial statements attacking

Plaintiff in his blog post, making outright false and unfair statements, coordinating

with his client Defendant Ace of Spades to link to his blog post to give it massive

readership and raise money for Mr. Levy, and adversely affect Plaintiff in the eyes of

the public, the legal community, and to any potential jury pool.

   Clearly, Mr. Levy's actions demonstrate that he has "differing interests," which is

defined by the Rules as "every interest that will adversely affect either the judgment

or the loyalty of a lawyer to a client, whether it be a conflicting, inconsistent, diverse,

or other interest."

**Mr. Levy's Conduct Violates The Code Of Professional Responsibility And The Maryland Lawyer's Rules Of Professional Conduct On Conflicts Of Interest**

The Code of Professional Responsibility as mirrored by the Maryland Lawyer's

Rules of Professional Conduct specifically prohibits the kinds of conflicts of interest

exhibited by Mr. Levy.

**RULE 1.7 CONFLICT OF INTEREST: GENERAL RULE**
(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the
representation involves a conflict of interest. A conflict of interest exists if:
(1) the representation of one client will be directly adverse to another client; or
(2) there is a significant risk that the representation of one or more clients will be
materially limited by the lawyer's responsibilities to another client, a former client
or a third person or by a personal interest of the lawyer.

As stated above, Mr. Levy is representing Defendant Ace of Spades in a way that is

directly adverse to the interests of Plaintiff.

**RULE 1.8 CONFLICT OF INTEREST: CURRENT CLIENTS: SPECIFIC RULES**
(b) A lawyer shall not use information relating to representation of a client to the
disadvantage of the client unless the client gives informed consent ....
(c) A lawyer shall not solicit any substantial gift from a client, including a
testamentary gift....

Mr. Levy is using information relating to the representation of Plaintiff to

disadvantage him without his informed consent. In fact, Mr. Levy is doing so in spite

of Plaintiff's statement that he is laboring under a conflict of interest.

Moreover, as detailed above, Mr. Levy has coordinated with Defendant Ace of

Spades for both a substantial financial and testamentary gift in the form of a

laudatory blog post and a request for donations.

**RULE 1.9 DUTIES TO FORMER CLIENTS**
(a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent....

Mr. Levy has represented Plaintiff's co-defendant BU, in a related case involving some of the same parties in the instant case in which that co-defendant's interests are materially adverse to the interests of Defendant Ace of Spades, and that former client has not given informed consent to allow that conflict or waived that conflict.

### Conclusion

Mr. Levy is laboring under multiple conflicts of interest that are adversely affecting Plaintiff. These conflicts violate Disciplinary Rules, the Code of Professional Responsibility and the Maryland Lawyer's Rules of Professional Conduct. Therefore, this Court should disqualify him from representing Defendant Ace of Spades in this matter.

Respectfully submitted,

Brett Kimberlin
8100 Beech Tree Rd
Bethesda, MD 20817
(301) 320 5921
justicejtmp@comcast.net

Certificate of Service

I certify that I have served a copy of this Response on Lee Stranahan, Ron Coleman, Catilyn Contestable, Michael Smith, and Mark Bailen by email, and on Defendants Hoge, The Franklin Center, McCain and Walker by First Class mail this 21st day of February, 2014.

Brett Kimberlin