UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| BRETT KIMBERLIN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 8:13-cv-03059-PWG |
| NATIONAL BLOGGERS CLUB, *et al.*, | ) |
| Defendants. | ) |

**OPPOSITION TO MOTION FOR EXTENSION OF TIME**

On February 26, 2014, plaintiff filed two motions – first, a motion to disqualify one of the two lawyers representing defendant Ace of Spades in opposition to plaintiff's motion for leave to take discovery seeking to identify Ace of Spades (DN 93), and second, a "Motion for an Extension of Time to Respond to Defendant Ace of Spades' Protective Order." DN 92.[1] The motion for an extension of time should be denied.

First, the motion is procedurally defective in several ways. Contrary to Local Rule 105.9, Kimberlin neither asked opposing counsel whether they consented to his motion, nor stated in the motion whether opposing counsel consents. Had Kimberlin followed that Rule, undersigned counsel would have had the opportunity to discuss with Kimberlin the various other issues posed in this opposition. Moreover, on February 21, the Court ordered that, pending issuance of a case management order, **no** further papers were to be filed, apart from answers or other responses to the complaint, or responses to pending motions, without advance permission from the Court. DN 88.

---

[1] Although plaintiff captions his motion as responding to a purported motion for a protective order filed by Ace of Spades, no such motion was filed. Rather, Ace of Spades responded [DN 75] to Kimberlin's Motion for Subpoena to Identify Defendant Ace of Spades [DN 51]. Counsel presume that Kimberlin seeks an extension of time in which to file a reply in support of that motion.

There is no indication on the record that Kimberlin sought or received permission from the Court to move for this extension of time or, for that matter, to file a motion to disqualify opposing counsel.

Second, even assuming that the motion to disqualify were meritorious and properly before the Court—and we will respond to that motion in due course—Kimberlin's motion to extend time ignores the fact that Mr. Levy is not the only attorney on the opposition brief. The brief is also signed by David Rocah of the American Civil Liberties Union of Maryland, and Kimberlin has offered no reason for disqualifying him. Thus, even if Mr Levy were no longer participating in the case, that would no reason to excuse Kimberlin from filing a reply brief in support of his motion for leave to take discovery.

This response is being filed promptly so that Kimberlin will have no excuse for delaying any further his filing of his reply brief. It will take longer to prepare a response to the motion to disqualify, addressing the various spurious factual and legal contentions in that document.

## CONCLUSION

The motion for an extension of time should be denied.

Respectfully submitted,

  /s/ Paul Alan Levy
Paul Alan Levy (pro hac vice)
Scott Michelman

Public Citizen Litigation Group
1600 20th Street NW
Washington, D.C. 20009
(202) 588-1000
plevy@citizen.org


  /s/ David Rocah
David Rocah

ACLU of Maryland  
3600 Clipper Mill Rd., #350  
Baltimore, Maryland 21211  
(410)889-8550, ext. 111  
rocah@aclu-md.org  

February 27, 2014                                                                Attorneys for Defendant Ace of Spades

**CERTIFICATE OF SERVICE**

On this date, I am filing this response using the Court's ECF system, which will effect service on all counsel. Pursuant to their express grants of permission, I am serving the document by email on plaintiff and on defendants Hoge, McCain and Walker.

                                                             /s/ Paul Alan Levy