UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

BRETT KIMBERLIN,
Plaintiff,

v.  No. PWG 13 3059

NATIONAL BLOGGERS CLUB, et al
Defendants.

**PLAINTIFF'S REPLY TO ACE OF SPADES' OPPOSITION TO MOTION FOR EXTENSION OF TIME**

Now comes Plaintiff and replies to Defendant Ace of Spades' ("AOS") Opposition to Plaintiff's Motion for Extension of Time in order for the Motion to Disqualify to be heard first.

1. Defendant AOS states first that Plaintiff did not request counsel's consent prior to filing the Motion for Extension. What counsel leaves out of his motion is that Plaintiff sent counsel a copy of the Motion to Disqualify days prior to filing it to give counsel the opportunity to rectify the matters raised therein in lieu of filing. Counsel responded that he would not rectify the matters and so Plaintiff advised him that the Motion to Disqualify would be filed. This amounts to a request for consent.

2. The Motion for Extension is simply a part of the Motion to Disqualify because if the Court finds that counsel Levy should be disqualified, his Motion for Protective Order will have to be withdrawn and Plaintiff will not have to respond to that motion in its current form.

3. Counsel's argument that Plaintiff had to seek permission from this Court prior to filing misconstrues both this Court's Letter Order and the Motion for Extension. The Letter Order clearly states that a party can respond to pending motions, and counsel's Motion for Protective Order was a pending motion when Plaintiff filed the motion. Moreover, because the Motion to Disqualify is a prerequisite to the actual Reply to the Motion for Protective Order, it must be considered a response to counsel's pending motion.

4. Counsel makes the preposterous argument that since there are two lawyers who signed their motion, disqualification of Mr. Levy would not constitute grounds to extend the time for filing a reply to the motion. Mr. Levy well knows that he is the person who wrote the motion, and the ACLU lawyer is merely local counsel. Moreover, it was Mr. Levy who wrote his defamatory blog post about Plaintiff, who was contacted by Defendant Ace of Spades to represent him, and who contacted Plaintiff prior to filing his motions to dissuade him from pursuing the identity of Ace of Spades.

5. Finally, counsel takes a closing shot at Plaintiff, calling his Motion to Disqualify "spurious." To the contrary, the motion is hardly spurious since the attorney client relationship does not allow a lawyer to unilaterally violate that relationship. Indeed, since the privilege exists to protect *the client's* interests, only the client can decide whether to waive its protections. And in the instant case, Plaintiff has taken all reasonable steps to prevent any waiver of the privilege.

Wherefore, for all the above reasons, this Court should reject AOS's oppostion to Plaintiff's Motions for Extension of Time..

Respectfully submitted,

Brett Kimberlin
8100 Beech Tree Rd
Bethesda, MD 20817
(301) 320 5921
justicejtmp@comcast.net

Certificate of Service

I certify that I have served a copy of this Response on Lee Stranahan, Ron Coleman, Catilyn Contestable, Michael Smith, and Mark Bailen by email, and on Defendants Hoge, The Franklin Center, McCain and Walker by First Class mail this 28 st day of February, 2014.

Brett Kimberlin