IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

```
                                        *
BRETT KIMBERLIN,
                                        *
        Plaintiff,
                                        *
v.                                               CASE NO.: PWG-13-3059
                                        *
NATIONAL BLOGGERS CLUB, *et al.*
                                        *
        Defendants.
                                        *
*       *       *       *       *       *       *       *       *       *       *       *       *
```

## CASE MANAGEMENT ORDER

In a prior dispute between some of the parties to this case, Judge Motz noted that "[t]he parties have been involved in intense political disputes over the years." Memorandum 1, *Walker v. Kimberlin*, No. JFM-12-1852 (D. Md. Nov. 28, 2012). It is clear that this case is the latest in a protracted series of disputes between and among the parties here, *see, e.g.*, Am. Compl. ¶¶ 55, 74, 75, and that the dispute between Plaintiff and at least some of these Defendants is particularly bitter. *See, e.g.*, Def. Walker's Mot. to Require the Plaintiff to File Verified Papers in Future Filings ¶¶ 2, 32, ECF No. 9 (describing Plaintiff as "a compulsive and, indeed, shameless liar who often lies in course of criminal or civil litigation," and acknowledging that a physical altercation between Walker and Plaintiff occurred during a recess in 2012 court proceedings).

As a result, this litigation has turned into a wide-ranging war of attrition in which this Court has become caught in the crossfire. At my last count, twenty-seven substantive motions have been filed in this case (which has not moved past the pleading stage), of which eight are motions to dismiss, ECF Nos. 5, 8, 11, 16, 41, 50, 83, 87, and approximately six deal primarily with administrative or procedural issues—some of which have been consented to, ECF Nos. 18, 37, 48, 51, 53, 69. The remainder includes three motions to strike opposing party filings, ECF Nos. 22, 39, 54, two motions for reconsideration, ECF Nos. 24, 25, 73, and five motions that appear to seek little more than for the Court to micromanage Plaintiff's conduct, ECF Nos. 7, 9, 33, 66, 68. And non-parties have attempted to add their voice to the chorus. *See* ECF No. 63.

In my Letter Order dated February 21, 2014, I denied a number of pending motions and gave Plaintiff permission to move to amend his complaint up to and until March 7, 2014. Letter Order, ECF No. 88. But as I noted in that Letter Order, "[t]his Court is not a 'trampoline for the excess energies of litigants whose need to have the last word exceeds the fair briefing of issues.'" *Id.* at 5, ECF No. 88 (quoting *Allnut v. U.S. Dep't of Justice*, No. Y9801722, 2000 WL 34475731, at *14 (D. Md. March 6, 2000)). Given the seemingly limitless animosity of the parties, many of whom are self-represented, the Court has no option but to limit the deluge of filings in this case in order to prevent this case from consuming an inordinate share of this Court's limited resources. Accordingly, pursuant to Fed. R. Civ. P. 1, 16(b), and 83(b), I now

issue this Case Management Order to allow for the "just, speedy, and inexpensive determination" of this action, Fed. R. Civ. P. 1.

## I.    MOTIONS PRACTICE

### A.  Requesting Permission to File a Motion

1. Any party that has not done so, or who wishes to do so following amendment of Plaintiff's complaint, may file an answer or a motion to dismiss as provided for under the Federal Rules of Civil Procedure and this Court's Local Rules.  Plaintiff may move to amend his complaint as provided in my Letter Order.

2. In order to reduce the burden on this Court caused by the excessive volume of motions filed to date by the parties, it is ORDERED that no other motion may be filed in this case without advance permission of the Court, in accordance with the procedures set forth below.

3. A party desiring to file a motion first must file a letter seeking approval and complying with the following requirements.  Any letter that fails to comply with these requirements and any motion filed without complying with this Order will be stricken from the docket by the Clerk.

