**PUBLIC CITIZEN LITIGATION GROUP**
1600 20TH STREET, N.W.
WASHINGTON, D.C. 20009-1001

(202) 588-1000

**TRANSMITTED BY ECF ONLY**

March 12, 2014

Honorable Paul W. Grimm
United States District Court
United States Courthouse
6500 Cherrywood Lane
Greenbelt, Maryland 20770

        Re:    *Kimberlin v. National Bloggers Club*
                Case No. PWG-13-3059
                Conditional Request for Leave to File Surreply

Dear Judge Grimm:

      Today, the Clerk accepted for filing a document submitted by plaintiff Kimberlin that is captioned a "Reply to Ace of Spades' Opposition to Motion for Discovery to Identify Ace of Spades." DN 104. The second through eleventh pages of the document include a motion to disqualify me, presented in apparent derogation of the Court's refusal (DN 96) to accept a motion to disqualify (DN 93) because plaintiff had not sought and received permission for the motion; it appears that the text replicates the refused motion. The reply brief was also filed late, despite the Court's denial (DN 99) of plaintiff's motion for an extension of time (DN 92). Moreover, the reply is based, in substantial part, on allegations about statements posted on the Ace of Spades HQ blog that were not alleged in the First Amended Complaint, but that **are** alleged in the proposed Second Amended Complaint. The reply brief also changes the legal claims on which plaintiff relies in seeking leave to compel identification of Ace of Spades. The purpose of this letter is to request leave to file a surreply to that document, in whole or in part (this qualifier is more fully explained below).

      Despite the lateness of plaintiff's filing, and although the better course would have been for plaintiff to have sought leave to submit a belated reply brief, we respectfully suggest that it would be most efficient to allow the filing of DN 104, at least in part, but to permit counsel for Ace of Spades to file a surreply.

      If plaintiff's motion for leave to take discovery were considered based only on the allegations of the First Amended Complaint, it is likely that plaintiff Kimberlin would respond to the denial by seeking leave to file a new motion, based on the allegations of the Second Amended Complaint. However, defendant has already briefed the basic issues in response to the initial motion. It may be more efficient to allow the motion for leave to take discovery to be decided on the basis of all of the

Honorable Paul W. Grimm
March 12, 2014
page 2

allegations that plaintiff makes against defendant Ace of Spades. On the other hand, it is respectfully submitted that, assuming that the Reply (DN 104) is to be considered in ruling on the motion for leave to take discovery, it would not be fair to consider that motion based on allegations and legal claims that were not in the case at the time the opposition was filed. It would be particularly unfair to allow the assertions and arguments in the "disqualification" part of the reply brief to sit in the record unanswered.

Moreover, although many of the newly alleged statements by defendant Ace of Spades are non-actionable opinion, counsel expect to include exhibits that address the truth of some of the alleged statements, and seek the Court's leave to do so (assuming that the limits on exhibits in the Case Management Order applies to a surreply to a motion whose filing predates that order).

Finally, we take no position on whether the Court should allow plaintiff to evade the order striking his motion to disqualify by inserting the exact same motion into his reply brief. Defendant is prepared to respond to the disqualification arguments as part of the surreply, notwithstanding that disqualification of one lawyer for a party has no logical bearing on whether discovery of Ace's identity should or should not be allowed.

Respectfully yours,

Paul Alan Levy

cc:   All counsel (by ECF)
      Pro se parties by email pursuant to express permission