IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | | |
|---|---|---|
| BRETT KIMBERLIN, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action |
| | | PWG 13-3059 |
| NATIONAL BLOGGERS CLUB, et al., | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF DEFENDANTS MICHELLE MALKIN AND TWITCHY
IN OPPOSITION TO PLAINTIFF'S MOTION TO FILE
<u>SECOND AMENDED COMPLAINT (ECF No. 100)</u>**

Michael F. Smith
The Smith Appellate Law Firm
1717 Pennsylvania Avenue N.W., Suite 1025
Washington, D.C.  20006
smith@smithpllc.com
 (202) 454-2860
Bar No. 29941
**Counsel for Defendants
Michelle Malkin and Twitchy**

Date:  March 24, 2014

**FACTS RELATING TO THE PROPOSED SECOND AMENDED COMPLAINT ("SAC")**

**I.     Substance**

The First Amended Complaint (FAC) is 50 pages long, with 213 paragraphs. ECF No. 2. After various defendants filed motions to dismiss it, Mr. Kimberlin indicated his intent to seek leave to amend. ECF No. 80. This Court on February 21, 2014 allowed him to do so, though it acknowledged the "serious chance" of prejudice to defendants from repeated amendment, told Mr. Kimberlin this would be his last chance to amend, and specifically warned him to comply with Local Rule 103.6. ECF No. 88 Letter Order, pg. 5.

On March 7, 2014, Mr. Kimberlin filed his motion for leave, attaching to it clean and redlined copies of his proposed Second Amended Complaint (SAC). ECF No. 100. Though the SAC removes some matter from the FAC, on balance it is a far more lengthy and convoluted document than the FAC – it contains 82 pages and 284 paragraphs, names three new defendants (in addition to Twitchy), and adds entire theories, factual allegations, and causes of action not present in the FAC. ECF No. 100-3 Proposed SAC.[1] For instance, the proposed SAC, citing unspecified "NSA documents" leaked by Edward Snowden in February 2014, now alleges that the conspiracy against Mr. Kimberlin arises from the activities of a shadowy group of former counterintelligence officers calling themselves "Team Themis" who, on behalf of the FBI and the U.S. Chamber of Commerce, and with the assistance of the law firm Hunton & Williams, targeted a variety of progressive groups and individuals, including

---

[1] The "clean" version of the SAC attached to the motion for leave, ECF No. 100-1, was missing page 9, and the "redlined" copy, ECF No. 100-2, was missing pp. 15 and 54-56. On March 21, 2014, the ECF system distributed a second copy of the motion for leave, with the same two attachments plus a third: what appears to be a complete "clean" copy of the SAC, including page 9. ECF No. 100-3.
   To date, Plaintiff Kimberlin has failed to provide Defendants Malkin and Twitchy with a complete redlined copy of the SAC, despite their request for one on March 8, 2014. **Tab 1**.

1

Wikileaks, the hackers' group "Anonymous," the AFL-CIO, Change to Win, moveon.org, Mr. Kimberlin, and others, in a massive dirty-tricks campaign. ECF No. 100-3, ¶¶ 33-38. The proposed SAC alleges that this conduct relates to an NSA group called the Joint Threat Resource Intelligence Group, or "JTRIG," set up to "disrupt and destroy activists worldwide" and to "infiltrate different groups online and destroy people's reputations." *Id.*, ¶ 36.

The proposed SAC alleges that the activities of "Team Themis" and the JTRIG served as the model for the concerted attack on Mr. Kimberlin's reputation, tracing the latter to a September 2010 decision by Andrew Breitbart, a now-deceased conservative media-company owner, to set up a "parallel campaign" to destroy Mr. Kimberlin. *Id*., ¶ 37. However, the proposed SAC contains no allegation that Mr. Breitbart (or any defendant) knew of the JTRIG or its activities, in 2010 or indeed, at any time. Nor does it explain how such a "parallel campaign" could arise where word of the NSA's supposed activities only were leaked by Mr. Snowden in February 2014. In addition to Twitchy, the proposed SAC adds as named defendants two individuals and the American Spectator, a conservative magazine/website, but does not add "Team Themis," the JTRIG, the National Security Agency, Hunton & Williams, the Chamber of Commerce, or any individual associated with any of them.

**II.   Form**

The redlined SAC Mr. Kimberlin filed, ECF 100-2, deletes many items from the FAC without noting that via strikethrough or brackets, and fails to highlight various additions – for instance, the change in its *ad damnum* clause from an unspecified amount in excess of $75,000, to the sum certain of $2 million. *Compare* ECF No. 2 FAC, pg. 49, and ECF No. 100-3, Proposed SAC, pg. 81. Comparison of just the first few pages of the FAC and proposed SAC reveals several instances where changes (additions and deletions) have not been highlighted in any way. In order to determine what has been

changed, each of the original 21 defendants, themselves or through counsel, will have to go line-by-line through the 50-page FAC and 82-page SAC to determine what has been added, and what has been taken out – defeating the purpose of Local Rule 106.3's redline requirement.

