BRETT KIMBERLIN,

*Plaintiff,*

v.

NATIONAL BLOGGERS CLUB,
*et al.,*

*Defendants.*

UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

SOUTHERN DIVISION

Case No. PWG-13-3059

### DEFENDANT HOGE'S OPPOSITION TO PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT (ECF NO. 100)

COMES NOW Defendant William Hoge in opposition to Plaintiff's Motion to File Second Amended Complaint (ECF No. 100) ("Motion to File"). Because Plaintiff served his motion on Mr. Hoge by U. S. Mail postmarked "MAR 12, 14," Mr. Hoge has until at least 26 March, 2014, to file a timely response. In opposition to said motion Mr. Hoge states the following:

### PLAINTIFF'S MOTION DOES NOT CONFORM TO L.R. 103.6

L.R. 103.6(c) requires that marked up copy of the amended pleading be filed along with a clean copy when a party files a motion for leave to amend. The marked up copy shall have the stricken material lined through or enclosed in brackets and new material

underlined or set forth in bold-faced type. The marked up version that Plaintiff submitted of the Second Amended Complaint (ECF No. 100-2) ("SAC-M") does not accurately capture all of the changes to the First Amended Complaint ("FAC").

L.R. 103.6.(d) requires that a motion shall state whether it is filed with the consent of other counsel. The instant motion does not state whether such consent was sought or if any party objected. In fact, Mr. Hoge did inform Plaintiff via mail of his objection to the motion for leave to amend. Therefore, the Motion to File should be denied.

### SAC-M DOES NOT CONFORM TO L.R. 103.6

The errors in SAC-M are quite numerous. In the interest of brevity only a few significant problems are cited in this memorandum.

Twitchy is not included in the caption of the FAC. It is included in the caption of the Second Amended Complaint (ECF No. 100-1) ("SAC"), but it is not in boldface or underlined in the SAC-M. Given that Plaintiff filed a motion to allow for the caption to be amended to include Twitchy, it is amazing that he did not highlight this change.

Consider the first sentence of the SAC-M.

| The first sentence of the SAC-M reads: | The first sentence of the SAC-M should read: |
|---|---|
| Plaintiff Brett Kimberlin ("Kimberlin") hereby brings this **Second** Amended Complaint to recover damages inflicted | Plaintiff Brett Kimberlin ("Kimberlin") hereby brings this **Second Amended** Complaint to recover damages inflicted |

| | |
|---|---|
| by Defendants, defined below, **for engaging in a multitude of tortious acts**, including a criminal racketeering enterprise that **engaged in** widespread mail fraud, wire fraud, money laundering, intimidation, assault, extortion, attempted extortion, obstruction of justice, and gang activity for the purpose of harming **Plaintiff's business and property interests** and depriving him of his civil rights. | by Defendants, defined below, for engaging in a [criminal racketeering enterprise that violated his civil rights] **multitude of tortious acts, including a criminal racketeering enterprise that engaged in** [and which includes] widespread mail fraud, wire fraud, money laundering, intimidation, assault, extortion, [threat of] **attempted** extortion, obstruction of justice, and gang activity for the purpose of harming **Plaintiff's business and property interests** and depriving him of his civil rights. |

This high error rate tracking the changes recurs throughout the SAC-M. Instances of these errors can be found by comparing paragraphs in the FAC and SAC-M, for example: FAC 66 to SAC-M 93, FAC 122 to SAC-M 171, FAC 131 to SAC-M 180, and FAC 189 to SAC-M 243. Paragraphs 290, 291, and 292 of the SAC are completely new but are not identified with boldface type or underlining. The SAC-M errors continue to the very end.

| | |
|---|---|
| The first item in Plaintiff's prayer for relief reads: | The first item in Plaintiff's prayer for relief should read: |
| Compensatory damages and consequential damages in an amount exceeding $75,000, that is $2,000.000. (*sic*) | Compensatory damages and consequential damages in an amount exceeding $75,000[;]**, that is $2,000.000.** (*sic*) |

Additionally, from paragraph 31 onward there is no correlation between paragraph numbers in the FAC and SAC. The Motion to File should be denied because of its lack of compliance with L.R. 103.6.

