# OPINIONS NOT GENERALLY AVAILABLE

In compliance with D. Md. local rule 105.5(a) the text of the following opinions is provided to this court and the other parties:

*Muigai v. IB Prop. Holdings, LLC* (D. Md., 2010)
Case No. 08:09-CV-01623-AW

Memorandum Opinion, ECF No. 12, *Kimberlin v. KimberlinUnmasked*
Case No. 8:13-cv-02580-RWT

Case 8:13-cv-03059-PWG   Document 115-1   Filed 03/24/14   Page 2 of 11

Muigai v. IB Prop. Holdings, LLC (D. Md., 2010)

JOSPEH T. MUIGAI Plaintiff,
v.
IB PROPERTY HOLDINGS, LLC et al., Defendants.
Action No. 08:09-CV-01623-AW
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION
Date: December 14, 2010

## MEMORADUM OPINION

Pending before the Court is Defendant IB Property Holding's ("IB" or Defendant) Motion to Dismiss. (Doc. No. 20). The Court has reviewed the motion and all supporting documents and finds no hearing is necessary. See Local Rule 105.6 (D. Md. 2010). For the reasons articulated below, Defendant's Motion is **GRANTED,** and Plaintiff is strongly urged to seek legal counsel for this matter.

## FACTUAL & PROCEDURAL BACKGROUND

The following facts are drawn from the Complaint. Joseph Muigai was seeking to attain the "American Dream" by capitalizing on the recent foreclosure market. Muigai sold his condominium and enlisted real estate agent Veronica Lawson to search for a foreclosed home that satisfied his specifications. On April 8, 2009, Lawson emailed Muigai that IB's property on 6611 Floral Park Road, Brandywine, Prince George's County, Maryland, fit Muigai's criteria. The list price for the 11.8 acres of property was $134,900. Muigai submitted to the listing agent Robert Caspar of Re/Max United ("Re/Max") an offer of $75,000 cash with a $1,000 deposit and

Page 2

a $65,000 cashier's [sic] check[1] to represent that he had enough funds for closing. Lawson told Muigai that Caspar refused to submit the offer because the offer was too low for "property that had not been long on the market." (Doc. 18, at ¶ 34).

On June 5, 2009, Muigai discovered that the price at the aforementioned property had been lowered to $115,900. Muigai submitted an offer for $100,000, a $5,000 deposit and $5,000 after contract ratification, a copy of a $50,000 check, and a notarized letter that he would have the balance at closing. (Doc. 18, at ¶ 38). Caspar did not submit this offer to IB because there was "no proof of funds." (Doc. 18, at ¶ 39). Muigai contends that the contract did not require a proof of funds.

On June 9, 2009, Muigai received an unsigned counter-offer calling for $110,000, a $5,500 deposit, a $5,500 deposit upon ratification by seller, a zero day contingency, a stipulation that cash offers will require a proof of funds and a settlement date of June 17, 2009. (Doc. 18, at ¶ 42). Muigai accepted the offer the next day. Again, Muigai included a $50,000 check and a notarized letter representing that he would have the balance at closing. On June 12, Re/Max notified Muigai that his offer had been rejected by the seller because there was "no ten (10) day maximum closing." (Doc. 18, at ¶ 46). Muigai avers that the contract did not require a proof of funds with the offer or a ten day closing. (Doc. 18, at ¶ 47). Muigai requested a copy of emails from IB evidencing the counter-offer or rejection, but Re/Max did not supply those emails. Muigai immediately submitted another offer to Caspar, but was notified that "the seller had accepted an offer that met all the requirements" from someone else. (Doc. 18, at ¶ 49).

Plaintiff brings claims against Defendants for false misrepresentation; violation of 15 U.S.C §§1-7 of the Sherman Anti-Trust Act; violation of the Real Estate Settlement Procedures

Page 3



- 1 -

Case 8:13-cv-03059-PWG Document 115-1 Filed 03/24/14 Page 3 of 11

Muigai v. IB Prop. Holdings, LLC (D. Md., 2010)

Act, 12 U.S.C. §2616; violations of his Civil Rights under the Thirteenth Amendment, 42 U.S.C. §1981, and 42 U.S.C §1982; RICO violations under 18 U.S.C. §1961 and 18 U.S.C. §1964; violation of the Statute of Frauds; and wrongful interference of contract. Plaintiff requests that this Court grant a preliminary injunction, permanent injunction, and declaratory relief enjoining Defendants from rejecting offers without presenting them to sellers and from making fraudulent counteroffers that are not to be enforced in a court of law. (Doc. No. 20, at 53-54).

