UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
GREENBELT DIVISION

BRETT KIMBERLIN,
   Plaintiff,

v.                                             No PWG 13-3059

NATIONAL BLOGGERS CLUB, et al,
   Defendants.

### PLAINTIFF'S RESPONSE TO DEFENDANT TWITCHY'S MEMORANDUM

Defendant Brett Kimberlin submits this motion in opposition to Defendant Twitchy's Memorandum and stealth Motion to Dismiss.

### Facts

Mr. Smith filed a motion/memorandum seeking dismissal of the Complaint on the ground that Plaintiff made a check mark on a certified green card and submitted it in a case pending in Montgomery County Circuit Court. Mr. Smith asserts falsely that Plaintiff did so in order to mislead the court in that case. Mr. Smith attached a transcript from a state court hearing on April 9, 2014, which has no bearing on this case and does not support his argument in the least. He asks the Court to cherry pick a few statements of Plaintiff and the judge at the hearing and to then dismiss the instant case. This is a malicious and meritless allegation that has been made to this Court in order to portray Plaintiff in a false light to prejudice this Court against Plaintiff and make him appear to flaunt the rules of the court.

Mr. Smith received this false narrative from unrepresented Defendants Walker and Hoge who breathlessly raced down to the Montgomery County Court Reporter the day of the hearing to get a recording of the hearing so they could publish their

false narrative on their blogs. Mr. Smith bought the transcript and then filed his meritless pleading. This Court has repeatedly admonished Defendants Walker and Hoge for their conduct in this case, and now Mr. Smith is relying on and cooperating with them to harass Plaintiff in this case. This improper purpose for filing the pleading is another reason for denying the pleading.

### THE PLEADING IS FACTUALLY FRIVOLOUS, LEGALLY GROUNDLESS, AND BROUGHT FOR AN IMPROPER PURPOSE

Mr. Smith is not an attorney in the state case and his Twitchy client is not a defendant. He was not present at the hearing on April 9, 2014 and has no idea of the facts and context of the issue, yet he has asked this Court to dismiss the Complaint in the instant case because of the false narrative provided to him by Defendants Walker and Hoge.

Here are the facts in brief: Plaintiff is suing Defendant Ali Akbar in that state case for matters distinct from those alleged in the instant case. Kimberlin v. Walker, et al, No 380966-V. Defendant Akbar, as in this case, avoided service for months on end. Therefore, Plaintiff filed a Motion for Alternate Service and when doing so noticed that the postal official had not checked the restricted delivery box on the green card as Plaintiff had requested. Therefore, Plaintiff checked it. At a hearing on January 13, 2014, Defendant Akbar's attorney objected to the motion and complained to the judge that she should dismiss the case because of the check mark. Judge Burrell denied the motion to dismiss and simply asked Plaintiff to resend the complaint and summons again with the restricted box checked properly. See Exhibit A.

Plaintiff received a new summons and complaint from the Clerk and again sent them to Defendant Akbar with the properly checked box. Undeterred, Defendant Akbar's attorney filed a motion for sanctions again asking that the complaint be dismissed on the basis of the prior check mark. When the Complaint was returned as undeliverable, Plaintiff filed a second Motion for Alternate Service. Defendant Akbar's counsel objected and again asked that the case be dismissed but Judge Burrell again denied the motion and granted Plaintiff's Motion for Alternate Service. Id.

Still undeterred, Plaintiff's counsel asked for reconsideration, which was also denied and Judge Burrell ordered Defendant Akbar to answer the Complaint. Id.

Then on April 9, 2014, Judge Ryon held a hearing on Defendant Akbar's Motion to Sanctions and again counsel asked for dismissal of the Complaint. During the hearing, Judge Ryon attempted to find Judge Burrell's prior oral ruling at the January 13, 2014 hearing but was unable to do so. Following the hearing, the judge denied the motion to dismiss and for sanctions. Id.

Despite all of this, Mr. Smith has asked this Court to do something that two state judges on multiple occasions refused to do in the state case – i.e., order dismissal. He has asked this Court to sanction Plaintiff with attorney fees even though the state court denied all requests to sanction Plaintiff. He has falsely accused Plaintiff of nefarious conduct when he has no first hand knowledge of the issues or facts or hearings, and he has done so in order to poison this case and make Plaintiff appear odious.

Mr. Smith's conduct is reprehensible, unethical and unbecoming of a member of the bar. He has bought into the false narratives of Defendants Walker and Hoge who do not let a day go by without falsely accusing Plaintiff of some crime or malfeasance online or in court filings. Mr. Smith has jettisoned his role as an advocate and has become a harasser of Plaintiff using false narratives just as the Defendants have done for the past several years. Mr. Smith has used his "quote" Memorandum to violate the Court's Management Order, which prohibits motions without permission and ad hominem attacks. He has used his Memorandum to sneak in false and prejudicial information under the guise of informing the Court of relevant information. Relevant to what? All Motions to Dismiss and for Sanctions were denied in the state court so the only things that are relevant are that (1) Defendant Ali Akbar has been found to be avoiding service, and (2) Defendant Akbar's multiple Motions to Dismiss were denied. In what legal world does the denial of a motion provide the basis for the granting of an unrelated motion in an unrelated case involving an unrelated defendant??? That is not precedent, it's Alice in Wonderland. This is not relevant, it's irrelevant.

The state court on January 13, 2014 denied all of the state Defendants' Motions to Dismiss for failure to state a claim. So if Plaintiff added a twist to Mr. Smith's illogical argument, he could ask this Court to deny all of the Defendants' Motions to Dismiss filed in the instant case simply because the state judge on January 13, 2014, denied all their similar motions in the state case. At least Plaintiff would have some rational basis for that argument but of course it would be improper for this Court to consider such information in deciding the Motions to Dismiss in the instant case.

## Conclusion

When experienced lawyers such as Mr. Smith assert meritless and malicious claims, "a strong inference arises that their bringing of an action . . . was for an improper purpose."  Huettig & Schromm, Inc. v. Lanscape Contractors, 790 F.2d 1421, 1427 (9th Cir. 1986).  Mr. Smith who promotes himself as an expert in appellate law and civil procedure, filed his pleading containing outright false and malicious allegations for an improper purpose.   The pleading should be denied and stricken.

Respectfully submitted,

Brett Kimberlin
8100 Beech Tree Rd
Bethesda, MD 20817
(301) 320 5921
justicejtmp@comcast.net

## Certificate Of Service

I certify that I emailed a copy of this motion to Michael Smith, Caitlin Constestable, Ron Coleman, Paul Levy,  James Skyles, Mark Bailen and Lee Stranahan, and mailed copies to Defendants Walker, Hoge and McCain, this 7th day of May 2014, pursuant to Rule 11(c)(2) prior to filing with the Court.

Brett Kimberlin