## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
GEORGE JARROD HAZEL
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0670
(301) 344-3910 FAX

July 18, 2014

RE: *Kimberlin v. National Bloggers Club et al.*
    GJH-13-3059

### LETTER ORDER

Dear Counsel:

This Letter Order addresses (1) Plaintiff Brett Kimberlin's ("Plaintiff") Motion for Subpoena, ECF No. 51; (2) Plaintiff's Request for Hearing Regarding Motion for Subpoena, ECF No. 154; (3) Plaintiff's Motion to Refer Case to Magistrate Judge for Settlement/ADR Conference, ECF No. 153; (4) Plaintiff's Motion for Extension of Time, ECF No. 155; and (5) Defendants Mandy Nagy's ("Nagy") and Patrick Frey's ("Frey") Request for Extension of Time to File Response to Amended Complaint and Request for Teleconference, ECF No. 160.

Plaintiff's first two motions focus on identifying defendant Ace of Spades. *See* ECF Nos. 51, 154. Ace of Spades is the anonymous author of its eponymous blog. *See* ECF No. 51 at ¶ 1. According to Plaintiff, Ace of Spades has repeatedly published false or misleading statements about Plaintiff on its blog. *See* ECF No. 135 at ¶ 92. As a result, Plaintiff has sued Ace of Spades for various causes of action, including false light/invasion of privacy, and intentional infliction of emotional distress. *See id.* Because Ace of Spades is an anonymous blogger, however, Plaintiff has been unable to obtain its contact information, making it impossible for Plaintiff to effectuate service. Moreover, despite several attempts to obtain the name and address for Ace of Spades, Plaintiff has been unable to obtain this information. Plaintiff has therefore requested leave to conduct discovery to identify Defendant Ace of Spades so that he can properly effectuate service. *See* ECF No. 51.[1] For the reasons discussed below, Plaintiff's Motion for Subpoena and his Request for Hearing Regarding Motion for Subpoena are DENIED without prejudice to the filing of a separate Motion for Substituted Service, consistent with this Order.

"[T]he real purpose of service of process is to give notice to the defendant that he is answerable to the claim of the plaintiff." *Karlsson v. Rabinowitz*, 318 F.2d 666, 669 (4th Cir. 1963). Here, there can be no serious question that Ace of Spades is keenly aware of the instant lawsuit that has been filed against it. *See e.g.*, ECF No. 75-1; ECF No. 75-1, Exhibit A. Indeed, Ace of Spades has retained counsel for its defense in this proceeding – Mr. Paul Levy. *See* ECF

---

[1] Although fashioned as a Motion for Subpoena (*see* ECF No. 51), Plaintiff's request is more appropriately characterized as a Motion for Leave to Conduct Additional Discovery, and will be treated as such.

No. 75-1 ¶ 3 (Affidavit of Mr. Levy) ("After Ace of Spades contacted me for assistance in opposing Kimberlin's motion for leave to take discovery, I spoke to Kimberlin about his motion."). Since that time, Mr. Levy has entered an appearance on behalf of Ace of Spades (*see* ECF No. 76) and has made several filings on the Court's docket (*see* ECF Nos. 75, 94, 106,159). Yet, despite having actual notice of Plaintiff's lawsuit and having itself contributed to the deluge of filings on the Court's docket, Ace of Spades is now attempting to hide behind a thinly cloaked veil of anonymity to avoid facing this lawsuit. It should go without saying, of course, that "[s]ervice of process obviously is not something that should be abused by a defendant to evade a lawsuit." *Leach v. BB & T Corp.*, 232 F.R.D. 545, 551 (N.D.W. Va. 2005). Unfortunately, it appears that is exactly what Ace of Spades is doing here.

When a defendant, such as Ace of Spades, attempts to evade service of process, there are laws to protect the plaintiff. In this case, that law is Rule 2-121 of the Maryland Rules of Civil Procedure, entitled "Process-Service – In personam." *See* Md. Rule 2-121; *see also* Fed. R. Civ. P. 4(e)(1) (service may be according to rules of the state where district court is located or service is made). Rule 2-121 governs service of original process in civil actions and provides:

> (a) Generally. – Service of process may be made within this State or outside this State when authorized by the law of this State, by delivering to the person to be served a copy of the summons, complaint, and all other papers filed with it, or by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail . . . .
>
> (b) Evasion of Service. – When proof is made by affidavit that a defendant has acted to evade service, the court may order that service be made by mailing a copy of the summons, complaint, and all other papers filed with it to the defendant at the defendant's last known residence and delivering a copy of each to a person of suitable age and discretion at the place of business, dwelling house, or usual place of abode of the defendant.
>
> (c) By Order of Court. – When proof is made by affidavit that good faith efforts to serve the defendant pursuant to section (a) of this Rule have not succeeded and that service pursuant to section (b) of this Rule is inapplicable or impracticable, ***the court may order any other means of service that it deems appropriate in the circumstances and reasonably calculated to give actual notice***.

Md. Rule 2-121 (emphasis added).

