Honorable Judge George J. Hazel　　　　　　　　July 22, 2014
6500 Cherrywood Lane
Greenbelt, MD 20770

Re: Kimberlin v. National Bloggers Club,
No, GLH 13-3059

Re: Motion for Preliminary Injunction

Dear Judge Hazel:

I would like approval to file a Motion for Preliminary Injunction in this case to stop the harm caused by the Defendants' defamatory conduct and publications, which continues with daily publications and attacks on my family and me.

1. I am likely to succeed on the merits of my claims for defamation and invasion of privacy;

2. I have suffered irreparable harm as a result of the Defendants' actions and, in the absence of the requested Preliminary Injunction, will continue to suffer irreparable harm;

3. The balance of the equities decidedly tips in favor of the issuance of the requested Preliminary Injunction;

4. Issuance of the requested Preliminary Injunction would be consistent with public policy and in the public's interest protecting the confidentiality of me and my family, and preventing acts of defamation against citizens of Maryland.
*Ehrlich v. Perez*, 394 Md. 691 (2006).

The Defendants, with the exception of Defendant Franklin Center, have refused to remove any of the defamatory content outlined in the Complaint. When I raised this with most counsel for the various Defendants, many said they would only remove content as part of a settlement or upon order of the court. One Defendant, DB Capital Strategy, demanded that I pay it thousands of dollars instead of removing content.

Several of the unrepresented Defendants, including Walker, Hoge, McCain and Akbar, have not only failed to remove content, but they collectively use every opportunity to use this case to engage in a continuing campaign to defame and harm me and my family. Virtually every single day, Defendant Walker and Hoge post defamatory statements on their blogs and on Twitter and use titles with defamatory adjectives calling me a terrorist, forger, perjurer, pedophile and other invectives. They do this to have these defamatory statements on Google and Internet search engines. This despite Judge Grimm's clear Management Order prohibiting the Defendants from engaging in "impertinent, scandalous and ad hominem attacks on

any party, any Judge, or employee of this or any court, or any other person." These Defendants not only attack me, but they post every motion and filing I make in the case with running commentary mocking me, threatening doom, pretending to be the Court, and telling readers to "get out the popcorn," as if this case is for entertainment.

I have brought this to the attention of the many of the attorneys for the represented Defendants but none of them have given me any indication that they have condemned these actions and publications. Therefore, they either condone the conduct or are allowing these unrepresented Defendants to be proxies to harass, harm and defame me.

The harm to me is great. Every day, I am under siege from a barrage of false and defamatory attacks on me. Several of the Defendants, including Defendants Walker, McCain and Thomas, have attacked my teenage daughter to such a degree that she has been bullied out of two high schools. Defendant Walker said that I have "made it impossible" for people to leave her alone, and suggested that "corruption of blood" is a reason for attacking her. Mr. McCain has mocked her in tweets and attacked reporters who have written favorably about her musical career. Defendants Walker and Thomas have tweeted and written that discovery in this case should include depositions from her and her friends to ask if I have ever molested them. These defamatory posts have been read by students, teachers and parents of my daughter's friends. Now many of those parents will not allow their daughters to hang out with my daughter, have sleepovers, or engage in other normal teenage activities. Everyone knows the devastating effect of bullying on young people, especially girls. And the Defendants are directly responsible for the bullying of my daughter. The Maryland legislature passed a law last year called Grace's Law that prohibits the bullying of minors on the Internet.

The Defendants have taken the reprehensible position in their filings that their conduct and publications are protected First Amendment activity. However, the First Amendment does not protect defamation or bullying or violating a management order.

I request permission to file a Motion for Preliminary Injunction which will detail the wholesale violation of the Management Order by several Defendants, and the four factors required for an injunction. I will include sealed affidavits from me and my teenage daughter setting forth the harm and suffering she has endured because of the Defendants. My daughter wants me to convey to you that she is willing to testify about the harm caused to her.

Judge Hazel, I am not simply the Plaintiff in this case. I am a father of two daughters who are being targeted by the Defendants in this case. I have a duty to protect them to the best of my abilities. I filed this suit because the Defendants would not stop their attacks on my family and me. I hoped that the filing of the suit would cause the Defendants reign in their reprehensible conduct. Unfortunately, it has continued to

the point where my 15 year old daughter is suffering on a daily basis and my ten year old daughter is being affected by the stress and attacks. This is a shameful outrage that is morally and legally indefensible.

Sincerely,

Brett Kimberlin