

The Honorable George J. Hazel
U.S. District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, Maryland 20770

Monday, July 28, 2014

**Re:   Brett Kimberlin v. National Bloggers Club, et al. GJH-13-3059; In Re Plaintiff's Request for a Hearing on Contempt (ECF No. 167).**

Dear Judge Hazel:

I write in opposition to the Plaintiff's request for a hearing on contempt against me.

First, as usual, the Plaintiff doesn't bother to ask this Court for permission to move for something: he just moves for it. This places me at a disadvantage because I do not know if this means I am entitled to the full response under §(I)(B)(5) of the Case Management Order (ECF No. 97) as if the Plaintiff filed a full motion or I am limited to the shorter two page response for a request to file a motion. Fortunately, this matter can be disposed of in two pages.

The Plaintiff appears to think he can trick this Court into believing that the Case Management Order is a general prior restraint on our out-of-court expression. It is not. To make that argument, the Plaintiff selectively quotes from the Order, claiming that "Judge Grimm's Management Order prohibit[s] the Defendants from engaging in 'impertinent, scandalous and ad hominem attacks on any party, any Judge, or employee of this or any court, or any other person.'" However, the full context of the quote makes it clear that these restrictions only apply to filings in this case. For instance, §(I)(A)(12) states that: "[n]o Request may contain any redundant, immaterial, impertinent, or scandalous matter, or any *ad hominem* attack on any party[.]" The same language is repeated in §(I)(B)(12) relating to motions, oppositions and replies filed with permission of this Court. This language in the Order obviously applies only to filings before this Court and nothing else. Therefore, contempt is not possible because he has no plausible claim that I (or anyone else) have violated any of this Court's orders or rules.

The Plaintiff's argument is so thin that one has to wonder if the Plaintiff has filed this in bad faith as an excuse to air his irrelevant grievances before this Court, wasting the Defendants' time and attempting to prejudice this court. Is this Plaintiff really going to pretend he can't understand the context of these quotes in the Case Management Order? The Plaintiff's proposed construction is so absurd that it would declare Defendant Simon and Schuster in contempt for publishing a new book about how Hillary Clinton reacted to the Monica Lewinsky scandal, if it included "scandalous matter, or any *ad hominem* attacks on... any other person" (§(I)(A)(12)) even if that person is not a party to this case. Is the Plaintiff really going to insult our intelligence by pretending he lacks the basic reading comprehension skills needed to understand what this Court actually said?

Indeed, if the Plaintiff *sincerely* believed that the Case Management Order was a prior restraint on Defendants' out-of-court expression, why has the Plaintiff sought permission to file a motion for

preliminary injunction barring alleged defamation?  If the Plaintiff honestly thought the prohibition on "impertinent, or scandalous matter, or any *ad hominem* attack on any party" applied to a Defendant writing outside of court, why would he need a new preliminary injunction in the first place?  The fact he asked for permission to seek a preliminary injunction is his confession that he *knows* that the Case Management Order is not a prior restraint on expression outside of the courthouse.  Put simply, you don't seek an order silencing a person when you sincerely think you already have one.  It's redundant.

Instead, the Plaintiff's entire letter would seem to be itself a violation of the Case Management Order.  Since the Plaintiff can't plausibly claim that he understood the Order as a prior restraint on our freedom of expression in general, it would seem that his Request violates this Court's prohibition of "redundant, immaterial, impertinent, or scandalous matter, or any *ad hominem* attack on any party."  The entire letter is immaterial and impertinent at the least (and arguably it contains scandalous *ad hominem* attacks).  This appears to be a clumsy attempt to gain sympathy, hoping this Court would confuse rage with sincerity (as if malefactors never get angry when caught or exposed).[1]  Moreover, his claim that the Case Management Order serves as a prior restraint on my speech outside of this case also violates Fed. R. Civ. P. 11(b)(2)'s prohibition on knowingly presenting frivolous legal arguments.

This Court has repeatedly warned the parties that its docket "is not a trampoline for the excess energies of litigants whose need to have the last word exceeds the fair briefing of issues." ECF No. 88, at p. 5.  This Court adopted the Case Management Order in order to reduce the deluge of filings, but at least in the Plaintiff's case, this Court might need stronger medicine.  The Plaintiff has chronically abused this process.  He has failed to serve opposing parties and has filed numerous frivolous letters and requests.  Indeed, the Plaintiff has repeatedly failed to actually make a request, often simply moving for the relief he desires in letter form.  He obviously has not gotten the message.

In any case, the Request for a hearing should be denied as frivolous, and this Court should grant any other relief that is appropriate.

Respectfully,

*/s/ Aaron J. Walker*

Aaron J. Walker, Esq.
7537 Remington Road
Manassas, Virginia 20109
(703) 216-0455
AaronJW1972@gmail.com

---

[1] A deeper investigation would reveal that the Plaintiff's letter also violates Rule 11(b)(3)'s prohibition on false claims as he makes several false accusations, claiming I wrote what I did not, and that I created a video I had no hand in creating.  Even his claim that I *falsely* accused him of altering certified mail green cards in *Kimberlin v. Thomas and Malone*, Case No. 13-CV-02580 (D. Md 2013) would appear to be itself false, seeing that his latest claims contradict postal records and even the Plaintiff's own words, stating that he had *never* paid for restricted delivery service as of April 9, 2014.

## CERTIFICATE OF SERVICE

I certify that on the 28th day of July, 2014, I served copies of this document on the following parties via U. S. Mail or email as noted:

Brett Kimberlin at 8100 Beech Tree Road, Bethesda, Maryland 20817
Michael Smith, Esq., for Michelle Malkin and Twitchy at smith@smithpllc.com
Mark Bailen, Esq., for Erick Erickson, Redstate, Simon & Schuster, Glen Beck, Mercury Radio Arts, The Blaze, and James O'Keefe at mbailen@bakerlaw.com
Lee Stranahan at stranahan@gmail.com
Mandy Nagy at libertychickblog@gmail.com
Breitbart.com at Loconnor@breitbart.com and Larry@breitbart.com
National Bloggers Club and Ali Akbar at ali@blogbash.com
Ace of Spades at aceofspadeshq@gmail.com
Ron Coleman, Esq. for Patrick Frey at rcoleman@goetzfitz.com.
DB Capitol Strategies at DBacker@DBCapitolStrategies.com
Linda Mericle and Justin Cameron, attorneys for The Franklin Center at linda.mericle@verizon.net and jcameron@lsmpa.com
Robert Stacy McCain at r.s.mccain@att.net
Lynn Thomas at lmalone.thomas.legal@gmail.com
William Hoge III at himself@hogewash.com

_____