UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| BRETT KIMBERLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 8:13-cv-03059-PWG |
| ) | |
| NATIONAL BLOGGERS CLUB, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### AFFIDAVIT OF PAUL ALAN LEVY

1. My name is Paul Alan Levy. I am lead counsel on the opposition of defendant Ace of Spades to plaintiff's motion for leave to pursue discovery to identify Ace of Spades ("Ace").

2. I agreed to represent defendant Ace exclusively on the issue of whether the Court should allow (or enforce) discovery seeking to identify Ace. My retainer with Ace, which also retains my local counsel, David Rocah, is explicitly limited to that issue.

3. Kimberlin states in his affidavit that after he moved the Court for leave to serve a subpoena on Intermarkets, and after I contacted him to discuss the merits of that motion to see whether litigation of that issue would be necessary, he "asked [me] repeatedly to accept service for Ace, but [I] said that [I] would not do so." DN 164, Affidavit ¶ 6. I do not recall any such conversation, and I do not believe such a conversation ever occurred. Indeed, most of our communications in this matter have been by email; I have searched my back email and not found any communication from Kimberlin inquiring whether I would accept service (other than the one email discussed below). I did see an email where Kimberlin acknowledged that my representation of Ace was limited to the issue of the subpoena, and suggested that Ace should "settle" with Kimberlin as the price for keeping anonymity (which I assumed meant Kimberlin wanted to be paid compensatory

damages). In paragraph 7 of his affidavit, Kimberlin says that he "discussed" service with me. He and I did not speak orally; I assume that he is referring to the exchange of email that I attached to my July 24 letter to the Court. DN 166. That is the only email I have found in which Kimberlin asked me about accepting service.

4. I am a public interest lawyer. My colleagues and I at Public Citizen do not charge clients for our time. For that reason, and because of my national reputation for handling online free speech issues, I receive many more requests for assistance than I can handle. Consequently, we have to choose the cases and issues to which we commit our resources. One limit that we observe very strictly is that we do not assume the representation of parties on the merits at the trial court level in cases where the main issue is defamation.

5. When I have to tell individuals who seek my assistance that we cannot represent them because defamation is the main or only issue in their case, I often try to help them consider how they can find counsel; I sometimes try to aid their efforts. I also frequently give advice to other lawyers about cases involving online speech. My experience is that it is very difficult for individuals to find pro bono representation in libel cases. The main means by which poor and middle-class people are able to obtain legal representation is through contingency fees, but defense work does not provide the basis for a contingent fee (except in states with an effective anti-SLAPP statute that gives the plaintiff the burden of showing probability of success and guarantees an award of attorney fees if the case is dismissed on a special motion pursuant to that statute).

6. It is less difficult for libel defendants who have made their statements anonymously to find lawyers to help them defend against discovery seeking identifying information, because some lawyers are interested in the issue of anonymous speech, and because lawyers can make a limited

commitment to the case, holding down their own costs and the costs of the clients. Based on my experience litigating online anonymity issues and speaking with other lawyers who do such work since I began such work myself in early 2000, I believe that a rule allowing anonymous defendants to be served through any lawyer who represents them in asserting the First Amendment right not to be identified would make it much more difficult for anonymous speakers to defend that First Amendment right.

    7. I attach a copy of a ruling by a Maine state court trial judge in *Gunning v. Doe*.

> Pursuant to 28 U.S.C. § 1746, I hereby certify under penalty of perjury that the foregoing is true and correct. Executed on August 1, 2014.
>
> _____
> Paul Alan Levy

STATE OF MAINE                                              SUPERIOR COURT
CUMBERLAND, ss                                               CIVIL ACTION
                                                        DOCKET NO. CV-13-359

MARIE GUNNING,

    Plaintiff

v.                                                              ORDER

JOHN DOE,

    Defendant

Before the court is plaintiff Marie Gunning's motion for alternate service and motion for leave to take depositions prior to service of an answer pursuant to Rule 30(a).

No objection has been filed to the motion for leave to take pre-answer depositions and that motion is granted.

The court has considered the motion for alternate service. The problem in this case is not that service cannot by due diligence be made by one of the methods prescribed under the M.R.Civ.P. 4. The problem in this case is that plaintiff does not know the identity of John Doe, and a California court has quashed a subpoena served by plaintiff on the internet host whose records would reveal that identity.

Whether the California court was right or wrong, service on counsel does not solve the problem. Counsel cannot be required to divulge the name of the anonymous client, and the court does not see how the case can be litigated or any relief awarded against an anonymous defendant whose identity is unknown.

The entry shall be:

Plaintiff's motion for leave to take depositions pursuant to Rule 30(a) is granted. Plaintiff's motion for alternate service is denied. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: March 21, 2014

Thomas D. Warren
Justice, Superior Court