The Honorable George J. Hazel
U.S. District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, Maryland 20770

Tuesday, August 5, 2014

Re: **Brett Kimberlin v. National Bloggers Club, et al. GJH-13-3059; the Plaintiff's Request For Extension to File Preliminary Injunction (ECF No. 175)**

Dear Judge Hazel,

I write in opposition to the Plaintiff's request for additional time to file for a preliminary injunction against myself and others (ECF No. 175).

The Plaintiff's entire request for an extension amounts a confession that his motion to file an impermissible[1] preliminary injunction should not have been granted at all.

On July 22, 2014, the Plaintiff asked this Court to grant him permission to seek a preliminary injunction (ECF No. 165) and this Court granted this request on July 28, 2014 (ECF No. 168).

Now for the first time, the Plaintiff admits to this Court that he is seeking identical relief in Maryland state court, in the case of *Kimberlin v. Walker, et al.*, No. 380966V (Md. Mont. Co. Cir. Ct. 2013).[2] He goes as far as to speculate that if he is sufficiently successful in the Maryland state case, he may decide to "withdraw the request [to seek a preliminary injunction] as moot." ECF No. 175. In other words, he is openly admitting what he didn't bother to tell the Court when making his initial request: that he is seeking two bites at the apple.

The Plaintiff thinks that the fact he is seeking the same relief in two different courts is a reason to give him extra time. The Plaintiff is wrong. It not only fails to provide a justification for further delay, it is a reason to deny him the opportunity to seek a preliminary injunction in this Court.

By the Plaintiff's own admission, if he wins in the state court he might not need a preliminary injunction in this Court, but the converse of that admission is that if he loses, that decision will have a preclusive effect on proceedings in this case. For instance, in ECF No. 165 the Plaintiff complains that I have called him a "pedophile." However, that claim is already being litigated in the Maryland state case, and

---

[1] Injunctive relief is not available under Maryland law for defamation. As the Maryland Court of Appeals said in *Prucha v. Weiss*, 233 Md. 479, 484 (1964): "We agree with the prevailing concept in other jurisdictions that a person allegedly injured by a libelous publication has no right to seek injunctive relief in equity. He has an adequate remedy at law for damages."

[2] I attempted to inform this Court of the overlapping requests and the likelihood of collateral estoppel, but this Court evidently ruled in the Plaintiff's favor before I was able to file ECF No. 170 (which was responding to ECF No. 165).

the Plaintiff is facing a motion for summary judgment Thursday, August 7, because of the weakness of his case on this point and others. The result of that hearing—two days from now—might be a finding as a matter of law that it is not actionable defamation to call the Plaintiff a pedophile and other invectives or that the Defendants' conduct is not causing irreparable harm.

Finally, the Plaintiff's request for a delay demonstrates he doesn't need *immediate* relief. "Since an application for preliminary injunction is based upon an urgent need for the protection of [a] Plaintiff's rights, a long delay in seeking relief indicates that speedy action is not required." *Quince Orchard Valley Citizens Ass'n, Inc. v. Hodel*, 872 F.2d 75 (4th Cir. 1989) (quoting *Skehan v. Bloomsburg St. Coll.*, 353 F. Supp. 542, 543 (M.D. Pa. 1973)). The *Quince* court cited favorably *Lydo Enterprises v. City of Las Vegas*, 745 F.2d 1211 (9th Cir. 1984), which found that there was no need for a preliminary injunction when a plaintiff waited as little as four months after the alleged violation of his rights. Here, the Plaintiff has claimed a course of conduct dating back to 2010 and only now he is asking this Court for relief? The case will easily be more than a year old before we make it through the motion-opposition-reply-hearing cycle for a preliminary injunction. If the Plaintiff thinks he can wait to finish a summer vacation before getting relief, he can wait until there is a full trial on the merits and, indeed, until after we have had the benefit of discovery.

The solution to the Plaintiff's professed problem—that he is seeking the same relief from two different courts at the same time—isn't to grant him more time to seek his second bite at the apple: it is to deny him the opportunity to do so at all. At the very least, the order of July 28 (ECF No. 168) should be amended to forbid any overlap, eliminating his stated reason for seeking this delay. Further, this Court can decide in light of these newly revealed facts (specifically that the Plaintiff has admitted to seeking the same relief in a different court and that he apparently doesn't feel the urgent need to get a preliminary injunction after all) to deny his request to seek a preliminary injunction entirely.

I thank this Court for its time and consideration.

Respectfully,

*[signature]*

Aaron J. Walker, Esq.
7537 Remington Road
Manassas, Virginia 20109
(703) 216-0455
AaronJW1972@gmail.com

## CERTIFICATE OF SERVICE

I certify that on the 5th day of August, 2014, I served copies of this document on the following parties via U. S. Mail or email as noted:

Brett Kimberlin at 8100 Beech Tree Road, Bethesda, Maryland 20817
Michael Smith, Esq., for Michelle Malkin and Twitchy at smith@smithpllc.com
Mark Bailen, Esq., for Erick Erickson, Redstate, Simon & Schuster, Glen Beck, Mercury Radio Arts, The Blaze, and James O'Keefe at mbailen@bakerlaw.com
Lee Stranahan at stranahan@gmail.com
Mandy Nagy at libertychickblog@gmail.com
Breitbart.com at Loconnor@breitbart.com and Larry@breitbart.com
National Bloggers Club and Ali Akbar at ali@blogbash.com
Ace of Spades at aceofspadeshq@gmail.com
Ron Coleman, Esq. for Patrick Frey at rcoleman@goetzfitz.com
DB Capitol Strategies at DBacker@DBCapitolStrategies.com
Linda Mericle and Justin Cameron, attorneys for The Franklin Center at linda.mericle@verizon.net and jcameron@lsmpa.com
Robert Stacy McCain at r.s.mccain@att.net
Lynn Thomas at lmalone.thomas.legal@gmail.com
William Hoge III at himself@hogewash.com

_____