UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
GEORGE JARROD HAZEL
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0670
(301) 344-3910 FAX

August 5, 2014

RE: *Kimberlin v. National Bloggers Club et al.*
    GJH-13-3059

## LETTER ORDER

Dear Counsel:

     This Letter Order addresses (1) Plaintiff Brett Kimberlin's ("Plaintiff") Request for Extension to File Preliminary Injunction Motion, ECF No. 175; (2) Defendant William Hoge's ("Hoge") Request to File a Motion to Compel Plaintiff's Compliance with Fed.R.Civ.P. 5, ECF No. 169; and (3) Plaintiff's Request to Rule on Plaintiff's Previously Filed Motion to Disqualify Counsel, ECF No. 174. For the reasons discussed below, the Court will DENY Plaintiff's Request for Extension to File Preliminary Injunction Motion, ECF No. 175; DENY Hoge's Request to File a Motion to Compel Plaintiff's Compliance with Fed.R.Civ.P. 5, ECF No. 169; and DENY Plaintiff's Request to Rule on Plaintiff's Previously Filed Motion to Disqualify Counsel, ECF No. 174.

     First, Plaintiff has requested "an extension of time in which to file for a preliminary injunction." ECF No. 175. The Court DENIES Plaintiff's request. The purpose of a "preliminary injunction is to protect the status quo and *to prevent irreparable harm during the pendency of a lawsuit* ultimately to preserve the court's ability to render a meaningful judgment on the merits." *In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 525 (4th Cir. 2003) (emphasis added); *see also,e.g., Omega World Travel, Inc. v. Trans World Airlines,* 111 F.3d 14, 16 (4th Cir. 1997) ("The purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed in the manner in which the movant contends it was or will be harmed through the illegality alleged in the complaint."). Indeed, part of the reason the Court permitted Plaintiff to file a Motion for Preliminary Injunction was "'*to stop the harm caused by the Defendants'* defamatory conduct and publications, which continues with *daily* publications and attacks' against [Plaintiff] and his family." *See* July 28, 2014 Letter Order, ECF No. 165 (emphases added) (quoting Plaintiff's Request to File Motion for Preliminary Injunction, ECF No. 165.).

     Now, instead of pursuing his motion in a timely and urgent fashion, Plaintiff has requested a strategic thirty (30) day extension in the hopes of leveraging "judgments or orders in [his related] state case" that may be favorable to his federal case. ECF No. 175. A preliminary injunction is either needed or it is not. If a preliminary injunction is needed, as Plaintiff contends (*see* ECF No. 165), it ought to be pursued with the degree of diligence and urgency for which it

was intended to serve *i.e.* the prevention of irreparable harm.  Because Plaintiff's proposed "wait-and-see" approach is antithetical to that purpose, the Court DENIES Plaintiff's Request.  Plaintiff must file his Motion for Preliminary Injunction no later than August 28, 2014 and in strict accordance with the requirements set forth in the Court's July 28, 2014 Letter Order, or notify the Court that he is withdrawing his request for leave to file the motion.  *See* ECF No. 168 at 2.

Second, Hoge has requested permission to file a Motion to Compel Plaintiff's Compliance with Fed.R.Civ.P. 5.  *See* ECF No. 169.  The Court DENIES Hoge's request.  Specifically, Hoge contends that Plaintiff is "flouting [] Rule 5" by failing to serve Hoge with both his Motion for Preliminary Injunction and his Second Amended Complaint ("SAC").  *Id.*  Plaintiff, however, has not yet even filed his Motion for Preliminary Injunction.  As discussed above, the Court has given Plaintiff until August 28, 2014 to file this motion.  *See* ECF No. 168 at 2.  Accordingly, it cannot be said that Plaintiff's current failure to serve Hoge with that motion reflects an intentional "flouting" of Fed.R.Civ.P. 5.  The same holds true for service of the SAC.  Plaintiff filed his SAC on June 24, 2014.  *See* ECF No. 135.  Fed.R.Civ.P. 4(m) gives Plaintiff 120 days from the date of filing his complaint to effectuate service.  *See* Fed.R.Civ.P. 4(m).  Thus, Plaintiff still has 78 days with which to effectuate service.  Accordingly, Hoge's Request to File a Motion to Compel Plaintiff's Compliance with Rule 5 is DENIED.[1]

Finally, Plaintiff has sent a letter to the Court (*see* ECF No. 174) urging the Court "to rule on [a] Motion to Disqualify [Counsel]" (*see* ECF No. 174) that Plaintiff previously filed on February 26, 2014.  *See* ECF No. 93.  That motion, however, is no longer pending on the Court's docket.  In fact, that motion has not been on the Court's docket since March 4, 2014, when the Clerk of Court terminated it due to Plaintiff's failure to comply with the Court's February 21, 2014 Letter Order.  *See* ECF No. 96.  Obviously, the Court cannot rule on a motion that is not currently pending on its docket.  If Plaintiff wishes to file a Motion to Disqualify Counsel, he must file a Request pursuant to and in accordance with the requirements set forth in the Case Management Order.  *See* ECF No. 97.

Although informal, this is an Order of the Court and shall be docketed as such.

Sincerely,

/S/

George Jarrod Hazel
United States District Judge

---

[1] If Plaintiff fails to meet the 120-day service deadline, the Court may, by motion or *sua sponte*, dismiss the action against any unserved defendants.  *See* Fed.R.Civ.P. 4(m).