UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| BRETT KIMBERLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 8:13-cv-03059 |
| ) | |
| NATIONAL BLOGGERS CLUB, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ACE OF SPADES' SURREPLY IN OPPOSITION TO PLAINATIFF'S MOTION TO AUTHORIZE SUBSTITUTED SERVICE (DN 164)**

Stripped of hyperbole about the "audacity" of Ace's arguments, Kimberlin's position in support of substituted service boils down to two points. On the facts, Kimberlin argues that he is entitled to substituted service because he has made good faith efforts to identify Ace and has come up empty. On the law, Kimberlin argues that the First Amendment should be ignored. Neither contention is persuasive.

*First*, on the facts, Kimberlin does not even attempt to rebut Ace's point that Ace has not evaded service within the meaning of Maryland law. *See* Opp'n to Mot. To Authorize Service (DN 173) 5-8. Instead, Kimberlin argues (at ¶ 5) that he has made good faith efforts to identify Ace. But Kimberlin never satisfactorily explains his failure to make proper use of the procedure that Maryland law offers him through *Independent Newspapers v. Brodie*, 966 A.2d 432 (Md. 2009), to discover the identity of an anonymous defendant. Kimberlin's concern (at ¶ 3) that such a motion would be "frivolous" because of the particular URL of Ace's blog is a non sequitur. Kimberlin has identified two other sources whom he can subpoena to obtain Ace's name and address — the registrant of Ace's domain name and a company through which Ace sells advertising. *See* Verified Mot. for Subpoena To Identify Def. (DN 51) ¶¶ 2-4. And *Brodie* requires that a court should:

1

> (1) require the plaintiff to undertake efforts to notify the anonymous posters that they are the subject of a subpoena or application for an order of disclosure, including posting a message of notification of the identity discovery request on the message board; (2) withhold action to afford the anonymous posters a reasonable opportunity to file and serve opposition to the application; (3) require the plaintiff to identify and set forth the exact statements purportedly made by each anonymous poster, alleged to constitute actionable speech; (4) determine whether the complaint has set forth a prima facie defamation per se or per quod action against the anonymous posters; and (5), if all else is satisfied, balance the anonymous poster's First Amendment right of free speech against the strength of the prima facie case of defamation presented by the plaintiff and the necessity for disclosure of the anonymous defendant's identity, prior to ordering disclosure.

966 A.2d at 457. None of the elements required by the Court of Appeals in *Brodie* has anything to do with where the blog is hosted. Kimberlin complains that counsel's use of the pronoun "her" for Ace is misleading because Kimberlin knows who Ace is and that Ace is a man. As counsel explained in the first brief he filed in this case, the female pronoun refers to Ace in the gender-neutral sense, without indicating Ace's actual gender. *See* Opp'n to Mot. for Leave to Pursue Discovery (DN 75) 6 n.2. More important, Kimberlin's claim to know Ace's identity (at ¶ 7) undermines Kimberlin's argument that substituted service is required — if Kimberlin actually knows who Ace is, he should just serve Ace. Neither the location of Ace's blog host or counsel's use of the feminine pronoun justifies Kimberlin's failure to make proper use of the procedure available under state law — the procedure set forth in *Brodie*.[1] Having failed to take advantage of a readily available method to pursue service, Kimberlin has

---

[1] To be fair, Kimberlin has not entirely ignored *Brodie*. In addition to notifying Ace of this action, Kimberlin has on one occasion identified the statements that are the subject of his claim (*Brodie* step #3). *See* Pl.'s Reply to Ace of Spade's [sic] Opp'n to Mot. for Discovery (DN 104) ¶¶ 14-16. But raising a new argument in a reply brief is inadequate. *See, e.g., Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 734 (D. Md. 2006) ("The ordinary rule in federal courts is that an argument raised for the first time in a reply brief or memorandum will not be considered."). That principle applies with particular force here, where Ace's inability to file a surreply to address Kimberlin's arguments left the Court unable to perform the full *Brodie* analysis. *See id.* ("The concern that the ordinary rule addresses is that an opposing party would be prejudiced by an advocate arguing an issue without an opportunity for the opponent to respond." (citation, quotation marks, and source's alteration marks omitted)).

not made a good faith effort to serve as defined by Maryland law. *See Lohman v. Lohman*, 626 A.2d 384, 394 (Md. 1993); Opp'n to Mot. To Authorize Service 9-10. In the absence of evasion by Ace or good faith efforts by Kimberlin, substituted service is not authorized under Maryland Rule 2-121.

