# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# GREENBELT DIVISION

| | | |
|---|---|---|
| BRETT KIMBERLIN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No. GJH 13-3059** |
| | ) | |
| NATIONAL BLOGGERS CLUB, | ) | |
| *Et. al.* | ) | |
| | ) | |
|     Defendants. | ) | |

---

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT UNDER FEDERAL RULE 12(b)(6), FEDERAL RULE 8, LOCAL RULE 6 AND IN ACCORDANCE WITH THE PRINCIPLES OF LIMITED LIABILITY, DOUBLE RECOVERY, COLLATERAL ESTOPPEL, RES JDUICATA, AND IMMUNITY OF COUNSEL AND THE ANTI-SLAPP STATUTE

---

Defendant Dan Backer ("Backer"), through counsel, moves to dismiss with prejudice all of Plaintiff Brett Kimberlin's ("Plaintiff") Claims for Relief in the Second Amended Complaint as it applies to Backer pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim, Federal Rules of Civil Procedure 8, Local Rules 6(c), and in accordance with the controlling state law as to limited liability, double recovery, collateral estoppel, res judicata, the immunity of counsel, and the anti-SLAPP statute. For the foregoing reasons, the Second Amended Complaint fails to state a claim upon which relief can be granted and is not susceptible to adjudication. Pointedly, Judge Motz of this Honorable Court noted last year in dismissing *Walker v. Kimberlin*, a case involving the instant Plaintiff and one of the Defendants, Aaron Walker, "I deem it unwise to intervene in the bitter political disputes between the parties." *Walker v. Kimberlin*, U.S. Dist. Court, Dist. of Md., (Civil Case No. 8:12-cv-01852-JFM)(Order dated 11/28/12). Backer represented Defendant Walker in that suit and in another

suit eventually dismissed in Prince William County (VA) Circuit Court. Backer's representation of Defendant Walker in those two suits encapsulates the entirety of his contact with Plaintiff.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint may be dismissed "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). A plaintiff's complaint must contain "… a short and plain statement of a claim showing that the pleader is entitled to relief, in order to give a defendant fair notice of what the claim is and the grounds upon which it rest." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Though the *Twombly* standard requires only a short and plain statement, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. A satisfactory claim for relief "demand[s] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is subject to dismissal under Rule 12(b)(6) if it merely "offers labels and conclusions or a formulaic recitation of the elements of a cause of action… [or] if it tenders naked assertions devoid of further factual enhancement." *Id*. A court need not accept allegations in the complaint that are "conclusory factual allegations devoid of any reference to actual events." *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

## ARGUMENT

I.   **Plaintiff's Second Amended Complaint should be dismissed because Backer, as an LLC member, is not liable for corporate acts.**

Limited liability companies afford their members protection from personal liability for the acts of the company. MD. CODE ANN., Corp. & Ass'ns § 4A-302 (West 2014).[1] Maryland law provides that members of a limited liability company are not "a proper party to a proceeding by or against a limited liability company, solely by reason of being a member of the limited liability company." *Id.; See also Ak's Daks Commc'ns, Inc. v. Md. Sec. Div.*, 771 A.2d 487, 497 (Md. Ct. Spec. App. 2001) (holding "members in a limited liability company are not personally liable for the obligations of the company solely by virtue of their membership in the company"). A member of a limited liability company that provides professional services has no greater personal liability than the liability of a member of a limited liability company which is not engaged in rendering professional services. MD. CODE ANN., Corp. & Ass'ns § 4A-301.1(c)

Maryland law is "more restrictive than other jurisdictions in allowing a plaintiff to pierce a corporation's veil." *Residential Warranty Corp. v. Bancroft Homes Greenspring Valley, Inc.*, 728 A.2d 783, 790-91 (Md. Ct. Spec. App. 1999) *accord Ramlall v. MobilePro Corp.*, 30 A.3d 1003, 1009 (Md. Ct. Spec. App. 2011). In order to state a claim for piercing the corporate veil, a plaintiff must allege the individual defendants acted fraudulently or prove that piercing the corporate veil is necessary to enforce a paramount equity. *Id.* at 789 (internal citations omitted). However, arguments for piercing the corporate veil other than for fraud have failed in Maryland. *Travel Comm., Inc. v. Pan Am. World Airways, Inc.* 603 A.2d 1301, 1317 (Md. Ct. Spec. App. 1992) (holding no Maryland courts have pierced the corporate veil to enforce a paramount equity but only in the case of fraud). The challenge facing a party seeking to pierce the corporate veil is described as a "herculean task." *Dixon v. Process Corp.*, 382 A.2d 893, 895 (Md. Ct. Spec. App. 1978).

---

[1] While DB Capitol Strategies, PLLC is incorporated in Virginia; Virginia applies the same law as Maryland. "A member of a limited liability company, solely by reason of being a member, is not a proper party to a proceeding by or against a limited liability company." VA. CODE ANN., Corps. § 13.1-1020 (West 2007).

Plaintiff has not stated the kind of facts necessary to state a claim for piercing the corporate veil. Plaintiff acknowledges that "Backer is a director of Defendant DB Capitol Strategies PLLC" which is a properly registered Virginia limited liability company. (Second Amended Complaint, ¶¶ 107). In all claims, Plaintiff alleges Backer was acting within his capacity as an attorney of DB Capitol Strategies PLLC on behalf of Defendant Walker in a previous suit. Plaintiff alleges Backer requested discovery, filed a federal lawsuit, attempted to settle the federal lawsuit and requested potential evidence be preserved. (Second Amended Complaint, ¶¶ 101-04). All of these acts alleged are within the scope of his role as an attorney for DB Capitol Strategies, PLLC. Plaintiff has not alleged that Backer acted fraudulently and thus Plaintiff has failed to state a claim against Backer in his personal capacity.

