IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

BRETT KIMBERLIN,

    *Plaintiff*,

    *v.*

NATIONAL BLOGGERS CLUB, *et al.*,

    *Defendants*.

Case No.: CVPWG-13-3059


**MEMORANDUM OF LAW IN SUPPORT
OF THE MOTION BY DEFENDANT
ACE OF SPADES BLOG TO DISMISS THE
SECOND AMENDED COMPLAINT**


Ronald D. Coleman (*Pro Hac Vice*)
GOETZ FITZPATRICK LLP
One Penn Plaza—Suite 3100
New York, NY 10119
(212) 695-8100
rcoleman@goetzfitz.com

T. Bruce Godfrey (Bar No. #24596)
LAW OFFICE OF BRUCE GODFREY
Box 444
Reisterstown, MD 21136
(410) 561-6061
godfrey@brucegodfrey.com

*Attorneys for Defendants
Patrick Frey, Mandy Nagy and Ace of Spades*

## PRELIMINARY STATEMENT

Pursuant to Fed. R. Civ. P. 12(b)(6), defendant Ace of Spades – a blog written by one or more anonymous authors – through its undersigned counsel, respectfully moves this Court to dismiss the claims against it in the Second Amended Complaint ("SAC").

The Court has, by this juncture, had the opportunity to read a series of characterizations of this lawsuit by other defendants who have moved to dismiss it. Surely the Court has had its fill of recapitulations of the facts alleged in the SAC; of the facts of record concerning the plaintiff's notorious past as a violent criminal and serial abuser of the court system; and of the outraged rhetoric understandably utilized by the people victimized by this litigation simply for enjoying the privilege of free speech. Defendant Ace of Spades, in joining in these motions, has every reason to join in the outrage of those who have made them. It recognizes, however, that it has a tactical and practical interest in avoiding unnecessary repetition. For this reason, the Court's familiarity with the facts common to the claims against all the defendants and, in the main, the legal analysis on which their motions are based, is assumed, and will not be restated here.

Indeed, the claims against Ace of Spade are, like the claims against the other conservative bloggers in this action, legally meritless, and for more or less the same reasons. Thus, based on the analysis and authority presented in the briefs of the other moving defendants and briefly recapitulated below, it is submitted that the Court should dismiss the SAC for the following reasons:

(1) The complaint fails to state a claim under RICO. Plaintiff is not a victim of any of the alleged racketeering acts, his allegations of fraud are not pled with particularity, and he has failed to allege a pattern of racketeering acts.

(2) Plaintiff has failed to state a claim under 42 U.S.C. § 1985, having omitted to allege invidious discrimination by anyone, including Ace of Spaces, against any person who is a member of a protected class.

(3) Plaintiff's false light claims are, on their faces, not based on facts that make out a claim under that tort, including actual malice; they are barred by the statute of limitations; they fail to identify false statements with specificity; and the statements about which they complain are protected by privilege under Maryland law and the First Amendment.

(4) Plaintiff's claim for interference with prospective economic fails because plaintiff fails to allege any specific future business relationship affected by defendants' alleged actions; and,

(5) The claim for intentional infliction of emotional distress does not specify damages as required by Maryland law, and targets conduct that is protected by the First Amendment: speech concerning a matter of legitimate public concern.

For these reasons, as set forth in detail herein, the Court should dismiss the SAC without leave to amend.

## STATEMENT OF FACTS

Defendant Ace of Spades adopts the Statement of Facts set forth in the moving briefs of the other defendants, and in particular the submissions by defendants Patrick Frey and Mandy Nagy, with whom it shares counsel, regarding the single most relevant fact bearing on this Court's consideration of these motions:  That plaintiff Brett Kimberlin instituted this action to repress public discussion of his conviction for a terroristic act of mayhem for which he has never

2

expressed regret, and who has stymied every lawful attempt of his victims to collect the compensation from Kimberlin that the law has charged him to pay.

