**GOETZ FITZPATRICK** LLP
Attorneys at Law   www.goetzfitz.com
One Penn Plaza, New York, NY 10119 | (T) 212-695-8100 | (F) 212-629-4013

Ronald D. Coleman
rcoleman@goetzfitz.com

November 18, 2014

**BY ECF**

Hon. George J. Hazel, U.S.D.J.
United States District Court
U.S. Courthouse
6500 Cherrywood Lane
Greenbelt, MD  20770

        Re:  **Kimberlin v. National Bloggers Club**
             **Docket No. 8:13-cv-03059-GJH**

Dear Judge Hazel:

      We represent defendant Ace of Spades blog ("Ace of Spades") in this matter and write in response to the letter from plaintiff Brett Kimberlin filed with the Court on November 6, 2014, concerning anonymity (Document 222).[1]

      Mr. Kimberlin states, erroneously, that our client's motion to dismiss is premised on the fact the he "ha[s] not identified Ace as a 'natural person." What our client's motion (Document 212) says regarding this matter is as follows:

> It should not be lost on the Court, in considering the allegations of plaintiff's amended pleading, that the SAC does not describe defendant Ace of Spades as a natural person. Rather, according to the [Second Amended Complaint], "Defendant Ace of Spades is a blog registered by Michelle Kerr . . . and it is written by an anonymous blogger." (¶ 23.) **That anonymous blogger is not named as a party in this action, even in the guise of a "John Doe."** This is true notwithstanding the SAC's subsequent use of the pronouns "he" or "him" to describe the blog's alleged conduct, which may refer to

---

[1] We write, as we have moved to dismiss the claims against Ace of Spades, without prejudice to, and reserving all rights with respect to, our client's previously-stated position regarding the sufficiency of service on him in this matter.

the non-party "anonymous blogger" referred to in the SAC or, perhaps, is meant as a male personification of the blog itself. The SAC includes no allegations whatsoever concerning the organization of Ace of Spades (i.e., whether it is controlled by a corporate entity), the relationship of the alleged anonymous blogger to the Ace of Spades blog, or any facts to suggest plaintiff's basis for inferring that only one anonymous blogger contributes to the defendant publication.

In short: Mr. Kimberlin's own pleading describes the defendant as "a blog . . . written by an anonymous blogger." The fact that plaintiff conflates that blog with one of its (multiple) authors does not change that fact. Mr. Kimberlin, who has so far had three opportunities to tweak his complaint, **could** have described "Ace of Spades" as a person, i.e., a contributor to the blog. He did not, and, indeed, the answers to his pretend questions (e.g., is "Ace" a law enforcement official?) can all be found in Second Amended Complaint, which either includes the relevant factual allegations – on information and belief or otherwise – or does not.

Moreover, if Mr. Kimberlin had, contrary to fact, taken the "John Doe" route, he would have to answer the question raised repeatedly in this Circuit about the propriety of maintaining actions against anonymous defendants in general. See, e.g., *Price v. Marsh*, No. 2:12-CV-05442, 2013 WL 5409811, at *5 (S.D.W. Va. Sept. 25, 2013) ("I simply do not see how it could be possible for a plaintiff to "allege 'enough facts to state a claim to relief that is plausible on its face' . . . without knowing the identity of the party against whom the claim is being asserted"; dismissing John Doe defendant from action). As it stands, however, the pleadings explicitly refer to a blog written by an anonymous unnamed party. While Mr. Kimberlin may have a particular beef with a particular author of that blog, that person is not a party and this action includes no claims against him. Any disclosure regarding that person's identity should await the discovery process, if there is one, following the Court's disposition of the pending dispositive motions.

On that note, it is necessary to briefly address the claim in Mr. Kimberlin's November 6th letter that "The case law is clear that anonymous bloggers should be identified where, as here, the plaintiff makes a prima facie case of tortious conduct." First, the case law is far from "clear" on this point; to the contrary, the overwhelming weight of authority does not support his position at all.

Mr. Kimberlin cites, for this proposition, the Virginia state court decision in *Yelp, Inc. v. Hadeed Carpet Cleaning, Inc.*, 62 Va. App. 678, 752 S.E.2d 554 (2014) ("*Hadeed Carpet*"). Besides not constituting controlling authority in this Court, the case is utterly inapplicable here. First, *Hadeed Carpet* did not involve bloggers at all; it concerned anonymous commenters on Yelp, a review site. Secondly, in *Hadeed Carpet*, the Virginia court, relying on a standard set forth in a specific statutory enactment of that state, explicitly rejected the standard adopted by the vast majority of courts with respect



Hon. George J. Hazel, U.S.D.J.
November 18, 2014
Page 3 of 3

to disclosure of anonymous speech, typified by Maryland's *Indep. Newspapers, Inc. v. Brodie*, 407 Md. 415, 456, 966 A.2d 432 (2009). Contrary to Mr. Kimberlin's suggestion, *Brodie* does **not** support his position, requiring as it does that, **prior** to ordering such disclosure, a court must "determine whether the complaint has set forth a prima facie defamation per se or per quod action against the anonymous posters." *Id*. at 457. Finally, the decision in *Hadeed Carpet* was explicitly premised on the fact that, *inter alia*, "there was no dispositive motion pending before the circuit court at the time it made its decision." *Hadeed Carpet*, 62 Va. App. at 707, 752 S.E.2d at 568.

Here, of course, there **is** a dispositive motion pending. And, contrary to Mr. Kimberlin's assertion that he has made a prima facie case of tortious conduct, the pending motion to dismiss by Ace of Spades establishes that he has done no such thing. In fact, Mr. Kimberlin offers this "conclusion" concerning the bona fides of his claims despite the fact he has not even responded to the motion to dismiss them. He explains this obvious inconsistency by insisting that he cannot possibly do so absent the relief he seeks.

Mr. Kimberlin's argument places the cart before the horse, however. It is well established that a party may not use discovery as a device to determine **if** he has a cause of action. Yet the questions set forth at the top of page 2 of Mr. Kimberlin's November 6th letter indicate that the purpose of his request is to do just that. Even taken at face value, his request should be denied. After three tries, the time has come for this plaintiff to demonstrate that his pleadings are sustainable under the law or fail to do so.

It is uncommon audacity for a party to assert, before even opposing a motion filed under Fed. R. Civ. P. 12(b)(6), not only that its outcome in his favor is a foregone conclusion, but that a court should defer to that party's conclusion in justifying the compromise of the constitutional rights of another. Audacity, however, is no substitute for competent notice pleading; nor does it provide grounds for preliminary relief that would amount in no small measure to the ultimate relief sought in this action -- an action which is demonstrably meritless. Plaintiff's request to file "yet another motion" seeking this relief should be denied, and any further consideration of Mr. Kimberlin's request as may be entertained should abide the determination of the pending applications under Rule 12(b)(6).

Respectfully submitted,

Ronald D. Coleman

cc: All counsel (ECF) and unrepresented parties (email)