FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2014 DEC 12 PM 3:33
CLERK'S OFFICE
AT GREENBELT
BY ＿＿ DEPUTY

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

BRETT KIMBERLIN,
Plaintiff,

v.   No. GJH 13 3059

NATIONAL BLOGGERS CLUB, et al
Defendants.

## MOTION TO IDENTIFY DEFENDANT ACE OF SPADES, THE PERSON

Now comes Plaintiff Brett Kimberlin, pursuant to this Court's December 8, 2014 letter order, and moves this Court to issue an order to counsel for Defendant Ace of Spades the person ("AOS"), to identify him.

1. As Judge Hollander ruled recently in another case of anonymous Internet blogging, Plaintiff has a right to the identity of an anonymous blogger defendant who has engaged in tortious conduct against him. *In re Subpoena of Daniel Drasin*. Case 1:13-cv-01140-ELH 07/24/13. Judge Hollander's nine-page decision effectively states the prevailing law and is attached for the Court's consideration. In the instant case, Plaintiff also needs that information to effectively respond to Defendant AOS's Motion to Dismiss.

2. AOS has notice that Plaintiff has sought his identity. Plaintiff has repeatedly sought that identity him for the past 12 months. AOS has had an opportunity to seek to keep his identity anonymous but all of his motions through two different attorneys have been unsuccessful. On December 8, 2014, Plaintiff specifically but without success asked counsel for AOS's identity in order to save time and judicial resources. See Plaintiff's attached declaration.

3. As stated in Plaintiff's Complaint and in his Global Response to Motions to Dismiss, AOS engaged in wholesale and per se defamation against Plaintiff, not once, but multiple times. See SAC at 30-32, GR 45-6. For example, he falsely stated, imputed and published in five articles that Plaintiff committed the crime of "swattings," that he was involved with terrorism" and "murder," that he was trying to "kill" people, that he is a "thug" and "nefarious," that he is running "scams," that he is engaged in "lawless vigilantism," that he is involved with "ongoing crimes," that he is engaged in "alarming harassments," that he is a "menace," that he is a "one-man crime wave," that he is "escalating" his criminal activities, that he is engaged in a "crime in progress," that he is "abusing and corrupting" the justice system, that his life is one of "escalat[ing] risk taking," that he is "a dangerous man," that he is engaged in "digital" and "real life terrorism," that he is a "malicious threat to society," and that he is engaged in "lawfare." Not only did AOS make these defamatory statements and publications, he demanded action by others, including Congress, to stop Plaintiff through various actions including imprisonment and passing a bill of attainder. His publications were a call to arms against Plaintiff based on defamatory hysteria—either stop Plaintiff or terrible things will happen. AOS was using his defamatory statements to destroy Plaintiff by any means.

4. AOS's limited right to anonymous speech is greatly outweighed by Plaintiff's right to know who has committed tortious conduct against him. *Drasin*, supra at 7-8, and *In re Anonymous*, 661 F.3d at 1176 (recognizing "the great potential for irresponsible, malicious, and harmful communication and that particularly in the

age of the Internet, the speed and power of internet technology makes it difficult for the truth to 'catch up' to the lie").

5. Plaintiff does not have AOS's identity and this handicaps him with regard to his response to AOS's motion to dismiss. For example, if AOS works for the Government, Plaintiff could show that his actions also fell under 42 USC 1983. If AOS's name is on documents already in Plaintiff's possession, such as emails, Plaintiff could show that he committed overt acts in furtherance of the conspiracy and RICO. If AOS is working for someone or some entity to target Plaintiff, that would be a relevant factor in this case.

6. Moreover, AOS should not be given special treatment not given other defendants in this case, all of whom are identified.

7. The only other anonymous defendant in this case, KimberinUnmasked, was identified pursuant to an Order issued by Judge Algeo from the Montgomery County Circuit Court, Case No. 380966 CV on November 4, 2013.

| | |
|---|---|
| **11/04/2013** Docket Number: **26** | |
| Docket Description: | **HEARING** |
| Docket Type: | **Ruling** Filed By: **Court** Status: **Granted** |
| Ruling Judge: | **ALGEO, MICHAEL J** |
| Reference Docket(s): | Motion: 3 Opposition: 24 |
| Docket Text: | HEARING (ALGEO, J.) ON PLAINTIFF'S MOTION TO COMPEL PRE-ACTION DISCLOSURE DIRECTING GOOGLE.COM AND/OR ITS SUBSIDIARY BLOGGER.COM TO TO DISCLOSE THE IDENTITY AND ADDRESS OF DEFENDANT ANONYMOUS CYBER STALKER, KIMBERLINUNMASKED (DE#3) -GRANTED. ORDER SIGNED. PLAINTIFF APPEARED PRO SE. MR. DEL BIANCO APPEARED ON BEHALF OF THE DEFENDANT ANONYMOUS BLOGGER. MR. REINGOLD APPEARED ON BEHALF OF THE DEFENDANT GOOGLE INC. DEFENDANT'S AARON WALKER, WILLIAM HOGE SR., AND ROBERT MCCAIN NOT PRESENT. |

Once that identity was known, KimberlinUnmasked, aka Lynn Thomas, resolved that state case and two federal cases Plaintiff filed against her.

8. In the case of AOS, his anonymity is hampering any possibility of Plaintiff's resolving and settling this case with him.

Wherefore, for all these reasons, Plaintiff moves this Court to order counsel to identify AOS.

Respectfully submitted,

Brett Kimberlin
8100 Beech Tree Rd
Bethesda, MD 20817
Justicejtmp@comcast.net

Certificate of Service

I certify that I emailed a copy of this motion to Ron Coleman and all other current attorneys in this case and Lee Stranahan and Ali Akbar, and mailed a copy to Defendants Walker, Hoge, McCain and attorney Michael Smith this 12th day of December, 2014.

Brett Kimberlin