IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

BRETT KIMBERLIN,

    *Plaintiff*,

    *v.*

NATIONAL BLOGGERS CLUB, *et al.*,

    *Defendants*.

Case No.: CVPWG-13-3059

**REPLY MEMORANDUM OF LAW IN SUPPORT
OF THE MOTION BY DEFENDANTS PATRICK FREY,
MANDY NAGY ACE OF SPADES BLOG TO DISMISS THE
SECOND AMENDED COMPLAINT**

Ronald D. Coleman (*Pro Hac Vice*)
GOETZ FITZPATRICK LLP
One Penn Plaza—Suite 3100
New York, NY 10119
(212) 695-8100
rcoleman@goetzfitz.com

T. Bruce Godfrey (Bar No. #24596)
LAW OFFICE OF BRUCE GODFREY
Box 444
Reisterstown, MD 21136
(410) 561-6061
godfrey@brucegodfrey.com

*Attorneys for Defendants
Patrick Frey, Mandy Nagy and Ace of Spades Blog*

**STATEMENT AND ARGUMENT OF REPLY**
**IN SUPPORT OF MOVANT'S APPLICATION**

Pursuant to Fed. R. Civ. P. 12(b)(6), defendants Patrick Frey, Mandy Nagy, and Ace of Spades blog ("AOS"), through their undersigned counsel, reply to the opposition of plaintiff Brett Kimberlin to their motion to dismiss the Second Amended Complaint ("SAC").

Because it fails to respond substantively to the arguments raised in defendants' motions to dismiss, plaintiff's opposition confirms that his lawsuit is, as they demonstrate, an attack on the free speech of his critics. Plaintiff insists, as he must, that defendants engaged in more than speech, but he fails to back up that insistence by reference to something more than Twitter messages and blog posts, specifying no actionable conduct by these defendants other than what he claims is unlawful expression. What lawsuit does the Second Amended Complaint allege that defendants Frey, Nagy, or AOS filed? None – because they filed no lawsuits. What lies did any of these defendants allegedly tell to the FBI or Congress? Nothing specific is alleged. What specific acts or statements by these defendants were fraudulent? We are not told. What specific acts or statements by these defendants are untrue or unprivileged? No specifics are offered. Like the SAC, plaintiff's opposition is an exercise in hand-waving, generalizations, and formulaic recitations of impressionistic wrongdoing by unspecified defendants causing the gauziest of harms.

And to the extent plaintiff's opposition relies so heavily on allegations sounding in defamation, its complete failure to address defendants' argument concerning Maryland's doctrine of fair comment is devastating to his case. As defendants showed in their opening brief, fair commentary on matters of legitimate public interest is protected by Maryland law even if that commentary harms a plaintiff's reputation. *Piscatelli v. Van Smith*, 35 A.3d 1140, 1151-52 (Md. 2012). Moreover, plaintiff returns repeatedly to communications with law enforcement and

government officials. The SAC alleges that three defendants (Patrick Frey, Erick Erickson, and Aaron Walker) were all "swatted" after they criticized plaintiff. It is also obvious from the allegations that each subsequent communication with law enforcement or other government officials by these defendants arose out of or was connected to swatting concerns. Victims of crimes have a privilege – if not a civic duty – to approach law enforcement or even members of Congress with their concerns about public safety issues that concern them directly. *See*, *Adams v. Peck*, 288 Md. 1, 4 (1980). Plaintiff, however, does not address this legal argument in any coherent manner, or provide any legal or logical basis on which the Court could conclude that a Deputy District Attorney such as Mr. Frey is actually **less** entitled to exercise that privilege than any other citizen. Simply put: filing a police report is not an action covered by section 1983.

In public rhetoric facts are often shunted aside by self-styled "social warriors" such as Brett Kimberlin, but in a court of law, even he must at least allege facts which, if true, would entitle him to relief. Plaintiff does not have such facts, so he simply makes things up, and ignores defendants' demonstration that he has not done so. So, for example, plaintiff claims in his opposition that "Glenn Beck even had Defendants Frey and Walker on his television/radio programs under the control of Defendant Mercury Radio Arts, alleging that plaintiff was involved in the swattings." But defendants' moving brief established the precise opposite in painstaking detail, providing the transcript of the program referred to by the SAC to demonstrate that **nobody** made such a claim on Glenn Beck's show – and that Mr. Frey was at pains to make clear that he was speaking as a private citizen and not as a Deputy District Attorney. Merely repeating allegations that have been demonstrated to be false on their own terms, i.e., by reference to the same facts incorporated by reference by the allegations themselves, does not turn

implausible allegations into plausible ones under Fed. R. Civ. P. 12(b)(6).  In fact, it does the opposite:  It demonstrates that they should be dismissed because they are made of whole cloth.

Kimberlin also tries to amend his pleading by way of his opposition brief, introducing completely new stories, characters and settings never before heard of in his grand drama.  For example, in this passage from the opposition brief, he accuses Mr. Frey of participating in a webinar that Mr. Frey had nothing to do with and regarding which the SAC never alleged he was involved:

> These same Defendants then enlisted the credibility of the Franklin Center, which portrays itself as a good government advocacy organization with a conservative slant.  The Center obliged by putting out a press release stating that it was going to conduct a "webinar" to discuss Plaintiff's swattings and his one hundred lawsuits against conservative bloggers.  It then held that webinar and had Defendants Stranahan, Walker and Frey speak to listeners and repeat these false allegations.

