

**Hogwash!**

Hogwash! is a trademark of W. J. J. Hoge
www.hogewash.com
Snail Mail to 20 Ridge Road, Westminster, Maryland 21157
Email to himself@wjjhoge.com
(410) 596-2854

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 JAN 21 AM 9:00

CLERK'S OFFICE
AT GREENBELT

BY ___GU___ DEPUTY

21 January, 2015

Hon. George J. Hazel, U. S. District Judge
U. S. District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, Maryland 20770

RE: *Kimberlin v. National Bloggers Club, et al.*, Case No. 13-CV-03059-GJH
    Request to File Motion to Strike or Disregard ECF No. 249 or to File a Response to the Same

Dear Judge Hazel:

    Messrs. Walker and Hoge hereby file this joint request.

    On 20 January, 2015, Plaintiff filed ECF No. 249, styled as "Plaintiff's Response to Defendant Stranahan's Motion to Dismiss" (hereinafter "Opp. to Stranahan MTD"). While some of it was directed at Stranahan, the Plaintiff's response was, in fact, largely a response to the replies filed by us and others and, often, explicitly so. Thus, he has improperly transformed his opposition to Mr. Stranahan's Motion to Dismiss into a surreply.

    To cite one of many examples found throughout the filing, Plaintiff writes "[s]everal of the Defendants ... urge this Court to ignore the exhibits attached to his Global Response." Opp. to Stranahan MTD at 11. Since he is stating that Defendants are asking the Court to ignore documents attached to his Omnibus Opposition (ECF No. 231), it follows that those requests could only have been found in the various replies to that opposition, and not in the motions to dismiss. He attempts to respond to legal points and cites purported authorities, and even makes new allegations against the Defendants responded to in the Omnibus Opposition in his supposed response to Stranahan. Further, he misrepresents what has happened in other courts, claiming that there is no final judgment in the case of *Kimberlin v. Walker, et al.*, No. 380966V (Md. Mont. Co. Cir. Ct. 2013). Yet, he provides a true and correct copy of a ruling by the Maryland Court of Special Appeals (ECF No. 249, Exhibit E) which states in the first line that there had been a final judgment in that case. In short, he has transformed his response to

Defendant Lee Stranahan into a surreply against other Defendants when all he needed to do was incorporate his Omnibus Opposition by reference.

This is improper under Local Rule 105.2(a) which states that "[u]nless otherwise ordered by the Court, surreply memoranda are not permitted to be filed." If the Plaintiff felt a need to file a surreply, he could have sought leave to do so. But as typical, the Plaintiff believes that court rules and criminal laws do not apply to him. The question is whether this Court agrees.

We are open to different possible remedies. One would be to grant leave to file motions to strike or disregard ECF No. 249 in its entirety. A second would allow us to file replies to his new opposition. We greatly prefer the first option for three reasons: 1) because it places less of a burden upon us[1], 2) because it allows this case to come to a conclusion sooner, and 3) because it avoids even the slightest reward to the Plaintiff for his violation of the rules.

It is also worth noting that striking or disregarding appears to be the most common response in this Court, and sister courts of the Fourth Circuit when confronted by an improper surreply in disguise. *See, e.g.*, *Uzoma v. Barclays PLC*, No. RWT-13-977, *4 (D.Md., March 27, 2014) (striking a supplemental opposition as a surreply filed without leave of court), *Bank of Am., N.A. v. Kissi*, PWG-12-3266, *2, n. 3 (D.Md., Sept. 3, 2013) ("Insofar as this filing purports to be a surreply in response to Plaintiffs' motion for summary judgment, it is improper and will not be considered by this Court. See Loc. R. 105.2(a)."), *Ferebee v. IHOP*, No. DKC 13-3817, *7 n. 4 (D.Md., July 17, 2014) (striking a "Second Memorandum of Law" as a surreply), *Mayor & City Council of Balt. v. Unisys Corp.*, No. JKB 12-614, *4 (D.Md., Sept. 10, 2013) (interpreting part of affidavit as an improper surreply and striking it as such), and *Ivanova-Nikolova v. E. Carolina Univ.*, No. 4:08-CV-209-BR, *9 (E.D.N.C., June 17, 2011) (Plaintiff filed a "'Brief in Response to Defendant's Reply Brief for Summary Judgment,' which is a surreply" and it was stricken). Judges Grimm, Titus, Chasnow and Gallagher have all concluded that the appropriate remedy when a party tries to file a surreply under another name and without leave of court is to strike it.

---

[1] In regards to the first factor, we note that we are not the only parties affected by this conduct, and this Court's decision is likely to affect other Defendants, many of whom are represented by counsel. That means that if this Court allows this improper surreply and allows the other Defendants to reply, they will be incurring additional legal fees, rewarding a bad faith plaintiff by imposing additional legal costs on the Defendants, as was his stated goal from the very beginning of his interactions with the Defendants.

As this Court noted in its Case Management Order of March 4, 2014, filed over a hundred-fifty documents ago, (ECF No. 97) "[t]his Court is not a 'trampoline for the excess energies of litigants whose need to have the last word exceeds the fair briefing of issues." However, that is precisely what the Plaintiff is improperly attempting to do: to have the last word, after the issues have been exhaustively and fairly briefed.

Therefore, we request that we be allowed to file separate Motions to Strike or Disregard ECF 249 or, alternatively, we request leave to file separate replies to the Plaintiff's de facto surreply, or any other relief that is appropriate.

We thank the Court for its time and consideration.

Respectfully submitted,

William John Joseph Hoge, *pro se*
20 Ridge Road
Westminster, Maryland  21157
(410) 596-2854
himself@wjjhoge.com

Aaron J. Walker, Esq.
7537 Remington Road
Manassas, Virginia  20109
(703) 216-0455
AaronJW1972@gmail.com

### Certificate of Service

We certify that on the 21st day of January, 2015, I mailed a copy of this letter to Brett Kimberlin via First Class U. S. Mail and served copies via electronic means on all counsel of record, Ali Akbar, Lee Stranahan, Robert Stacy McCain.

William John Joseph Hoge, *pro se*

Aaron J. Walker, Esq.