FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 JAN 21  PM 12: 26

CLERK'S OFFICE
AT GREENBELT
BY  BV  DEPUTY

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

BRETT KIMBERLIN,
Plaintiff,

v.                                   No. GJH 13 3059

NATIONAL BLOGGERS CLUB, et al
Defendants.

**PLAINTIFF'S REPLY TO DEFENDANT ACE OF SPADES' OPPOSITION TO BEING IDENTIFIED**

Now comes Plaintiff Brett Kimberlin and replies to Defendant Ace of Spades' Opposition to Plaintiff's Motion to Identify Defendant Ace of Spades.

1. Defendant AOS repeatedly states that since Plaintiff has not identified AOS as a person in the Complaint, he cannot seek the identity of AOS. This circular argument highlights one of the basic reasons why Plaintiff needs to know the identity of AOS. Had Plaintiff had an identity of AOS when he filed his Complaint, he could have named him as he named the other Defendants. However, because Plaintiff did not have a name, he stated that AOS was a blog written by "an anonymous blogger." Plaintiff then did everything possible to find out that anonymous blogger's identity prior to filing the Second Amended Complaint, including filing for subpoenas in two federal courts, contacting a business that provides services to AOS, and asking AOS's attorney to provide his name. AOS responded by hiring attorneys to prevent Plaintiff from learning his identity. They have filed motion after motion to keep AOS from being served and from being identified, yet now they argue that AOS the person is not a Defendant.

2. The pleading standard of Fed. R. Civ. P. 8 only requires that a plaintiff plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." In the instant case, the Court can reasonably infer that Plaintiff sued Ace of Spades the person since Plaintiff stated that the Ace of Spades blog was written by an anonymous blogger and Plaintiff has gone to great lengths to find out the identity of that anonymous blogger throughout this case. AOS's first attorney, Paul Levy, and this Court always believed that Plaintiff was suing AOS the person. Only after 15 months of litigating has AOS's new attorney now argued that Plaintiff did not sue AOS the person. This mischaracterizes the Complaint, the inferences therein, and the positions of the parties for the past year.

3. Counsel argues, speculatively and gratuitously, that if AOS is identified, he could suffer opprobrium and loss of employment. And counsel uses the case of Defendant Aaron Walker as an example of what can happen to a person who anonymously attacks people on the Internet only later to be identified. Counsel says that Aaron Walker was terminated from his employment after being identified. This is factually inaccurate and without merit.

4. Defendant Walker was not identified pursuant to a court order under *Brodie*. Instead, he was identified after representing a defendant in a civil case in Montgomery County Circuit Court while using an anonymous name. Lawyers cannot represent people anonymously, but Defendant Walker did. Why? Because he was simultaneously publishing a Muslim hate blog called Everyone Draw Mohammed that posted over 800 vile and pornographic depictions of the Prophet

Mohammed, including many showing the Prophet having sex with children and animals. On that blog, he begged Muslim "bitches" to come and get him in Manassas, Virginia to he could engage in a gun battle with them. He insisted that every vile depiction be "fatwah worthy." He taunted Muslims and said if they were mad at him, they could come and "behead" him.  8 A.

5. Who told Defendant Walker's employer about his hate blog? Not Plaintiff but rather Defendant Walker himself. And when he did so, the employer searched his office and discovered troves of documents strewn all over attacking the Prophet, so much so that his regular work product could not even be found. Exhibit B. Therefore, the employer terminated Defendant Walker for being incompetent and endangering the employer and other employees. 1/

---

1/ Incredibly, counsel for AOS includes as an exhibit in his reply a letter that Plaintiff wrote to law enforcement officials asking that they protect not only Defendant Walker but also his employer and co-workers. Counsel calls this letter "nauseating" and accused Plaintiff of using the letter to "engineer[]" Defendant Walker's termination. Counsel is attempting to mislead the Court since it was Mr. Walker himself, not law enforcement, who told his employer about his hate blog, which caused his termination. Plaintiff was being responsible in informing law enforcement about Defendant Walker's hate blog and the potential for it to cause mass casualties to his co-workers. As the world witnessed last week in Paris, fanatics who wanted to avenge insults of the Prophet Mohammed killed 12 people and wounded many others at the offices of Charlie Hedbo.
What is nauseating is Defendant Walker's response to the lawyer who terminated him. That lawyer begged Defendant Walker to issue a public statement that he no longer worked at the place of employment. The lawyer wanted this statement published so that fanatics did not come to the employer and commit a terror attack. Defendant Walker not only refused to issue such a public statement but he berated the attorney for bothering him during dinner with his wife. Exhibit B.

