**GOETZ FITZPATRICK** LLP
Attorneys at Law   www.goetzfitz.com
One Penn Plaza, New York, NY 10119 | (T) 212-695-8100 | (F) 212-629-4013

Ronald D. Coleman
rcoleman@goetzfitz.com

January 22, 2015

**BY ECF**

Hon. George J. Hazel, U.S.D.J.
United States District Court
U.S. Courthouse
6500 Cherrywood Lane
Greenbelt, MD  20770

                Re:  Kimberlin v. National Bloggers Club
                    Docket No. 8:13-cv-03059-GJH

Dear Judge Hazel:

      We represent defendant Mandy Nagy in this matter and write in response to the letter from plaintiff Brett Kimberlin filed with the Court on January 20, 2015 concerning Ms. Nagy's medical condition (Document 246).  Mr. Kimberlin's letter states that the undersigned agreed, on Ms. Nagy's behalf, "to accept service of substitution."  This is not accurate, but seems to have arisen from both an error stemming from plaintiff's misunderstanding of the technicalities involved and my own failure to be sufficiently precise in communicating with a *pro se* party.

      What I meant to get across in the email I wrote to Mr. Kimberlin dated December 30, 2014 was that, given my client's condition, I could not make a substantive legal decision on her behalf, which would be required to agree to a substitution as he proposed.  For that matter, neither the undersigned nor our local counsel, Mr. Godfrey, is authorized to represent the proposed representative, Mrs. Ginny Nagy.  For that reason alone we have no authority to enter into the proposed stipulation.  Absent such agreement, Mr. Kimberlin would have to seek the relief he seeks by way of a motion under Fed. R. Civ. P. 25(b).

      What I agreed to do in that email, and felt was within my discretion under the circumstances, was "accept service" of a **motion** to substitute parties on behalf of the proposed representative.  Now as it happens, Mrs. Nagy is a non-party, and service on her would normally have to be made pursuant to Fed. R. Civ. P. 4, which is incorporated by



reference into Fed. R. Civ. P. 25(a)(3). And in fact I have not communicated with Mrs. Nagy at all, quite purposely. I am making every effort to avoid the necessity of doing so. I nonetheless made the offer to accept service on her behalf to Mr. Kimberlin, if necessary, confident that I could effectuate the acceptance of such service in all respects. This appeared to be the appropriate and humane approach to minimizing the anguish Mr. Kimberlin's proposed motion would, if permitted, inflict on Mrs. Nagy. I acknowledge my error, however, in not making it clear to Mr. Kimberlin that it was service of a motion, not a "substitution," that I was offering to accept on behalf of the proposed substituted party, and no more than that.

Again, however, the Court need not be reminded that the very premise of Mr. Kimberlin's motion is that Ms. Nagy cannot currently make substantive decisions concerning the conduct of her defense in this matter herself. This would include any sort of stipulation involving a substantive matter such as that proposed by Mr. Kimberlin in his letter. But to the extent Mr. Kimberlin's letter is taken as permission to move under Fed. R. Civ. P. 25(b), the **only** pertinent point is that it is objectively premature. It is not only likely to be rendered unnecessary by Ms. Nagy's pending motion to dismiss the Second Amended Complaint, but all proceedings that would require Ms. Nagy's involvement have been stayed pending the outcome of that motion.

Why did Mr. Kimberlin ask for permission to hale the family of a convalescing stroke victim into a bitter, heated defamation litigation with violent overtones at a time the case is essentially dormant? The Court need not answer this question to conclude that Mr. Kimberlin has not shown cause to make a Rule 25(b) motion for substitution and to inflict further misery on Ms. Nagy and her family at this time.

The Court's understanding and sensitivity concerning this painful aspect of this matter are sincerely appreciated.

Respectfully submitted,

Ronald D. Coleman

cc: All counsel (ECF) and unrepresented parties (email)