IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

BRETT KIMBERLIN,

    Plaintiff

v.                                    CASE NO.: GJH-13-3059

NATIONAL BLOGGERS CLUB, ET AL.

## DEFENDANT MCCAIN'S OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT (ECF 247)

COMES NOW Defendant Robert Stacy McCain for the sole purpose of filing this opposition, without waiving any rights of jurisdiction, notice, process, service of process, or venue, and prays that court deny Plaintiff's motion for default, and states the following:

**I. DEFAULT SHOULD BE DENIED BECAUSE PLAINTIFF HAS NOT SUBMITTED CREDIBLE PROOF OF SERVICE**

1. A plaintiff bears the burden of proving, by a preponderance of credible evidence, that service is adequate. See *Almonte v. Suffolk County*, 2012 U.S. Dist. LEXIS 69465 (E.D.N.Y. 2012).

2. Plaintiff has falsely stated in a letter motion for default (ECF 247) that "it was served on [me] on or about June 25, 2014."

3. As I informed this court on Aug. 7, 2014, Plaintiff had not properly served me with the Second Amended Complaint: "So far as I can tell, this [i.e., proper service, in compliance with this court's Letter Order ECF 133] hasn't happened yet and, as I understand the rules, my response is due two weeks after he obeys this court's order to serve me." (ECF 179) Unlike in his Report on Service (ECF 27), Plaintiff hasn't even bothered to provide a bad forgery of such alleged service. He simply wants this court to take him at his word.

4. Plaintiff is not trustworthy. Among the several crimes of which he has been convicted, the first was for perjury. *See United States v. Kimberlin*, 805 F. 2d 210, 232 (7th Cir. 1986). He also has convictions for forging documents bearing insignia of the U.S. Government; he attempted to eat the evidence when caught. *Id.* at 228. Plaintiff altered certified mail "green cards" provided as proof of service in the related case of *Kimberlin v. Walker, et al.*, No. 380966V (Md. Mont. Co. Cir. Ct. 2013), in which I was a co-defendant. *See* Twitchy/Malkin's "Supplemental Memorandum," ECF 124. In this case, Plaintiff forged a summons to Twitchy and only at length admitted he had done so, absurdly claiming he didn't know he wasn't supposed to alter court documents. (*See* Plaintiff's "Verified Response," ECF 102.[1]) This court has itself said Plaintiff's forgery was "clearly improper" (ECF 122, at 3); that Plaintiff had taken the language of the Case Management Order (CMO) "out of context" and "in violation of the CMO," (ECF 168, at 3-4); and that Plaintiff has a "checkered past with representations to the Court," (*id.* at fn. 2).

---

[1] Recently, Virginia Delegate Joseph Morrissey was charged with a similar forgery of court documents. See, Jenna Portman and Rachel Weiner, "Virginia Lawmaker Joseph D. Morrissey Faces New Criminal Charges," Washington Post, January 21, 2015.

5. As alluded to above, Mr. Kimberlin has also forged documents related to service on me. On December 30, 2013, this court required Plaintiff to provide a detailed report on service of process. ECF 21. On, January 9, 2014, Plaintiff filed his "Plaintiff's Status Report Re Service of Complaint" purporting to provide proof of service. ECF 27. Page 3 of Exhibit E to that filing was a document that shouldn't exist. Plaintiff claimed it was the image of a letter he attempted to send by certified mail, restricted delivery, but the postage on it was only $1.25. In 2013, it cost $5.65, in addition to the normal cost of first class postage, in order to mail a package certified mail. Given Plaintiff's prior misconduct, the likely explanation is that this "proof" of service was another forgery Plaintiff is attempting to impose on this court.

6. Even Plaintiff's sworn statement in ECF 247 does not make out a proper allegation of service. He does not state *how* he allegedly served me. He simply asserts this without any details or extrinsic proof. The convicted forger and perjurer thus demands that this court trust him. This court should not.

7. When I moved from my West Virginia residence in 2014, I ensured that any mail addressed to me would be forwarded to my new address. No one has reported any difficulty mailing me, and bills have arrived on time. My Aug. 7, 2014, letter to this court (ECF 179) asked that further correspondence in this case be sent to me in care of my co-defendant John Hoge. Because some Defendants in this case have allegedly been "SWATted," and because I have young children, I expect this court can understand why I would not wish to make my new address a matter of public record.

8. To my knowledge and belief, I have never subsequently received proper service of the Second Amended Complaint following this court's decision to allow Mr. Kimberlin's amendment to be entered into the docket. The extreme irregularity of Mr. Kimberlin's proceedings as a *pro se* Plaintiff (as noted by various co-defendants, e.g. ECF 140 and ECF 184) has imposed an unjust burden on me, as a *pro se* defendant. Plaintiff's conduct would seem to be motivated by bad faith, although he pleads that he is merely ignorant and/or incompetent. At any rate, Plaintiff's extraordinary misconduct has made it difficult for me to understand what my own legal obligations are in this matter. Therefore I sought this court's guidance in August 2014 (ECF 179), a request to which the court did not respond, leaving me to surmise that (a) "the clock had not started ticking" on my response to the Second Amended Complaint; (b) Plaintiff was duly notified of his failure to effect service; and (c) the court would notify me in a timely manner if it determined that I was under any obligation to further respond to Plaintiff's additional allegations in the Second Amended complaint.

