FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 FEB 13  PM 3: 03

CLERK'S OFFICE
AT GREENBELT

BY___BU___DEPUTY

The Honorable George J. Hazel
U.S. District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, Maryland 20770

Friday, February 13, 2015

Re:   Brett Kimberlin v. National Bloggers Club, et al. GJH-13-3059; Joint Request to File Motion to Strike or Disregard ECF No. 259 or to File a Response to the Same

Dear Judge Hazel:

We hereby file this joint request to file motions to strike or disregard ECF No. 259, or to file responses to the same.

If this request seems familiar, it is because the Plaintiff engaged in identically inappropriate behavior in ECF No. 249, and we filed a similar request as ECF No. 250 which is still pending before this Court. That is, even after we explained that the rules do not allow the Plaintiff to file a surreply without leave, he did so again.

Specifically, on February 12, 2015, the Plaintiff filed ECF No. 259. It was styled as "Plaintiff's Response to Defendant McCain's Motion to Dismiss" (hereinafter "Opp. to McCain MTD"). However, while some of it was directed at McCain, the Plaintiff's response was in fact largely a response to the replies filed by us and others.

The inappropriateness of this is demonstrated by the fact that Mr. McCain didn't file a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss. Instead, he moved to dismiss for failure to serve him under Rule 4(m); and for failure to prosecute and to obey this court's orders under Rule 41. None of these grounds went to the merits of the complaint, and yet the entirety of the section entitled "Plaintiff's Response to the Motion to Dismiss" starting on the second page of ECF No. 259, to the extent that they are about anything relevant to this case, is about the merits. Therefore, literally everything in his Opposition from the middle of page two onward is addressing arguments Mr. McCain did not make, and it can only be read as a further response to other Defendants' arguments, including ours.

For instance, the Plaintiff discusses cases in further depth than he had before and brings to this Court's attention events that occurred well after he filed his last opposition. He makes a new, false, and unsupported allegation that unnamed Defendants stated "that they would not stop unless Plaintiff paid them money." The only fact he cited in support was that Mr. Walker sought monetary damages in a lawsuit, something the Plaintiff is himself presently doing in the instant lawsuit and has, indeed, never been shy about doing. He hopes to make new allegations against these other Defendants without fear of being contradicted by them.

This is improper under Md. Local Rule 105.2(a) which prohibits surreplies without leave of court.

Indeed, as noted in ECF. 250, the Plaintiff has already filed an improper surreply.[1] We suppose this should be termed a *sur*surreply.

The last time we brought this improper conduct to this Court's attention, we wrote that "as typical, the Plaintiff believes that court rules and criminal laws do not apply to him." The Plaintiff responded to us in ECF No. 257 by proclaiming that "I have a due process right ... to respond any way I see fit" which amounts to an implicit confession that he had already filed one improper surreply and a declaration that he did not believe the rules applied to him. Once again, the question is whether this court will allow the Plaintiff's flaunting of the rules to prejudice the Defendants' right to due process. Due process means, at the very least, that both sides are treated equally, not that one side is allowed "to fight freestyle, while requiring the other to follow Marquis of Queensberry rules." *R.A.V. v. St. Paul*, 505 US 377, 392 (1992) (discussing fairness in the context of the First Amendment).

In the end, the Plaintiff knows that he is losing this case. Indeed, in his Opposition to Stranahan's Motion to Dismiss (ECF No. 249) he remarkably demonstrated that he knew he was losing, stating that: "[t]his case does not involve a single instance of misconduct that can be pleaded with particularity." This is tantamount to a confession that he cannot meet the pleading requirements for Fed. R. Civ. P. 8 or 9 under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), which require greater specificity than the rules did previously. That statement alone is reason to dismiss this suit.

