Tom, J.P., Saxe, Manzanet-Daniels, Gische, Clark, JJ.

14262    In re Woodbridge Structured    Index 100336/13
        Funding, LLC,
           Petitioner-Appellant,

           -against-

        Pissed Consumer and PissedConsumer.com,
        et al.,
           Respondents-Respondents.
        _____

Finger & Finger, White Plains (Carl L. Finger of counsel), for appellant.

Goetz Fitzpatrick LLP, New York (Ronald D. Coleman of counsel), for respondents.
        _____

    Order, Supreme Court, New York County (Carol E. Huff, J.), entered October 8, 2013, which denied the petition pursuant to CPLR 3102(c) to compel respondents to disclose the identity of the person or persons who posted alleged defamatory statements on respondent's weblog or blog, and dismissed the petition, unanimously affirmed, without costs.

    Petitioner, a private finance/structured settlement business, seeks pre-action discovery of the identity of anonymous speaker(s) who posted negative comments on respondents' website, "PissedConsumer.com," regarding petitioner's alleged failure to fulfill an advertising promise to award prospective customers with a $500 gas card that included statements such as petitioner

"Lie[s] To Their Clients" and "will forget about you and . . . all the promises they made to you" once "you sign on the dotted line."  The motion was properly denied since petitioner failed to demonstrate that it has a meritorious cause of action as required to obtain pre-action discovery (see CPLR 3102[c]; *Sandals Resorts Intl. Ltd. v Google, Inc.*, 86 AD3d 32, 38 [1st Dept 2011]).  Nothing in the petition identifies specific facts that are false and when the statements complained of are viewed in context, they suggest to a reasonable reader that the writer was a dissatisfied customer who utilized respondent's consumers' grievance website to express an opinion.  Although some of the statements are based on undisclosed, unfavorable facts known to the writer, the disgruntled tone, anonymous posting, and predominant use of statements that cannot be definitively proven true or false, supports the finding that the challenged statements are only susceptible of a non-defamatory meaning, grounded in opinion (*see Sandals Resorts Intl. Ltd.*, 86 AD3d at 43-45).  Petitioner also

has inadequately asserted the damage element of a defamation claim, inasmuch as it has not alleged facts that would indicate injury to its business reputation from the postings (*see id.* at 39; *see also Liberman v Gelstein*, 80 NY2d 429, 436 [1992]).

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED:   FEBRUARY 19, 2015

_____
CLERK