**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 MAR -2  AM II: 15

CLERK'S OFFICE
AT GREENBELT

BY_____BU_____DEPUTY

BRETT KIMBERLIN,                          *

    Plaintiff                              *

                       *

    v.                                     *        **CASE NO.: GJH-13-3059**

                       *

NATIONAL BLOGGERS CLUB, ET AL.            *

                       *

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *

**DEFENDANT MCCAIN'S REPLY TO "PLAINTIFF'S RESPONSE TO DEFENDANT**
**MCCAIN'S MOTION TO DISMISS (ECF No. 259)**

    COMES NOW Defendant Robert Stacy McCain and replies to Plaintiff's opposition to

my motion to dismiss for failure to serve the Second Amended Complaint within 120 days under

Federal Rule of Civil Procedure 4(m) and under Federal Rule of Civil Procedure 41 for failure to

prosecute and to obey this court's orders.[1] In reply Mr. McCain states the following:

1.    On January 23, 2014, I filed an opposition (ECF 254) ("Opposition") to Plaintiff's

    motion for default (ECF 247), and filed my own motion to dismiss (ECF 255) because he

    failed to serve the second amended complaint on me as directed by this court.

2.    I noted in my Opposition that Plaintiff's only evidence that he had sent anything was his

    own word and that he was not to be trusted. I pointed out that this is a convicted perjurer

    and a convicted document forger. I pointed out that he was caught forging documents

---

[1] I reserve the right to file for a motion based on Rule 12(b)(6) or any other valid basis, at a later
time, if the current motion to dismiss is not granted.

related to service of process in this case and in the related case of *Kimberlin v. Walker, et al.*, No. 380966V (Md. Mont. Co. Cir. Ct. 2014). I also brought to this court's attention credible evidence that Plaintiff had previously forged evidence of service of process on me—specifically, he claimed to have sent me certified mail with only $1.25 in postage.

3.   Plaintiff has not even disputed these points.

4.   I pointed out that I wasn't the only person Plaintiff failed to serve the Second Amended Complaint on. I provided Declarations by Mr. Walker and Mr. Hoge that they had not been served and discussing literally years of irregularities related to service.

5.   Plaintiff did not even dispute Walker's or Hoge's claims.

6.   I also called out Plaintiff for the lack of extrinsic evidence to support his claim to have served me as follows: "Unlike in his Report on Service (ECF 27), Plaintiff hasn't even bothered to provide a bad forgery of such alleged service. He simply wants this court to take him at his word."

7.   Rather than provide any extrinsic evidence of service, Plaintiff simply claimed he served me. There is no picture of the alleged envelope or a copy of any alleged receipt or anything like that. He doesn't even swear this is true under oath, and he certainly hasn't filed an affidavit as required by Rule 4(l)(1). He continues to act as if his word is sufficient to provide proof of service without even swearing under penalty of perjury before a notary that he is telling the truth.[2]

---

[2] My verified opposition to default serves as a declaration supporting my motion to dismiss. I attached to it the Declarations of Mr. Walker and Mr. Hoge. This court can consider declarations

8.    Plaintiff also attached as Exhibit A to ECF 259 what he claims is returned mail he sent to me. He does not allege that this was attempted service of process. And, even if we assume it is not another bad forgery, we have no idea where he sent it because the address is covered. It is evidence of nothing.

9.    Plaintiff also attempts to get around his failure to provide credible evidence of service by claiming I had actual notice. This is beside the point. While technical deficiencies in service of process can be cured by actual notice, *Armco, Inc. v. Penrod-Stauffer Bldg. Systems, Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984), it does not excuse a complete failure to provide service of process—which is what we have here.

10.   This court had a very specific purpose when it ordered Plaintiff to serve each of us with the Second Amended Complaint. It was directing Plaintiff to trigger Rule 15(a)(3). But rather than do this simple thing, Plaintiff decided obeying the court was unnecessary.

11.   Apparently, Plaintiff thinks that mailing the Second Amended Complaint to me was merely a technicality and is arguing that today to this court. He is basically saying, "He knew about the case, so why do I have to actually mail the Second Amended Complaint to him?" But this court had specifically warned Plaintiff in its Letter Order of January 7, 2014, that "[t]he failure to serve a party is no mere technicality." ECF 26. In other words, this court has previously felt the need to admonish Plaintiff about completing this most basic of tasks and had even warned him at the end of its lecture that "Proper service is a prerequisite for filing, and future motions will not be considered in the absence of proper service." ECF 26.

---

as evidence disproving service, Rule 44(c), but in order to prove service occurred, the Plaintiff must file an affidavit under Rule 4(l)(1).

