Honorable Judge George J. Hazel  
6500 Cherrywood Lane  
Greenbelt, MD 20770

March 18, 2015

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 MAR 18 PM 3:40

CLERK'S OFFICE
AT GREENBELT

BY _____ DEPUTY

Re: Kimberlin v. National Bloggers Club,  
No, GLH 13-3059

Re: Request To File Motion for Reconsideration To Correct Legal Error

Dear Judge Hazel:

I would like to file a Motion to Reconsider in order to ask the Court to correct a legal error made in the Court's Memorandum of March 17, 2015. Specifically, this Court dismissed my 1985(2) argument after finding that: "Like § 1985(3), to state a claim under § 1985(2) a plaintiff must allege that the defendants 'were motivated by racial or other class-based, invidiously discriminatory animus.'" Citation omitted. ECF 263 at 32.

This is contrary to a unanimous Supreme Court that addressed this precise issue. In *Kush v. Rutledge*, 460 US 719, 726-7 (1983), the Court held:

*Held:* No allegations of racial or class-based invidiously discriminatory animus are required to establish a cause of action under the first part of § 1985(2). The statutory provisions now codified at § 1985 were originally enacted as § 2 of the Civil Rights Act of 1871, and the substantive meaning of the 1871 Act has not been changed. The provisions relating to institutions and processes of the Federal Government (including the first part of § 1985(2))—unlike those encompassing activity that is usually of primary state concern (including the second part of § 1985(2) and the part of § 1985(3) involved in *Griffin, supra*)—contain no language requiring that the conspirators act with intent to deprive their victims of the equal protection of the laws. Thus, the reasoning of *Griffin* is not applicable here, and given the structure of § 2 of the 1871 Act, it is clear that Congress did not intend to impose a requirement of class-based animus on persons seeking to prove a violation of their rights under the first part of § 1985(2). The legislative history supports this conclusion. Pp. 724-727.

There are two provisions in Section 1985(2), one that requires a discriminatory animus and one that does not. It appears that this Court was not aware of *Kush* and the application of provision one when it ruled that I was required to allege such an animus. See also *Haddle v. Garrison*, 525 US 121, 126 (1998) (an at will employee may file a claim under 42 USC 1985(2) for damages against a third party who conspires with his employer to fire him to deter him from testifying at an upcoming criminal trial). Indeed, in *Kush*, the Plaintiff was a white male.

I want to file a Motion to Reconsider to demonstrate that I properly pled a claim under provision one of 1985(2) and give this Court an opportunity to correct this error rather than do so on appeal. I also believe that a correct application of this

provision may warrant the reconsideration of the state law dismissals because if the 1985(2) claim is allowed, the Court should retain supplemental jurisdiction over those claims. Moreover, I want to show that a dismissal without prejudice of the state law claims is unfair because I would be barred by the statute of limitations if I refilled those claims in state court, as suggested by the Court.

Sincerely,

Brett Kimberlin