FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 MAR 23  AM 9:58

CLERK'S OFFICE
AT GREENBELT

BY _BU_ DEPUTY

The Honorable George J. Hazel
U.S. District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, Maryland 20770

Monday, March 23, 2015

Re:   Kimberlin v. National Bloggers Club, et al. GJH-13-3059; Joint Request to File Motion For Sanctions

Dear Judge Hazel,

We hereby file this joint request to file a motion for sanctions in regard to Plaintiff's repeated disregard of the Federal Rules of Civil Procedure in this case.

As has been pointed out more times that we can count, Plaintiff in this case has acted in recurrent bad faith and disregard for the rules. This misconduct falls into seven broad categories:

1. <u>Misrepresentation of facts, websites cited, and his own exhibits.</u> Plaintiff frequently cited to websites that do not say what he claims they said, claimed that Defendants wrote items they did not write, fabricating quotes or taking them out of context as to give a false impression about what is being said, even claiming that an exhibit said what it did not say. Further, these misrepresentations generally persisted even after parties pointed out the deception.

2. <u>Misrepresentation of case law.</u> Plaintiff mischaracterized decisions by the Maryland Court of Special Appeals as decisions of the Maryland Court of Appeals, and cited U.S. Circuit Court opinions that were overturned by Supreme Court precedents by name. This conduct persisted even after it was pointed out to the court.

3. <u>Pressing claims that had already been decided in other courts and attempted double recovery.</u> Plaintiff sued on substantially identical claims in state court against four of the same defendants and lost. This did not change Plaintiff's conduct in this case one iota—even after it was pointed out that res judicata and collateral estoppel applied.

4. <u>Use of sealed court records.</u> Virtually every email communication that Plaintiff cites between Mr. Walker and Mr. Frey is taken from records sealed at Mr. Kimberlin's request and subject to a protective order in Virginia. Plaintiff has not unsealed those records or otherwise obtained permission from that court to use them in this court.

5. <u>Repeated failure to provide service of process.</u> This persisted even after this court warned him to obey the rules.

6. <u>Irrelevant ad hominem attacks.</u> Plaintiff has repeatedly attacked parties and even attorneys needlessly for peacefully defending themselves in this suit.

7. <u>Forged and altered documents.</u> Besides the forgery he has admitted to, there are three other instances in the present case of Plaintiff altering certified mail green cards to make it appear that he sent mail as restricted delivery when he didn't, and another case where he altered mail to make it appear he sent certified mail for $1.25. Upon information and belief, this was done to try to manufacture false defaults, leading to fraudulent default judgments.

Following this Court's cues on the subject and in order to reduce the clutter on the docket, we have held off filing any motions for sanctions while waiting for a resolution on the merits.[1] We believe that for all of the Defendants but Mr. Frey, we have reached the stage where a consideration of sanctions, including a motion to find that Plaintiff is a vexatious litigant, is appropriate.

Accordingly, we ask for leave to file a motion for sanctions based on Fed. R. Civ. P. 11 and other provisions of the federal rules. We also ask for this court to allow us to skip the stage in the sanctions process where Plaintiff is given twenty-one days to withdraw the offending documents. Given the multiplicity of documents where the sanctionable conduct occurred, and the complexity of the matter, this seems to be an unworkable procedure, and it is unlikely to make the Defendants whole for the Plaintiff to withdraw any of his documents.

About five years ago, when this dispute had barely started, Plaintiff made his intent to abuse the courts as a pro-se litigant plain. Mr. Frey had written an article about Plaintiff that was based primarily on a number of published news articles. Plaintiff had threatened to sue, and Mr. Frey graciously offered to change what he wrote if the Plaintiff could prove any inaccuracy. Instead of specifying any errors, Plaintiff simply issued this threat: "I have filed over a hundred lawsuits and another one will be no sweat for me. On the other hand, it will cost you a lot of time and money..." In other words, Plaintiff was threatening to file baseless litigation against Mr. Frey, believing that even if Mr. Frey won it would cost him money and time, and he hoped the threat of such litigation would cow Mr. Frey into silence. Plaintiff's litigiousness was further verified last August after he lost against four of the same defendants in *Kimberlin v. Walker, et. al.* No. 380966V (Md. Mont. Co. Cir. Ct. 2013). All four won for the most substantive reason possible: truth. Despite that fact, Plaintiff pledged to sue again: "[T]omorrow, I can file another lawsuit against them. And now I know what I need to do. It's going to be endless lawsuits for the rest of their lives."[2]

If there was any doubt that Plaintiff planned to carry through with this threat, one only need to look at the events of last week. Within minutes of this court's ruling in this case last Tuesday, Mr. Hoge learned via PACER that he was being sued again by the same Plaintiff in another RICO suit. *See*

---

[1] *See, e.g.* Letter Order of May 16, 2014, ECF No. 127 (denying a request by Plaintiff to file a motion for sanctions against Mr. Smith, stating that "[s]hould it become apparent that Twitchy has acted improperly in violation of the Federal Rules of Civil Procedure, there will be ample opportunity to explore that possibility after the substantive issues in this case are resolved on their merits").

[2] David Weigel, *The Weirdest Story About a Conservative Obsession, a Convicted Bomber, and Taylor Swift You Have Ever Read*, THE DAILY BEAST, August 30, 2014, available at http://www.thedailybeast.com/articles/2014/08/30/the-weirdest-story-about-a-conservative-obsession-a-convicted-bomber-and-taylor-swift-you-have-ever-read.html.

*Kimberlin v. Hunton & Williams, LLP, et al.*, Case No. 15-CV-00723-GJH.[3] Plaintiff doesn't care about losing in court. He will simply keep suing and suing and suing. And why not? It costs him little, and it vexes his enemies.

If this doesn't justify declaring Plaintiff a vexatious litigant, it at least justifies changing the balance of the equation for Plaintiff. If he keeps filing these lawsuits because he thinks he will pay no price for his misconduct, then perhaps it is time for him to pay a price for his misconduct.

Therefore, we the undersigned request to file a joint motion for sanctions, and without the twenty-one day grace period provided in Rule 11. We believe this will not require a great expenditure of this court's resources since no part of our planned presentation requires a difficult search for the truth. We ask that we be allowed to file a motion that will reflect the depth of Plaintiff's misconduct in this case and the fact that is filed by four persons.

We thank this court for its time and consideration.

Respectfully,

_____
Aaron J. Walker,
7537 Remington Rd
Manassas, VA 20109
(703) 216-0455
AaronJW1972@gmail.com

/s/
_____
William J.J. Hoge III,
20 Ridge Road
Westminster, MD 21157
(410) 596-2854
himself@wjjhoge.com

/s/
_____
Lee Stranahan
13824 Methuen Green St.
Dallas, TX 75240
(214) 402-1759
Stranahan@gmail.com

/s/
_____
Robert Stacy McCain
c/o W. J. J. Hoge
20 Ridge Road
Westminster, MD 21157
(240) 217-5249
Robertstacymccain8@gmail.com

### CERTIFICATE OF SERVICE

Mr. Walker hereby certifies that this letter was served by mail on Plaintiff, and electronically (with consent) on all Defendants on Monday, March 23, 2015.

---

[3] In addition to that, Plaintiff has filed two more lawsuits in the past few weeks, a Peace Order case against Mr. Hoge ostensibly filed as next friend to his daughter, *Kimberlin v. Hoge*, Case No. 0601SP012712015 (2015), and an unrelated suit against Home Depot, *Kimberlin v. Home Depot*, Case No. 401958V (2015).