IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|   |   |   |
|---|---|---|
| BRETT KIMBERLIN, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-13-3059 |
| PATRICK FREY | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Brett Kimberlin ("Kimberlin") brought this action against numerous defendants (collectively, "Defendants") for their alleged involvement in a criminal enterprise, the purpose of which was to spread false and defamatory stories about Kimberlin through the media and internet in order to raise money from people who believed and supported the false narrative. On March 17, 2015, this Court entered its Memorandum Opinion and Order granting, in part, Defendants' motions to dismiss, which included the complete dismissal of Kimberlin's 42 U.S.C. § 1985(2) claim.[1] On March 18, 2015, Kimberlin filed a Request to File a Motion for Reconsideration of the Court's dismissal of Kimberlin's § 1985(2) claim. *See* ECF No. 267. Kimberlin's Request was filed pursuant to the Case Management Order ("CMO") entered by the Court on March 5, 2015. *See* ECF No. 97. The CMO requires a party desiring to file a motion to first file a letter seeking permission from the Court. The requirement was instituted due to the "seemingly limitless animosity of the parties, many of whom are self-represented." *Id.* As such, "the Court

---

[1] The Court notes that it denied Defendant Frey's motion to dismiss as to Kimberlin's 42 U.S.C. § 1983 claim.

1

ha[d] no option but to limit the deluge of filings in this case in order to prevent this case from consuming an inordinate share of this Court's limited resources." *Id*.  Accordingly, pursuant to Fed.R.Civ.P. 1, 16(b), and 83(b), the Court issued its CMO to allow for the "just, speedy, and inexpensive determination" of this action. Fed.R.Civ.P. 1.

The CMO specifically states that "[a] Request may not seek any relief already sought and denied by the Court unless . . . the Request is for reconsideration of the denial based upon specific new facts or law that did not exist at the time the original motion was denied and specifically sets forth why the facts or law are relevant to the Request, and could not reasonably have been known when the relief was originally denied[.]" *Id.* at 3. Because Kimberlin has not identified any new facts or law that did not exist at the time the Court dismissed Kimberlin's § 1985(2) claim, Kimberlin's Request to File a Motion for Reconsideration will be DENIED.

## I.     BACKGROUND

Kimberlin filed his Second Amended Complaint ("SAC") to recover damages inflicted by Defendants for allegedly engaging in a multitude of tortious acts, including a criminal racketeering enterprise that engaged in mail fraud, wire fraud, money laundering, witness intimidation and retaliation, extortion, and obstruction of justice for the purpose of harming Kimberlin's business and property interests and depriving him of his civil rights. *See* ECF No. 135 at ¶ 1.

Specifically, Kimberlin alleged that Defendants (1) created false and defamatory narratives about him that he engaged in, ordered, directed and/or facilitated the swatting of various individuals[2]; (2) created other false narratives about him in order to bolster the false swatting

---

[2] "Swatting" is the act of placing a 911 call "in which a false report of a violent crime is made to elicit a police Special Weapons and Tactics squad ('SWAT') response to the physical address of a targeted individual, his or her family members, or place of employment." *United States v. Neff*,

narrative; (3) provided false information to media outlets, politicians, and law enforcement officials accusing him of involvement in the swattings; (3) repeatedly published defamatory statements that he committed swattings; (4) constantly bullied him; and (5) enriched themselves by fraudulently raising hundreds of thousands of dollars and increasing traffic on their websites based on those false narratives. *See id.*

As such, Kimberlin filed this lawsuit against Defendants in which he raised the following claims: (1) violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c) and 1962(d); (2) violation of the Civil Rights Act, 42 U.S.C. § 1983; (3) conspiracy under the Ku Klux Klan Act, 42 U.S.C. §1985; (4) defamation; (5) false light – invasion of privacy; (6) interference with business relationships; (7) interference with prospective advantage; (8) conspiracy; (9) battery; and (10) intentional infliction of emotional distress. Defendants moved to dismiss.

