FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 MAR 25  PM 2: 44

CLERK'S OFFICE
AT GREENBELT

BY  GU  DEPUTY

The Honorable George J. Hazel
U.S. District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, Maryland 20770

Wednesday, March 25, 2015

Re:   Brett Kimberlin v. National Bloggers Club, et al. GJH-13-3059; Opposition to Plaintiff's Request for Reconsideration (ECF No. 267)

Dear Judge Hazel,

I write to oppose the Plaintiff's request to file a motion for reconsideration. The Plaintiff claims that the first part of 42 U.S.C. §1985(2) does not require an element of invidious discrimination. However, he leaves out the crucial limitation that this provision requires the obstruction of a *federal* judicial proceeding, and this Court has already ruled the Plaintiff did not allege any such obstruction. Further, this Court should not be in the business of protecting the Plaintiff from the consequences of inappropriately bringing state law claims into this court. Therefore, I request that the Plaintiff's request to file a motion for reconsideration be denied. Instead, this Court should clarify its memorandum opinion by noting that the Plaintiff has failed to allege a violation of the first part of §1985(2) as well.

The first part of §1985(2) states that a person has a cause of action when two or more persons conspire to obstruct "any court of the United States." The Plaintiff is trivially right that *Kush v. Rutledge*, 460 U.S. 719 (1983) holds that this portion of the act does not require discriminatory animus. What the Plaintiff ignores is that the statute does require that the obstruction be aimed at a *federal*, not state, judicial proceeding. Here's how the Supreme Court explained the operation of §1985 in *Kush*:

> Three of the five broad categories [of conduct prohibited by §1985], the first two and the fifth, relate to institutions and processes of the Federal Government — federal officers, § 1985(1); *federal judicial proceedings, the first portion of § 1985(2)*; and federal elections, the second part of § 1985(3). The statutory provisions dealing with these categories of conspiratorial activity contain no language requiring that the conspirators act with intent to deprive their victims of the equal protection of the laws....
>
> The remaining two categories, however, encompass underlying activity that is not institutionally linked to federal interests and that is usually of primary state concern.... Each of these portions of the statute contains language requiring that the conspirators' actions be motivated by an intent to deprive their victims of the equal protection of the laws.

*Id.* at 723-25 (emphasis added) (citations and footnotes omitted). In other words, the statute reflects the division between federal and state power. Where the statute deals with the domain of the federal government—interference with federal officers, federal courts, and federal elections—the power to regulate conduct is seen as inherent. By comparison, the remaining portions of §1985(2) and (3) deal

with matters traditionally left to the states, and, therefore, a connection to the equal protection clause is needed to justify federal regulation.

Therefore, the Plaintiff is at best trivially and only partially right. There is no need to allege any invidiously discriminatory motive for the first part of §1985(2), but there is a need to allege obstruction of a federal proceeding, and this court has already held that he has failed to do so. In last week's memorandum opinion (ECF No. 263), this Court stated (in relationship to obstruction of justice under 18 U.S.C. §1503) that the Plaintiff had failed to allege any relationship to a federal proceeding: "Here, Kimberlin has failed to allege any acts relating to a federal judicial proceeding. Instead, he alleges only acts related to a state court proceeding[.]" *Id.* at 10. The same finding applies equally to his claim about the first part of 42 U.S.C. §1985(2).

As for his complaint that he might be unable to press his state-based claims in state court, it is not this Court's job to rescue the Plaintiff from the effects of his strategic decision to bring state-law based claims in federal court. He already had a suit going in Maryland state court at the time he filed this case. *Kimberlin v. Walker, et al* No. 380966V (Md. Mont. Co. Cir. Ct. 2013). He could have amended his complaint in that case to include those claims and indeed did amend his complaint on April 1, 2014, nearly a month after the last amendment in this case. He chose to keep those claims in this Court, tied to doomed federal claims, and he should not be rescued from the consequences of that decision. It certainly is not the manifest injustice required under Fed. R. Civ. P. 59(e). *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 407 (4th Cir. 2010).

In summary, I ask this court to deny the Plaintiff's request for a motion for reconsideration with an order clarifying that the first part of 42 U.S.C. §1985(2) applies to obstruction of federal judicial proceedings, and he has alleged no such federal judicial proceedings.

Respectfully,

*[signature]*

Aaron J. Walker, Esq.
Va Bar# 48882
7537 Remington Road
Manassas, Virginia 20109
(703) 216-0455
AaronJW72@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that this letter was served by mail on Plaintiff, and electronically (with consent) on all Defendants on Wednesday, March 25, 2015.

*[signature]*