

PAC ● CAMPAIGN ● NON-PROFIT ● POLITICAL LAW

March 31, 2015

The Honorable George J. Hazel
U.S. District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, Maryland 20770

Re: *Kimberlin v. National Bloggers Club, et al.*, GFH-13-3059
   Request to File Motion for Attorney's Fees, Sanctions and Injunctive Relief

Dear Judge Hazel,

Counsel for Defendants DB Capitol Strategies, PLLC and Dan Backer (hereinafter "Defendants") respectfully requests permission to file a single, consolidated motion for the recovery of attorney's fees pursuant to Fed. R. Civ. P. 54(d)(2) and 42 U.S.C. §1988(b), for sanctions pursuant to Fed. R. Civ. P. 11, and for injunctive relief against Plaintiff to prevent any further baseless litigation by this vexatious serial litigant, at least as to Defendants.

This Court granted the Motions to Dismiss filed by Defendants in full, which sought attorney's fees and injunctive relief against this abusive litigant. The case docket is a testament to the unreasonable burden this matter intentionally imposed upon the Defendants, and this Court's detailed dismissal of all claims makes clear that there was never any foundation for them as applies to DBCS and Backer. 42 U.S.C. §1988(b) permits a defendant sued under 42 U.S.C. §1985 to recover attorney's fees as a prevailing party "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation". *Fox v. Vice*, 131 S. Ct. 2205, 2213 (2011), *citing Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 421 (1978). Indeed, §1988, "serves to relieve a defendant of expenses attributable to frivolous charges. The plaintiff acted wrongly in leveling such allegations, and the court may shift to him the reasonable costs that those claims imposed on his adversary". *Fox*, at 2214, *citing Christiansburg*, at 420-421. "In enacting §1988, we stated, Congress sought 'to protect defendants from burdensome litigation having no legal or factual basis.'" *Id.*, at 2213, *Christiansburg*, at 421. "The trial court must determine whether the fees requested would have accrued but for the frivolous claim." *Id.* at 2216.

Here, Defendants would not have accrued attorney's fees but for the frivolous claims asserted by Plaintiff. Although a case involving Title VII provision, 42 U.S.C. §2000e-5(k), *Gilyard v. S.C. Dep't of Youth Servs.*, discusses the meaning of "frivolous" as applied to claims for attorney's fees under §1988.[1] 667 F. Supp. 266, 275 (D.S.C. 1985). "Courts applying the *Christiansburg* standard have concluded that a claim is frivolous if there is no evidence to support the claim, or if he has no colorable legal theory." *Id.* at 276. The application of this standard to the case at bar supports the assertion that Plaintiff's claim was frivolous. This Court's Memorandum Opinion granting Defendants' Motions to Dismiss provides a detailed analysis of how Plaintiff failed to properly plead the asserted causes of action as to these Defendants. ECF No. 263. There was no evidence to support Plaintiff's claims, nor did Plaintiff present a novel legal theory. Thus, his claim was frivolous.

Additionally, the number of docket entries demonstrates that this matter consumed vast amounts of this Court's and the Defendants' time, resources and energy. It has taken more than

---

[1] The court discussed that "awarding attorney's fees under the Civil Rights Attorney's Fee Awards Act, 42 U.S.C. §1988 and the corresponding Title VII provision, 42 U.S.C. §2000e-5(k) are identical." *Gilyard*, at 275.



seventeen months and over 265 docket entries to reach the conclusion that this matter had to be dismissed outright as to these Defendants. DBCS had to file multiple substantive motions.  *See* ECF Nos. 8, 62, 118, 148, and 239.  Backer had to file a motion to dismiss the second amended complaint along with a response to Plaintiff's opposition. ECF Nos. 190, 239.  Defendants were required to sort through convoluted misunderstandings of law, patently false factual assertions, and thoroughly confused legal analysis.  Plaintiff failed to correct the inadequacies of his first amended complaint, despite the deficiencies being clearly outlined by all the Defendants in their numerous motions to dismiss, and his second amended complaint continued with his unreasonable and unfounded accusations amidst a story of vast global conspiracies.  Not surprisingly, Plaintiff's opposition was constructed in a similar fashion. He forced this Court – and Defendants - to expend countless hours reading, deciphering and analyzing his attempted legal arguments only to reach the ultimate conclusion that this matter had to be dismissed outright as to these Defendants.  This suit was without merit and is of the sort contemplated by Congress as deserving of an award of attorney's fees.  Defendants seek to file a motion for attorney's fees to more fully elucidate the frivolous and unreasonable nature of Plaintiff's allegations, their lack of foundation, and why it is appropriate that the unnecessary costs incurred by Defendants be recovered.

Additionally, Defendants wish to file a motion for sanctions based on Fed. R. Civ. P. Rule 11(c).  The RICO "facts" contained in the second amended complaint could never support the legal allegations as asserted and, "where there is no basis for a plaintiff's allegations, the complaint violates Rule 11's factual inquiry requirement".  *Brubaker v. City of Richmond*, 943 F.2d 1363, 1373 (4th Cir. 1991).   As such, Defendants wish to present the case law and seek sanctions, inclusive of attorneys' fees and other remedies.

