1

PARTIAL TRANSCRIPT

VIRGINIA

IN THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY

- - - - - - - - - - - - x
                        :
AARON J. WALKER,        :
                        :
    Plaintiff,          :
                        :
    -vs-                : Case No. CL12-631-00
                        :
BRETT KIMBERLIN,        :
                        :
    Defendant.          :
                        :
- - - - - - - - - - - - x

Circuit Courtroom 4
Prince William County Courthouse
Manassas, Virginia

Tuesday, December 4, 2012

The above-entitled matter came on to be heard before the HONORABLE RICHARD B. POTTER, Judge, in and for the Circuit Court of Prince William County, in the Courthouse, Manassas, Virginia, beginning at 11:15 o'clock a.m.

2

APPEARANCES:

    On Behalf of the Plaintiff:

        DAN BACKER, ESQUIRE

    On Behalf of the Defendant:

        (Pro Se)

```
                                                                    3
 1              E X T R A C T   O F   P R O C E E D I N G S

 2                                  *

 3                                  *

 4                                  *

 5              (The Court Reporter was previously sworn by

 6      the Clerk of the Court.)

 7              THE COURT:  We're back on the record.

 8              The Plaintiff has brought a complaint against

 9      the Defendant Kimberlin, and two other Defendants who are

10      not before the Court today personally.

11              Their complaint contains thirty-two counts of

12      which fourteen involve the Defendant Kimberlin.  Counts

13      two, four, five, eight, nine, fourteen, fifteen, sixteen,

14      twenty-three, twenty-four, twenty-five, twenty-six,

15      twenty-seven, and thirty-two.

16              The Defendant Kimberlin has filed a motion to

17      dismiss the complaint for failure to state a claim, the

18      lack of jurisdiction, improper venue, and violation of the

19      First Amendment.

20              Kimberlin's motion to dismiss will be granted.

21      That is motions for any additional sanctions will be

22      denied.

23              In light of the Court's ruling on the motion
```

1  to dismiss, the other pending motions by the Court are
2  moot and therefore dismissed as well.
3              Plaintiff's motion for default judgment
4  against the co-defendants are also denied and the case is
5  dismissed.
6              Upon consideration of the totality of the
7  pleadings including the attached exhibits and the argument
8  of the parties and counsel it is clear to this Court that
9  the Plaintiff seeks two million dollars in punitive
10 damages, but makes no claim for compensatory damages so
11 that the Plaintiff (inaudible) is not recognizable under
12 the law.
13             It's also clear from the various pleadings and
14 exhibits filed in this case that the parties have been
15 involved in extensive disputes that have involved
16 political and religious issues.
17             These various claims including criminal and
18 civil allegations and litigations in state and federal
19 courts all of which appear to have been dismissed. The
20 most recent case filed by the Plaintiff against the
21 Defendant Kimberlin and his two organizations was
22 dismissed by order of the U.S. District Court in the
23 District of Maryland on November 28, 2012, just six days

5

1  ago, in which the Judge stated and I quote, "I deem it
2  unwise to intervene in the bitter political disputes
3  between the parties."
4      This Court takes the same position. It's
5  clear that this case is simply a continuation of meritless
6  and vindictive litigation between the parties.
7      While the law in Virginia is clear that
8  failing to state a claim is an issue generally addressed
9  by demurrer, and Defendant Kimberlin has not filed a
10 demurrer in this case.
11     It's also true that Virginia law provides that
12 the signature of an attorney or a party with any pleading
13 before this Court constitutes a certification by him that
14 the pleading is well grounded in fact, warranted by
15 existing law, and is not interposed for any improper
16 purpose such as to harass or to cause unnecessary delay or
17 needless increase in the cost of litigation.
18     The Court finds that the complaint is not well
19 grounded in fact, it's not warranted by existing law, and
20 it's imposed for an improper purpose as part of an ongoing
21 political dispute between the parties.
22     While the statute provides for sanctions by
23 the Court, this Court will grant the motion to dismiss by

