The Honorable George J. Hazel
U.S. District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, Maryland 20770

Thursday, May 21, 2015

Re: Brett Kimberlin v. National Bloggers Club, et al. GJH-13-3059; Supplement to Request for Sanctions (ECF No. 268)

Dear Judge Hazel,

I write to supplement my outstanding request—filed jointly with Defendants McCain, Hoge and Stranahan—for leave to file a motion for sanctions for violation of Fed. R. Civ. P. 11 and other provisions of the federal rules. (ECF No. 268) The need to supplement has arisen because new information, specifically the Plaintiff's confession that he has violated Rule 11(b)(3), has come to light.

On Friday, May 15, 2015, the Plaintiff filed an "Appellant's Lead Brief" before the Fourth Circuit Court of Appeals in his improper interlocutory appeal of this case. A copy of the first page of that brief as mailed to me is attached as Exhibit A. It states that one of the questions presented by this appeal is:

> II. Whether the District Court erred in dismissing two counts of the Complaint under F.R. Cv. P. 12(b)(6) [sic] prior to discovery that would have provided the evidentiary basis for the counts.

By so writing, Mr. Kimberlin has admitted that his Second Amended Complaint (ECF No. 135) violated Fed. R. Civ. P. 11(b)(3) which states that by presenting that filing to this Court, he was representing that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]" This Court would look through his Second Amended Complaint in vain for a single instance of the Plaintiff identifying any of his factual claims as being uncertain. Mr. Kimberlin repeatedly claimed to know of alleged events that—if they occurred at all—would have happened in private and yet demonstrated no uncertainty in making those allegations of fact.

For instance, in ¶193 of the Second Amended Complaint, Mr. Kimberlin claims the following about the National Bloggers Club's finances: "[t]hose donations, in excess of $10,000, were funneled by various means in interstate commerce to a bank account controlled by Defendant Ali Akbar, and laundered for his own purposes, without any accounting[.]" Yet, in the same paragraph, Mr. Kimberlin states that "Defendant Akbar refused all requests made to him and the National Bloggers Club for an accounting of the funds he received and disbursed from his false narratives about Plaintiff." The first passage indicated that Mr. Kimberlin knew *with certainty* exactly how these donations were handled, but the second indicated that any suggestion that he knew exactly how the money was allegedly funneled is false. The Second Amended Complaint is littered with allegations that would lead a skeptical reader to at least wonder "how does he know these things? What is his source of information?" But in one slip,

Mr. Kimberlin has admitted what the Defendants have said for some time: he simply makes up what he believes or hopes to be the truth (or whatever he thinks he must allege to get to discovery) and labels his inventions as "facts."

This changes the landscape of any request for sanctions because now there is no longer any doubt that the Plaintiff violated Rule 11(b)(3). If this Court were reluctant to grant leave to file a motion for sanctions for fear of a protracted process, the Plaintiff's admission has short-circuited that process. Based on this admission alone, the Court can grant sanctions, including compensation to the Defendants. Further, while I lack standing to request this, I would have no objection to this Court including dismissal of the remaining count against Mr. Frey as a sanction.

I thank you for your time and consideration.

Respectfully,

Aaron J. Walker, Esq.
Va Bar# 48882
7537 Remington Road
Manassas, Virginia  20109
(703) 216-0455
AaronJW72@gmail.com

## VERIFICATION

I, Aaron J. Walker, Esq., declare under penalty of perjury under the laws of the United States of America, that the foregoing information is true and correct and that Exhibit A is a true and correct copies of the originals.

Thursday, May 21, 2015

## CERTIFICATE OF SERVICE

I hereby certify that this letter was served by mail on Plaintiff, and electronically (with consent) on all Defendants on Thursday, May 21, 2015