UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

BRETT KIMBERLIN,
Plaintiff,

No. GJH 13 3059

PATRICK FREY,
Defendant.

## MOTION TO COMPEL DISCOVERY, FOR SANCTIONS AND FOR A SHOW CAUSE HEARING

Now comes Plaintiff Brett Kimberlin and moves this Court, pursuant to Federal Rule of Civil Procedure 37, to compel Defendant Frey to comply with discovery, to sanction counsel for Mr. Frey for failing to comply or cooperate with Plaintiff in the discovery process, and for a hearing to show cause why sanctions should not be imposed against counsel. "Counsel" in this motion refers to both Ron Coleman and Bruce Godfrey.

1. In a prior letter to this Court dated June 11, 2015, Plaintiff noted that counsel for Defendant Frey had failed to comply with discovery. Plaintiff had hoped that that letter would provide ample notice and impetus to counsel to perform his duties under the Rules and this Court's Discovery Order. Unfortunately, counsel has failed to do so.

2. On May 1, 2015, Plaintiff sent an email to counsel tracking the requirements of the Discovery Order and seeking a response from counsel. Exhibit A. However, counsel failed to respond.

3. On May 11, 2015, per the Court's Discovery Order, Plaintiff served a copy of his Rule 26 disclosures on counsel along with an email noting that Plaintiff had not heard back from his May 1st email. Exhibit B. However, counsel failed to respond once again.

4. On May 31, 2015, Plaintiff again wrote to counsel after having to do a Google search to determine if Mr. Coleman was still at the same address and had the same email. Plaintiff advised counsel that they had not complied with discovery at that point. Mr. Coleman did respond to that new email, blaming Plaintiff for being "pro se" while admitting that counsel had failed to inform Plaintiff of his change of firms and email. Exhibit C. Mr. Godfrey has never responded to anything and did not have a new email, so he has no excuse for not complying or not advising Mr. Coleman of Plaintiff's emails and discovery filings.

5. On June 10, 2015, Plaintiff again contacted counsel about their failure to comply and was told by Mr. Coleman that they would comply "within seven days." Exhibit D. However, as of today's date of June 22, 2015, counsel has not complied with any discovery as ordered by this Court in its Discovery Order. They are more than 40 days late on their Rule 26 disclosures and have not complied with the Discovery Order, such as engage in settlement and electronic file discussions.

6. Mr. Coleman has had time to fly to California on May 11, 2015 to argue a case before the Ninth Circuit involving Defendant Frey, *Nadia Naffe v. Patrick Frey*, which he lost on appeal, but he does not have time to comply with the Rules and this Court's Orders.

7. Plaintiff has complied fully with this Court's Discovery Order and made several good faith, but unsuccessful, attempts to cajole counsel to comply. Plaintiff has a right to discovery and for this Court's orders to be followed. Plaintiff believes that

counsel's failures to date are part of a strategy to run out the clock and engage in dilatory tactics in order to harm Plaintiff's ability to prosecute this case.

8. Plaintiff believes that this Court should impose sanctions on counsel in order to deter them from engaging in dilatory behavior in the future and to ensure that they respect the Rules and this Court's orders. Therefore, Plaintiff urges this Court to issue an Order to Show Cause why sanctions should not be imposed.

Wherefore, for all the above reasons, Plaintiff moves this Court to issue an Order compelling Defendant Frey and his attorneys to comply with all discovery and Court orders, and showing cause why they should not be sanctioned for already failing to comply.

Respectfully submitted,

Brett Kimberlin

### CERTIFICATION OF PLAINTIFF BRETT KIMBERLIN

I, Brett Kimberlin, certify under penalties of perjury as set forth in 28 USC 1746, that the statements above are true and correct, and that he "has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action."

Brett Kimberlin