UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
GEORGE JARROD HAZEL
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0637
(301) 344-3910 FAX

July 24, 2015

RE: *Kimberlin v. Frey*,
   GJH-13-3059

### LETTER ORDER

Dear Counsel:

     This Letter Order addresses (1) Defendants Aaron Walker's, William Hoge's, Lee Stranahan's, and Robert Stacy McCain's Joint Request to File Motion for Sanctions, ECF Nos. 268, 282; (2) Defendants DB Capitol Strategies, PLLC's and Dan Banker's Joint Request to File Motion for Attorney's Fees, Sanctions, and Injunctive Relief, ECF No. 273; (3) Defendant Franklin Center's Correspondence Regarding Correction of Docket to Reflect Previous Dismissal, ECF No. 280; (4) Non-party Intermarkets, Inc.'s Motion to Quash Subpoena Duces Tecum, or for a Protective Order, ECF No. 283; and (5) Plaintiff Brett Kimberlin's Motion to Compel, for Sanctions, and for a Show Cause Hearing ECF No, 287.

     First, Defendants Aaron Walker ("Walker"), William Hoge ("Hoge"), Lee Stranahan ("Stranahan"), and Robert Stacy McCain ("McCain") have filed a Joint Request to File Motion for Sanctions under Rule 11 of the Federal Rules of Civil Procedure. Similarly, Defendants DB Capitol Strategies, PLLC ("DB Capitol Strategies") and Dan Banker ("Banker") have filed a Joint Request to File Motion for Attorney's Fees, Sanctions, and Injunctive Relief. These defendants have filed "requests" (as opposed to motions) because of the March 5, 2014 Case Management Order ("CMO") that requires a party to first file a written request prior to filing a motion. Given the current status of the case, the Court no longer believes that such a requirement is necessary. As such, the Court will lift the portion of the CMO requiring a party who wishes to file a motion to first file a pre-motion request.[1] Defendants Walker, Hoge, Stranahan, McCain, DB Capitol Strategies, and Banker may therefore file their requested motions. In doing so, however, the Court must caution these defendants that should they choose to file such motions, the Court would not be inclined to grant their requests.

     "[T]he central purpose of Rule 11 is to deter baseless filings in District Court and thus . . . streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). Under Rule 11, by presenting a pleading or written motion to the Court, an attorney, or in this case, a *pro se* litigant, "is certifying that to the best of the

---

[1] To the extent any party abuses this privilege, the Court will promptly reinstitute the requirement.

1

person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the pleading or motion is, among other things, "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law" and that its "allegations and other factual contentions have evidentiary support." Fed.R.Civ.P. 11(b).

The Rule 11 jurisprudence in this Court recognizes that there is a difference between a losing case and a frivolous case: "We have recognized that maintaining a legal position to a court is only sanctionable when, in 'applying a standard of objective reasonableness, it can be said that a reasonable attorney in like circumstances could not have believed his actions to be legally justified.'" *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 153 (4th Cir. 2002) (*quoting In re Sargent*, 136 F.3d 349, 352 (4th Cir. 1998)). Thus, to avoid sanctions, an "allegation merely must be supported by *some* evidence." *Brubaker v. City of Richmond*, 943 F.2d 1363, 1377 (4th Cir. 1991) (emphasis in original). Furthermore, "[m]otions for sanctions are to be filed sparingly," and "[t]he keynote is cooperation and simple solutions, not paperwork and unnecessary expense to clients." *Thomas v. Treasury Mgmt. Ass'n, Inc.,* 158 F.R.D. 364, 366 (D. Md. 1994). Whether "to impose Rule 11 sanctions, and the quality and amount of sanctions imposed," are all matters within the discretion of the district court. *Miltier v. Downes*, 935 F.2d 660, 663 (4th Cir. 1991); *see also* Fed.R.Civ.P. 11(c)(1) ("If . . . the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction.").

Here, nothing in the requests filed by Defendants Walker, Hoge, Stranahan, McCain, DB Capitol Strategies, and Banker suggests that Kimberlin violated Rule 11 – through his court filings or otherwise. Although his claims against these Defendants lacked merit, they were not frivolous – as evidenced by the Court's lengthy Memorandum Opinion issued on March 17, 2015. *See Kimberlin v. Nat'l Bloggers Club*, No.13-3059, 2015 WL 1242763, at *5 (D. Md. Mar. 17, 2015) *appeal dismissed*, 604 F. App'x 327 (4th Cir. 2015). Thus, while the Court will not expressly prohibit Defendants Walker, Hoge, Stranahan, McCain, DB Capitol Strategies, and Banker from filing a formal motion for Rule 11 sanctions, the Court would be disinclined to grant any such request.

