UNITED STATES DISTRICT COURT
DISTRICT OF NEW MARYLAND

| | |
|---|---|
| BRETT KIMBERLIN,<br><br>        Plaintiff,<br><br>vs.<br><br>PATRICK FREY,<br><br>        Defendant. | Civil Action No.: 8:13-CV-03059 (GJH) |

**MOTION FOR PROTECTIVE ORDER**
**REGARDING DISCOVERY - CONTESTED**

  Defendant Patrick Frey, through the undersigned counsel, respectfully requests entry of an order incorporating the substance of the model Confidentiality Order from Appendix D of the Local Rules of this Honorable Court. The purpose of the relief sought is to protect Defendant from improper, non-litigation uses or disclosures such sensitive and confidential information and documents, which is of course the purpose contemplated in the Court's standard form of order and the policies it embodies.  A proposed Order is attached.

  This Motion is contested, because Plaintiff Brett Kimberlin has made known upon repeated inquiry that he vigorously opposes the entry of any protective order in this matter.

  In support of this Motion, the undersigned counsel note the following:

  1. Patrick Frey has served discovery responses to Mr. Kimberlin's initial discovery requests, i.e., interrogatories and document demands, but has reserved disclosure concerning such discoverable material as may fall under the aegis of the relief requested.  Among the documents to be produced, subject to further order of this Court, are lengthy and relatively voluminous email exchanges between Mr. Frey and third parties, not parties to this litigation,

1

including the law enforcement authorities to which Mr. Frey – in his personal capacity – reported evidence of a crime against him and his family.

2. Mr. Frey seeks the standard protections of a protective order for confidential, discoverable information that may be under his custody or control and which, under the Federal Rules of Civil Procedure, he is obligated to produce in discovery.  This includes information relating to the privacy, safety, confidentiality and property of himself, his family and others, including the home addresses, telephone numbers and other personally identifiable information of persons not connected to this case. They have privacy rights that merit respect and protection and, as set out below, there is good reason for this Court to find that absent the entry of the Order sought, these rights – which, once violated, cannot be restored – would be at serious risk.

3. The basis for Defendant's assertion includes published reports in which Mr. Kimberlin has made known his intention to use the litigation process not for the purpose of securing recompense for alleged damage done to him, but for life-long avengement for various grievances on entire sectors of society and political adversaries which Plaintiff acknowledges he intends to wreak by bogging them down in endless litigation.   One such report is this excerpt from an article on the website The Daily Beast entitled, *"The Weirdest Story About a Conservative Obsession, a Convicted Bomber, and Taylor Swift You Have Ever Read,"* http://www.thedailybeast.com/articles/2014/08/30/the-weirdest-story-about-a-conservative-obsession-a-convicted-bomber-and-taylor-swift-you-have-ever-read.html, last accessed July 28, 2015, which reads as follows:

> I don't want to get into a pissing match with you," [Kimberlin] wrote, according to an exchange posted by [Patrick] Frey. "I have filed over a hundred lawsuits and another one will be no sweat for me. . . .
>
> And tomorrow, I can file another lawsuit against them. And now I know what I need to do. It's going to be endless lawsuits for the rest of their lives. And that's

what it ends up being. I sue them. They sue me. They come into court. I sue them. They come into court. That's the way it is."

4. These statements, if accurate, may or may not fairly reflect Mr. Kimberlin's current, past or future views regarding the purpose of litigation in general or this litigation, but the record already placed before the Court on Mr. Frey's motion for summary judgment – as well as the public and judicial record – demonstrate behavior entirely consistent with these statements. By every past indication, Mr. Frey's primary goal here is not the prosecution of his questionable tort claims but, rather, obtaining fodder for his campaign of life-long litigation warfare against Defendant and those who may be associated with him personally, socially or in his role as a gang and homicide prosecutor in the Office of the District Attorney for Los Angeles County, California.

5. Even if, however, Mr. Kimberlin were to disavow his past approach as well as these quotes in his name, a protective order during the discovery process will provide reasonable assurance that the produced discovery will advance the resolution of this litigation's specific claims. In short, the protective order will remove the question in its entirety, and keep this case about the civil rights violations *vel non* alleged as inflicted by Patrick Frey against Mr. Kimberlin.

6. It bears noting as well that, at the discovery conference held telephonically before Your Honor in April 2015, defendant's counsel Ronald Coleman, as he recalls, raised the topic of a protective order to govern discovery. At the time, the Court seemed generally favorably disposed toward the idea, given the issues and background. Mr. Kimberlin made no contemporaneous objection or comment to the issue of the protective order.

7. Following up on the matter, and after some delay occasioned in part by a complicated change of law firm affiliations, Mr. Coleman proposed to Mr. Kimberlin on July

3

12, 2015, that Defendant consent to a protective order regarding discovery of the sort commonly used in this Honorable Court, in order to remove the concerns raised by the published reports.

8. Mr. Kimberlin's July 12, 2015 response to undersigned counsel's request for a protective order is attached to this motion. (There is a redaction of a remark from Mr. Coleman to co-counsel and Mr. Frey on that exhibit because Plaintiff asserts privilege as to the content of that remark.) It is respectfully submitted that Mr. Kimberlin's response aggravates, rather than mitigates, the concerns raised by the aforementioned reports about the use of the litigation process for non-litigation, "lawsuits for the rest of their lives" purposes.

