UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| BRETT KIMBERLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 13cv3059-GJH |
| | ) |
| NATIONAL BLOGGERS CLUB, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF INTERMARKETS' MOTION TO RECONSIDER
OR IN THE ALTERNATIVE FOR PROTECTIVE ORDER**

Non-Party Intermarkets, Inc. ("Intermarkets"), by counsel, and pursuant to Federal Rules

of Civil Procedure 54(b) and 26, submits its Memorandum in Support of its Motion to

Reconsider, or in the alternative, for Protective Order ("Motion").

## **INTRODUCTION**

On July 24, 2015, the Court denied Intermarkets' Motion to Quash, or in the alternative

for Protective Order ("Motion to Quash") (Dkt. 294). The Court reasoned that Intermarkets had

only made "vague" assertions about the nature of documents it sought to protect, and thus, the

Court was not prepared to issue a "blanket protective order." In fact, Intermarkets made clear

that the issue is the revelation of information that would disclose the identity of Ace of Spades.

Plaintiff Brett Kimberlin ("Plaintiff") admits in his Opposition that his subpoena is designed

purely to seek "***documents in order to discover the identity of Ace…***" Opposition to Motion to

Quash ¶ 2 (Dkt. 288) ("Opposition"). The documents themselves have no relevance to Plaintiff's

remaining claims; they are sought solely to discover the identity of Ace of Spades. This issue of

whether Plaintiff is entitled to such information was properly framed and presented to the Court.

US_ACTIVE-122997312

However, without any discussion of Ace of Spades' First Amendment right to anonymity, the Court determined that the documents sought by Plaintiff were discoverable because Plaintiff alleged a connection between Ace of Spades and Defendant Patrick Frey in his self-serving declaration.  (Dkt. 294 at 4.)  Though the Court had already dismissed Ace of Spades by concluding that Plaintiff had alleged no connection between the various defendants, the Court gave great weight to the Declaration and did not address the important First Amendment right to anonymity – especially with respect to a non-party to the lawsuit.  In doing so, the Court ignored settled law that protects Ace of Spades' anonymity and settled law that the mere recitation of what one "believes" in a declaration is insufficient to establish a fact.

Accordingly, Intermarkets requests the Court to reconsider its denial of Intermarkets' Motion to Quash.  In the alternative, Intermarkets requests that the Court issue a protective order allowing Intermarkets to redact any information identifying Ace of Spades and any financial information.  In support thereof, Intermarkets asserts that the Court 1) misapprehended the law by failing to properly consider Ace of Spades' First Amendment right to anonymity; 2) misapprehended the law by finding that Ace of Spades' identity is relevant; and 3) misapprehended Intermarkets' position that the identity of Ace of Spades is confidential information which is central to Intermarkets' business and which is the sole target of the subpoena.[1]  A proposed order is attached.

---

[1] The documents sought by the subpoena themselves have no relevance to Plaintiff's claims. As Plaintiff acknowledges in his Opposition, *see* Opp. ¶ 1 (Dkt. 288), Intermarkets is an advertising company. The only responsive documents are contracts and communications with Ace of Spades regarding the purchasing of ad space on Ace of Spades' site that have nothing to do with the remaining claims.  The subpoena is more akin to an interrogatory in that it seeks specific information – the identity of Ace of Spades – from documents otherwise wholly irrelevant to this case.

## BACKGROUND

Approximately two months after the Court dismissed Ace of Spades, Plaintiff issued his subpoena seeking the identity of the blogger behind Ace of Spades.  On June 9, 2015, Intermarkets filed its Motion to Quash (Dkt. 283) noting that Plaintiff's subpoena improperly sought to identify the anonymous blogger behind the dismissed defendant, Ace of Spades. Plaintiff then filed an Opposition and attached a self-serving declaration attempting to connect Ace of Spades and the sole remaining defendant, Patrick Frey.  (Dkt. 288.)  Plaintiff also incorrectly asserted that case law purportedly requires the courts to identify anonymous bloggers (Dkt. 288 at 5.)  In its Reply supporting its Motion to Quash (Dkt. 290), Intermarkets argued that, contrary to Plaintiff's claims, the First Amendment protected Ace of Spades' anonymity.

During this time, Plaintiff refiled its state court claims against Ace of Spades in the Circuit Court for Montgomery County.  Plaintiff also filed a motion in that case seeking the identity of Ace of Spades.  Numerous motions to dismiss have been filed in that case and the Court entered an Order prohibiting any discovery in the case until it decides the motions to dismiss.  *See* Order attached as Exhibit 1.  Despite having its claims against Ace of Spades dismissed by this Court, and having his state court claims hanging by a thread, Plaintiff demands the right to reveal the identity of Ace of Spades so that even if all of his claims are dismissed, he still ruins Ace of Spades.