4. A request for permission to file a motion ("Request")  will be filed in letter format, and may not exceed three pages, single spaced, twelve point font;

5. The Request is subject to the requirements of Fed. R. Civ. P. 11, and must state with particularity the relief that will be requested in the motion and the grounds for seeking the relief requested;

6. The Request will include a subject line that states:

   a. The caption of this case (*Brett Kimberlin v. National Bloggers Club, et al.*), the Case Number (PWG-13-3059), and

   b. A title in the form of "Request to File Motion to/for _____," clearly stating the nature of the relief sought;

7. A party may not file a Request on behalf of any other party or person unless admitted as counsel of record on their behalf;

8. The first paragraph of the Request must contain a concise statement of the specific relief sought and the justification for seeking it, and include a summary of the facts and law that support the Request.  It also must state why that relief is relevant to the issues in this case and appropriate at the current stage of proceedings;

9. Unless otherwise allowed by the Court, a Request may not contain more than 10 exhibits, each of which must be separately identified by a number or letter.  The Request must explain why the exhibits are relevant to the relief requested;

10.  A Request may not seek any relief already sought and denied by the Court unless that denial was expressly without prejudice or the  Request is for reconsideration of the denial based upon specific new facts or law that did not exist at the time the original motion was denied and specifically sets forth why the facts or law are relevant to the Request, and could not reasonably have been known when the relief was originally denied;

11. A Request may not seek to strike any other Request or filing without good cause, and may not seek to strike a motion filed with the Court's permission; and

12. No Request may contain any redundant, immaterial, impertinent, or scandalous matter, or any *ad hominem* attack on any party, any Judge or employee of this or any Court, or any other person.

If a Request fails to comply with any of these requirements, it will be summarily STRICKEN and will not be considered by this Court.

### B.  Filing Motions After a Request Has Been Granted

When the Court has granted a Request to file a Motion, the Motion must meet the following requirements:

1. Every motion or response will comply strictly with the requirements of Fed. R. Civ. P. 7(b) and 11, including the requirements for signatures and other identifying information contained in Rule 11(a), and the motion, any accompanying memorandum, opposition memorandum or reply memorandum may not exceed fifteen (15) pages, double spaced, and either typed in 12 point font or, if accompanied by a certification that the filer lacks access to a computer or typewriter, in clear, printed (*i.e.* not cursive) handwriting;

2. Every motion or response shall contain a caption substantially identical to the caption on this Case Management Order;

3. Every motion shall have a clear, concise title that sets forth the identity of the movant or movants and the relief sought in an unambiguous fashion;

4. A party may not file a motion on behalf of any other party or person unless admitted as counsel of record on their behalf;

5. For every motion that is filed, each adverse party is permitted, but not required, to file a single memorandum, not to exceed fifteen pages, in opposition.  The movant is permitted, but not required, to file a single reply memorandum, not to exceed seven pages;

6.  Each opposition or reply memorandum shall contain a title that clearly identifies the party or parties on whose behalf it is submitted, the title of the original motion to which it relates, and the ECF Number of the motion to which it relates;

7.  Opposition or reply memoranda must cite to the exact title of the original motion to which they respond, provided that abbreviated titles may be used where substantial space is saved;

8.  No surreplies will be permitted;

9.  No supplements will be permitted to a motion, opposition, or reply already filed unless the party seeking to supplement first submits a Request, in letter format, not to exceed one, single-spaced page, setting forth what the proposed supplement will contain, why it could not have been included in timely filed motion papers, and why it is necessary to the just resolution of the pending motion;

10. No exhibits to a motion will be permitted unless leave has been requested and granted by attaching them to a Request pursuant to paragraph I.A.6 above, but opposition papers may attach no more than ten exhibits, each of which will be numbered or lettered separately, unless the Court permits the filing of a greater number of exhibits;

11. Reply papers, when permitted, may not include exhibits without permission from the Court;

12. No motion, opposition, or reply may contain any redundant, immaterial, impertinent, or scandalous matter, or any *ad hominem* attack on any party, any Judge or employee of this or any Court, or any other person.

It is so ORDERED this 4th day of March, 2014.


_____/s/_____
Paul W. Grimm
United States District Judge


dsy

4