The undersigned notified Mr. Kimberlin via email on March 8 that the redline was defective and asked that he provide a proper one; Mr. Kimberlin declined. **Tab 1**. Mrs. Malkin and Twitchy (and presumably, the other defendants) already have incurred additional costs in trying to determine, for purposes of this Response, the general outlines of what he proposes to add to and remove from his pending complaint. If the SAC is accepted for filing, those costs will only increase.

## ARGUMENT

**I.    Mr. Kimberlin should be denied leave to file his Second Amended Complaint.**

Though amendment should be freely allowed where justice requires, it should be denied where "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile." *Mayfield v. NASCAR*, 674 F.3d 369, 379 (4th Cir. 2012), *citing Matrix Capital Mgmt. Fund., L.P. v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009). *Id.* Specifically with regard to RICO complaints, a District Court is within its discretion in denying leave where the proposed amendment is excessively prolix, contains "nonsensical" allegations, or violates Rule 8. *Aaron v. Durani*, 2014 U.S. Dist. LEXIS 32693, **9-10 & n.3 (S.D. Ohio Mar. 13, 2014) (citing cases). Each of those grounds supports rejection of Mr. Kimberlin's request for leave to amend.

**A.    Amendment would be futile.**

**1.    The SAC violates Rule 8.**

Rule 8(a)(2) requires a complaint to contain a short and plain statement of the claim showing that the pleader is entitled to relief, while Rule 8(d) requires each allegation to be "simple, concise and

3

direct." The rule's purpose is to avoid complaints that are "so verbose that the Court cannot identify with clarity the claims of the pleader and adjudicate them understandingly on the merits." *Harrell v. Directors of Bureau of Narcotics and Dangerous Drugs*, 70 F.R.D. 444, 446 (E.D. Tenn. 1975) (internal punctuation omitted). While pro-se complaints are to be liberally construed, *Gordan v. Leeke*, 574 F.2d 1147 (4th Cir. 1998), a complaint that fails to comply with Rule 8(a) properly is dismissed, even if filed pro se. *Spencer v. Hedges*, 1998 U.S. App. LEXIS 21159, **2-3 (4th Cir. Feb. 1, 1988); *see also Jones v. National Communications and Surveillance Networks*, 266 Fed. Appx. 31 (2d Cir. 2008) (summary order). Whether filed by a lawyer or a layperson, "[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Jones*, 266 Fed. Appx. at 32 (citations omitted).

Because Mr. Kimberlin's proposed SAC will be subject to dismissal under those standards, leave to amend should be denied for futility. Pro-se complaints similar to this one have been dismissed for failing to comply with Rule 8. In *Jones*, the Second Circuit affirmed dismissal of a 58-page complaint (with 87 pages of attachments) that sought to assert 20 causes of action against more than 40 defendants. 266 Fed. Appx. at 32-33. And in *Plymale v. Freeman*, 1991 U.S. App. LEXIS 6996 (6th Cir. April 12, 1991), the Sixth Circuit affirmed the District Court's dismissal with prejudice of a "rambling" 119-page complaint containing multiple defects that could not be cured by repleading.

Prolixity in a proposed amendment also justifies denial of leave to amend even where the complaint asserts a RICO claim, with its more detailed pleading requirements. As the District Court in *Aaron* noted earlier this month, "[c]ourts have repeatedly upheld the dismissal of RICO complaints and/or have denied leave to amend for failure to comply with Fed. R. Civ. P. 8's pleading requirements." 2014 U.S. Dist. LEXIS 32693 at **9-11 & n.3, *citing*, *inter alia*, *Plymale, supra*; *Confederate Mem'l*

*Ass'n v. Hines*, 995 F.2d 295, 298 (D.C. Cir. 1993) (affirming dismissal with prejudice of RICO and other federal claims in "verbose" pleading of at least 90 paragraphs); *Resource N.E. of Long Island, Inc. v. Town of Babylon*, 28 F. Supp. 2d 786, 795 (E.D.N.Y. 1998) (dismissing an "excessively long-winded," 97-page RICO complaint for violation of Rule 8 and ordering plaintiff to amend; "[f]orcing defendants to answer such a pleading would fly in the face of the very purposes for which Rule 8 exists"); *Hill v. Bank of America, Inc.*, 512 Fed. Appx. 905, 907 (11th Cir. 2013) (a court may deny leave to amend where plaintiff fails to show the amended complaint satisfies Rule 8(a); *Stanard v. Nygren*, 658 F.3d 793, 800 (7th Cir. 2011) (District Court within its discretion in denying leave to amend where plaintiff violated Rule 8(a)).