## THE SAC DOES NOT COMPLY WITH FED R. CIV. P. 11(a)

Fed. R. Civ. P. 11(a) requires that a court paper "must state the signer's address, e-mail address, and telephone number." The SAC, as submitted, does not show any such information for Plaintiff. The Court has already warned Plaintiff about compliance with Rule 11(a). "Plaintiff is cautioned to comply with the requirements of Rule 11(a) and to include his address, e-mail address, and telephone number on all future filings." Letter Order, January 7, 2014 (ECF No. 26). If Plaintiff does not quickly remedy that error, then Rule 11 provides that "[t]he court must strike an unsigned paper."

Given the prospect that the Court will have to strike the SAC under Rule 11(a) and that the Court has said that it will not entertain any further amendments, the Court should consider that Plaintiff's motion to amend is futile. If that be the case, the Motion to File should be denied. See *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).

## THE SAC DOES NOT COMPLY WITH THE COURT'S CASE MANAGEMENT ORDER

Item B.12 of the Case Management Order (ECF No. 97) states, "No motion, opposition, or reply may contain any redundant, immaterial, impertinent, or scandalous matter, or any *ad hominem* attack on any party, any Judge or employee of this or any Court, or any other person." The SAC contains a significant amount of immaterial matter.

4

Paragraphs 33 through 36 deal with a story about a "secret group" called Team Themis. Although the SAC does not allege that any of the Defendants were a part of Team Themis or took part in any of its alleged activities, Plaintiff spends two-and-a-half pages on this non-germane matter. The Motion to File should be denied for inclusion of such extraneous material.

### Conclusion

WHEREFORE Mr. Hoge asks this Honorable Court to deny Plaintiff's Motion to File Second Amended Complaint and to proceed expeditiously with consideration of the pending motions to dismiss.

Date: 24 March, 2014

Respectfully submitted,

William John Joseph Hoge, III, *pro se*
20 Ridge Road
Westminster, Maryland  21157
(410) 596-2854
himself@wjjhoge.com

## Verification

I, William John Joseph Hoge, III, state under penalty of perjury that the foregoing is true and correct.

Date: 24 Mar 2014

_____
Matthew Ward
(print name of Notary Public)
NOTARY PUBLIC

My Commission Expires On  5-25-15

## Certificate of Service

On the 24th day of March, 2014, I served copies of this Opposition to Plaintiff's Motion to File Second Amended Complaint on the following parties by U. S. Mail or email as noted::

Brett Kimberlin at 8100 Beech Tree Road, Bethesda, Maryland  20817
The American Spectator at 1611 North Kent Street, Suite 901, Arlington, Virginia  22209
Michael Smith, Esq., for Michelle Malkin and Twitchy at smith@smithpllc.com
Mark Bailen, Esq., for Erick Erickson, RedState, Simon & Schuster, Glen Beck,
    Mercury Radio Arts, The Blaze, and James O'Keefe at mbailen@bakerlaw.com
Caitlin Parry Contestable, Esq., for DB Capitol Strategies and Dan Backer at
    caitlin@dbcapitolstrategies.com
Linda S. Mericle, Esq., for The Franklin Center at linda.mericle@verizon.net
Ron Coleman, Esq., for John Patrick Frey and Mandy Nagy at rcoleman@goetzfitz.com
Paul Alan Levy, Esq., for Ace of Spades at levy@citizen.org
Aaron Walker, Esq., at aaronjw72@gmail.com
Breitbart.com at loconnor@breitbart.com and larry@breitbart.com
Robert Stacy McCain at r.s.mccain@att.net
Ali Akbar for himself and the National Bloggers Club at ali@blogbash.org
Kimberlin Unmasked at kimberlinunmasked@hush.com
Lee Stranahan at stranahan@gmail.com

I am unable to serve Lynn Thomas because that person's address is not yet known to me.

William John Joseph Hoge, III, *pro se*
20 Ridge Road
Westminster, Maryland  21157
(410) 596-2854
himself@wjjhoge.com