In its Motion to Dismiss, Defendant IB Property Holdings Corporation alleges that Muigai failed to properly file his Second Amended Complaint with the Clerk of the Court. (Doc. No. 20-1, at 4). Specifically, Defendant alleges that, "After summons were reissued *twice* more, plaintiff finally served defendants on April 1, 2010. The complaint delivered, however, was not the complaint filed with the Court. Instead, Plaintiff waited until April 23rd, 2010 to file an Amended Complaint, which was the complaint attached to the summons served on April 1, 2010 on defendant, IB Holdings." *Id.* Because service of process has now been effectuated against Defendant IB Holdings and IB Holdings had sufficient notice of the claims filed against them, the Court will not dismiss on these grounds. Rather, the Court will proceed to consideration of the merits of Plaintiffs claims against Defendant IB Holdings.

### I. STANDARD OF REVIEW

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b) (6) is to test the sufficiency of the plaintiffs complaint. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, a plaintiffs complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In two recent cases, the United States

Page 4

Supreme Court clarified the standard applicable to Rule 12(b) (6) motions. *See Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). Those cases make clear that Rule 8 "requires a 'showing, ' rather than a blanket assertion, of entitlement to relief." *Twombly,* 550 U.S. at 556 n.3 (2007). That showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In its determination, the Court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver,* 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Commrs,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst,* 604 F.2d 844, 847 (4th Cir. 1979). In addressing a motion to dismiss, a court should first review a complaint to determine what pleadings are entitled to the assumption of truth. *See Iqbal,* 129 S. Ct. at 1949-50. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. Indeed, "the Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context." *Id.* at 1954. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

### II. ANALYSIS
### A. Fraudulent Misrepresentation

In Count VII (Doc. No. 18-1, at 49), Plaintiff alleges that Defendant IB made, aided, and abetted fraudulent misrepresentations



- 2 -

Case 8:13-cv-03059-PWG   Document 115-1   Filed 03/24/14   Page 4 of 11

Muigai v. IB Prop. Holdings, LLC (D. Md., 2010)

because IB conspired with Re/Max to create a bid-rigging

Page 5

scheme by denying Muigai's offer. (Doc. No. 18, at 23). Muigai alleges that his offer was denied because it lacked proof of funds, which was not a requirement of the contract. According to Plaintiff, the absence of proof of funds gave Defendants an excuse to reject Muigai's offer and pressure Muigai into making a better offer, which Muigai claims he did. Plaintiff also alleges that IB fraudulently submitted unsigned counter-offers.

Federal Rules of Civil Procedure Rule 9(b) requires a party alleging fraud "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. Rule 9(b). A plaintiff must plead "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999). The purpose for requiring heightened pleading is to protect defendants from frivolous suits, eliminate fraud actions in which all the facts are learned after discovery and to protect defendants from harm to their goodwill and reputation. **Id.** In order to prevail for a claim of fraud a plaintiff must prove:

> The defendant made a false representation to the plaintiff; 2) that its falsity was either known to the defendant or that the representation was made with reckless indifference as to its truth; 3) that the misrepresentation was made for the purpose of defrauding the plaintiff; 4) that the plaintiff relied on the misrepresentation and had the right to rely on it; and 5) that the plaintiff suffered compensable injury resulting from the misrepresentation.

*Maryland Environmental Trust v. Gaynor*, 803 A.2d 512, 516 (Md. 2002).

Plaintiff's complaint lacks the particularity required by Rule 9(b). At no point does Plaintiff specify what known facts were taken by IB to consummate the fraud. Plaintiff does not state any specific action taken or exact time when IB acted or conspired to act fraudulently. Plaintiff is merely speculating that the only reason he did not receive the property at issue was because Defendant IB was part of a conspiracy to defraud him and make sure Muigai did not get the property.