Accordingly, upon an appropriate showing by Plaintiff, the Court has the power to order service upon Ace of Spades in any method that it deems appropriate and reasonably calculated to give actual notice of this lawsuit to Ace of Spades. Under the current circumstances, the Court finds that substituted service upon Ace of Spades' counsel, Mr. Levy, is appropriate. Mr. Levy's prior representations and actions before this Court indicate that he is ready, willing, and authorized to represent his client, Ace of Spades, in this action. Service upon Mr. Levy is therefore reasonably calculated to give Ace of Spades actual notice of this suit. Thus, while Plaintiff has not yet submitted an affidavit as described in Rule 2-121(c), should he ultimately do so, the Court would be inclined to order substituted service through service on Mr. Levy, Ace of Spades' counsel. *La Cantera Dev. Co. v. W. Rim Prop. Servs.*, No. 09-691, 2010 WL 417409, at

*5 (W.D.Tex. Jan. 29, 2010) (granting substitute service by mail on attorney in situation where client could not be located); *Contrada, Inc. v. Parsley*, No. 10-00646, 2010 WL 2943428, at *3 (D. Colo. July 21, 2010) (recognizing that courts "have authorized service on a defendant's attorney as an alternate method of service . . . when affidavits or other evidence demonstrate service is reasonably calculated to provide notice"). Accordingly, Plaintiff's Motion for Subpoena and Plaintiff's Request for Hearing Regarding Motion for Subpoena are DENIED without prejudice to him filing a separate Motion for Substituted Service consistent with this Order.

Next, Plaintiff asks the Court to refer this case to a magistrate judge for a settlement/ADR conference. *See* ECF No. 153. This Court has broad discretion as to whether to refer a case and/or motion to a magistrate judge. *See* 28 U.S.C §636. Given the current posture of the case and the inadequacies of Plaintiff's request, the Court will DENY Plaintiff's motion.

Although Plaintiff contends that several Defendants have expressed their willingness and/or desire to participate in settlement negotiations, Plaintiff has not identified precisely how many Defendants wish to have this case referred to a magistrate judge. Nor has Plaintiff identified which specific Defendants support his request. Given the sheer number of defendants named in Plaintiff's Second Amended Complaint (24), it would be imprudent for the Court to refer this case to a magistrate judge without knowing precisely how many of the twenty-four Defendants wish to have this case referred to a magistrate judge for settlement/ADR conference. Indeed, at this current juncture, it appears that at least half of the Defendants *do not* wish to have this case referred to a magistrate judge. *See* ECF No. 155. Forcing no less than twelve unwilling Defendants into settlement and/or mediation before a magistrate judge would be inefficient and ineffective use of the Court's limited resources. If, however, a substantial number (*i.e.* substantially more than a majority) of the Defendants would like to have this case referred to a magistrate judge, these Defendants, along with Plaintiff, should file a joint-request indicating as much. Upon the filing of such a motion, the Court would be willing to reconsider its decision. Until that time, however, the Court will not refer this case to a magistrate judge. Plaintiff's Motion to Refer Case to Magistrate Judge for Settlement/ADR Conference is therefore DENIED.[2]

Plaintiff has also requested that he have until October 15, 2014 to serve a single omnibus opposition in response to all of Defendants' motions to dismiss. *See* ECF No. 155. Given the Court's previously stated desire "to limit the deluge of filings in this case in order to prevent this case from consuming an inordinate share of this Court's limited resources" (ECF No. 97 at 1), the Court will GRANT Plaintiff's request. Plaintiff's omnibus memorandum shall not exceed fifty (50) double-spaced pages, typed in 12-point font and must be filed no later than October 15, 2014. Correspondingly, the Court will give Defendants until November 17, 2014 to file their respective reply briefs, which should not exceed twenty-five (25) pages.

---

[2] The Court would like to emphasize, of course, that the parties are free to – and indeed, encouraged to – pursue their own independent settlement negotiations without formal referral to a magistrate judge. Furthermore, if, as Plaintiff contends, there are Defendants in this action that simply "got caught up in something they were not fully aware of," the Court would encourage Plaintiff to voluntarily dismiss those Defendants from this action. ECF No. 153.

3

Finally, Defendants Nagy and Frey have requested an extension of time with which to file their responses to Plaintiff's Second Amended Complaint. *See* ECF No. 160. The Court will GRANT this request. Nagy and Frey have until August 11, 2014 to file their responses.[3] Additionally, Nagy and Frey have requested a teleconference to assist in the management of the Court's docket. *See id.* Given the contents of this Order, the Court finds a teleconference unnecessary. Nagy's and Frey's request for a teleconference is therefore DENIED.

Although informal, this is an Order of the Court and shall be docketed as such.

Sincerely,

/S/

George Jarrod Hazel
United States District Judge

---

[3] The Court's decision to extend Nagy's and Frey's time to respond to Plaintiff's Second Amended Complaint does not affect Plaintiff's October 15, 2014 deadline to file his omnibus memorandum. Thus, to the extent Nagy and Frey file a motion to dismiss on or before August 11, 2014, Plaintiffs' omnibus memorandum must address these motions as well.