*Second*, on the law, Kimberlin expresses outrage (¶¶ 12, 15-16) that the First Amendment would provide some protection for the right to speak anonymously even when the speaker is alleged to have committed the tort of defamation. But protection of the right to speak anonymously is well established. *See Brodie*, 966 A.2d at 440 ("Included within the panoply of protections that the First Amendment provides is the right of an individual to speak anonymously."). *Brodie*'s holding that the right to speak anonymously must be balanced against the plaintiff's interest in pursuing a claim when the plaintiff seeks to unmask an anonymous defendant is consistent with a broad consensus among courts all over the country. *See, e.g., In re Ind. Newspapers*, 963 N.E.2d 534 (Ind. Ct. App. 2012); *Pilchesky v. Gatelli*, 12 A.3d 430 (Pa. Super. Ct. 2011); *Mortgage Specialists v. Implode-Explode Heavy Indus.*, 999 A.2d 184 (N.H. 2010); *Solers, Inc. v. Doe*, 977 A.2d 941 (D.C. 2009); *Krinsky v. Doe 6*, 72 Cal. Rptr. 3d 231 (Cal. Ct. App. 2008); *In re Does 1-10*, 242 S.W.3d 805 (Tex. Ct. App. 2007); *Mobilisa v. Doe*, 170 P.3d 712 (Ariz. Ct. App. 2007); *Doe v. Cahill*, 884 A.2d 451 (Del. 2005); *Dendrite Int'l Inc. v. Doe*, 775 A.2d 756 (N.J. Ct. App. 2001).

Kimberlin is wrong to characterize this rule as an "immunity" (at ¶ 16) — it is, instead, a balancing test, under which anonymous speakers are sometimes unmasked and sometimes not, depending on the strength of the plaintiff's case. In fact, in the leading case on this issue, *Dendrite v. Doe*, two of the Does were identified while two were protected against discovery. *See* 775 A.2d at 764, 772. If he makes the proper showing, Kimberlin might well succeed in satisfying the balancing test and justify unmasking Ace. The fundamental problem is that Kimberlin has not tried to do so. This Court

should not use substituted service to relieve Kimberlin of the burden every other plaintiff in Kimberlin's shoes faces under Maryland law. Kimberlin's reference to a circuit court case in which he claims that email service was permitted is distinguishable because, as Kimberlin himself describes the case (at ¶ 9, emphasis added), "Plaintiff demonstrated a prima facie case of defamation and *met the* Brodie *standards*." Here, by contrast, the plaintiff has not properly attempted to meet, much less actually met, the *Brodie* standards. The most on-point cases are those (discussed in Ace's Opposition, at 5) in which courts have rejected the use of substituted service to make an end-run around the requirements of the First Amendment. *See Gunning v. Doe*, No. CV-13-359 (Me. Sup. Ct. Mar. 21, 2014) (copy attached to Levy Affidavit); *Sinclair v. TubeSockTedD*, 596 F. Supp. 2d 128 (D.D.C. 2009).

For the foregoing reasons and those detailed in Ace's Opposition, Kimberlin's motion to authorize substitute service should be denied.[2]

        /s/ David Rocah
        David Rocah
          ACLU of Maryland
          3600 Clipper Mill Rd., #350
          Baltimore, MD 21211
          (410) 889-8550, ext. 111
          rocah@aclu-md.org

        Scott Michelman (on the brief)
          Public Citizen Litigation Group
          1600 20th Street NW
          Washington, DC 20009
          (202) 588-1000

August 18, 2014                                       Attorneys for Defendant Ace of Spades

---

[2] Kimberlin invokes his motion to disqualify Paul Alan Levy as a reason to reject the opposition brief that Levy signed. The Court has declined to address the motion to disqualify because Kimberlin did not obtain permission to file it. Kimberlin has provided no evidence — no affidavit and certainly no documentation — to support his disqualification argument; in the event he obtains permission to seek disqualification, counsel are prepared to show that there is no conflict of interest and no basis whatsoever for the requested disqualification.

**CERTIFICATE OF SERVICE**

On this date, I am filing this response using the Court's ECF system, which will effect service on all counsel. Pursuant to their express grants of permission, I am serving the document by email on plaintiff and on defendants Hoge, McCain and Walker.

/s/ David Rocah