Plaintiff does not allege that any harm was suffered by an act of Backer that is separate and distinct from those allegedly suffered by actions of DB Capitol Strategies, PLLC. Accordingly, this Court should dismiss the entirety of Plaintiff's claims against Backer as he is not a proper party to this proceeding.

## II.  Plaintiff's Second Amended Complaint should be dismissed because Plaintiff cannot seek to double recover for the same harm.

A plaintiff is entitled to one compensation for his alleged loss which prevents further action against another for the same damages to prevent double recovery and unjust enrichment. *See Underwood-Gary v. Matthews*, 785 A.2d 708, 712 (Md. 2001) (holding a plaintiff is not permitted to recover damages twice for the same harm) (internal citations omitted).

Plaintiff's eighty two page, multiple count, Second Amended Complaint has identified no new and independent injury allegedly suffered by an act of Backer that was not alleged in Plaintiff's claims against DB Capitol Strategies PLLC. If Plaintiff prevails against DB Capitol Strategies PLLC, Plaintiff

will recover for the entirety of his alleged injury, yet he now brings these same claims against Backer in his personal capacity. Therefore, Plaintiff's Second Amended Complaint in its entirety as to Backer should be dismissed.

### III.   Plaintiff's Second Amended Complaint should be dismissed because Plaintiff's claims are barred by collateral estoppel.

Collateral estoppel bars Plaintiff from re-litigating all issues against Backer that he has already litigated unsuccessfully in his recent Maryland state court case against a number of the other Defendants in this case. Under the doctrine of collateral estoppel, "the second action is upon a different cause of action and the judgment in the prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action." *Parklane Hosiery Co., Inc., v. Shore,* 439 U.S. 322, 327 (1979). Collateral estoppel requires a defendant prove the following four factors:

> 1.  The issue decided in the prior action is identical with the one presented in the action in question;
> 2.  There was a final judgment on the merits;
> 3.  The two actions involve either the same parties or persons in privity with those parties; and
> 4.  The party against whom the plea is heard was given a fair opportunity to be heard on the issue.

*Colandrea v. Wilde Lake Cmty. Ass'n, Inc.*, 761 A.2d 899, 989 (Md. 2000).

The Supreme Court, however, does not require the same parties or persons in privity with those parties (mutuality of collateral estoppel) as it relates to federal law. *Parklane Hosiery Co., Inc., v. Shore,* 439 U.S. at 327. Each state makes a policy decision on "whether and how far to depart from the traditional requirement of collateral estoppel that there by mutuality of the parties." *Rourke v. Amchem Prods., Inc.,* 863 A.2d 926, 938 (Md. 2004). Maryland law allows a defendant to claim nonmutual collateral estoppel "to prevent a plaintiff from re-litigating an issue the plaintiff has previously litigated

unsuccessfully in another action against a different party." *Culver v. Md. Ins. Comm'r,*, 931 A.2d 537, 542 (Md. Ct. Spec. App. 2007) (quoting *Welsh v. Gerber Prods., Inc*., 555 A.2d 486 (Md. 1989)).

Plaintiff himself admits that the issues decided in the prior state action, *Kimberlin v. Walker, et al.*, No. 380966V (Md. Mont. Co. Cir. Ct. 2013), are similar to the ones presented in this action as Plaintiff requested an extension of time to request an "order similar to that [Plaintiff] will request in any preliminary injunction motion in this case" which was based on whether he would prevail in the Maryland state case "against Defendants Walker, Hoge, McCain, and Akbar for defamation and false light." (ECF No. 175). The Maryland state court *directed* a final judgment on the merits unfavorable to Plaintiff at the conclusion of Plaintiff's case after the August 11 trial date Plaintiff referenced in his request for an extension of time. Although Maryland law does not require privity to prevent Plaintiff from re-litigating the same issues the Plaintiff litigated unsuccessfully in the state action against Defendant Walker and others, Backer was in privity with Defendant Walker as his legal counsel. Plaintiff was given a fair opportunity to be heard on the issues by the Maryland state court, and the court found Plaintiff's arguments so lacking that directed judgment was ordered without a Defense needing to be presented. Collateral estoppel now bars Plaintiff from re-litigating all issues against Backer that he has already litigated unsuccessfully in that Maryland state court case. Therefore, Plaintiff's Second Amended Complaint in its entirety as to Backer should be dismissed because they rest entirely on the same conduct and failed claims brought in the state case.

IV.   **Plaintiff's Second Amended Complaint should be dismissed because Plaintiff's claims are barred by res judicata.**

The doctrine of res judicata bars "a second suit involving the same parties or their privies based on the same cause of action" from a judgment on the merits in a prior suit. *Parklane Hosiery Co., Inc., v.*

*Shore,* 439 U.S. at 327. Res judicata "encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes." *Brown v. Felsen*, 442 U.S. 127, 131 (1979) *superseded by statute on other grounds*.