In their moving brief, defendants Frey and Nagy summarized the facts concerning his violent criminal past that Kimberlin seeks, through this litigation, to prevent from further public discussion. They are not repeated here, especially inasmuch as they have been thoroughly adjudicated in published decisions of various other courts, as have been a portion of his track record of abusive use of the litigation process. *See*, *Kimberlin v. DeLong*, 637 N.E.2d 121, 130 (Ind. 1993); *Kimberlin v. White*, 7 F.3d 527 (6th Cir. 1993); *Kimberlin v. U.S. Department of Justice*, 788 F.2d 434 (7th Cir. 1986); *Kimberlin v. Dewalt*, 12 F. Supp. 2d 487, 493 (D. Md. 1998) *aff'd sub nom. Kimberlin v. Bidwell*, 166 F.3d 333 (4th Cir. 1998); *Kimberlin v. Department of Justice*, 318 F.3d 228 (D.C. Cir. 2003); *Kimberlin v. U.S. Parole Com'n*, 15 Fed.Appx. 63 (4th Cir. 2001); and – a disposition remarkable if only for its caption – *Kimberlin v. Judges, Fourth Circuit Court of Appeals*, 188 F.3d 502 (4th Cir. 1999) (Table, Text in WESTLAW), Unpublished Disposition 1999 WL 651820 99-6744.

The facts summarized in the Frey / Nagy brief, based on the cited cases, both provide context for the factual allegations of the SAC and bear directly on the issue of its defamation-related claims. As to the SAC's factual allegations of conduct by defendant Ace of Spades, these are summarized as follows.

### 1. Blogs and blogging – protected speech of defendant Ace of Spades

It should not be lost on the Court, in considering the allegations of plaintiff's amended pleading, that the SAC does not describe defendant Ace of Spades as a natural person. Rather, according to the SAC, "Defendant Ace of Spades is a blog registered by Michelle Kerr . . . and it is written by an anonymous blogger." (¶ 23.) That anonymous blogger is not named as a party in this action, even in the guise of a "John Doe." This is true notwithstanding the SAC's

3

subsequent use of the pronouns "he" or "him" to describe the blog's alleged conduct, which may refer to the non-party "anonymous blogger" referred to in the SAC or, perhaps, is meant as a male personification of the blog itself. The SAC includes no allegations whatsoever concerning the organization of Ace of Spades (i.e., whether it is controlled by a corporate entity), the relationship of the alleged anonymous blogger to the Ace of Spades blog, or any facts to suggest plaintiff's basis for inferring that only one anonymous blogger contributes to the defendant publication.

Nonetheless, the SAC alleges, as the basis for its claims against the blog, the publication of a number of posts that Kimberlin places at the crux of his supposed persecution (¶ 92). The content of these posts, as applied to the respective claims against the blog in the SAC, are addressed separately below. Separately, it should be noted that the SAC alleges that not until June 4, 2012 did the Ace of Spades blog "join" what the supposed "RICO Conspiracy." No actions, therefore, of that supposed conspiracy which are alleged to have occurred prior to that date can be charged, in any sense, to the Ace of Spades blog.

    **2.    The "swatting" directed at various defendants and the claim that the Ace of Spades blog placed Kimberlin in a false light by accusing him of instigating these incidents**

"Swatting" is the act of calling police and falsely reporting the present occurrence of a serious, potentially violent crime at the address of the swatting victim, initiating a massive police or SWAT team response that both unnerves and intimidates the victim but place him and his family in mortal danger. (¶ 2.) According to the SAC, at some point between December 2011 and May 2012 – prior to any alleged involvement by the Ace of Spades blog in their "conspiracy" – various defendants "concluded that they had to create a more sinister false narrative against Plaintiff that would result in criminal and Congressional investigations." They did so, the SAC alleges, by deciding to falsely accuse Kimberlin of having "swatted" them. (¶

4

37.) As the Frey / Nagy moving brief demonstrates, of course, all of the defendants are public critics of Kimberlin, and three of them have been swatted. (¶¶ 57, 82, 83.)

Defendants Ace of Spades addresses the legal insufficiency of the respective claims against it as follows.