Beside the fact that, as a factual matter, Mr. Frey had nothing whatsoever to do with this webinar, the real point – the fundamental point and the dispositive one for purposes of this motion – is that the entire story is found **nowhere** in the SAC, which never remotely claims that Mr. Frey took part in the webinar. "Plaintiff cannot, through a responsive brief, introduce new facts in support of his claims" on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Deberry v. Davis*, No. 1:08CV582, 2009 WL 3228061, at *2 (M.D.N.C. Sept. 30, 2009) (striking facts inserted into brief not found in pleadings). The Court should ignore any new "facts" alleged in the opposition or its exhibits, and take them as further indication of plaintiff's desperate imagination.

Much of the rest of Kimberlin's opposition consists of blunderbuss attacks on unspecified publications which are conclusorily tagged as "defamatory."  Thus instead of specific allegations elucidating actionable statements, plaintiff recycles unhelpful rhetoric such as, "Defendants Nagy on Breitbart.com and Frey on his own Patterico blog wrote simultaneous articles defaming

3

Plaintiff as a terrorist and a scoundrel." But, as is well established in this and other parts of the public record, Kimberlin is a terrorist and a scoundrel, and unquestionably a public figure: "Kimberlin was convicted as the so-called "Speedway Bomber," who terrorized the city of Speedway, Indiana, by detonating a series of explosives in early September 1978." *Kimberlin v. White*, 7 F.3d 527 (6th Cir. 1993).

Ultimately, even if any specific untrue statements by these defendants were alleged (which they are not); and if plaintiff had alleged facts showing actual malice (which he has not); and if plaintiff were not libel-proof based on the reported cases and publicity surrounding his notorious crimes alone (which he is); and if any of the allegedly defamatory statements here could be construed, in the politicized, heated, polemical environmental of political blogging, as defamatory (which they cannot be); and if plaintiff had enunciated even a modicum of cognizable damages (which he did not) – even if all this were true, plaintiff could still not state a claim for defamation, because the statute of limitations on any such claim has definitively run, as set out in defendants' moving brief.

Finally, therefore, plaintiff attempts to recast his expired defamation claims as a spurious and deeply flawed RICO claim and as false light claims. He places before the Court alleged statements contained in emails that plaintiff claims were written by defendant Frey, which plaintiff claims place him in a false light. Putting aside, again, the statute of limitations bar,[1] Kimberlin omits any discuss of the substantive legal problem facing his use of these emails (never mind the procedural one): The false light tort involves public, not private communications

---

[1] All these emails were sent more than a year before the filing of the SAC. Plaintiff cites a questionable ruling, which is not binding on this Court, in *Allen v. Bethlehem Steel Corp.*, 547 A.2d 1105, 1108 (Md. Ct. Spec. App. 1988). Given the recent *Piscatelli* case cited above, defendants submit that Maryland would follow the rule discussed in *Smith v. Esquire, Inc.*, 494 F. Supp. 967, 970 (D. Md. 1980) (Maryland Court of Appeals would find the one-year statute to be applicable; "To hold otherwise would severely undercut the policy considerations which led to the enactment of the one-year statute governing defamation cases.")

such as email. *See*, *Byington v. NBRS Fin. Bank*, 903 F. Supp. 2d 342, 352-353 (D. Md. 2012). These emails, even if they are properly before the Court on this motion, did not cause Kimberlin to be placed in a false light by the public – even in the unlikely event a person of his notoriety could have been damaged by such an act.

Other arguments left unaddressed by plaintiff include: his failure to address the need for invidious discrimination under section 1985; his failure to allege any specific future business relationship affected by defendants' alleged actions; and his utter failure to address the pleading deficiencies of his RICO claims. These deficiencies include plaintiff's failure to specifically plead fraud; his failure to show how he has personally been harmed; and his failure to allege a pattern of racketeering acts against more than one victim, among others. Plaintiff's opposition does not even try to address these arguments. Instead, plaintiff reveals his true motives by packing his opposition with anything he can think of to try to portray defendants in a negative light – including several matters that (even if they were true) are irrelevant to his legal claims but quite relevant to his underlying motivation for utilizing this Court's offices as a weapon with which to wage "lawfare" against these defendants.

This Court need not be further burdened by going through the convoluted non-arguments in Kimberlin's opposition to defendants' motion to dismiss. It is not necessary; he makes no headway on the merits in his mawkish, mean-spirited efforts. Continuation of this litigation, it is respectfully submitted, could be justified only by misguided deference to the "rights" of a pro se litigant. But no such deference is due to one who shows no regard for the rights of others and has abused every indulgence shown him by this Court and every other that has borne his presence.

No less importantly, no such deference can be afforded by our democracy. Brett

5

Kimberlin may have changed his terroristic tactics from the random acts of bombing for which he was convicted, to targeted acts of ruthless "lawfare" – but his new tactics are still corrosive to fundamental values of free speech and commentary. If plaintiff disagrees with defendants' speech, his remedy is more speech, not saddling his critics with frivolous litigation brought to silence voices on the Internet that may talk about his past. While Brett Kimberlin has not set off any bombs against these defendants, he does seek to use the United States District Court as a weapon against these defendants and to punish them for telling the truth about his violent and dishonest criminal history.

This Court should not allow itself to be used in this way. At long last, the time has come to put an end to this obviously meritless litigation.

## CONCLUSION

Based on the foregoing, this Court should dismiss the Second Amended Complaint with prejudice.

                          **GOETZ FITZPATRICK LLP**

                          By: _____
                            RONALD D. COLEMAN (*Pro Hac Vice*)
                          One Penn Plaza—Suite 3100
                          New York, New York 10119
                          (212) 695-8100
                          rcoleman@goetzfitz.com

                          T. Bruce Godfrey (Bar No. #24596)
                          Law Office of Bruce Godfrey
                          Box 444
                          Reisterstown, MD 21136
                          (410) 561-6061
                          godfrey@brucegodfrey.com
                          *Attorneys for Defendants*
                          *Patrick Frey, Mandy Nagy, and Ace of Spades blog*

Dated: January 8, 2015