6. Defendant Walker's identification is a far cry from the instant case where Plaintiff is seeking the identity of AOS because he is a defendant in this civil case and Plaintiff has a due process right to face those he is suing for tortious conduct. Moreover, AOS has not always sought to keep his identity unknown: he is known to many people, including the Defendants, and has spoken at the very public CPAC conference, and on FOX News, memorialized in this YouTube video. https://www.youtube.com/watch?v=pCU9Hs5sEy0#t=11 Photos of these are posted on social media. Exhibit C. If AOS did not want anyone knowing who he was, he would not have made those public appearances. Indeed, this Court could construe those appearances as waivers of anonymity.

7. AOS repeatedly states that Plaintiff is seeking "expedited discovery" when that is not the case at all. Simply put, AOS has filed a motion to dismiss and Plaintiff has right to effectively respond to that motion. As this Court noted in *Malibu Media, LLC v. Doe*, No. PWG-13-365, 2014 WL 7188822 (D. Md. Dec. 16, 2014), a plaintiff cannot effectively litigate a civil case if he does not know the identity of the defendant. ("Malibu cannot engage in discovery to probe the underlying facts underlying its claim without first naming a defendant. Unless Malibu is permitted, at least at the initial stages of litigation, to proceed against a subscriber, it will be caught in a Catch-22...."). In Malibu, this Court *granted* the plaintiff's motion to identify the anonymous subscriber. Moreover, all the cases cited by Plaintiff in his motion to identify AOS concerned identifying a defendant prior to a motion to dismiss. In most of those cases, they were identified *prior to service of process*.

8. It should be noted that this Court has granted the issuance of subpoenas in scores of cases brought by Malibu Media to identify anonymous civil defendants who violated copyrights by illegally downloading films. See e.g., *Malibu Media v. Doe*, Civ No WDQ-14-0252 N. D. Md. (6/23/14). Many of those defendants made arguments similar to AOS, (e.g., they would be subjected to harassment or pressured into settlement), yet every Maryland federal judge in each of those cases rejected their arguments.

9. AOS wants to have an advantage over the other defendants who are all named in the Complaint. He wants to be granted immunity by not being identified and argue that he has a right to commit tortious acts anonymously. This is unfair.

10. AOS argues that Plaintiff has not met the standards for requiring the identity of AOS. This is wholly without merit. Plaintiff's Complaint sets for numerous tortious acts by AOS, and they are well pleaded. So well in fact, that AOS had no trouble whatsoever filing a motion to dismiss or otherwise responding.

11. Finally, AOS makes the bald faced argument that Plaintiff's Complaint is in "bad faith" and therefore AOS should not be identified. However, there is nothing bad faith about using the legal system to redress tortious conduct. AOS falsely accused Plaintiff of the crime of swatting, demanded a Bill of Attainder be passed against him, falsely stated that Plaintiff was going to "escalate" the swattings to commit a horrible and violent crime, conspired with others to have Plaintiff imprisoned for a crime he had nothing to do with, wrote that Plaintiff was a one man "crime wave," and many other actionable torts.

Wherefore, for all the above reasons and the reasons set forth in Plaintiff's motion, this Court should order the identity of Ace of Spades.

Respectfully submitted,

Brett Kimberlin
8100 Beech Tree Rd
Bethesda, MD 20817

Certificate of Service

I certify that I emailed a copy of this motion to the attorneys for the Defendants and Lee Stranahan, and mailed a copy to Defendants McCain, Walker, Hoge, and to attorney Michael Smith this 20th day of January 12, 2015.

Brett Kimberlin