9. Now, more than five months after my letter to this court (ECF 179), Plaintiff dares assert that he has properly served me, and requests that the court find me in default.

10. In evidence, I ask that this court consider Exhibits A and B, which are the Declarations of my co-defendants Walker and Hoge. In each, they state that Plaintiff has not served them with the Second Amended Complaint either and they note persistent irregularities with Plaintiff when it comes to service.

11. Since there is no *credible* evidence of service of process, I ask this court to deny Plaintiff's motion for default. At this point, Plaintiff's word is not credible evidence of anything.

12. It seems to me that this court would be correct to surmise that the purpose of Plaintiff's improper request for default is part of Mr. Kimberlin's avowed intention to employ abusive legal proceedings as a means to harass the defendants. Please see attached Exhibit C ("Brett Kimberlin Threatens to Sue Me; UPDATED with Second E-Mail from Kimberlin," Patterico.com, Oct. 11, 2010) in which Mr. Kimberlin wrote in an email to my co-defendant Frey: "I have filed over a hundred lawsuits and another one will be no sweat for me. On the other hand, it will cost you a lot of time and money." His fulfillment of that threat is now made evident in the present case, which has imposed upon the several defendants the cost of attorneys, to say nothing of the waste of time, to respond to a nuisance lawsuit that has been demonstrated to be defective as a matter of law, and which I know to be based on false allegations as to the facts. In order to avoid burdening this court with unnecessary filings (in compliance with the spirit of the Case Management Order, ECF 97), I have made only two previous communications in this case: A very brief and simple motion to dismiss the First Amended Complaint (ECF 50); and my letter of Aug. 7, 2014 (ECF 179). Evidently, Plaintiff felt that he had not yet wasted enough of my time and, in order to compel my further attention to his nuisance litigation, he belatedly filed this improper motion for default.

13. As noted above, and also as mentioned in my letter of Aug. 7, 2014, my previous motion to dismiss was brief and simple, and "merely adopted the arguments made by several co-defendants in their separate Motions to Dismiss" (ECF 179). While I waive no rights in

making this reply to Plaintiff's improper motion for default, and have no intention now to argue the numerous faults of Plaintiff's claims against me, I do ask that the court take into consideration the extraordinarily improbable nature of the fundamental accusation in Mr. Kimberlin's complaint. Plaintiff would have this court believe that I, an award-winning journalist who has earned his living in the news business since 1986, suddenly decided in 2012 to embark on a career of making false accusations against him, conspiring with others in a racketeering enterprise, etc. Furthermore, Plaintiff asks this court to believe that I, having never before been accused of libel during a journalism career spanning more than 25 years, would have chosen as the target of my new career in defamation a convicted criminal of notorious repute. This court may draw its own conclusions, but the reality of this case seems obvious to me: Brett Kimberlin is not only a liar, but an exceptionally incompetent liar.

II. **DEFAULT SHOULD BE DENIED BECAUSE PLAINTIFF HAS NOT SUBMITTED AN AFFIDAVIT AS PROOF OF SERVICE**

14. Additionally, Plaintiff has filed the wrong form of proof of service. Federal Rules of Civil Procedure 4(l)(1) states that "[e]xcept for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Plaintiff has provided no such affidavit. He has a provided a letter to this court, which has not been presented to a notary. Therefore, it is at best a declaration and not an affidavit. This is an additional reason to deny the motion for default.

## CONCLUSION

15. For all of these reasons, this court should deny Plaintiff's most recent fraud on the Court—attempting to obtain a default without serving me in the manner required by the Rules. Plaintiff's motion for default should be denied.

16. Further, this court should consider referral to the U.S. Attorney for perjury (since his motion for default is verified and sworn under penalty of perjury to be true) and, possibly, mail fraud charges.

17. Finally, this court should provide me all other relief that is appropriate.

Friday, January 23, 15

Respectfully submitted,

*(signature)*

Robert Stacy McCain
C/o W. J. J. Hoge
20 Ridge Road,
Westminster, MD 21157
(240) 217-5249
Robertstacymccain8@gmail.com
(no fax)

## VERIFICATION

I, Robert Stacy McCain, declare under penalty of perjury under the laws of the United States of America, that the foregoing information is true and correct and that all exhibits are true and correct copies of the originals.

Dated: 1/23/2015        *(signature)*

## CERTIFICATE OF SERVICE

I certify that on Friday, January 23, 2015, I served copies of this document on by mail on Mr. Kimberlin and by electronic service on all Defendants.

*(signature)*