So as he seeks to save his case by any means necessary, he resorts to "immaterial" allegations (Fed. R. Civ. P. 12(f)), falsely asserting Mr. McCain is a racist (as though that would have any relevance even if true), complaining about an apparent third party known as "KimberlinUnmasked,"[2] and even complaining that a person going by the pseudonym Roy Schmalfeldt was threatening to (*gasp!*) criticize the presiding judge if "Roy" doesn't agree with the outcome of the case. Besides being a violation of the Federal Rules (which this Court reminded the Plaintiff of in the Case Management Order, ECF No. 97), the Plaintiff's immaterial allegations represent a grubby and obvious attempt to sway this Court by improper prejudice. The facts are not on his side, and the law is not on his side, so he is now pounding the table.

It is particularly revealing that the Plaintiff believes that this Court will be rattled by the prospect of being criticized and that the Plaintiff believes that the threat of such a thing is nefarious, somehow. It not only reveals a low opinion of the character of the presiding judge, but it demonstrates that the Plaintiff's anger is built on a foundation of unreasonable entitlement. When all is said and done, what this suit is about is this: Plaintiff thinks he is entitled to be free of all criticism, and he expects this Court to feel the same way. He thinks all criticism (at least of anyone or anything he favors) is nefarious and to be stomped out, and he prays that this Court agrees. To most Americans, however, unwelcome criticism is simply the price we pay for living in a free republic.

---

[1] This letter will rely on the authorities cited in ECF No. 250 since they apply with equal force here.
[2] At one point, the Plaintiff appears to believe that "KimberlinUnmasked" is a different person than Lynn Thomas, who allegedly once wrote under that name.

As with our last such a request, we are open to different possible remedies. One would be to grant leave for a motion to strike or disregard ECF No. 259 in its entirety. A second possibility is to allow us to file separate replies to his new opposition. We continue to favor the first option for three reasons: 1) because it places less of a burden upon us, 2) because it allows this case to come to a conclusion sooner, and 3) because it avoids even the slightest reward to the Plaintiff for his violation of the rules. And as noted last time, striking or disregarding appears to be the preferred remedy in this court and in sister courts in this circuit. This would also be most in line with this Court's professed goal in issuing the Case Management Order: "to allow for the just, speedy, and inexpensive determination of this action."[3]

Therefore, we request that we be allowed to file separate motions to strike or disregard ECF No. 259 or, alternatively, we request leave to file separate replies to the Plaintiff's de facto *sur*surreply, or any other relief that is appropriate.

We thank this Court for its time and consideration.

Respectfully,

William J. J. Hoge III
20 Ridge Road
Westminster, Maryland 21157
(410) 596-2854
himself@wjjhoge.com

Aaron J. Walker, Esq.
7537 Remington Road
Manassas, Virginia 20109
(703) 216-0455
AaronJW1972@gmail.com

---

[3] Internal quotation marks and citations omitted.

## CERTIFICATE OF SERVICE

I certify that on the 13th day of February, ~~2014~~ 2015, I served copies of this document on the following parties via U. S. Mail or email as noted:

Brett Kimberlin at 8100 Beech Tree Road, Bethesda, Maryland 20817
Michael Smith, Esq., for Michelle Malkin and Twitchy at smith@smithpllc.com
Mark Bailen, Esq., for Erick Erickson, Redstate, Glen Beck, Mercury Radio Arts, and The Blaze at mbailen@bakerlaw.com
Lee Stranahan at stranahan@gmail.com
Breitbart.com at Loconnor@breitbart.com and Larry@breitbart.com
National Bloggers Club and Ali Akbar at ali@blogbash.com
Ace of Spades at aceofspadeshq@gmail.com
Ron Coleman, Esq. for Patrick Frey and Mandy Nagy at rcoleman@goetzfitz.com.
DB Capitol Strategies and Dan Backer at DBacker@DBCapitolStrategies.com
Robert Stacy McCain at r.s.mccain@att.net
Lynn Thomas at lmalone.thomas.legal@gmail.com

_[signature]_