12.     After nearly a year, Plaintiff plainly hasn't gotten the message, and will not get the

        message until he pays a price for his failure to obey the rules. If a future motion should

        not be considered in the absence of proper service, it is appropriate to determine that the

        Second Amended Complaint should not be considered against me in the absence of

        proper service, either. In short, Plaintiff's intransigent refusal to obey this simple and

        basic rule, even after being ordered to do so, is reason enough to dismiss this case and do

        so with prejudice.

13.     That covers the first page and a half of Plaintiff's Opposition. Literally every word after

        that is irrelevant and, therefore, "immaterial" (Rule 12(f)), not to mention irrelevantly

        scandalous. Plaintiff is writing as though I had filed a Rule 12(b)(6) motion to dismiss

        for failure to state a claim, when, at its core, my motion is based on his failure to serve

        me. Most of the remaining twelve and a half pages veer off into his anger at Lynn

        Thomas, who has allegedly settled out of this case (or perhaps an unknown third party

        who has started posting as "Kimberlin Unmasked") and the fear that some person writing

        as "Roy Schmalfeldt" might disagree with Your Honor. If you are having trouble

        figuring out what that has to do with motion to dismiss me from the case, centered around

        a failure to serve or any issue in the case, you are not alone. To the extent that any of

        Plaintiff's arm-waving might address any of the issues in this case, it doesn't address the

        arguments I made in my motion. This court could actually take a pair of scissors, cut the

        second page in half at the end of the second paragraph (ending in the words "address with

        the clerk"), and return the remainder to Plaintiff and not lose a word relevant to the

        motion I filed. And I ask this court to do just that—to strike and remove everything in

the pleading from that point forward, with the possible exception of the conclusion and signature page.

14.   And Plaintiff knows that these issues are immaterial.  For instance, in the related state case of *Kimberlin v. Walker, et al.,* No. 380966V (Md. Mont. Co. Cir. Ct. 2013), this same Plaintiff repeatedly attempted to raise the same scurrilous allegations of racism against me that he presented in his opposition only to be shot down by Judge Eric Johnson.  To quote from the final time he attempted to ask me about it:

> Q [Kimberlin to me] Have you ever been identified as a member of the hate group League of the South?
>
> THE COURT: I'm sorry, what was that, what group?
>
> MR. OSTRONIC [defense counsel]: Objection.
>
> MR. KIMBERLIN: League of the South.
>
> THE COURT: League of the South?
>
> MR. KIMBERLIN: It's like an offshoot of the KKK.
>
> MR. OSTRONIC: Objection, Your Honor.
>
> MR. KIMBERLIN: It believes in --
>
> THE COURT: What's that relevant to, sir?
>
> MR. KIMBERLIN: Well he brought it up.
>
> THE COURT: He didn't bring up the League of the South?
>
> MR. KIMBERLIN: Huh?
>
> THE COURT: He didn't bring up the League of the South.
>
> MR. KIMBERLIN: He talked about he's not a racist.
>
> THE COURT: Well the fact that he brought it up without objection doesn't make it relevant. I mean what is the jury going to do with

this? We're not here about whether anybody is a racist or not, are we?

MR. KIMBERLIN: Well no, but he's tried --

THE WITNESS [me]: You're white by the way.[3]

THE COURT: Hold on a second. Hold on a second.

MR. KIMBERLIN: He's trying to rehabilitate the witness by coming up here and saying oh, you know, you're not some extremist. You're not --

MR. OSTRONIC: Objection.

MR. AKBAR [pro se]: Objection.

THE COURT: Hold on a second, hold on a second. I've got this, okay.

MR. OSTRONIC: Sorry, Your Honor.

THE COURT: Go ahead, finish what you're saying.

MR. KIMBERLIN: And I think you know, the evidence is pretty clear that Mr. McCain and his history has engaged in a lot of rhetoric. He can call it hyperbole or whatever about whites and blacks and not being able to live with each other, intermarry, things like this.

THE COURT: So?

MR. KIMBERLIN: So, I'm' just saying.

MR. OSTRONIC: I'm going to object, Your Honor. It's not in evidence.

MR. KIMBERLIN: It's not in evidence. I'm trying to get it in evidence.

THE COURT: Well, we started this case off --

MR. KIMBERLIN: Anyway ---

---

[3] And for the record, I am white, too, making it foolish for him to pretend that race matters in my reporting about him.

THE COURT: -- talking about the First Amendment. So what if he did that.

MR. KIMBERLIN: So --

THE COURT: I mean that doesn't have anything to do with this case.

MR. KIMBERRLIN: No, it doesn't.