On March 17, 2015, the Court granted Defendants' motions to dismiss in full, except as to Defendant Patrick Frey, whose motion to dismiss was denied as to Kimberlin's 42 U.S.C. § 1983 claim. On March 18, 2015, Kimberlin filed a Request to File a Motion for Reconsideration of the Court's dismissal of his § 1985(2) claim. *See* ECF No. 267. For the reasons stated more fully below, the Court will DENY Kimberlin's Request.

## II.   DISCUSSION

Kimberlin requests that he be permitted to file a Motion for Reconsideration so that the Court can reconsider its dismissal of his § 1985(2) claim. *See id*. According to Kimberlin, the Court committed "legal error" by dismissing his § 1985(2) for failing to allege that the

---

No. 11-0152, 2013 WL 30650, at *3 (N.D. Tex. Jan. 3, 2013) *aff'd*, 544 F. App'x 274 (5th Cir. 2013).

3

Defendants were motivated by racial or other class-based, invidiously discriminatory animus. *See id*. Kimberlin is mistaken.

Generally speaking, 42 U.S.C. § 1985(2) provides a private cause of action for conspiracy to interfere with civil rights. The Supreme Court has analyzed § 1985(2) as containing two discrete clauses. *See Kush v. Rutledge*, 460 U.S. 719 (1983). The first clause addresses conspiracies to interfere with proceedings in federal courts and, as Kimberlin correctly notes, does not require discriminatory animus. *See id*. This clause imposes liability when:

> [T]wo or more persons . . . conspire to deter, by force, intimidation, or threat, any party or witness in *any court of the United States* from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror;

42 U.S.C. § 1985(2) (emphasis added). As defined in 28 U.S.C. § 451, "court of the United States" refers only to Article III courts and certain federal courts created by Act of Congress, and does not include the various state courts such as the Montgomery County Circuit Court. *See McCord v. Bailey*, 636 F.2d 606, 614 (D.C. Cir. 1980) ("The constitutional basis for the first clause of §1985(2) is Congress's plenary power over the federal courts."); *see also Deubert v. Gulf Fed. Sav. Bank,* 820 F.2d 754, 758 (5th Cir. 1987) (underlying proceeding in federal court is requisite of claim under first clause of § 1985(2)).

The second clause of § 1985(2) imposes liability when:

> [T]wo or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right

4

>of any person, or class of persons, to the equal protection of the laws[.]

42 U.S.C. § 1985(2). Unlike the first clause, this "part of § 1985(2) applies to conspiracies to obstruct the course of justice in *state courts* . . . ." *Kush*, 460 U.S. at 725 (emphasis added); *see also Herrmann v. Moore*, 576 F.2d 453, 457-58 (2d Cir. 1978) ("§ 1985(2) clause 2 applies only to conspiracies with respect to judicial proceedings in a State or Territory"). Furthermore, "the second clause of section 1985(2), requires an allegation of class-based animus for the statement of a claim." *Chavis v. Clayton Cnty. Sch. Dist.*, 300 F.3d 1288, 1292 (11th Cir. 2002).

As this Court already concluded, Kimberlin's SAC "alleges only acts related to a state court proceeding, as well as various investigations . . . ." *Kimberlin v. Nat'l Bloggers Club*, No. 13-3059, 2015 WL 1242763, at *6 (D. Md. Mar. 17, 2015). Accordingly, the Court analyzed Kimberlin's § 1985(2) claim as arising under the only clause of the statute that had any relevance to this proceeding – the second clause. In doing so, the Court correctly concluded that Kimberlin failed to "allege that the defendants were motivated by racial or other class-based, invidiously discriminatory animus." *Kimberlin*, No. 13-3059, 2015 WL 1242763, at *17. Indeed, Kimberlin does not dispute this legal conclusion; instead, Kimberlin maintains that his § 1985(2) claim actually arose under the first clause of that section and therefore was not required to allege any class-based animus. As this Court already noted, however, "Kimberlin has failed to allege any acts relating to a federal judicial proceeding." *Id.* at 6. Without a federal judicial proceeding, there can be no violation of the first clause of 42 U.S.C. § 1985(2). The Court must therefore DENY Kimberlin's Request to File a Motion for Reconsideration as he has not identified any new facts or law that did not exist at the time the Court dismissed his § 1985(2) claim.[3]