Finally, as requested in the Defendants' Motions to Dismiss, Defendants would like to request this Court issue a pre-filing injunction against Plaintiff.  He is a self-admitted vexatious litigant who is fixated upon the parties.  Indeed, it was clear to Judge Grimm that "this case is the latest in a series of disputes between and among the parties here, and that the dispute between Plaintiff and at least some of these Defendants is particularly bitter." ECF No. 97, at 1 (internal citations omitted).  Plaintiff, immediately after his Maryland Circuit Court case against some of the same defendants was dismissed, openly told a reporter "And tomorrow, I can file another lawsuit against them.  And now I know what to do.  It's going to be endless lawsuits for the rest of their lives." *Kimberlin v. Walker, et al.*, No. 380966V (Md. Cir. 2013); David Weigel, *The Weirdest Story About a Conservative Obsession, a Convicted Bomber, and Taylor Swift You Have Ever Read*, http://www.thedailybeast.com/articles/2014/08/30/the-weirdest-story-about-a-conservative-obsession-a-convicted-bomber-and-taylor-swift-you-have-ever-read.html (last updated August 30, 2014).  Pre-filing injunctions can be warranted under "exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Eidokobi v. M&M Mortgage Servs Inc., et al*, 2014 U.S. Dist. LEXIS 150276, 16 (D. Md. 2014), *citing Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817-818 (4th Cir. 2004).

Plaintiff has intentionally abused the judicial process.[2]  Indeed, the day before the instant RICO action was dismissed, he filed yet another massive civil RICO action in this Court as a pro se litigant, apparently related to some of the whimsical notions contained in the second amended complaint about vast globe-spanning conspiracies of multi-billion corporations targeting him.  *See Kimberlin v. Hunton and Williams, LLP, et al.*, 8:15-cv-00723-GJH.  In requesting a pre-filing

---

[2] In email correspondence from Plaintiff to defendant Patrick Frey, Plaintiff wrote, "I have filed over a hundred lawsuits and another one will be no sweat for me.  On the other hand, it will cost you a lot of time and money…"



PAC ● CAMPAIGN ● NON-PROFIT ● POLITICAL LAW

injunction, Defendants understand that it must be "narrowly tailored to fit the specific circumstances at issue". *Cromer*, at 818, citing *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3rd Cir. 1993). Therefore, Defendants offer three proposals for injunctive relief that calibrate a citizen's right to seek redress in the courts against the burden this litigant's flights of fancy impose upon the court and his targets. The first, simplest, and most common would be to require Plaintiff to seek leave of the Court before filing another suit against DBCS or Backer, roughly along the same pre-filing lines as imposed by ECF 97. As this Court has noted, the history between "plaintiff and some of the defendants is particularly bitter." ECF No. 97, at 1. Judicial review prior to the initiation of a suit would ensure that neither this Court, nor the defendants, are subjected to duplicative, unfounded, time-consuming and expensive litigation against a pro se party who openly brags about his desire to inflict costs.

A second, more novel, option Defendants would propose is to require Plaintiff to be represented by an attorney if he intends to initiate litigation against DBCS or Backer. As was made clear by the Court's Memorandum (ECF No. 263) and the Memorandum denying Plaintiff's Request for Reconsideration (ECF No. 269), Plaintiff failed to appropriately plead and analyze the causes of action contained in his second amended complaint. If Plaintiff is represented prior to initiating litigation against the Defendants by an actual attorney subject to Court, Bar, and professional obligations, it would prevent any further meretricious filings. A third, also novel, option would be to require Plaintiff post adequate bond against any potential attorney's fees incurred during litigation. This could help ensure that Plaintiff is initiating suit for a proper purpose and not to harass a party.

Wherefore, Defendants DB Capitol Strategies, PLLC and Dan Backer hereby request permission to file a single, consolidated motion for the recovery of attorney's fees pursuant to Fed. R. Civ. P. 54(d)(2) and 42 U.S.C. §1988(b), for sanctions pursuant to Fed. R. Civ. P. 11, and for injunctive relief against Plaintiff to prevent any further baseless litigation by this vexatious serial litigant, at least as to Defendants.

Very truly yours,

| _____/s/_____ | _____/s/_____ |
|---|---|
| Christina P. Sirois | Thomas J. Koudolis |
| 203 South Union Street | Parker, Simon, & Kokolis, LLC |
| Ste. 300 | 110 North Washington Street |
| Alexandria, Virginia 22314 | Ste. 500 |
| Csirois@dbcapitolstrategies.com | Rockville, Maryland 20850 |
| (571) 207-6451 Office | (301) 656-5775 Office |
| (202) 478-0750 Fax | (301) 656-7834 Fax |
| Bar No. 802079 | tj@pskfirm.com |
|  | Bar No. 16728 |