1  Defendant Kimberlin.
2       The Court denies the motion for any further
3  sanctions.
4       The Court further finds that count two is
5  based upon a claim of defamation.  Under Virginia law, the
6  elements on defamation are:
7       1)  Publication,
8       2)  Of an actual statement and,
9       3)  Intent.
10      In order to assert a claim of defamation
11 however the Plaintiff must first show that the Defendant
12 published a false factual statement that concerns and
13 harms the Plaintiff.
14      But here by the Plaintiff's own allegations
15 including paragraph fifty-one they indicate that the
16 statements allegedly made by the Defendant were not
17 directed at the Plaintiff.
18      In addition, as the Defendant has stated in
19 his motion to dismiss and here today expressions of
20 opinion are constitutionally protected and they're not
21 actual as defamation.
22      So as a matter of law the Court finds that the
23 statements set forth in the complaint do not contain

```
 1  provable false factual statements but are relative in
 2  nature and depend upon the viewpoint of the speaker.
 3          Counts four and five are dismissed for lack of
 4  proper jurisdiction and venue.
 5          As to count eight, it is based on allegation
 6  of intentional infliction of emotional distress.  In order
 7  to recover on a claim of intentional infliction of
 8  emotional distress the Plaintiff must satisfy four
 9  elements of proof:
10          1)  That the Defendant's conduct was
11  intentional and reckless and,
12          2)  The Defendant's conduct was outrageous and
13  intolerable and,
14          3)  There was a causal connection between the
15  wrongdoers conduct and the resulting emotional distress,
16          4)  The resulting emotional distress was
17  severe.
18          Even taken in the light most favorable to the
19  Plaintiff, the Court cannot find that the alleged
20  statements of the Defendant Kimberlin were outrageous or
21  could be the basis of any severe emotional distress.
22          As to count fourteen, that count is based on
23  the tort of interference with business expectations and
```

8

the elements of that tort include:

    1) A business relationship or expectancy of a probability of future economic benefit to Plaintiff as an objective test and,

    2) Defendant's knowledge of that relationship or expectancy and,

    3) Reasonable certainty that absent the Defendant's intentional misconduct Plaintiff would have continued in that relationship and,

    4) The interference was by improper methods and,

    5) Damages resulted from that improper interference.

The complaint fails to state all of the elements. It fails to state sufficient facts that were in any way improper methods by the Defendant.

Counts fifteen and sixteen are dismissed for lack of jurisdiction and venue.

Count twenty-three is based on the Virginia business conspiracy. And the elements of that are:

    1) An allegation of two or more persons,

    2) An agreement and,

    3) To willfully and maliciously interfere

```
 1  with another in his trade, reputation, business, or
 2  profession by any means and,
 3          4)  Malice, that is an intentional purpose and
 4  without justification.
 5          The given complaint fails to state sufficient
 6  facts to support the elements of the tort and fails to
 7  state those specific facts with reckless and
 8  particularity.
 9          Count twenty-four is based on the tort of
10  Virginia Common Law of Conspiracy and the elements of the
11  tort include:
12          1)  Two or more persons combined to,
13          2)  Accomplish by some concerted action for
14  some criminal or unlawful purpose, or an unlawful purpose
15  by unlawful and criminal means.
16          If a Plaintiff fails to allege the tort with
17  reckless and particularity.
18          Counts twenty-five, twenty-six, and twenty-
19  seven are dismissed for lack of jurisdiction and venue and
20  for the reasons set forth herein.
21          Count thirty-two is based upon Plaintiff's
22  request for an injunction, but an injunction requires one,
23  irreparable harm and two, a lack of adequate remedy of
```

```
 1  law.
 2              In view of the fact no compensatory damages
 3  are sought, there can be no showing of irreparable harm in
 4  the allegations set forth in the complaint or any showing
 5  that the Plaintiff would not have an adequate remedy of
 6  law or a claim of merit.
 7              Therefore, the Defendant's motion to dismiss
 8  counts two, four, five, eight, nine, fourteen, fifteen,
 9  sixteen, twenty-three, twenty-four, twenty-five, twenty-
10  six, and twenty-seven, and thirty-two is granted.
11              The motion is granted and those counts are all
12  dismissed with prejudice.  The Court shall note the
13  exceptions of the Plaintiff and the Defendant to the
14  ruling of the Court.
15              The other motions are therefore rendered moot
16  and are also dismissed.  At the same time the Court will
17  dismiss the motion for default judgment against the co-
18  defendants upon the same grounds as set forth by the
19  Court.
20              I will ask counsel to prepare an order which
21  simply reflects the ruling of the Court which is that the
22  Defendant's motion to dismiss is granted and the case is
23  dismissed.
```

```
                                                          11
1              Thank you, gentlemen.

2                          *

3                          *

4                          *

5              E N D    O F    E X T R A C T

6                      *  *  *  *  *

7              (Whereupon, at approximately 11:57 o'clock

8    a.m., the hearing in the above-entitled matter was

9    concluded.)
```

12

\* \* \* \* \*

## CERTIFICATE OF REPORTER

I, SUZANNE GONZALES, a Verbatim Reporter, do hereby certify that I took the stenographic notes of the foregoing proceedings which I thereafter reduced to typewriting; that the foregoing is a true record of said proceedings; that I am neither counsel for, related to, nor employed by any of the parties to the action in which these proceedings were held; and, further, that I am not a relative or employee of any attorney or counsel employed by the parties hereto, nor financially or otherwise interested in the outcome of the action.

_____
SUZANNE GONZALES
Verbatim Reporter