The same must be said for DB Capitol Strategies' and Banker's request to file a motion for attorney's fees under 42 U.S.C. §1988(b) and Rule 54(d)(2). First, under § 1988, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. §1988(b). "The purpose of § 1988 is to ensure effective access to the judicial process" for persons with civil rights grievances. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). "Congress enacted § 1988 specifically because it found that the private market for legal services failed to provide many victims of civil rights violations with effective access to the judicial process." *City of Riverside v. Rivera*, 477 U.S. 561, 576 (1986) (citations omitted). When, however, the case involves a prevailing *defendant*, the Supreme Court has held that the defendant is only entitled to recover attorney's fees under § 1988(b) if the lawsuit was frivolous, unreasonable, or groundless, or if the plaintiff continued to litigate after it clearly became so. *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978). Thus, when awarding attorney's fees under a civil rights statute, "prevailing defendants are to be treated differently from prevailing plaintiffs, even though the statutory language is neutral." *Bryant Woods Inn, Inc. v. Howard County, Md.*, 124 F.3d 597, 606 (4th Cir. 1997). As discussed above, the Court does not consider Kimberlin's complaint to be frivolous, unreasonable, or groundless. Nor has

Kimberlin continued to litigate his claims against these defendants in this Court following their dismissal. Accordingly, the Court would not be likely to grant DB Capitol Strategies' and Banker's motion for attorney's fees under § 1988(b).

Nor is there any basis for the Court to issue attorney's fees under Rule 54(d). Rule 54(d) requires the party seeking fees to specify "the statute, rule, or other grounds entitling the movant to the award" of fees. Fed.R.Civ.P. 54(d)(2)(B)(ii). Here, DB Capitol Strategies and Banker have not identified a single source of law (statute, rule, or otherwise) that would entitle them to attorney's fees. And to the extent they rely on Rule 11 as a basis for supporting their request, the Court, as stated above, does not believe that Kimberlin has violated that Rule. As such, the Court would be unlikely to grant DB Capitol Strategies' and Banker's motion for attorneys' fees under Rule 54(d).

Next, the Court must address the letter filed by Defendant Franklin Center ("Franklin Center") requesting a correction to the docket to reflect that it was voluntarily dismissed with prejudice from this action on December 8, 2014. *See* ECF No. 280. Following Franklin Center's dismissal from this action, the Court's docket was never updated to reflect that Franklin Center was terminated from this action on December 8, 2014. Thus, when the Court entered its March 17, 2015 Order granting the motions to dismiss filed by many of the defendants, the Order included the dismissal of Franklin Center's motion to dismiss, ECF No. 156, which should have been mooted by its earlier voluntary dismissal on December 8, 2014. To correct this oversight, the Court hereby modifies Paragraph 1 of its March 17, 2015 Order to reflect the fact that the only motions to dismiss that were granted in full were ECF Nos. 136, 140, 147, 148, 149, 152, 180, 184, 190, 213, 216, 238, 255. Given Kimberlin's voluntary dismissal of Franklin Center on December 8, 2014, Franklin Center would not be a party to any appeal arising from the Court's subsequent Order issued on March 17, 2015.

The Court will next turn to the Motion to Quash Subpoena Duces Tecum, or for a Protective Order filed by non-party Intermarkets, Inc. ("Intermarkets"). ECF No. 283. On June 10, 2015, Kimberlin issued a subpoena duces tecum to Intermarkets requesting "[a]ll documents related to the blog Ace of Spades, or person associated with the blog Ace of Spades, and the person responsible for billing for the blog called Ace of Spades, which has a url at http://www.ace.mu.nu/." ECF No. 283-2. Intermarkets seeks to quash the subpoena for a variety of reasons, all of which must be denied.

Under Rule 45(d)(1) of the Federal Rules of Civil Procedure, a nonparty subpoenaed for production of documents may object to the production of documents and things. *See Mannington Mills, Inc. v. Armstrong World Industries, Inc.*, 206 F.R.D. 525 (D. Del. 2002). If the non-party files a motion to quash, Rule 45(d)(3)(A) states that the issuing court *must* quash the subpoena if it:

> (i) fails to allow a reasonable time to comply;
>
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
>
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

>  (iv) subjects a person to undue burden.