8. Given the issues already known to the Court and the exchange attached hereto, a protective order allowing both Plaintiff and Defendant to designate certain materials as confidential, subject to the continuing jurisdiction of this Court to review or reverse such designations, should promote the efficient resolution of discovery matters so that the case may proceed to dispositive motions or to trial, so that this case (now beyond ECF 287) may not in fact continue "for the rest of [our] lives."

9. A protective order will not damage the right of Mr. Kimberlin to pursue his final remaining civil rights claim in this Court, especially since the Court would retain revisory power over any protective order in the interest of justice and good order, particularly if Mr. Kimberlin should identify a specific issue regarding a specific discovery response.

WHEREFORE Plaintiff Patrick Frey respectfully requests that this Honorable Court enter an order reflecting the substance of the model Confidentiality Order provides in the Local Rules of this Honorable Court, a proposed model of which is attached.

Respectfully submitted,

_____
T. Bruce Godfrey #24596
Jezic, Krum & Moyse LLC
2730 University Blvd. West, #604
Silver Spring, MD 20902
240-292-7200
facsimile: (888) 241-3135
godfrey@jezicfirm.com


ARCHER & GREINER
A Professional Corporation

By:_____
     Ronald D. Coleman (Pro Hac Vice)

Court Plaza South
21 Main Street, Suite 353
Hackensack, NJ  07601
201- 342-6000
rcoleman@archerlaw.com

Attorneys for Defendant Patrick Frey

Dated: July 29, 2015

5

## CERTIFICATE OF ELECTRONIC FILING AND REGARDING WAIVER OF MAILINGS

    I, T. Bruce Godfrey, hereby certify that I have filed a copy of this document with the United States District Court electronically and by so doing have provided compliant notice to those parties who are registered with ECF through counsel as of this filing consistently with Local Rule 102.1(c) on July 29, 2015.  All parties, including pro se parties, have agreed to accept service by electronic mail only and an electronic copy has been distributed to all parties.

    /s/

    _____
    T. Bruce Godfrey #24596

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MARYLAND**

| | |
|---|---|
| BRETT KIMBERLIN,<br><br>       Plaintiff,<br><br>vs.<br><br>PATRICK FREY,<br><br>       Defendant. | Civil Action No.: 8:13-CV-03059 (GJH) |

**ORDER**

Upon review of Defendant Patrick Frey's Motion for a Protective Order and any opposition thereto, and for good cause shown, it is hereby this \_\_\_\_ day of _____, 2015,

**ORDERED** that Defendant's Motion for a Protective Order reflecting in broad terms the substance of the model order in Appendix D of the Local Rules of this Honorable Court is hereby **GRANTED** as follows:

**1. Designation of Discovery Materials as Confidential.** All documents produced in the course of discovery, all Answers to Interrogatories, all Answers to Requests for Admission, all Responses to Requests for Production of Documents, and all deposition testimony and deposition exhibits shall be subject to this Order concerning confidential information, as set forth below:

(a) The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL." One who provides material may designate it as "CONFIDENTIAL" only when such person in good faith believes it contains sensitive personal information, trade secrets or other confidential research, development, or commercial information

which is in fact confidential. A party shall not routinely designate material as "CONFIDENTIAL," or make such a designation without reasonable inquiry to determine whether it qualifies for such designation. Except for documents produced for inspection at the party's facilities, the designation of confidential information shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the APPENDIX D U.S. District Court of Maryland Local Rules (July 1, 2014) – February 2015 Supplement 139 documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

(b) Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed confidential only if they are designated as such when the deposition is taken or within seven business days after receipt of the transcript. Any testimony which describes a document which has been designated as "CONFIDENTIAL," as described above, shall also be deemed to be designated as "CONFIDENTIAL."

(c) Information or documents designated as confidential under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (d) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed

(including appeals). The parties shall not disclose information or documents designated as confidential to putative class members not named as plaintiffs in putative class litigation unless and until one or more classes has/have been certified.

(d) The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

    (i) Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

    (ii) Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

    (iii) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

    (iv) Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

(e) Except as provided in subparagraph (d) above, counsel for the parties shall keep all documents designated as confidential which are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

(f) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order or any portion thereof, shall be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

**2. Confidential Information Filed with Court.** To the extent that any materials subject to this Confidentiality Order (or any pleading, motion or memorandum disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court with a simultaneous motion pursuant to L.R. 104.13(c) (hereinafter the "Interim Sealing Motion"), in accordance with the current version of the Court's Electronic Filing Requirements and Procedures for Civil Cases. The Interim Sealing Motion shall be governed by L.R. 105.11. Even if the filing party believes that the materials subject to the Confidentiality Order are not properly classified as confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under paragraph (4) of this Confidentiality Order.

**3. Party Seeking Greater Protection Must Obtain Further Order.** No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by paragraph (1) of this Order unless the party claiming a need for

greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

**4. Challenging Designation of Confidentiality.** A designation of confidentiality may be challenged upon motion. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality. The provisions of Fed. R. Civ. P. 37(a)(5) apply to such motions.

**5. Return of Confidential Material at Conclusion of Litigation.** At the conclusion of the litigation, all material treated as confidential under this Order and not received in evidence shall be returned to the originating party. If the parties so stipulate, the material may be destroyed instead of being returned. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

_____

Judge of the United States District Court
For the District of Maryland