In the Court's July 24, 2015 Letter Order (Dkt. 294), the Court ruled that Intermarkets "failed to identify a sufficient basis for the Court to quash Kimberlin's subpoena under either Rule 45(d)(3)(A) or Rule 45(d)(3)(B)" because Intermarkets only made a "vague assertion that compliance with the subpoena might force it to reveal the identity of website owners or internet bloggers", and Intermarkets did not provide the "Court with any specific information about the

nature of the documents it seeks to withhold, or why this information merits special protection."

(Dkt. 294 at 4.)  Intermarkets stated in its motion, and reiterates here, that the documents

requested by the subpoena contain information that will reveal the identity of Ace of Spades;

which is the only purpose for which the subpoena was issued.  The documents – which set forth

the business relationship between Intermarkets and Ace of Spades are not otherwise of any

relevance or discoverable.  Thus, as Intermarkets made clear, the issue for the Court is whether it

will require the disclosure of the identity of Ace of Spades.

In denying Intermarkets' Motion to Quash, the Court held that Kimberlin's subpoena

sought discoverable documents because "according to Kimberlin, Ace of Spades and Frey were

in close contact during the relevant time period and, during this time, Frey informed Ace of

Spades that he was criminally investigating Kimberlin." (*Id.* at 4-5.)  However, the Court did not

address whether the Kimberlin's declaration overrides Ace of Spades' First Amendment right to

anonymity and Intermarkets' right to protect confidential information.  Further, the Court

accorded the declaration too much weight given that it is based solely on statements of "belief"

and not on independent facts or documents.

## STANDARD OF REVIEW

Reconsideration of a non-final, interlocutory order is properly analyzed under Fed. R.

Civ. P. 54(b). *Butler v. DirectsSAT USA, LLC*, No. CIV.A. DKC 10-2747, 2015 WL 1959421, at

*3 (D. Md. Apr. 29, 2015); *see* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however

designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all

the parties does not end the action ... and may be revised at any time before the entry of a

judgment adjudicating all the claims and all the parties' rights and liabilities."). Under Fed. R.

Civ. P. 54(b), "a district court retains the power to reconsider and modify its interlocutory

judgments at any time before final judgment." *Cohens v. Maryland Dep't of Human Res.*, 933 F.

Supp. 2d 735, 741 (D. Md. 2013). Indeed, the court's discretion to review an interlocutory order

under Rule 54(b) is "within the plenary power of the Court ... to afford such relief ... as justice

requires." *Id.* (citing *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1473

(4th Cir. 1991)). "In considering whether to revise interlocutory decisions, district courts in this

Circuit have looked to whether movants presented new arguments or evidence, or whether the

court has 'obviously misapprehended a party's position or the facts or applicable law.'" *Cohens*,

933 F. Supp. 2d at 742-43 (citations omitted).

I. **THE COURT MISAPPREHENDED OR DID NOT CONSIDER APPLICABLE LAW THAT PROTECTS ACE OF SPADES' FIRST AMENDMENT RIGHT TO ANONYMITY**

In its July 24, 2015 Letter Order, the Court fails to consider Ace of Spades' First

Amendment right to anonymity.  Instead, the Court held that the documents sought by Plaintiff's

subpoena were discoverable based on  Kimberlin's declaration and denied the Motion to Quash

on that basis.   The Court did not made any finding on whether Kimberlin's declaration trumps

Ace of Spades' First Amendment right to anonymity.  There is no discussion of this issue in the

Court's Letter Opinion.  However, the effect of the Court's ruling is to deny Ace of Spades

constitutional right to anonymity.  In sweeping aside Ace of Spades' First Amendment right to

anonymity the Court misapprehends the applicable law.