   *Stanard* involves facts similar to these. Plaintiffs filed a 52-page complaint against 24 named defendants, asserting 28 counts including claims under RICO, 42 U.S.C. §§ 1983 and 1985, and various state-law causes of action. They failed to follow basic directions and their complaint failed to put defendants on notice, even after they were given opportunities to correct it, and the combined effect of those and other missteps made the District Court's dismissal with prejudice "eminently reasonable":

> Perhaps these defects, considered alone, might not justify the court's rejection of the second amended complaint. Collectively, however, they are easily egregious enough to warrant denial of the motion for leave to amend. The complaint's lack of clarity would have severely disadvantaged the defendants when it came time to responsively plead to, much less defend against, the claims. To form a defense, a defendant must know what he is defending against; that is, he must know the legal wrongs he is alleged to have committed and the factual allegations that form the core of the claims asserted against him. Deciphering even that much from the second amended complaint is next to impossible. [*Stanard*, 658 F.3d at 798-800].

   The same is true here. There is no point in this Court accepting the SAC for filing, because it will be subject to immediate dismissal upon motion for failure to comply with Rule 8.

### 2. Leave also would be futile because the SAC fails to cure the FAC's many legal defects.

Mrs. Malkin and Twitchy have fully briefed the many legal deficiencies of the FAC in their pending motion to dismiss. Leaving aside for now the deficiencies the SAC at least tries (unsuccessfully) to cure, it completely fails to address several of those shortcomings. Each stands as a basis for denying amendment based on futility:

- The RICO count still does not properly plead a predicate act by Mrs. Malkin, does not allege any predicate act involving her that caused Mr. Kimberlin damage, and still makes no attempt to address either closed-ended or open-ended continuity. *See* ECF No. 41-1 Memorandum, pp. 10-16.

- The alleged wrongdoing centering on the National Bloggers Club still amounts to mere parallel activity and a "rimless hub and spoke" operation that, under the case law, fails to plead the existence of a RICO "enterprise." *Id.*, pp. 17-18.

- Mr. Kimberlin still fails to allege harm to "business or property" so as to provide him with standing under RICO. ECF No. 101 Reply, pp. 4-9.

- Though Mr. Kimberlin drops Mrs. Malkin from his defamation claim, he continues to assert a false-light claim against her without meeting the pleading standards imposed in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). ECF No. 41-1 Memorandum, pp. 27-28; ECF No. 101 Reply, pp. 10-11.

- Nothing in the SAC even tries to address the First Amendment defense discussed in defendants' motion to dismiss the FAC. ECF No. 41-1 Memorandum, pp. 29-35; ECF No. 101 Reply, pg. 11.

- Mr. Kimberlin has failed to establish that he made valid service of process on either Mrs. Malkin or Twitchy, and it is now too late for him to do so. ECF No. 41-1 Memorandum, pg. 39; ECF No. 101 Reply, pp. 12-13.

- Twitchy will have additional defenses available to it that it has not even briefed yet, since it joined the pending motion to dismiss the FAC solely with regard to the forged summons mailed to it. *See,* Communications Decency Act, 47 U.S.C. §§ 230(c)(1), 230(e)(3); *Nemet Chevrolet v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 254 (4th Cir. 2009).

Notably, the SAC also does not even attempt to assert facts that would permit the extension of Maryland jurisdiction to Mrs. Malkin or Twitchy.  *See* ECF No. 41-1 Memorandum, pp.35-39; ECF No. 101 Reply, pp. 11-12 (citing cases).  This is especially egregious as to Mrs. Malkin, since Colorado expressly refuses to recognize one of the causes of action the SAC asserts against her, false-light invasion of privacy.  *See Shrader v. Beann*, 503 Fed. Appx. 650, 654 (10th Cir. 2012), *citing Denver Pub'lg Co. v. Bueno*, 54 P.3d 893, 894 (Colo. 2002).  The proposed SAC contains no discussion of how hauling a Colorado resident into court in Maryland can possibly be consistent with due process, where the online commentary forming the basis of the claim not only was not specifically targeted to Maryland, but is non-actionable in the state in which it was made.

### B. Allowing the SAC's filing would prejudice Mrs. Malkin and Twitchy and lead to further ancillary litigation seeking to clarify its allegations.

"Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing."  *Mayfield*, 674 F.3d at 379, *quoting Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (en banc).  Both factors support a finding of prejudice to these defendants from the SAC.