Page 6

Plaintiff's argument that he satisfied pleading with particularity by stating the who, what, when, where, and how requirements is misguided. (Doc. No. 22, at 9). Plaintiff appears to state speculative facts and not specifically known facts. However, Rule 9 requires actual known facts and not speculation. As his complaint demonstrates, Plaintiff will only be able to state what acts were fraudulent after discovery. Rule 9(b) was intended to dismiss cases like this where all the facts are learned after discovery. *Harrison*, 176 F.3d at 784. Therefore, the Court **DISMISSES** Plaintiff's claim for fraudulent misrepresentation.

### B. Sherman Anti-Trust

In Count VI (Doc. No 18-1, at 46), Plaintiff claims that IB conspired with its brokers and agents to engage in a price fixing conspiracy by refusing to submit low offers. By doing this, Plaintiff claims that IB manipulated the price of real estate which restrains trade, thus violating Section 1 of the Sherman Act. 15 U.S.C. § 1.

Section 1 states, "Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal." 15 U.S.C. § 1. "To prove a violation of section one of the Sherman Act, a plaintiff must show the existence of an agreement in the form of a



Case 8:13-cv-03059-PWG   Document 115-1   Filed 03/24/14   Page 5 of 11

Muigai v. IB Prop. Holdings, LLC (D. Md., 2010)

contract, combination, or conspiracy that imposes an unreasonable restraint on trade." *Oksanen v. Page Memorial Hosp.*, 945 F.2d 696, 702 (4th Cir. 1991). An agreement to restrain trade may be inferred from defendant's conduct. When defendant's conduct is ambiguous the ambiguity may be interpreted in two different ways. It may either be inferred as consistent with independent legal conduct, *Terry's Floor Fashions, Inc. v. Burlington, Inc.*, 763 F.2d 604, 611-12 (4th Cir.1985), or it may be consistent with illegal conduct. *Laurel Sand & Gravel, Inc. v. CSX Transp., Inc.*, 924 F.2d 539, 542 (Md. 1991). In *Monsanto Co. v. Spray-Rite Service Corp*, the Supreme Court held that

Page 7

to determine whether a defendant's conduct is illegal,

> [t]he correct standard is that there must be evidence that tends to exclude the possibility of independent action by the [alleged coconspirators]. That is, there must be direct or circumstantial evidence that reasonably tends to prove that the [conspirators] had a conscious commitment to a common scheme designed to achieve an unlawful objective." 465 U.S. 752, 768 (1984).

Furthermore, the Supreme Court in *Bell Atlantic v. Twombly* stated, "[a Section 1] claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made." 550 U.S. 544, 545 (2007).

Here Plaintiff avers that IB conspired with its agents to promote a scheme to manipulate the price of the real estate. Plaintiff alleges no specific facts as to how or when IB conspired. Plaintiff makes mere legal conclusions that are based on ambiguous behavior, mainly that, IB was conspiring to manipulate the market and restrain trade. Therefore, Plaintiffs claim that IB violated the Sherman Anti-Trust Act is **DISMISSED**.

### C. Real Estate Settlement Procedures Act

Plaintiff alleges that IB has violated the Real Estate Procedures Act. (Doc. No. 18, at} 9). There have been no facts asserted that tend to show that IB has violated 12 U.S.C.A. § 2616. This statute stands for the proposition that satisfying the federal requirements does not exempt compliance with state law. Plaintiff has not averred any legitimate state law claim.[2] Therefore, this claim is **DISMISSED**.