The doctrine of res judicata bars a subsequent lawsuit when there was: "(1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." *Pueschel v. United States,* 369 F.3d 345, 354-55 (4th Cir. 2004). Res judicata bars not only claims that were raised and fully litigated but also bars "all grounds for recovery previously available to the plaintiff regardless of whether they were raised or litigated in the prior suit." *Peugeot Motors of Am. v. E. Auto Distribs., Inc.*, 892 F.2d 355, 359 (4th Cir. 1989); *See also Nevada v. United States*, 463 U.S. 110, 129-30 (U.S. 1983) (holding res judicata not only bars the matters litigated also bars claims for any other admissible matter which might have been offered). The Fourth Circuit has upheld *res judicata* in a motion to dismiss and held that "a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact" as to the factual accuracy of the record of the prior suit. *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000) (citing *Thomas v. Consolidation Coal Co.*, 380 F.2d 69, 75 (4th Cir. 1967)).

Plaintiff sued numerous Defendants in this case in his concurrent Maryland state case, *Kimberlin v. Walker, et al.*, No. 380966V (Md. Mont. Co. Cir. Ct. 2013), on substantially similar claims yet failed to include Backer or DB Capitol Strategies PLLC as a party to such case. Plaintiff admits that he filed the case "against Defendants Walker, Hoge, McCain, and Akbar for defamation and false light" and the judgments or orders in the state case will help him "decide whether to file the motion [for preliminary injunction] in this case or withdraw the request to file as moot." (ECF No. 175). All state claims have

been litigated and that court was so unpersuaded by them that it directed judgment, after earlier dismissing several of Plaintiffs other colorful claims. *Kimberlin v. Walker, et al.*, No. 380966V (Md. Mont. Co. Cir. Ct. 2013). Because the laundry list of predicate acts claimed by Plaintiff to gin up his RICO claim have been deemed not actionable by the state court, Plaintiff cannot continue to rely on these debunked claims.  Consequently, the same claims made here, and the fantastical conspiracy to commit these acts found not to be unlawful, cannot be sustained against the defendants who allegedly made them or those in the alleged conspiracy to further them. Accordingly, Plaintiff's Second Amended Complaint in its entirety as to Backer should be dismissed in accordance with the doctrine of res judicata.

**V.     Plaintiff's Second Amended Complaint should be dismissed as frivolous and sanctions ordered to prevent Plaintiff from filing further frivolous suits without express permission from this Court.**

A plaintiff's blatant disregard for the court and judicial system as a whole suggests there is no end in sight to a plaintiff's frivolous and vexatious filings. *Whitehead v. Viacom*, 233 F. Supp. 2d 715, 726-27 (D. Md. 2002). Federal courts may dismiss a claim for lack of jurisdiction where the allegations under federal statutes are "immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682-83 (1946). Maryland courts have consistently held that "a litigant's interest in accessing the courts is neither supreme nor absolute." *Riffin v. Circuit Court for Balt. County*, 985 A.2d 612, 622 n.14 (Md. Ct. Spec. App. 2010) (quoting *Dent v. Simmons*, 485 A.2d 270 (Md. Ct. Spec. App. 1985)). The Court may provide limitations or conditions on the filing of future suits so that defendants are "free from harassing, abusive, and meritless litigation… federal courts have a clear obligation to exercise their authority to

protect litigants from such behavior." *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (internal citation omitted) (cited with approval in *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 959 (4th Cir. 1995).

As this Court has noted, Plaintiff himself admits to filing frivolous claims against some defendants in this matter who "got caught up in something they were not fully aware of." (ECF No. 153). This Court has now twice encouraged Plaintiff to voluntarily dismiss such defendants, yet he has failed to do so. (ECF No. 162 at 3 n.2; ECF No. 168 at 2 n.1). Plaintiff has already filed an action against DB Capitol Strategies PLLC to which Backer is the sole member, and Plaintiff has now added Backer to this suit in his personal capacity. However, Plaintiff has made no independent allegations as to Backer which are separate from those claimed against DB Capitol Strategies PLLC. Plaintiff has merely joined Backer in his personal capacity as a defendant to continue his frivolous and vexatious filings in this case and his harassment of his perceived litany of foes. Plaintiff's Second Amended Complaint in its entirety as to Backer should be dismissed and Backer requests this Court bar Plaintiff from filing any further frivolous suits without the express permission of this Court.

## VI.     Plaintiff's Second Amended Complaint should be dismissed for Plaintiff's failure to comply with Local Rule 6(c) and Rule 8 of the Federal Rules of Civil Procedure.

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a claim for relief must contain a short and plain statement of the claim showing that  the plaintiff is entitled to relief. Federal Rule 8(d) requires a claim contain simple, concise and direct allegations. Even where the pleadings are filed by pro-se parties, the failure to comply with Rule 8 warrants dismissal to avoid unjustified burdens on the both the court and the party responding to the pleading. *See Jones v. Nat'l Comm'ns and Surveillance*

*Networks,* 266 Fed. Appx. 31, 32-33 (2d Cir. 2008) (affirming dismissal of a fifty eight page pro se complaint along with attachments totaling eighty seven pages). Plaintiff's eighty two page Second Amended Complaint fails to comply with Rule 8 and unduly burdens Backer. *Jones,* 266 Fed. Appx. at 32.