**LEGAL ARGUMENT**

**A.     The Court treats only the well-pleaded allegations of the Second Amended Complaint as true.**

As set out in the prior submissions of defendants, on a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the Court should treat as true only the "well-pleaded" facts in a complaint, while giving little or no weight to conclusory allegations as well as attenuated factual inferences or deductions of fact. "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 554, 555 (2007); see, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And, of course, the Court should not "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain,* 478 U.S. 265, 286 (1986). Specific facts which, taken as a whole, amount to legal claims cannot be replaced with mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action" under Rule 12(b)(6). *Bell Atlantic Corporation v. Twombly*, 550 U.S. 554, 555 (2007). The SAC is extremely verbose; when trimmed of rhetoric, adjectives and conclusory language, however, it contains very little factual information – not nearly enough to support the claims against Ace of Spades.

**B.     The SAC fails to state a claim under RICO**

"To state a claim for relief based on a violation of 18 U.S.C. § 1962(c), a plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Bhari Info. Tech. Sys. Private Ltd. v. Sriram*, PWG-13-1480, 2013 WL 6231389 (D. Md. Dec. 2, 2013)

(citations omitted). At least two unlawful predicate acts must be alleged to satisfy RICO's pattern element. *H.J. Inc. v. Northwestern Bell Telephone Co.* 492 U.S. 229, 237 (1989). Additionally, a series of such acts forms a pattern of racketeering activity only when a plaintiff shows both **continuity** and a **relationship among them**. *Id.* at p. 240. To establish the second component, i.e., a **pattern**, the allegations must make out "**repeated** criminal [or tortious] activity, not merely repeated acts to carry out the same . . . scheme." *Ford Motor Company v. B&H Supply, Inc.* 646 F.Supp. 975, 1000 (D. Minn. 1986) (emphasis added). Multiple predicate acts that are factually isolated from the overall operation of racketeering activity, do not constitute a pattern. *Sedima, S.P.R.L. v. Imrex Co., Inc.* 473 U.S. 479, 497, fn. 14. (1985). Furthermore, because RICO is a cause of action sounding in fraud, a plaintiff must satisfy the heightened pleading standard of Fed. R. Civ. P. 9(b) and allege fraudulent conduct with particularity to avoid dismissal. *Menasco, Inc. v. Wasserman,* 886 F.2d 681, 684 (4th Cir. 1989).

As set forth at length in the other defendants' moving briefs, the SAC fails to sufficiently allege a RICO violation for numerous reasons. For one, it never alleges a cognizable injury to Kimberlin himself that proximately caused by any predicate act, which deprives him of standing under RICO claims. Secondly, he fails to allege a specific pattern of racketeering activity as the RICO statute requires, but merely alleges a "plot" directed against a single victim. And, not least, the conduct he describes is, and of itself no more than lawful expression protected by the First Amendment – at best, a conspiracy of commentary. For these reasons, the RICO-related claims of the SAC must, as a matter of law, be dismissed, as set out in detail below.

          1.      **Plaintiff has no standing to make a RICO claim because the SAC fails to allege injury proximately caused by a predicate act.**

A self-styled RICO plaintiff who fails to allege that he suffered harm arising from the predicate acts making up a supposed RICO enterprise is, in fact, no RICO plaintiff at all, for by

this omission he lacks standing and has no right to relief under RICO. See, *Walters v. McMahen*, 684 F.3d 435, 443 (4th Cir. 2012) *cert. denied*, 133 S. Ct. 1493, 185 L. Ed. 2d 548 (U.S. 2013) (dismissing civil RICO claim for failure to plead injury proximately caused by tortious acts). The injury cannot be merely implied by the facts nor even alleged explicitly to be an **indirect** result of the predicate act: The link between the asserted injury and the RICO activity must rise to the level of proximate cause. *Jackson v. Nat'l Ass'n for Advancement of Colored People*, 12-20399, 2013 WL 5530576 (5th Cir. Oct. 8, 2013).

This the SAC fails to do. Kimberlin never alleges a fraudulent or other RICO predicate act of which he is the victim. Even where it alleges that the defendants tried to "intimidate" him, the SAC never breaches the wall between RICO and ego to suggest, much less allege as required, that a man of Brett Kimberlin's courage and fortitude could, in the end, ever actually **be** intimidated. This is, after all, a man who even "**warn[ed] his [own] probation officer** not to attempt enforcement of the [wrongful death] Indiana judgment." *Kimberlin v. Dewalt*, *supra*. These are not RICO injuries; nor are his allegations that he was a defendant in a lawsuit or a participant in settlement discussions connected to that lawsuit. It is not a tort, a fraud or crime to sue someone, as this plaintiff is well aware.