THE COURT: Does it?

MR. KIMBERLIN: No, it doesn't, other than the fact that he's saying he's not a racist. He's the one that asked that question.

THE COURT: He being?

MR. KIMBERLIN: Mr. Akbar, he came right up and said are you a racist?

THE COURT: And then he said no.

MR. KIMBERLIN: He said no. And so all I'm saying is have you ever been called racist? You know has the Southern Poverty Life [sic] Center found that you're racist? You know, have you been featured on Hate Watch --

MR. OSTRONIC: Objection, Your Honor.

MR. KIMBERLIN: -- because you're a racist? You know this is what I'm trying to get at and --

THE COURT: Well but my problem is that I don't know what that has to do with this case. It's you're the plaintiff. If everything you said were true, so what. It doesn't have anything to do with this case.

Defendant Hoge's Reply, ECF 236, Exhibit B-2, pp. 204-207.

15.     The fact that his allegation that I am a racist is *false* is beside the point.  The fact that

Plaintiff is a hypocrite, having called even one of the Defendants (Ali Akbar) the "n-

word" is beside the point.  As Judge Johnson tried to explain to Plaintiff, whether or not a

person is a racist is not relevant in your typical defamation action and certainly isn't relevant to his dispute with me. But Plaintiff is desperate to distract this court from the simple fact that he has not served the Second Amended Complaint on me and to do it by smearing me in whatever way he can in order to try and prejudice this court.

16. Likewise, his attack on me as unemployed is designed to be another distraction and is equally immaterial. Again, the fact it is not true—I have been employed since 2008 by *The American Spectator* in addition to supplementing my income with freelance work and self-employment at my blog—is beside the point. He is simply trying everything he can to unfairly prejudice this court so it will ignore the simple fact that the law and the facts are not on his side. He has not been diligently pursuing the case against me, and that justifies dismissal.

17. Finally, he seems on page 5 of his opposition to be trying to apply some kind of collateral estoppel against me, by claiming that *The American Spectator* and The Franklin Center, by taking down some of my writings or related writings (whatever that means) as a part of an alleged settlement somehow proves that they were defamatory. It is common knowledge that companies settle for a variety of reasons, including just to avoid the cost of litigation. Therefore, a settlement is not a final judgment on the merits as required for collateral estoppel (see e.g. *Wagner v. Allied Chemical Corp*, 623 F.Supp. 1412, 1416 (D. Md., 1985)). He has not even established that *The American Spectator* or The Franklin Center admitted to any fault, and experience will tell you that they probably did not.

18. More important, the whole issue is irrelevant to my motion to dismiss. If I had filed a Rule 12(b)(6) motion to dismiss, collateral estoppel might be an interesting topic of

discussion (at least as a defense), but I am moving to dismiss for failure to serve me, failure to prosecute this case against me, and failure to obey this court's orders (by his failure to serve me). Nothing from the middle of the second page onward even addresses that. And why not? Because Plaintiff knows that this is a contest between his own credibility and my credibility, and the credibility of two of my co-defendants, and he isn't very confident in the outcome of that contest. This court has noted previously that Plaintiff has a "checkered past with representations to this court" ECF 168, footnote 2. He is a convicted perjurer who has admitted to forging documents in this case. Therefore, Plaintiff's bare word should not count as proof of any disputed fact.

## CONCLUSION

The simple truth is that Plaintiff has provided this court absolutely no reason to sustain his suit against me. Although he claims to have served me, Plaintiff has presented absolutely no collaborating evidence. He hasn't even sworn that he has in an affidavit as required by the rules. By contrast, you have my sworn statement that it was not served (in my opposition to default) and the sworn statements of Mr. Hoge and Mr. Walker that Plaintiff didn't serve them with the Second Amended Complaint, either. The burden of establishing that service of process is valid is on Plaintiff. *See Turner v. Lowden*, Case No. RDB-12-1372 (D. Md., Oct. 15, 2013) (citing *Norlock v. City of Garland*, 768 F.2d 654, 656 (5th Cir. 1985)). The preponderance of the evidence shows that Plaintiff did not serve me, and therefore, this court should dismiss me from this suit, with prejudice, and this court should grant any other relief it deems just and equitable.

9

Monday, March 2, 2015                    Respectfully submitted,

Robert Stacy McCain
c/o W. J. J. Hoge
20 Ridge Road,
Westminster, MD  21157
(240) 217-5249
Robertstacymccain8@gmail.com
(no fax)

## CERTIFICATE OF SERVICE

I certify that on March 2, 2015, I served copies of this document on by mail on the Plaintiff and by electronic service on all Defendants.