---

[3] To the extent the Court's prior decision needs clarification, the Court emphasizes that when it stated that Kimberlin was required to "allege that the defendants were motivated by racial or other class-based, invidiously discriminatory animus" in order to state a claim under § 1985(2), it

The Court notes that even if Kimberlin were permitted to file a motion for reconsideration, his motion would be denied. The Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration. Instead, Rule 59(e) authorizes a district court to alter, amend, or vacate a prior judgment, and Rule 60 provides for relief from judgment. *See Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 n. 4 (4th Cir .2011). "A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls." *Cross v. Fleet Reserve Ass'n Pension Plan,* No. 05–0001, 2010 WL 3609530, at *2 (D .Md. Sept. 14, 2010). Here, if the Court were to construe Kimberlin's Request to File a Motion for Reconsideration as a motion for reconsideration, it would arise under Rule 59(e) as it was filed one day after the Court entered its Order dismissing Kimberlin's § 1985(2) claim.

The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a final judgment may be amended under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *See Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n. 8 (4th Cir. 2008). Here, the basis for Kimberlin's requested reconsideration is a purported "legal error" by the Court. But, as discussed above, the Court committed no legal error. The Court construed Kimberlin's § 1985(2) claim as arising under the second clause of that section. In doing so, the Court correctly concluded that Kimberlin failed to "allege that the defendants were motivated by racial or other class-based, invidiously discriminatory animus." *Kimberlin*, No. 13-3059, 2015 WL 1242763, at *17. Had the

---

was speaking in reference to the second clause of § 1985(2). *See Kimberlin*, No. 13-3059, 2015 WL 1242763, at *17.

Court construed Kimberlin's § 1985(2) claim as arising under the first clause of that section, his claim would still have been dismissed because "Kimberlin has failed to allege any acts relating to a federal judicial proceeding." *Id.* at 6. Thus, even if the Court permitted Kimberlin to file a motion for reconsideration, that motion would be denied because the Court did not commit a legal error.[4]

## IV.   CONCLUSION

For the reasons stated above, the Court will DENY Kimberlin's Request to File a Motion for Reconsideration, and even if it did grant that Request, the motion for reconsideration would be denied.

Dated: March 26, 2015                                     /S/
                                                   George Jarrod Hazel
                                                   United States District Judge

---

[4] As for Kimberlin's apparent concern about the statute of limitations having run on his state law claims, the Court notes that under 28 U.S.C. § 1367(d), the statute of limitations on those claims has been tolled while this case has been pending in this Court, and will remain tolled for an additional thirty days after the issuance of the March 17, 2015 Memorandum Opinion and its accompanying Order, so that Kimberlin will be able to bring those claims in state court if he so chooses. *See* 28 U.S.C. § 1367(d) ("The period of limitations for any claim asserted under subsection (a) . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."); *accord* Md. Rule 2-101(b) ("[I]f an action is filed in a United States District Court or a court of another state within the period of limitations prescribed by Maryland law and that court enters an order of dismissal . . . because the court declines to exercise jurisdiction . . . an action filed in a circuit court within 30 days after the entry of the order of dismissal shall be treated as timely filed in this State."). Even if Kimberlin's state law claims were not tolled under § 1367(d), the Court would still not exercise supplemental jurisdiction over these claims for the same reasons stated in the Court's March 17, 2015 Memorandum Opinion – namely the importance of comity and judicial economy. *See Kimberlin*, No.13-3059, 2015 WL 1242763, at *18 (recognizing that "it is apparent that the Maryland state court system has recently heard similar state law claims brought by Kimberlin against several of the defendants involved in this action").