Fed.R.Civ.P. 45(d)(3)(A). Alternatively, Rule 45(d)(3)(B) states that the issuing court *may* quash or modify a subpoena if it requires:

> (i) disclosing a trade secret or other confidential research, development, or commercial information; or
>
> (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

Fed.R.Civ.P. 45(d)(3)(B).

Here, Intermarkets contends that the Court must quash the subpoena because it requires the disclosure of "privileged or other protected matter." ECF No. 283-1. Alternatively, Intermarkets contends that the Court may quash the subpoena because it requires the disclosure of other "confidential information." *Id*. When, however, a person asserts a claim of privilege in responding to or objecting to a subpoena, the person withholding the information must "(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed.R.Civ.P. 45(e)(2)(A)(ii). Aside from Intermarkets vague assertion that compliance with the subpoena might force it to reveal the identity of website owners or internet bloggers, Intermarkets has failed to comply with Rule 45(e)(2)(A)(ii), as it has not provided the Court with any specific information about the nature of the documents it seeks to withhold, or why this information merits special protection. Accordingly, Intermarkets has failed to identify a sufficient basis for the Court to quash Kimberlin's subpoena under either Rule 45(d)(3)(A) or Rule 45(d)(3)(B).

Nor will the Court issue a blanket protective order prohibiting Kimberlin from seeking the information identified in his subpoena. "Parties may obtain discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1) (emphasis added). Intermarkets contends that because Ace of Spades is no longer a defendant in this action, the information sought by the subpoena is irrelevant to Frey's remaining claim against Defendant Frey. *See* ECF No. 283-1 at 3-5. As such, it requests the issuance of a protective order that would, ostensibly, prohibit Kimberlin from obtaining the information sought in his subpoena. The Court, however, is not prepared to issue such an order based solely on the fact that Ace of Spades is no longer a party to this action. Indeed, according to Kimberlin, Ace of Spades and Frey were in close contact during the relevant time period and, during this time, Frey informed Ace of Spades that he was criminally investigating Kimberlin. Thus, this request could lead to the discovery of admissible evidence. The Court will therefore DENY, without prejudice, Intermarkets' Motion for Protective Order, as requested.[2]

---

[2] Should Intermarkets seek a narrower and more tailored protective order to address specific privacy and confidentiality concerns, the Court would entertain such a motion. Such a motion

Finally, the Court must address Kimberlin's Motion to Compel, for Sanctions, and for a Show Cause Hearing. *See* ECF No. 287. The gist of Kimberlin's Motion to Compel is that Defendant Frey failed to make his Rule 26 initial disclosures, as required by the Court's April 27, 2015 Scheduling Order. While it appears that Frey did, indeed, miss the deadline for filing his Rule 26 initial disclosures, he has subsequently cured this error. *See* ECF No. 291 at 2. Kimberlin's Motion to Compel is therefore **DENIED**, as moot. Additionally, because Kimberlin has not demonstrated any bad faith on the part of Frey or identified any prejudice he suffered as a result of the late disclosures, the Court will **DENY** Kimberlin's request for sanctions and for a show cause hearing.[3] Should Frey continue to flout Court deadlines or the requirements of the Discovery Order, however, the Court would entertain future motions for sanctions.

In sum, the Court will (1) **LIFT** the portion of the CMO requiring a party who wishes to file a motion to first file a pre-motion request and will **PERMIT** Defendants Walker, Hoge, Stranahan, McCain, DB Capitol Strategies, and Banker to file their requested motions; (2) **CORRECT** the Docket to reflect that Defendant Franklin Center was voluntarily dismissed with prejudice from this action on December 8, 2014; (3) **DENY** Intermarkets' Motion to Quash, or for Protective Order, ECF No. 283; and (4) **DENY** Kimberlin's Motion to Compel, for Sanctions, and for a Show Cause Hearing, ECF No. 287.

Although informal, this is an Order of the Court and shall be docketed as such.

Sincerely,

/S/
George J. Hazel
United States District Judge

---

should include a Proposed Protective Order and would ideally be filed jointly between Intermarkets and Kimberlin.

[3] In his reply brief, Kimberlin claims that Frey has committed additional discovery violations that were not raised in his original motion to compel. *See* ECF No. 292. To the extent Kimberlin wishes to file a separate motion to compel to address these concerns, he can do so. Any such motion must be filed in accordance with Local Rule 104.8.