As stated previously by Intermarkets, "The First Amendment does appear to include

some aspect of anonymity in protecting free speech." *Lefkoe v. Jos. A. Bank Clothiers, Inc.*, 577

F.3d 240, 248 (4th Cir. 2009) (citing *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 341–43,

343 n. 6 (1995) ("[A]n author's decision to remain anonymous ... is an aspect of the freedom of

speech protected by the First Amendment")). "A component of the First Amendment is the right

to speak with anonymity. This component of free speech is well established." *Doe v. 2TheMart.com Inc.*, 140 F. Supp. 2d 1088, 1092 (W.D. Wash. 2001) "Courts have typically protected anonymity under the First Amendment when claimed in connection with literary, religious, or political speech." *Lefkoe*, 577 F.3d at 248; *see Perry v. Schwarzenegger*, 591 F.3d 1147, 1165 (9th Cir. 2010). This right is particularly important to protect political speech. "Given the importance of political speech in the history of this country, it is not surprising that courts afford political speech the highest level of protection." *In re Anonymous Online Speakers*, 661 F.3d 1168, 1173 (9th Cir. 2011) (citing *Meyer v. Grant*, 486 U.S. 414, 422 (1988) as "describing the First Amendment protection of 'core political speech' to be 'at its zenith[.]'")

Under Maryland law, when a court is confronted with a "defamation action in which anonymous speakers… are involved", Maryland has established a five part test to determine if disclosure is required:

> (1) require the plaintiff to undertake efforts to notify the anonymous posters that they are the subject of a subpoena or application for an order of disclosure, including posting a message of notification of the identity discovery request on the message board;
> (2) withhold action to afford the anonymous posters a reasonable opportunity to file and serve opposition to the application;
> (3) require the plaintiff to identify and set forth the exact statements purportedly made by each anonymous poster, alleged to constitute actionable speech;
> (4) determine whether the complaint has set forth a prima facie defamation per se or per quod action against the anonymous posters; and
> (5) if all else is satisfied, balance the anonymous poster's First Amendment right of free speech against the strength of the prima facie case of defamation presented by the plaintiff and the necessity for disclosure of the anonymous defendant's identity, prior to ordering disclosure.

*Indep. Newspapers, Inc. v. Brodie*, 966 A.2d 432, 457 (Md. 2009).

Importantly, under this balancing test, even when a plaintiff makes allegations of defamation against the anonymous speaker, the court must consider whether the complaint "has set forth a prima facie defamation" action and then must balance "the anonymous poster's First

Amendment right of free speech against the strength of the prima facie case of defamation presented by the plaintiff and the necessity for disclosure of the anonymous defendant's identity, prior to ordering disclosure." *Id.*  Thus, even when the blogger is a named party, its identity cannot be revealed except upon  consideration of these various factors.  Here, Ace of Spades is not even a defendant and is entitled to even greater protection of its constitutional right to anonymity.   No court has held that the First Amendment right to anonymity is lost by a non-party merely because a party contends that the damaging revelation of the person's identity may be somehow helpful to the party's case.

As a non-party to this case, Ace of Spades' First Amendment right to anonymity must be afforded even greater protection. *See In re Anonymous Online Speakers*, 661 F.3d at 1176 (citing *Doe v. 2TheMart.com Inc.*, 140 F. Supp. 2d at 1095 because that court "recognized that a higher standard should apply when a subpoena seeks the identity of an anonymous Internet user who is not a party to the underlying litigation.").  In *Doe v. 2TheMart.com Inc.*, the court established a four-part test "for evaluating a civil subpoena that seeks the identity of an anonymous Internet user who is not a party to the underlying litigation." 140 F. Supp. at 1095.  Under this test, a court should consider whether:

> (1) the subpoena seeking the information was issued in good faith and not for any improper purpose,
>
> (2) the information sought relates to a core claim or defense,
>
> (3) the identifying information is directly and materially relevant to that claim or defense, and
>
> (4) information sufficient to establish or to disprove that claim or defense is unavailable from any other source.

*Id.*

Plaintiff cannot meet this test. Given Plaintiff's admitted proclivity for using litigation as a weapon (*see* Dkt. 295 at 2-3), the Court's previous denial of Plaintiff's Motion to Identify, and Plaintiff's admission that his subpoena to Intermarkets is being used solely to identify Ace of Spades, the first factor weighs against Plaintiff. Second, Plaintiff has not shown that Ace of Spades' identity relates to his core § 1983 claim against Defendant Frey.  Third, Plaintiff has not shown that the identifying information is materially relevant to that §1983 claim.  Finally, Plaintiff has not shown that information to establish his § 1983 claim is unavailable from any other source.   Accordingly, Plaintiff is not entitled to the identity of Ace of Spades.  It would be chilling indeed for a plaintiff to be allowed to expose anonymous non-party bloggers merely upon an assertion that  information relevant to a claim may be obtained. As the court noted in *Doe v. 2TheMart.com Inc.*:

> If Internet users could be stripped of that anonymity by a civil subpoena enforced under the liberal rules of civil discovery, this would have a significant chilling effect on Internet communications and thus on basic First Amendment rights. Therefore, discovery requests seeking to identify anonymous Internet users must be subjected to careful scrutiny by the courts.