#### 1. Amendment will impose additional costs on Mrs. Malkin and Twitchy.

Mrs. Malkin and Twitchy's motion to dismiss the FAC has been fully briefed and is ripe for decision.  If amendment is allowed, however, they will be put to significant additional expense in filing a second motion to dismiss, against a substantially different filing.  The SAC does not simply tweak a passage of the FAC here or there; instead it adds 32 densely worded pages, making the complaint an 82-page tome raising allegations even more incredible than those of the current pleading.  Further, the SAC is deliberately vague, eschewing virtually all specifics regarding the allegedly defamatory comments in favor of frequently repeating the fuzzy charge that defendants fostered "false narratives" about Mr.

Kimberlin. Of course, an allegation that a specific comment is defamatory can be defended against far more easily than can charges of having advanced a "false narrative."

Permitting the SAC to be filed also will impose costs on all defendants, and this Court. The SAC seeks to add three entirely new defendants, and if it is allowed, the original defendants (22 counting Twitchy) will have to sit by for weeks if not months as Mr. Kimberlin tries to effect service of process on them. If the past is any guide, that process will not be smooth and quick, but rather tendentious and time-consuming, bogged down by careless mistakes at best and false certifications, forgeries, and violations of federal statutes, at worst. Requests to file a motion under Rule 12(e) for a more definite statement under also would appear likely.

Certainly, a District Court must grant some latitude to a pro-se defendant, and this Court has diligently done so. But every time Mr. Kimberlin ignores the rules and the Court's directives, every time he certifies to this Court that he has done something when he has not, every time he seeks to expand his "conspiracy" theory further, a real and significant cost is imposed on the 20+ individuals and entities he has named as defendants. And this is not lost on Mr. Kimberlin; to the contrary it appears to be motivating his conduct. He is abusing the litigation process, and it should stop.

### 2. The proposed SAC flouts both Local Rule 103.6 and this Court's explicit directive.

This Court directed Mr. Kimberlin to comply with Local Rule 103.6 in submitting his proposed amended pleading. ECF No. 88 Letter Order, pg. 5. That rule's requirement of a redline copy indicating all additions and deletions is not hard to comply with, especially for one skilled with word-processing software as Mr. Kimberlin is. To the extent it presents any difficulty here, that is due solely to the 32 additional pages he seeks to add to his pleading – and in any event, difficult or not, this Court directed him to comply.

Mr. Kimberlin failed to do so, and when counsel for Mrs. Malkin and Twitchy contacted him about it, he tried to recast the blame:

> Are u serious. I am pro se with no support staff and I do the best I can. Are u actually prejudiced by some words I may have missed in an 80 page complaint. I did not miss anything intentionally and made my best effort to comply w the rules[.] With snow days two kids home from school for five days and dealing w my sick nine year old I am happy that I got the amended complaint filed in a timely manner. If there is something I missed that u believe really prejudices you or your client please let me know and I will correct it. [**Tab 1**, 3/8/14 email exchange].

The problem of course is not "some words [Mr. Kimberlin] may have missed in an 80-page complaint," the problem is that by not complying with the local rule and this Court's directive, he has made it difficult, time-consuming and costly for all defendants to determine *which* words he added and removed.

Where Mr. Kimberlin is told to do something not only by the court rules but by this Court's specific admonishment, yet fails to do it – despite being a seasoned litigant, by his own description – it is difficult to see how allowing him to amend will do anything but encourage more of the same conduct down the road.

### C.   Mr. Kimberlin repeatedly has acted in bad faith.

For purposes of denying leave to amend, "bad faith" has been defined as "a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive and implies the conscious doing of a wrong because of dishonest purpose or moral obliquity." *In re DePugh*, 409 B.R. 84, 103 (S.D. Tex. Bkrptcy. 2009) (citation omitted). Mrs. Malkin and Twitchy will not reiterate their past arguments regarding the forged summons and other examples of bad faith, except to note that Mr. Kimberlin's response to this Court's show-cause order regarding the former admits to altering the summons without providing any valid justification. *See* ECF No. 101 Reply, pp. 1-2, *citing* ECF No. 67 Response.

## **CONCLUSION/RELIEF REQUESTED**

For the foregoing reasons, Mrs. Malkin and Twitchy ask the Court to deny Mr. Kimberlin's motion for leave to file the SAC, and rule on and grant their motion to dismiss the FAC.

Respectfully submitted,

/s/ Michael F. Smith
   Michael F. Smith
The Smith Appellate Law Firm
1717 Pennsylvania Avenue N.W., Suite 1025
Washington, D.C.  20006
smith@smithpllc.com
(202) 454-2860
Bar No. 29941
**Counsel for Defendants**
**Michelle Malkin and Twitchy**

Date:  March 24, 2014

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the above Reply was electronically filed in this case on March 24, 2014 and thus served on counsel of record via the Court's ECF system.  Additionally, I am serving the document via email this date on plaintiff Kimberlin and on defendants Hoge, McCain, and Walker by the express permission of each.

                         By:  /s/ Michael F. Smith

Dated: March 24, 2014