### D. Civil Rights and Discrimination Claims

In Count IV[3], (Doc. Nos. 18, at ¶ 2, 18-1, at 41) Plaintiff alleges that IB violated Plaintiffs civil rights and his rights to enforce a contract under 42 U.S.C. § 1981 and 42 U.S.C. §

Page 8

1982. Plaintiff alleges that Defendant schemed to defraud him by refusing to submit his first and second offers and by rejecting his acceptance of IB's counter-offer. Plaintiff correctly argues that Sections 1981 and 1982 come under the power of the Thirteenth Amendment. *Runyon v. McCrary*, 427 U.S. 160 (1976). However, as Defendant points out, both these provisions were instituted to protect against racial discrimination. *Denny v. Elizabeth Arden Salons, Inc.*, 456 F.3d 427, 434 (4th Cir. 2006). "To prove a § 1981 claim, therefore, a plaintiff must ultimately establish both that the defendant intended to discriminate on the basis of race, and that the discrimination interfered with a contractual interest." *Denny*, 456 F.3d at 434. The purpose of 42 U.S.C. 1982 was "to prohibit all racial discrimination, whether or not under color of law, with respect to the rights enumerated therein-including the right to purchase or lease property." *Jones v. AlfredH. Mayer Co.*, 392 U.S. 409 (1968). Plaintiff concedes there were no acts of discrimination performed by the Defendant. Therefore, Plaintiffs civil rights claims under 42 U.S.C. §



Case 8:13-cv-03059-PWG Document 115-1 Filed 03/24/14 Page 6 of 11

Muigai v. IB Prop. Holdings, LLC (D. Md., 2010)

1981, 42 U.S.C. § 1982, and the Thirteenth Amendment are **DISMISSED**.

### E. RICO

Plaintiff has brought a claim against IB for violations of the RICO statute. (Doc. No. 18, at 81-108). To state a claim under RICO, a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering." *CoStar Realty Information, Inc. v. Field*, 612 F.Supp.2d 660, 676 (D. Md. 2009) (citing *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)). Plaintiff alleges that IB conspired in a bid rigging scheme by issuing unsigned counteroffers and by rejecting low bids. According to Plaintiff, these acts forced bidders to raise their bids, creating a market of higher bids. Plaintiff further alleges that IB had a pattern of racketeering because they would regularly issue unsigned counteroffers, and they would regularly conspire in a scheme to reject bids without submitting the bids to the seller. (Doc. No.

Page 9

18, at ¶ 82-108). Plaintiff, therefore, claims IB is liable under RICO, 18 U.S.C. §1961(3) and 18 U.S.C. §1962(c) which permits a plaintiff to recover threefold damages under 18 U.S.C. §1964(c). Defendant contends that Plaintiff lacks standing as Plaintiff is not the owner of the property at issue and therefore, has not satisfied the harm to property requirement of Section 1964.

Although RICO is to be read broadly, *Sedima*, 473 U.S. at 498, "[t]he phrase 'business or property' also retains restrictive significance." *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339 (1979). Such restriction "helps to assure that RICO is not expanded to provide a federal cause of action and treble damages to every tort plaintiff." *Maio v. Aetna, Inc.*, 221 F.3d 472, 483 (3d Cir. 2000). Courts have ruled that an expectancy interest or an intangible property interest is not sufficient for RICO standing. *See McLaughlin v. Am. Tobacco Co.*, 522 F.3d 215, 227 (2d Cir. 2008); *Price v. Pinnacle Brands,*

*Inc.*, 138 F.3d 602, 607 (5th Cir. 1998); *Steele v. Hospital Corp. of Am.*, 36 F.3d 69, 70 (9th Cir. 1994). Here, Plaintiff did not have any actual concrete loss to his property. Rather, all he had was a possible expectancy interest in the property. Therefore, Plaintiffs claim does not satisfy the harm to property requirement of Section 1964. As such, the Court **DISMISSES** Plaintiff's RICO claim.

### F. Statute of Frauds

Plaintiff has brought a claim for a violation of the Statute of Frauds for the alleged actions taken by IB. (Doc. No. 18, at \ 13). Plaintiff mistakenly assumes that the Statute of Frauds is a cause of action. However, the purpose of the Statute of Frauds is evidentiary and "to protect a party, not from temptation to commit perjury but from perjured evidence against him." *Lambdin v. Przyborowski*, 242 A.2d 150, 152-53 (Md. 1968). The Statute of Frauds is an affirmative defense that a defendant pleads to deny enforcement of a contract. Fed. R. Civ. P.

Page 10

Rule 8 (c) (1). As such, this is not a cognizable claim and therefore, Plaintiffs claim for Statute of Frauds is **DISMISSED**.