Further, Local Rules require the party amending a pleading to identify the amendments by filing a clean copy of the amended pleading in addition to a copy of the amended pleading with stricken material lined through, or enclosed in brackets, and underline, or bold, the new material. Plaintiff's failure to comply with Local Rule 6(c), combined with the failure to comply with Federal Rule 8, places substantial undue burden on Backer to compare the fifty pages of the First Amended Complaint, to which he was not a party, to the now eighty two pages of the Second Amended Complaint. This results in at least thirty two pages worth of amended material spread throughout the Second Amended Complaint which Backer must sift through and self-identify due to Plaintiff's failure to comply with Local Rule 6(c) and Federal Rule 8. As such, Plaintiff's Second Amended Complaint should be dismissed due to Plaintiff's failure to comply with Local Rule 6(c) and Federal Rule 8.

**VII.   Plaintiff's Second Amended Complaint should be dismissed as Backer has immunity from revenge-litigation resulting from previous representation of Defendant Walker.**

The Second Amended Complaint alleges that Backer's prior representation of Defendant Walker in a lawsuit against Plaintiff suffices to implicate Backer in all claims for relief in the Plaintiff's Second Amended Complaint. Under Maryland law, advocates of parties have absolute immunity related to statements in the course of judicial proceedings, where those statements have some relation to the proceedings, in order to foster "the free and unfettered administration of justice". *Korb v. Kowaleviocz,*

402 A.2d 897, 899 (Md. 1979). Even extrinsic statements contextually connected to a pending or ongoing proceedings and not designed to produce a proceeding or cause one to be filed are covered under the doctrine of absolute immunity in order to encourage the "free divulgence of information in the pursuit of justice." *Norman v. Borison*, 17 A.3d 697, 711 (Md. 2011). Maryland law recognizes the settlement of a judicial proceeding has sufficient nexus to the judicial proceeding to extend the privilege to statements made and published to parties involved in the proceeding. *Sodergren v. Johns Hopkins Univ. Applied Physical Lab.,* 773 A.2d 592, 603 (Md. Ct. Spec. App. 2001).

The entirety of Plaintiff's factual allegations against Backer involve labels, conclusions and formulaic recitation of the elements of a cause of action, and naked assertions devoid of further factual enhancement. These claims arise solely as a result of the legal representation by Backer of Defendant Walker in a prior lawsuit against Plaintiff, including the discussion of publically available information, the fundraising efforts of the Blogger's Defense Team, and public coverage and commentary about a case involving a notorious terrorist and drug dealer who is the subject of substantial media attention, a serious journalistic book, and even appearance in pop culture's Doonesbury comic strip.   (Second Amended Complaint, ¶¶ 102-07). Plaintiff's Second Amended Complaint now seeks to retaliate against Backer as a result of Backer's previous legal representation of Walker and lacks factual allegations enough to raise a right to relief above a speculative level. And to the extent Plaintiff references Backer at all, it is based on communications made in settlement negotiations initiated by other parties in that prior litigation and to potential targets for discovery.

Plaintiff is engaged in precisely the kind of revenge-driven litigation against an opposing counsel for normal litigation conduct that the courts sternly foreclose and, therefore, Plaintiff's Second Amended Complaint in its entirety as to Backer should be dismissed.

**VIII.   Plaintiff's claims against Backer should be dismissed under Maryland's anti-SLAPP statute.**

Plaintiff's claims against Backer are founded upon an attempt to silence public speech on the part of the Defendants and should therefore be dismissed under the terms of Maryland's anti-SLAPP statute. Maryland law defines a Strategic Lawsuit Against Public Participation ("SLAPP") as one:

> 1. Brought in bad faith against a party who has communicated with a federal, State, or local government body or the public at large to report on, comment on, rule on, challenge, oppose, or in any other way exercise rights under the First Amendment of the U.S. Constitution or Article 10, Article 13, or Article 40 of the Maryland Declaration of Rights regarding any matter within the authority of a government body or any issue of public concern;
> 2. Materially related to the defendant's communication; and
> 3. Intended to inhibit or inhibits the exercise of rights under the First Amendment of the U.S. Constitution or Article 10, Article 13, or Article 40 of the Maryland Declaration of Rights.

Md. Code Ann., Cts. & Jud. Proc. § 5-807(b). The remedy available to a SLAPP defendant is to move for the Court to "[d]ismiss the alleged SLAPP suit."  Md. Code Ann., Cts. & Jud. Proc. § 5-807(d)(1).

Plaintiff's allegations in the Second Amended Complaint are a proto-typical SLAPP case under the three elements of § 5-807(b). First, Plaintiff alleges Backer made statements to the public at large, on the Blogger's Defense Team website, during his representation of Defendant Walker in the prior case against Plaintiff, an unquestionable exercise of Backer's First Amendment rights to free speech and in the ordinary course for counsel involved in high profile litigation against a notorious public figure, for example a convicted domestic terrorist, drug dealer, and perjurer with a penchant for filing frivolous litigation designed to silence perceived political enemies. Second, Plaintiff's case is not just materially related but entirely predicated upon those same public communications Plaintiff alleges were made by Backer. This is evidenced by the fact that the entirety of Plaintiff's factual allegations against Backer involve his pro bono representation of Walker in a prior case against him, public announcements of

updates in that case, and fundraising efforts to support that same pro bono representation. (Second Amended Complaint, ¶¶ 102-07). Plaintiff alleges Backer requested discovery, filed a federal lawsuit, attempted to settle the federal lawsuit and requested potential evidence be preserved. (Second Amended Complaint, ¶¶ 101-04). Third, Plaintiff's claims in this case are intended to penalize Backer's past exercise of free speech and to inhibit the future free exercise of Backer's free speech rights by means of the various claims listed above.