Kimberlin lists a number of other "injuries" in his RICO claim, including "having his employer defamed," which would appear to be a claim available to his employer, but not to Kimberlin; "having to spend untold hours, days, weeks, months and years," as well as unspecified amounts of money, "defending against the false narratives," which raises the unique "false narrative" nexus of RICO harm that, to defendant's knowledge, no court in this Circuit or any other has yet adopted; "losing employment and funding [*sic*] opportunities," which are neither specified nor factually connected to any predicate act; and a number of other alleged

7

harms described in ¶ 204 of the SAC in clauses beginning with the word "having" regarding which defendant is simply unable to make heads or tails.[1]

Because none of the alleged predicate acts alleged in the SAC could, as pled and as a matter of law, have proximately caused the "injuries" allegedly suffered by plaintiff, he lacks standing to assert a claim against any of the defendants under RICO, and his RICO claim should be dismissed.

### 2. The SAC fails to allege facts concerning its fraud-based claims with particularity.

The SAC's RICO cause of action relies in part on predicate acts sounding in fraud. None of these is of any legal significance, however, because they fail to allege **facts** which, if true, would amount to fraud at the level of particularity required by Fed. R. Civ. P. 9(b). The SAC fails to meet these requirements concerning the fraud-based claims against the blog he is suing, i.e., defendant Ace of Spades. Indeed, it is incoherent to allege the commission by a blog – an online journal – of postal or wire fraud, considering how seldom blogs are trusted with money at all.

To the extent that these allegations were to be read as directed to acts of the "anonymous blogger" alleged to write the Ace of Spades blog (which blog, again, is the named defendant in this action, as opposed to its contributors), such an inference would be generous. But if made, it would constitute yet another step in the opposite direction of the specificity required by Rule 9(b). "Rule 9(b) requires pleading the time, place, and content of the false representations, the person making them, and what that person gained from them." *Proctor v. Metro. Money Store*

---

[1] These last allegations in ¶204 describe the injury suffered by Kimberlin as "having attempted interference with his business relationships and his contract to remain employed by his employer, having interference with prospective business advantage, [and] having interference with his business as a musician, composer and manager . . ."

8

*Corp.*, 645 F. Supp. 2d 464, 473 (D. Md. 2009) (internal quotes and citations omitted). For these reasons, dismissal of the SAC's RICO claim is mandated by Fed. R. Civ. P. 9(b).

### 3. The SAC fails to allege a pattern of racketeering activity

The SAC's civil RICO claim also fails to enunciate a pattern of racketeering activity, i.e., "facts establishing that the racketeering predicates are related and that they amount to or pose a threat of continued [unlawful] activity." *Bailey v. Atl. Auto. Corp.*, CIV.A. MJG-13-1243, 2014 WL 204262 at *18 (D. Md. Jan. 17, 2014) (internal quotes and citations omitted). That activity, moreover, must be specifically allege acts constituting "fraudulent conduct beyond that directed to Plaintiff . . ." *Id.* at *19, citing *Menasco, Inc. v. Wasserman*, 886 F.2d 681, 684 (4th Cir. 1989) (alleged actions directed towards a "single fraudulent goal" fail to satisfy the continuity prong of RICO's pattern requirement). Here too the SAC alleges, for all its twists and turns, nothing but a scheme by defendants to "spread falsehoods" about or "smear" **one and only one** alleged victim: Brett Kimberlin (notwithstanding the stretch of his victimhood to include his unnamed employer whose alleged injury is not even remotely described). The SAC does contain a hodgepodge of wire fraud and money laundering schemes which are supposedly related to the "big racket," i.e., the conspiracy to spin "false narratives" about Kimberlin. But Kimberlin never explains what that relationship might be, and for that reason too his RICO claims deserve to be dismissed.