140 F. Supp. at 1093.

In its July 24, 2015 Letter Order, the Court did not subject Plaintiff's subpoena to this "careful scrutiny,"  but rather looked at the Motion to Quash as a routine discovery matter and based its decision only  upon a determination of the claimed relevancy of the documents sought by Plaintiff's subpoena. (*See* Dkt. 294 at 4.)  When the discovery process conflicts with the First Amendment right to anonymity, a court must, at a minimum, balance the right to discovery against the First Amendment protection given to anonymous speech. *See Indep. Newspapers, Inc.*, 966 A.2d at 457; *Doe v. 2TheMart.com Inc.*, 140 F. Supp. 2d at 1095.  Once Plaintiff obtains Ace of Spades' identity, Ace of Spades cannot regain his anonymity, and he will be

irreparably harmed.  Accordingly, the Court should reconsider its decision, apply the factors set forth in *Doe v. 2TheMart.com Inc.* and the other cases cited above, and grant the Motion to Quash.

## II.     THE COURT MISAPPREHENDED THE APPLICABLE LAW BY DETERMINING THAT PLAINTIFF'S SUBPOENA SEEKS RELEVANT EVIDENCE

In its July 24, 2015 Letter Order, the Court misapprehended the applicable law by determining that Kimberlin's subpoena sought relevant evidence based solely upon  Kimberlin's self-serving declaration that cites to no facts or documents and that conflicts with the Court's prior ruling that Plaintiff failed to demonstrate any connection between Ace of Spades and Defendant Frey.  The Court failed to consider that Plaintiff's declaration does nothing more than set forth  unsupported allegations and provides ***no exhibits or evidence*** in support of the allegations.  For example, Plaintiff alleges that "[a]ccording to information [Plaintiff] ha[s] read and received, Ace of Spades is a personal friend of Patrick Frey's and they were in close communication during the time frame set forth in the Complaint." Kimberlin Decl. ¶ 1 (Dkt. 288).  Plaintiff fails to describe any of this supporting information and fails to attach any documents he allegedly read or received.

To be of any effect, a declaration must set forth factual assertions. *See Wilson v. Susquehanna Bancshares, Inc.*, 2014 WL 2094039, at *5 (D. Md. May 19, 2014) (finding that declaration based upon the declarant's "information and belief… does not raise a genuine issue of material fact sufficient to defeat summary judgment.")*; Cermetek, Inc. v. Butler Avpak, Inc.*, 573 F.2d 1370, 1377 (9th Cir. 1978) ("Those facts alleged on 'understanding' like those based on 'belief' or on 'information and belief', are not sufficient to create a genuine issue of fact.") (finding that affidavit containing prefaces such as "I understand" and "I believe" to be mere "opinion" under Fed. R. Civ. P. 56(e)). Likewise in the Motion to Dismiss context, allegations

based solely "upon information and belief" are conclusory and cannot survive a motion to dismiss. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009) (allegations based "upon information and belief" that a party participated in the fabrication of defamatory statements failed to state a claim for defamation). The Court misapprehended the applicable law by relying upon Plaintiff's declaration; especially when the Court considers the important First Amendment right at issue here.

The Court also failed to consider that the Court already found insufficient evidence of a relationship between Ace of Spades and Defendant Frey. (Dkt. 263 at 6.)  In his three complaints (Dkts. 1, 2, 101-1), Plaintiff had three opportunities to allege a relationship between Ace of Spades and Defendant Frey sufficient to allege a RICO claim.  Despite these opportunities, when the Court dismissed Plaintiff's RICO claim against Ace of Spades (Dkt. 263), the Court found that:

> Put simply, Kimberlin has failed to allege any material facts about the enterprise's structure. ***Nor has he alleged how the RICO Defendants are associated within the enterprise*** … ***the SAC contains no factual allegations regarding the relationships between or among the RICO Defendants, much less how they "functioned as a continuing unit."*** "Such a naked assertion devoid of further factual enhancement need not be credited when evaluating the sufficiency of enterprise allegations on a motion to dismiss."…

(Dkt. 263 at 6.) Key to the Court's decision is the statement that no "factual allegations" regarding a relationship between Ace of Spades and Defendant Frey have been alleged.  The same is true for the declaration.   Just like the insufficient RICO allegations, the allegations in Plaintiff's declaration are "naked assertions devoid of further factual enhancement." The Court's reliance upon Plaintiff's declaration to deny the motion to quash was misplaced, contrary to law and contrary to the Court's own prior decisions in this case.  Therefore, Intermarkets asks the Court to reconsider its decision and to grant the motion to Quash.