### G. Intentional Interference of Contract

Plaintiff claims that IB interfered with his right to contract. (Doc. No. 18, at ¶ 14). Defendant moved to have Plaintiffs intentional interference of contract claim dismissed. (Doc. 20-1, at 9). Plaintiffs reply brief asserts that his claim was against Caspar and Re/Max and not against IB. (Doc. No. 22, at 19). As such, this claim against IB will be **DISMISSED**.

### H. Injunctions and Declaratory relief

Plaintiff asks this court to enjoin Defendants from rejecting offers without presenting them to sellers and from making fraudulent counteroffers that are not to be enforced in a [sic] court of law." (Doc. No. 20, at 53-54).



Case 8:13-cv-03059-PWG   Document 115-1   Filed 03/24/14   Page 7 of 11

Muigai v. IB Prop. Holdings, LLC (D. Md., 2010)

In granting an injunction the court considers these four factors: (1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied, (2) the likelihood of harm to the defendant if the requested relief is granted, (3) the likelihood that the plaintiff will succeed on the merits, and (4) the public interest. *L.J. By and Through Darr v. Massinga*, 838 F.2d 118, 120 (4th Cir. 1988). Plaintiff has not met any of the factors for the grant of a preliminary injunction. Therefore, Plaintiff's Motion for Injunction is **DENIED**.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Dismissal is **GRANTED**. A separate Order will follow.

December 14, 2010
Date

Alexander Williams, Jr.
United States District Judge

--------

Notes:

1. The court is unclear as to what Plaintiff is claiming when he states "cashier's." The court assumes he means cashier's check.

2. Plaintiff alleges that Defendant's unsigned counter-offer is a violation of state law. This Court has searched for State RESPA Chapter 8 section 3.45 and has not located it or any statute that is remotely similar to what Plaintiff contends is illegal.

3. Plaintiff does not specifically name IB as a Defendant for this Count, but the Court will infer that IB is to be included in this Count, as Plaintiff has made numerous references to IB in Count IV.

--------

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRETT KIMBERLIN | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. RWT-13-2580 |
| ANONYMOUS BLOGGER UNMASKED | * | |
| Defendant | * | |
| | *** | |

## MEMORANDUM OPINION

On September 5, 2013, the Plaintiff, Brett Kimberlin, filed a Complaint for damages for copyright infringement in this Court naming as the Defendant "Anonymous Blogger KimberlinUnmasked." The Plaintiff did not provide the actual name of the Defendant, nor, of course, did he provide an address or any other information necessary to make service upon the Defendant. The Plaintiff did not make any effort to secure the processes of this Court through the issuance of subpoenas or otherwise to identify the actual name of the Defendant sued by him. On October 1, 2013, this Court entered an Order authorizing the issuance of service of process, and reminding the Plaintiff that "the person effecting service of the summons and Complaint must promptly notify the Court, through an affidavit, that he or she has served Defendant." ECF No. 2, p.1. On October 15, 2013, the Plaintiff moved for additional time to serve the Defendant (ECF No. 4) and on October 17 this Court granted Plaintiff an extension of time until February 14, 2014 to effect service of the Defendant. ECF No. 6.

No return of service has been filed with this Court, and the time for service of process expired on February 14, 2014. On February 18, 2014, the Plaintiff filed a "Verified Motion To Find That Defendant KimberlinUnmasked Has Been Served Under Federal Rule of Civil

Procedure 4(e)(1) and Maryland Rule of Civil Procdure 2-121." ECF No. 7. The motion does not indicate that service of process has been effected on the Defendant, nor does it seek additional time to either identify the Defendant or to effect service on him or her. Instead, Plaintiff seeks to have an order of this Court entered deeming that the anonymous Defendant has been served. In the motion, he advises this Court that through related proceedings in the Circuit Court for Montgomery County he has been able to obtain information from Google that the blog spot "KimberlinUnmasked" was created by an individual using the email causalnexus.george@gmail.com, an address associated with Lynn Thomas of Streamwood, Illinois. ECF No. 7, p. 2. The Plaintiff has made no effort to amend the Complaint to name Lynn Thomas as the Defendant, nor did he provide any information as to the address of Lynn Thomas.