Based solely upon the factual allegations of Backer's previous legal representation of Defendant Walker in that prior case, Plaintiff has filed a flurry of frivolous claims against Backer amidst a vast RICO conspiracy, violations of the Civil Rights Act of 1871, False Light Invasion of Privacy, Interference with Business Relations, Interference with Prospective Economic Advantage, Intentional Infliction of Emotional Distress, and Conspiracy under Maryland state law. This disparate array of claims underscores the frivolous nature of Plaintiff's SLAPP suit against Backer as an attempt to impose costs upon Backer and silence his First Amendment right to free speech. Therefore, Backer moves for the Court to dismiss the entirety of Plaintiff's claims in the Second Amended Complaint under Maryland's anti-SLAPP statute.

## IX.     Plaintiff has failed to state a claim under 18 U.S.C. §1962(c)-(d).

In the Second Amended Complaint, Plaintiff accuses Backer of engaging in a vast ongoing conspiracy against Plaintiff as wide as the dried out lake beds of the Southwest and every bit as deep. And none of it amounts to any more than the litigation equivalent of wild gibberish. The federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961–1968, makes it unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the

conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.  18 U.S.C. §1962(c).

To state a claim under §1962(c), a plaintiff must allege, "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima v. Imrex Co*., 473 U.S. 479, 496 (1985).  Conduct means, "conducting or participating in the conduct of an enterprise through a pattern of racketeering activity." *Id*. An enterprise includes, "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. §1961. Racketeering activity is defined as any act "chargeable" under several generically described state criminal laws, any act "indictable" under numerous specific federal criminal provisions, including mail and wire fraud, and any "offense" involving bankruptcy or securities fraud or drug-related activities that is "punishable" under federal law.  18 U.S.C. §1961(1). Finally, a pattern of racketeering requires "at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity." 18 U.S.C. §1961.

Plaintiff's RICO allegation should be dismissed because he provides no facts whatsoever to allege the elements of conduct, an enterprise, or racketeering activity under 18 U.S.C. 1962(c).  (Second Amended Complaint, ¶162-69).  The Second Amended Complaint alleges that Backer's prior representation of Defendant Walker in a lawsuit against Plaintiff suffices to implicate him in conduct comprising racketeering activity. This allegation has no basis in fact and violates the principle of advocate immunity discussed above. Plaintiff alleges Backer "had been connected to Defendant Akbar for several years, and had been paying Defendant Akbar's Vice & Victory Agency for various things." (Second Amended Complaint, ¶72). Plaintiff fails to identify any "connection" or "thing" which

constitute facts in support of the RICO allegation. Plaintiff identifies comments of publically available information about the previous litigation on a website, http://bloggersdefenseteam.com/?about, owned by a nonprofit organization, and seeks to allege that somehow this implicates Backer as a part of some RICO enterprise.  (Second Amended Complaint, ¶105). The allegations against Backer cannot support a claim for relief under RICO because Plaintiff has failed to identify any conduct whatsoever that would constitute "racketeering" under the applicable standard, or conduct chargeable under a criminal statute.

Even if all factual allegations are true, any information posted on the website of the nonprofit organization is nonetheless publically available and truthful information about the previous litigation and does not satisfy the elements of conduct, an enterprise, or racketeering activity under 18 U.S.C. 1962(c).  (Second Amended Complaint, ¶105). Plaintiff's only factual allegations against Backer relate to the legal representation by Backer of Defendant Walker in the prior lawsuit against Plaintiff, including the discussion of publically available information, fundraising efforts of others, and the commentary of those involved with the Blogger's Defense Team. (Second Amended Complaint, ¶¶ 102-07). None of which implies an enterprise engaged in a pattern of racketeering activity. Thus, Plaintiff has failed to state a claim under the RICO statute, and dismissal is appropriate under the *Twombly* standard.

### X.      Plaintiff has failed to state a claim under 42 U.S.C. §1983.

Plaintiff fails to state a claim against Defendant Backer under 42 U.S.C. §1983.  Plaintiff's only allegation under 42 U.S.C. §1983 is against Defendant Patrick Frey. Plaintiff does not mention, or implicate, Backer in any manner. This claim should be dismissed accordingly.

### XI.     Plaintiff has failed to state a claim under 42 U.S.C. §1985.

Plaintiff claims Backer harmed Plaintiff through obstruction or intimidation as actionable under 42 U.S.C. §1985. (Second Amended Complaint, ¶213-20). This statute makes it unlawful to obstruct justice, intimidate a party, witness, or juror.  In order to state a claim under §1985(2), a plaintiff must show:  (1) a conspiracy between two or more persons and (2) to deter witness by force, intimidation or threat from attending court or testifying freely in any pending matter, which (3) results in injury to plaintiff.  *Haigh v. Matsushita Electric Corp.*, 676 F. Supp. 1332, 1343 (E.D. Va. 1987).

A plaintiff must also "…allege facts showing that defendants agreed to violate his constitutional rights," in order to prove a conspiracy under § 1985(2).  *Clark v Md. Dep't of Pub. Safety & Corr. Serv.s*, 247 F. Supp. 2d 773 (D. Md. 2003).  Plaintiff's sole factual allegations against Backer relate to the legal representation by Backer of Walker in a prior lawsuit against Plaintiff, including the discussion of publically available information, fundraising efforts of the Blogger's Defense Team, and the commentary of those involved with the Blogger's Defense Team.  (Second Amended Complaint, ¶¶ 102-07).  Such factual allegations do not demonstrate that Backer agreed with any other person or entity to violate Plaintiff's constitutional rights, nor what constitutional rights he claims were allegedly violated. (Second Amended Complaint, ¶¶ 102-07, 213-20).