### C. The SAC fails to state a claim under 42 U.S.C. § 1985

The SAC includes a claim for conspiracy under 42 U.S.C. §§ 1985(2) and (3), known as the Ku Klux Klan Act. Conspiracy claims under § 1985(2) are based on acts impeding or obstructing justice in a state court in order to deny equal protection of the laws where "the objective of the conspiracy must be to deprive the victims of their equal protection rights" based on their membership in a **constitutionally protected class**. *Rockwell v. Mayor & City Council of Baltimore*, CIV.A. RDB-13-3049, 2014 WL 949859 (D. Md. Mar. 11, 2014). Kimberlin does

9

not, however, allege that he is a member of any such class which, in any event, is a narrowly-defined concept based on the Reconstruction era in which the law was passed; for this reason, the Fourth Circuit has declined to extend the Act's protection to purported classes such as those who are a member of a political party. *Harrison v. KVAT Food Management, Inc.*, 766 F.2d 155, 162 (4th Cir. 1985).

The same requirement must be met under § 1985(2), the statute relied on by Kimberlin. *Id*. It is not enough, therefore, to allege that the Ace of Spades blog had an animus against Kimberlin for him to sustain his claim against it under § 1985(3). He must allege that the animus possessed by the blog resulted from his membership in a specified class of people protected by § 1985 – meaning that the unlawful act complained of, and which was the subject of the alleged conspiracy, was motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). The SAC contains no such allegation, and the § 1985 claims must therefore be dismissed.

D. **The SAC fails to state a claim for false light invasion of privacy.**

False light invasion of privacy requires a plaintiff to allege that the defendant has publicly, and knowingly – or with actual malice – placed the plaintiff in a false light which "would be highly offensive to a reasonable person." *Furman v. Sheppard*, 130 Md. App. 67, 77 (2000). Just as plaintiff's claim for defamation does not name defendants Patrick Frey or Mandy Nagy but includes them as defendants in his claim for false light invasion of privacy, so too is the latter tort alleged to have been committed by defendant Ace of Spades. As set forth in the submissions by each defendant, however, this claim is legally deficient on various grounds, including the statute of limitations and Maryland's law on defamation. "In Maryland, a claim for false light invasion of privacy may not stand unless the claim also meets the standards for defamation." *Crowley v. Fox Broadcasting Co.*, 851 F.Supp. 700, 704 (1994).

These standards include the statute of limitations. *Smith v. Esquire, Inc.*, 494 F.Supp. 967, 970 (D. Md. 1980); *Piscatelli v. Van Smith*, 35 A.3d 1140, 1146-47 (Md. 2012). Maryland's statute of limitations for defamation is one year, Md. Code Ann., Cts. & Jud. Proc. § 5-105 (West), which is measured beginning with the date of publication of the defamatory material. *Interphase Garment Solutions, LLC v. Fox Television Stations, Inc.*, 566 F. Supp. 2d 460, 464 (D. Md. 2008). The four blog posts on the Ace of Spades blog set out in the SAC are dated no later than June 22, 2012 and the initial complaint in this case was filed on October 15, 2013. This is entirely dispositive as to Kimberlin's false light claim.

The false light claim also fails to specify the alleged defamatory statements and allege facts demonstrating that the statement in question placed him in an objectively false light. Such a failure "to specify any inaccurate statements" is fatal to any claim sounding in defamation, including a false light claim. *Brown v. Experian Credit Reporting*, 12-CV-2048-JKB, 2012 WL 6615005 (D. Md. Dec. 17, 2012). Additionally, the SAC fails to allege actual malice, a requirement where the plaintiff is someone like Kimberlin who is a public figure and where, as here, the topic of discussion is a public matter. *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 377-78 (4th Cir. 2012) (dismissing defamation claim including only conclusory allegation of malice).

All this comes atop the most egregious aspect of Kimberlin's false light claim: The fact that it is premised almost entirely on obviously privileged expression which is protected by the First Amendment and by Maryland's "fair comment" privilege, which provides that "any member of the community may, without liability, honestly express a fair and reasonable opinion or comment on matters of legitimate public interest. The reason given is that such discussion is in the furtherance of an interest of social importance, and therefore it is held entitled to

11

protection even at the expense of uncompensated harm to the plaintiff's reputation." *Piscatelli v. Van Smith*, 35 A.3d 1140, 1151-52 (Md. 2012), citing *A.S. Abell Co. v. Kirby*, 176 A.2d 340, 342 (Md. 1961). Similarly, to the extent Kimberlin complains about members of the "conspiracy" seeking the involvement of law enforcement or other government officials in addressing their fears about the dangerous conduct seemingly connected to Kimberlin, too is absolutely privileged conduct under Maryland as a statement made with the direct purpose or effect of producing a judicial or quasi-judicial proceeding, *Adams v. Peck*, 288 Md. 1, 4 (1980), which applies "even if [the witness's] purpose or motive was malicious, he [or she] knew that the statement was false, or his [or her] conduct was otherwise unreasonable," to allow the greatest possible freedom to witnesses to speak without fear of being sued at some later date. *Id*. at 288 Md. at 3.