III.     THE COURT FAILED TO CONSIDER THAT PLAINTIFF SEEKS CONFIDENTIAL
         INFORMATION BY SEEKING ACE OF SPADES' IDENTITY

In its July 24, 2015 Letter Order, the Court failed to consider how revealing Ace of

Spades' identity would result in the disclosure of confidential information – a disclosure which

would irreparably harm Intermarkets' business. Instead, the Court held that Intermarkets has

made a "vague assertion that compliance with the subpoena might force it to reveal the identity

of website owners or internet bloggers[,]" such that "Intermarkets has failed to identify a

sufficient basis for the Court to quash Kimberlin's subpoena[]."  However, Intermarkets

explained the importance to its business of maintaining the anonymity of its blogger partners.

Intermarkets' business is predicated on placing ads – for a fee – on certain websites based upon

agreements between Intermarkets and its website publishers.  These publishers highly value

anonymity, and consequently, it is critical to Intermarkets to protect the confidential information

of its website publishers.   As a result, Intermarkets agrees to keep confidential its agreements,

records and documents relating to website owners or internet blogs.  If Intermarkets is forced to

reveal documents which disclose the identity of anyone "associated with the blog Ace of

Spades," this will undermine Intermarkets' ability to protect the confidential information it

obtains from its website partners.  This in turn will adversely impact Intermarkets' ability to

maintain and to expand its website publisher relationships.  The Court should consider the

irreparable harm that befalls Intermarkets if it is forced to disclose the anonymity of its website

publishers.

In the alternative, the Court suggested that a more tailored Protective Order may be

acceptable and suggested that Intermarkets and Plaintiff attempt to reach an agreed Protective

Order.  While the documents requested by Plaintiff have no relevance to his claim, Intermarkets

is willing to produce them provided that it can redact any information that identifies Ace of

Spades, including name, address, financial information and the like.  The problem in reaching

agreement with Plaintiff is that this is precisely the information he wants so that he can identify

Ace of Spades.  Not surprisingly then, Intermarkets and Plaintiff are unable to reach agreement

on a Protective Order.  In fact, Plaintiff sent an email to counsel for Intermarkets threatening to

send subpoenas to the CEO of Intermarkets and his wife individually if Intermarkets did not

produce the documents he has demanded to identify Ace of Spades.  *See* Exhibit 2.  Such threats

are not only highly inappropriate, but they demonstrate that the Plaintiff will not agree to

anything that protects Ace of Spades' identity.  For all of the reasons set forth above,

Intermarkets believes that the identity of Ace of Spades should not be revealed and seeks a

protective order – in the alternative to its Motion to Quash – that allows it to redact any

identifying information.

Accordingly, Intermarkets respectfully requests the Court to reconsider its denial of

Intermarkets' Motion to Quash, or in the alternative, issue a protective order whereby

Intermarkets may redact all information identifying Ace of Spades.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in Intermarkets' Motion,

Intermarkets, Inc. respectfully requests the Court to reconsider its July 24, 2015 Order denying

Intermarkets Motion to Quash and grant the motion, or in the alternative, to issue a protective

order permitting Intermarkets to redact all of Ace of Spades' identifying information and any

financial information.

Dated:  August 6, 2015

Respectfully submitted,

INTERMARKETS, INC.
By Counsel

REED SMITH LLP


    /s/ Stephen T. Fowler
Stephen T. Fowler, Esq. (Md. Bar No. 16881)
3110 Fairview Park Drive Suite 1400
Falls Church, Virginia  22042
(703) 641-4200
(703) 641-4340 FAX
sfowler@reedsmith.com
*Counsel for Intermarkets, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2015, a true and correct copy of the foregoing will be filed using the Court's ECF system, which will then send a notification of such filing to all counsel of record. Further, I hereby certify that on August 6, 2015 a true and correct copy of the foregoing will be sent via first-class mail, postage prepaid, to

Brett Kimberlin
8100 Beech Tree Road
Bethesda, MD 20817


    /s/ Stephen T. Fowler
Stephen T. Fowler, Esq.(Md. Bar No. 16881)
3110 Fairview Park Drive Suite 1400
Falls Church, Virginia  22042
(703) 641-4200
(703) 641-4340 FAX
sfowler@reedsmith.com
*Counsel for Intermarkets, Inc.*