It is apparent from the pleadings in this case and in the Plaintiff's most recent motion that the identity of the person making postings on the KimberlinUnmasked blog spot is not known and, while the person maintaining that blog spot may be aware of the action in this case, that person has never been served nor identified in any respect whatsoever.

There is no authority for this Court to "deem" someone served when they have neither been identified nor served, and all that is presented to the Court is an allegation that the person to be served, still unidentified, is aware of it through blog postings.

The Plaintiff is no stranger to the processes of this Court. Following his conviction in the United States District Court for the Southern District of Indiana for possession of a firearm not registered to him, manufacture of a firearm, maliciously damaging by explosion the property of an entity receiving federal financial assistance, and damaging property of a business used in and effecting interstate commerce, which was affirmed in *United States v. Kimberlin*, 805 F.2d 210 (1986), he commenced numerous cases in this Court against the United States Parole

Commission, in *Brett C. Kimberlin v. Department of Justice and U.S. Parole Commission*, Case No. 8:98-cv-00730-AW; *Brett Kimberlin v. United States Parole Commission, et al.*, Case No. 8:97-cv-03829-AW; *Brett C. Kimberlin v. United States Parole Commission*, Case No. 8:97-cv-02066-AW; *Brett C. Kimberlin v. U.S. Parole Commission, et al.*, Case No. 8:97-cv-01687-AW, and *Brett C. Kimberlin v. United States Parole Commission*, Case No. 8:97-cv-00431-AW, apparently in relation to his efforts to be paroled from his conviction affirmed by the 7th Circuit in 1986. Following his release on parole, he also brought an action in this Court which was treated as an effort to overturn his Indiana conviction under 28 U.S.C. § 2255. His petition was denied, and the denial was affirmed by the 4th Circuit, *Brett C. Kimberlin v. Warden*, Case No. 8:04-cv-02881-AW. Finally, he has been involved in litigation concerning his personal bankruptcy in this Court, *Brett Coleman Kimberlin v. USA v. In Re: Brett Coleman Kimberlin v. James Turner*, Case No. 8:98-cv-03586-AW and *Brett Kimberlin v. US Trustee*, Case No. 8:98-cv-00490-AW. Recently, he brought another action in this Court against numerous Defendants alleging that they had been engaged in a RICO conspiracy, a case which remains pending of this date. *Brett Kimberlin v. National Bloggers Club, et al.*, Case No. 8:13-cv-03059-PWG.

The Court was prepared to deny the Plaintiff's motion to find that the unnamed Defendant has been served when additional filings were made by Aaron J. Walker, who, as an apparent *amicus curiae*, seeks to have the Court give leave for the Defendants to file anonymously, for Mr. Walker, himself, to file a brief as *amicus curiae*, and, ultimately, to dismiss the complaint. Mr. Walker is not a party to this case and, unless he is, indeed, the anonymous defendant, he has no standing or ability to file a motion on behalf of a Defendant, the identity of whom is still unknown to this Court. Interestingly, Mr. Walker has been engaged in

3

previous litigation against Mr. Kimberlin in this Court, *Walker v. Kimberlin*, Case No. 8:12-cv-1852-JFM, a case which was dismissed in November of 2012.

If the Plaintiff wishes to use the processes of this Court to obtain a judgment against a person, he is going to have to identify that person by one means or another and then effect service of process on that individual. He has not done so and, accordingly, this Court will, by separate Order, deny Plaintiff's Verified Motion to Find That Defendant Has Been Served (ECF No. 7), deny the motions filed by Aaron J. Walker (ECF Nos. 8, 9, and 11), and direct the Plaintiff to show cause why this case should not be dismissed for failure to effect service of process within 120 days as required by Rule 4(m) of the Federal Rules of Civil Procedure. A separate Order follows.

Date: <u>February 27, 2014</u>　　　　　　　　　　<u>　　　　/s/　　　　</u>
　　　　　　　　　　　　　　　　　　　　　Roger W. Titus
　　　　　　　　　　　　　　　　　　　　　United States District Judge