Plaintiff further claims Backer unlawfully deprived him of rights or privileges under 42 U.S.C. §1985(3). In order to state a claim under 42 U.S.C. §1985(3), courts require (1) a conspiracy; (2) for the purpose of depriving, directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws; (3) an overt act in furtherance of the object of the conspiracy; and (4) that the plaintiff (a) was injured in his person or property, or (b) was deprived of having and exercising any right or privilege of a United States citizen.  *Simmons v. Baker*, 842 F. Supp. 883, 889 (E.D. Va. 1994).

16

Plaintiff's claim under §1985 should be dismissed because he provides no facts to allege a conspiracy, insufficient facts that any such hypothetical conspiracy did deter an unnamed, hypothetical witness from anything, no facts to allege that any force, intimidation or threat under §1985(2) was employed, and insufficient facts to allege a conspiracy for the purpose of depriving Plaintiff or any person equal protection of the laws or of equal privileges and immunities under the laws. Even if all Plaintiff's factual allegations are true, Plaintiff has failed to state a claim under §1985 and dismissal is appropriate under the *Twombly* standard.

**XII.   Plaintiff has failed to state a claim for Defamation.**

Plaintiff fails to state a claim against Backer for defamation. (Second Amended Complaint, ¶¶ 221-40). Plaintiff's only claims for defamation are against Defendants Akbar, Walker, Hoge, Thomas, National Bloggers Club, McCain, American Spectator, O'Keefe, and Simon & Schuster. Plaintiff does not implicate Backer except for a conclusory statement that Backer "did make their defamatory publications password protected".  (Second Amended Complaint, ¶¶ 236). Thus, Plaintiff's claim for Defamation should be dismissed with regards to Backer.

Even if Plaintiff alleges defamation by Backer, Plaintiff's allegation of defamation under Maryland tort law fails to state a claim upon which relief may be granted. Plaintiff fails to plead sufficient facts which allege that any statements were actually made by Backer or that any such statements were actually defamatory. A defamation claim under Maryland law, requires the following elements, supported by sufficient factual allegations: "(1) the defendant made a defamatory statement regarding the plaintiff to a third person; (2) the statement was false; (3) the defendant was legally at fault in making the statement; and (4) the plaintiff suffered harm thereby." *S. Volkswagen, Inc. v. Centrix Fin., LLC*, 357 F. Supp. 2d 837 (D. Md. 2005). Because Plaintiff alleges defamation *per se*, he must pair

the allegation with facts showing that Backer acted maliciously. *Samuels v. Tschechtelin*, 763 A.2d 209, 245 (Md. Ct. Spec. App. 2000). Plaintiff is also a public figure[2] and is therefore required to allege sufficient facts to show actual malice on the part of Backer. *Dobkin v. Johns Hopkins Univ.*, 1996 U.S. Dist. LEXIS 6445, 45-46 (D. Md. 1996). To act maliciously, Defendant must have acted with either "reckless disregard for its truth or with actual knowledge of its falsity." *Samuels*, 763 A.2d at 242.

Plaintiff's claim for Defamation should be dismissed for failure to plead sufficient facts to allege that any unidentified statements made by Backer were defamatory, failure to plead sufficient facts to allege that any such unidentified statements made by Backer were false, failure to plead sufficient facts to allege Backer acted with reckless disregard for the truth or actual knowledge of the falsity of such unidentified statements, and failure to plead sufficient facts to allege that he suffered any actual injury, physical or monetary, as a result of statements made by Backer. Plaintiff's only factual allegations against Backer related to the legal representation by Backer of Defendant Walker in a prior lawsuit against Plaintiff, including the discussion of publically available information, fundraising efforts of others, and the commentary of those involved with the Blogger's Defense Team.  (Second Amended Complaint, ¶¶ 102-07).

Even if true, such allegations are not defamatory because that information was true and publicly available. Backer did represent Defendant Walker in a lawsuit against Plaintiff, and, as a result, Backer is protected by the principle of advocate immunity discussed above. Even if these factual allegations are true, Plaintiff has failed to allege sufficient facts to show actual malice on the part of Backer and any harm caused to Plaintiff. Plaintiff has failed to state a Maryland defamation claim and dismissal is

---

[2] Kimberlin is a public figure and works on public issues. He has had a book written about him, his various crimes and suspected criminal activity, and his substantial time in federal prison. Throughout his incarceration, Kimberlin sought the media spotlight, indeed he claimed to have sold marijuana to former Vice President Dan Quayle and sought to tell his tale through a jailhouse press conference.  Kimberlin has federal convictions for: perjury, domestic terrorism, impersonating a federal officer, and drug trafficking.

appropriate under the *Twombly* standard. Additionally, as discussed above, collateral estoppel now bars Plaintiff from re-litigating all issues, and res judicata bars Plaintiff from re-litigating the same cause of action, against Backer that he has already litigated unsuccessfully in that Maryland state court case.