    Considering each of the particular posts in detail, none can be said to meet the standard of Maryland law for a defamation claim. Similarly, the SAC complains of a June 4, 2012, post found at http://ace.mu.nu/archives/329849.php, which, he says, "imputed" that Kimberlin was involved with the swatting of his public critics, focusing on the excerpted words, "They are literally going to get someone killed. That is their endgame here . . . Brett Kimberlin and his stalker crew ...." Kimberlin, however, is once again asking the Court to read words that are not there and ignoring the obviously hyperbolic quality of words such as "they're going to get somebody killed" – which, if taken literally, would amount to statement not so much defamatory as prophetic.  No one, obviously, believes that even one as talented as the Ace of Spades blogger who wrote this post is endowed with precognition; no more so than one takes as literal truth a mother's warning to a child that, if further care is not taken, "you're going to put someone's eye out."

The next "false light" post, http://minx.cc/?post=329569, first republishes material written by defendant Patrick Frey on his Patterico blog, and then describes Frey's post as "a shocking exposition of just how nefarious Kimberlin and his henchmen **are alleged** to be" – not a claim that Kimberlin himself is "nefarious," even if "being nefarious" could be construed as a false allegation of purported fact rather than the expression of a subjective opinion.[2] So too with his claim that the post found at http://ace.mu.nu/archives/330355.php places him in a false light because it describes him as being engaged in an "endless campaign of harassment, intimidation, and lawfare" – all of which is amply demonstrated by the record already before the Court.

Another post named in the SAC, found at http://ace.mu.nu/archives/329494.php, the "target," according to the SAC, is Kimberlin's employer, "saying that the non profit gets donations to subsidize my "harassment and abuse...." This, however, is not what the blog post says. What it says is that because he is the principal of a 501(c)(3), Kimberlin's conduct – which in the author's opinion constituted "harassment and abuse" – should, in an ideal world, be grounds for scrutiny concerning that organization. The post goes on to suggest a change in the law along these lines, which may offend Brett Kimberlin, but does not constitute defamation.

Besides being, perhaps, an actual thug, Kimberlin himself is no stranger to hyperbole either. Thus, in describing a post found at http://ace.mu.nu/archives/329977.php**,** he writes that "Ace goes all out on defamation" – but, in fact, fails to allege any defamatory content at all. The

---

[2] Notably this post was, by its own terms and as stated explicitly in the body of the post, published on the Ace of Spades blog by an author identified as "Andy," which presumably is not the single "anonymous blogger" alleged in the SAC as the source of blog posts found on the Ace of Spades blog. "Andy" himself is not a party to this action. For this reason, the Ace of Spades blog – at least with respect to this post – should be treated as an interactive computer provider, exempt under 47 U.S.C. § 230 Ace from claims arising under state law and based on conduct of third persons.

hyperbolic, if redundant, claim that Kimberlin in involved in "lawless vigilantism" is not defamatory, not referring to any specific act of vigilantism or even, frankly, amenable to understanding as literal truth considering the meaning of the word.  Similarly, Kimberlin's supposed offense taken by the post's employment of the word "scam" in connection with his conduct is not actionable; the word is well-established in defamation law as a subjective characterization or expression of opinion, not typically capable of giving rise to liability in contexts such as this one which do not posit specific criminal acts. See, *Potomac Valve & Fitting Inc. v. Crawford Fitting Co.*, 829 F.2d 1280, 1288 n. 21, citing *McCabe v. Rattiner*, 814 F.2d 839, 842 (1st Cir.1987).