### XIII.   Plaintiff has failed to state a claim for False Light Invasion of Privacy.

Plaintiff's claim for false light invasion of privacy should be dismissed because Plaintiff provides only a recitation of the elements of a false light invasion of privacy claim (Second Amended Complaint, ¶¶ 242-45), but fails to support this claim with sufficient factual allegations with regards to Backer. To properly allege a False Light Invasion of Privacy claim in Maryland, a plaintiff must allege:

> (1) that the defendant gave publicity to a matter that places the plaintiff before the public in a false light;
> (2) that a reasonable person would find that the false light in which the other person was placed highly offensive to a reasonable person; and
> (3) that the defendant had knowledge of or acted with reckless disregard as to the falsity of the publicized matter and the false light in which the defendant placed the plaintiff.

*Mazer v. Safeway, Inc*., 398 F. Supp. 2d 412 (D. Md. 2005).

A complaint is subject to dismissal under Rule 12(b)(6) if it merely "offers labels and conclusions or a formulaic recitation of the elements of a cause of action… [or] if it tenders naked assertions devoid of further factual enhancement." *Ashcroft*, 556 U.S. at 678. Only a single paragraph of Plaintiff's allegations specifically accuses Backer of anything and that is filing unsuccessful civil litigation which in no manner implicates any invasion of Plaintiff's privacy. (Second Amended Complaint, ¶ 249).

Plaintiff also fails to challenge the actual truth and veracity of the statements made by Backer and therefore fails to state a claim for false light invasion of privacy. (Amended Complaint ¶76, ¶197-207). Under Maryland law, "w[here the truth is so close to the facts, the court will find that no legal

harm has been done." *Dobkin*, 1996 U.S. Dist. LEXIS at 29. Plaintiff's factual allegations are insufficient to support a claim of false light invasion of privacy because Plaintiff does not allege any conduct whatsoever by Backer that relates to the elements of a false light invasion of privacy claim.

Additionally, the claim fails to meet the standards for defamation, as discussed above, and "[t]he Fourth Circuit, interpreting Maryland law, has refused to allow a claim for false light invasion of privacy to stand where such claim failed to meet the standards for defamation." *Dobkin*, 1996 U.S. Dist LEXIS 6445 at 37. Thus, Plaintiff's claim of false light invasion of privacy fails to meet even a speculative level, as required by *Twombly*, and should be dismissed with regards to Backer. Additionally, as discussed above, collateral estoppel now bars Plaintiff from re-litigating all issues, and res judicata bars Plaintiff from re-litigating the same cause of action, against Backer that he has already litigated unsuccessfully in that Maryland state court case.

### XIV.   Plaintiff has failed to state a claim for Interference with Business Relations

A Plaintiff must allege the following to claim interference with business relations under Maryland law: "(1) intentional or willful acts; (2) calculated to cause damage to the plaintiffs in their lawful business; (3) done with the unlawful purpose to cause such damage and loss, without right or justifiable cause on the part of the defendants; and (4) actual damage and loss resulting." *Beck v. Peiffer*, 2012 U.S. Dist. LEXIS 93628, 10-12 (D. Md. 2012) (citing *S. Volkswagen, Inc. v. Centrix Fin., LLC*, 357 F. Supp. 2d 837, 850-51 (D. Md. 2005)).

Plaintiff alleges that Backer wrongfully interfered with Plaintiff's business relations by filing the pervious litigation on behalf of Defendant Walker against Plaintiff and by issuing discovery in such litigation. (Second Amended Complaint, ¶¶ 104, 259-60). However, Plaintiff has failed to allege

anything more than Backer acted within his role as an advocate in a previous litigation and that Backer properly represented his client by issuing discovery devices to witnesses and interested parties such as a document hold letter during the course of that litigation. Plaintiff cannot show that these actions were calculated to cause damage to Plaintiff or taken "without right or justifiable cause on the part of the defendants," and has not been able to show that Backer's actions were beyond the scope of his professional attorney duties in that judicial proceeding. Thus, Plaintiff's claim for interference with business relations should be dismissed with regards to Backer for it fails to raise a right to relief above the speculative level as required by *Twombly*.

## XV.   Plaintiff has failed to state a claim for Interference with Prospective Economic Advantage.

Plaintiff's claim for interference with prospective economic advantage fails the *Twombly* test for much the same reason as the prior claim for Interference with Business Relations. The Maryland Court of Appeals has stated that "[t]he two types of actions differ in the limits on the right to interfere with which will be recognized in either case… a broader right to interfere with economic relations exists where no contract or a contract terminable at will is involved." *Beck*, 2012 U.S. Dist. LEXIS at 10-12. The elements of the claim are identical to the prior claim for interference with Business Relations, namely: "(1) intentional or willful acts; (2) calculated to cause damage to the plaintiffs in their lawful business; (3) done with the unlawful purpose to cause such damage and loss without right or justifiable cause on the part of the defendants (constituting malice); and (4) resulting in actual damage and loss." *Kaser v. Fin. Prot. Mktg, Inc.* 831 A.2d 49, 53 (Md. 2003). Plaintiffs must further identify with specificity a possible future relationship which is likely to occur "absent the interference". *Baron Fin. Corp. v. Natanzon*, 471 F. Supp. 2d 535, 546 (D. Md. 2006).