The SAC goes on to focus on a comment in the post accusing Kimberlin of "digital (and real-life) terrorism" – again, a hyperbolic reference to Kimberlin's history of abusive legal actions and threats of legal action against his online ("digital") critics – and a description of him as a "menace," which – based on this lawsuit, by all indications is, again, both assuredly a subjective expression of opinion and very likely defensible purely as a true statement.

Indeed, that Brett Kimberlin could urge this Court to deem defamatory a description of himself as a "menace" is no small thing, considering the facts as set out in this Court's recent decision in an action styled *Kimberlin v. Anonymous Blogger Unmasked*, 2014 WL 824142 (D. Md., February 28, 2014):

> The Plaintiff is no stranger to the processes of this Court. Following his conviction United States District Court for the Southern District of Indiana for possession of a firearm not registered to him, manufacture of a firearm, maliciously damaging by explosion the property of an entity receiving federal financial assistance, and damaging property of a business used in and effecting interstate commerce, which was affirmed in *United States v. Kimberlin,* 805 F.2d 210 (1986), he commenced numerous cases in this Court against the United States Parole Commission, in *Brett C. Kimberlin v. Department of Justice and U.S. Parole Commission,* 98–cv–00730–AW; *Brett Kimberlin v. United States Parole Commission, et al.,* 97–cv–03829–AW; *Brett C. Kimberlin v. United States*

14

>*Parole Commission,* 97–cv–02066–AW; *Brett C. Kimberlin v. U.S. Parole Commission, et al.,* 97–cv–01687–AW, and *Brett C. Kimberlin v. United States Parole Commission,* 97–cv–00431–AW, apparently in relation to his efforts to be paroled from his conviction affirmed by the 7th Circuit in 1986. Following his release on parole, he also brought an action in this Court which was treated as an effort to overturn his Indiana conviction under 28 U.S .C. § 2255. His petition was denied, and the denial was affirmed by the 4th Circuit, *Brett C. Kimberlin v. Warden,* 04–cv–02881–AW. Finally, he has been involved in litigation concerning his personal bankruptcy in this Court, *Brett Coleman Kimberlin v. USA v. In Re Brett Coleman Kimberlin v. James Turner,* 98–cv–03586–AW and *Brett Kimberlin v. U.S. Trustee,* Case No. 8:98–cv–00490–AW. Recently, he brought another action in this Court against numerous Defendants alleging that they had been engaged in a RICO conspiracy, a case which remains pending of this date. *Brett Kimberlin v. National Bloggers Club, et al.,* Case No. 8:13–cv–03059–PWG.

Menace, indeed. The SAC goes on to quote extensive excerpts from the same post – all of it obviously non-actionable as opinion or hyperbole. Similarly, objecting to the post's description of how **another media outlet theorized** regarding certain aspects of Kimberlin's involvement in the Speedway Murders, Kimberlin goes so far as to say, "I had nothing to do with any murder."

Really? This assertion is, perhaps, literally true in the sense that Kimberlin was not convicted of murder, but "merely" received, as this Court recounted in *Kimberlin v. Dewalt*, 12 F.Supp.2d 487, 490 (D. Md. 1998), "a 50–year concurrent sentence for possession of an unregistered destructive device, unlawful manufacturing of a destructive device, malicious damage by means of explosives, and malicious damage by means of explosives involving personal injury" – "personal injury" meaning that Kimberlin's bomb "tore off [Delong's] lower right leg and two fingers … [for which h]e was hospitalized for six weeks, during which he was forced to undergo nine operations to complete the amputation of his leg, reattach two fingers, repair damage to his inner ear, and remove bomb fragments from his stomach, chest, and arm. In February 1983, he committed suicide." *Kimberlin v. DeLong*, *supra*. For this act that Kimberlin insists is surely not murder, he was eventually found liable in a civil action for wrongful death. *Id*.