Plaintiff has merely recited the elements of the claim by alleging that Backer "intentionally and willfully" acted to "disrupt and deprive Plaintiff of future business" with "actual damages and loss" resulting.  (Second Amended Complaint, ¶¶ 265-68). Plaintiff does not indicate how, or in what manner, Backer allegedly deprived Plaintiff of future business which was likely to occur nor does Plaintiff identify what alleged damage and loss occurred as a result. Plaintiff's allegations again fail to expand beyond Backer's legal representation of Defendant Walker in the prior litigation. These bare allegations fail to "raise a right to relief above the speculative level." Thus, Plaintiff's claim for interference with prospective economic advantage should be dismissed with regards to Backer in accordance with the *Twombly* standard.

### XVI.   Plaintiff has failed to state a claim for Battery against Backer.

Plaintiff fails to state a claim against Backer for battery. (Second Amended Complaint, ¶¶ 270-74).  Plaintiff's only claim for battery is against Defendant Walker, and Plaintiff does not mention or implicate Backer in any manner. Thus, Plaintiff's claim for battery against Backer should be dismissed.

### XVII.  Plaintiff has failed to state a claim for Intentional Infliction of Emotional Distress.

A claim for intentional infliction of emotional distress requires the following: "(1) The conduct must be intentional or reckless; (2) the conduct must be extreme and outrageous; (3) there must be a causal connection between the wrongful conduct and the emotional distress; (4) the emotional distress must be severe." *Mitchell v. Balt. Sun Co.*, 883 A.2d 1008, 1024 (Md. Ct. Spec. App. 2005) (citations omitted). Maryland courts have cautioned that the tort of intentional infliction of emotional distress is to be used "sparingly" and only for "behavior that includes truly outrageous conduct." *Ky. Fried Chicken Nat'l Mgmt. Co. v. Weathersby*, 607 A.2d 8, 11 (Md. 1992).

22

Plaintiff's claim for intentional infliction of emotional distress should be dismissed because Plaintiff provides insufficient facts to allege that Backer's conduct was extreme or outrageous or that a causal connection exists between Backer's conduct and the alleged emotional distress. (Second Amended Complaint, ¶¶ 275-79). These allegations are certainly not intentional, reckless, extreme, or outrageous, and do not relate to wrongful conduct causing emotional distress to Plaintiff.  Plaintiff further describes no severe emotional distress. (Second Amended Complaint, ¶ 280). Therefore, Plaintiff's claim cannot support a claim for intentional infliction of emotional distress under the pleading standards of *Twombly*, and should be dismissed. Additionally, as discussed above, collateral estoppel now bars Plaintiff from re-litigating all issues, and res judicata bars Plaintiff from re-litigating same cause of action, against Backer that he has already litigated unsuccessfully in that Maryland state court case.

### XVIII. Plaintiff has failed to state a claim for Conspiracy to Commit State Law Torts.

Plaintiff fails to state a claim for conspiracy to commit state law torts on the part of the Defendants. Under Maryland law, a "civil conspiracy is a combination of two or more persons by an agreement or understanding to accomplish an unlawful act . . . with the further requirement that the act or the means employed must result in damages to the plaintiff." *Green v. Washington Suburban Sanitary Comm'n*, 269 A.2d 815, 824 (Md. 1970). Additionally, Maryland courts have consistently held that civil conspiracy is not a separate tort capable of independently awarding damages absent other tortious injury to Plaintiff.  *Alleco, Inc. v. Harry & Jeanette Weinberg Found., Inc.*, 665 A.2d 1038, 1044-45 (1995)). Therefore, Plaintiff has failed to allege the underlying tort claims that were the alleged source of Plaintiff's specific injury, and Plaintiff cannot merely make a conclusory claim for civil conspiracy under Maryland law.

Plaintiff's conspiracy claim should be dismissed because he fails to provide any facts to support his claim for either conspiracy or underlying torts under the law of Maryland. Plaintiff has provided no evidence of any specific violation of a Maryland statute or any tort claim whatsoever in his Second Amended Complaint, instead simply alleging that "[d]efendants conspired with each other to commit the state law tortious acts alleged above." (Second Amended Complaint, ¶¶ 281-83). Therefore, Plaintiff's claim for conspiracy to commit state law torts should be dismissed under the *Twombly* standard.

## CONCLUSION

For the foregoing reasons, Backer respectfully requests that this Court dismiss Plaintiff's Second Amended Complaint in its entirety for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), Federal Rules of Civil Procedure 8, Local Rules 6(c), and in accordance with the controlling state law as to limited liability, double recovery, collateral estoppel, res judicata, the immunity of counsel, and the anti-SLAPP statute.

## PRAYER FOR RELIEF

Wherefore, having stated his Motion to Dismiss, Defendant Backer prays for relief as follows:

1. An Order dismissing the instant case with prejudice.

2. Attorney's fees and costs.

3. An Order for injunctive relief to enjoin Plaintiff Brett Kimberlin from initiating any further frivolous and meretricious litigation without the prior approval by a court appointed special master or the posting of a bond in accordance with such order to be paid as fees for the dismissal of such claims;

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

 /s/
Christina Pauline Sirois
DB Capitol Strategies PLLC
203 South Union Street Suite 300
Alexandria, Virginia 22314
(571) 207-6451 Direct
(202) 478-0750 Fax
csirois@dbcapitolstrategies.com
Bar No. 802079

 /s/
Thomas J. Koukolis
Parker, Simon, & Kokolis, LLC
110 North Washington Street, Suite 500
Rockville, Maryland 20850
301-656-5775 Office
301-656-7834 Fax
tj@pskfirm.com
Bar No. 16728

*Counsel for Dan Backer*

Dated: August 20, 2014