15

This is the man who is "defamed" by being called a menace? A criminal? Is it defamation, as the SAC claims, for the Ace of Spades post to state, in words that may reasonably be understood as referring to Kimberlin, "You can be a thug if you like"? Yes, in describing someone as a thug one may merely be expressing, however hyperbolically, a non-actionable opinion. In the highly-charged political rhetoric of the blogging world, such terminology is hardly uncommon and rarely perceived as an assertion of empirical fact. But how necessary is it to rely on this fact when, in fact, the man who claims to have been defamed by being called a thug committed the acts described above after being released from prison for conspiracy to distribute 10,000 pounds of marijuana? When that same "non-murderer" was found by this Court in to have detonated, during his bombing spree "during a six day period in September, 1978 eight bombs made of Tovex 200 dynamite . . . placed near homes, buildings, schools and other places open to the public . . ." Brett Kimberlin wants relief for being called a criminal, a thug and a menace despite the fact that, based on the foregoing, it practically an "adjudicated fact" that those words are all too accurate.[3]

Defendant Ace of Spades respectfully submits that this plaintiff has not been defamed and, as set out at length in the memoranda of law submitted by other moving defendants, cannot be defamed by the statements cited by him nor be harmed in a legally cognizable manner by being placed in a false, negative light. For this reason, and based on the foregoing legal grounds concerning the statute of limitation and the failure adequately to meet the pleading requirements of this count, the SAC's claim for false light invasion of privacy should be dismissed.

---

[3] All the facts set off in this paragraph, and many more concerning Kimberlin's career of crime, violence and sociopathy, can be found in *Kimberlin v. Dewalt*, *supra* (emphasis added).

E.  **The SAC fails to state a claim for interference with prospective economic advantage.**

Finally, the SAC's claim for interference with prospective economic advantage manifestly fails to meet the minimal pleading standard. To sustain such a claim, a plaintiff "must allege more than a disruption of a future relationship to a yet to be determined party – a 'reasonable probability' must be shown that 'a contract will arise from the parties' current dealings.'" *Baron Fin. Corp. v. Natanzon*, 471 F. Supp. 2d 535, 542 (D. Md. 2006). In contrast, where a party "fail[s] to identify a specific future relationship" prevented from coming to fruition because of defendant's acts, such a claim fails as a matter of law. *Mixter v. Farmer*, 215 Md. App. 536, 549 (2013).

None of the vague allegations of the SAC identifies a **specific** future relationship that was affected, much less destroyed, by any conduct of Ace of Spades, and for this reason it fails to state a claim for which relief can be granted.

F.  **The SAC fails to state a claim for intentional infliction of emotional distress.**

Kimberlin, who has distinguished himself in life by inflicting so much emotional distress on an innocent human being that he killed himself to end the agony, nonetheless claims here that by discussing this, and related facts, on their blogs, defendants have committed a tort for which he is entitled to relief. But besides the fact the U.S. Supreme Court, in *Snyder v. Phelps*, 131 S.Ct. 1207 (2011), rejected the suggestion that the First Amendment should bow to even the most extreme conduct leading to emotional distress, the SAC's claim for intentional infliction of emotional distress fails to identify conduct by the Ace of Spades blog that is causally connected to **severe** emotional distress. Boilerplate allegations of generic "pain and suffering" and "mental anguish" . . . fail to plausibly allege the extreme and severe emotional distress necessary to satisfy the requirements of Maryland law, and as such, the claim must be dismissed." *Id*.

"Maryland courts require the element of severe emotional distress to be pled with particularity." *Id*. Kimberlin's throwaway claim for emotional distress should be thrown away for the same reason.

### G. The Court Should Dismiss Without Leave To Amend Again

Leave to amend a complaint should be denied where "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Alston v. United Collections Bureau, Inc.*, CIV.A. DKC 13-0913, 2014 WL 859013 (D. Md. Mar. 4, 2014). As set forth at length in the other defendants' moving briefs, Brett Kimberlin's Second Amended Complaint constitutes such a case.

### CONCLUSION

Based on the foregoing, this Court should dismiss the Second Amended Complaint with prejudice.

**GOETZ FITZPATRICK LLP**

By: _____
   RONALD D. COLEMAN (*Pro Hac Vice*)

One Penn Plaza—Suite 3100
New York, New York 10119
(212) 695-8100
rcoleman@goetzfitz.com

T. Bruce Godfrey (Bar No. #24596)
Law Office of Bruce Godfrey
Box 444
Reisterstown, MD 21136
(410) 561-6061
godfrey@brucegodfrey.com

*Attorneys for Defendants*
*Patrick Frey, Mandy Nagy and Ace of Spades*

Dated: October 27, 2014