FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CLERK'S OFFICE
AT GREENBELT

BY_____
DEPUTY

BRETT KIMBERLIN,
Plaintiff,

No. GJH 13 3059

PATRICK FREY,
Defendant.

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND
## SECOND MOTION TO COMPEL DISCOVERY, FOR SANCTIONS AND FOR A SHOW CAUSE HEARING

Now comes Plaintiff Brett Kimberlin and responds in opposition to Defendant's

Motion for Protective Order and moves this Court, pursuant to Federal Rule of Civil

Procedure 37, to compel Defendant Frey to comply with discovery, to sanction counsel

for Mr. Frey for failing to comply or cooperate with Plaintiff in the discovery process,

and for a hearing to show cause why sanctions should not be imposed against counsel.

"Counsel" in this motion refers to both Ron Coleman and Bruce Godfrey.

1.    Plaintiff filed a prior Motion to Compel Discovery, which has done little to

persuade Defendant to comply with discovery. Instead, Defendant has now filed a

Motion for Protective Order asserting that he will not provide discovery unless a

protective order is issued.

2.    This Court, in its July 24, 2015, Letter Order, stated: "Should Frey continue to

flout Court deadlines or the requirements of the Discovery Order, … the Court would

entertain future motions for sanctions."

3.    Defendant filed boilerplate non-responses to Plaintiff's Interrogatories. Defendant

did not provide a single document with those Interrogatories as Plaintiff requested.

4.  Defendant did not comply with a single document request that was served on Defendant on June 10, 2015.

5.  Defendant did not show up for a scheduled deposition set for July 3, 2015.

6.  Defendant Frey posted the following graphic on his Patterico website to demonstrate how he would respond to Plaintiff's discovery requests, and it's accurate:



7.   When Plaintiff attempted to confer and meet with counsel for Defendant, he was treated with contempt.  For example, when Plaintiff noted that counsel failed to comply with the Court's Order to engage in any settlement discussions, counsel snidely remarked that he wanted "a number" of how much Plaintiff would pay Defendant Frey in settlement.

8.   Defendant argues that he needs a protective order because he is a hard-core gang prosecutor and needs his privacy.  This is without merit.  Defendant is a public prosecutor who regularly appears in court.  His photo is readily available on the Internet. Exhibit A.  Defendant publishes a public blog and constantly uses that blog to attack those with whom he does not agree.

9.   Defendant violated Plaintiff's civil rights as a public official.  The public therefore has a right to see the documents involved in this case.  Indeed, the First Amendment counsels in favor of disclosure.

10.   Defendant has made no showing of what information should be protected.  He has asked for a blanket protective order to cover all discovery in this case.  However, Rule 26(b) provides for broad discovery, which Defendant refuses to provide.

11.   Rule 26(c) requires that a motion for protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Counsel, however, did not provide such certification.

12.   Defendant's wants this Court to issue a protective order forever, rather than for a limited time. In *Rushford v. New Yorker Magazine*, 846 F.2d 249, 252-3 (4th Cir. 1988),

the court rejected this open ended protective order: "there is a presumption of access to judicial records."

13.  Defendant argues that Plaintiff will publish the documents provided by Defendant Frey.  However, counsel knows that Plaintiff has never once published a single document in any case in which Plaintiff is involved.  Plaintiff has never tweeted or posted any article on the Internet in the past four years.  In contrast, Defendant has written and tweeted about Plaintiff hundreds of times and has been the one who has kept this matter in the public domain.  Defendant wants to try this in blog court based on his false narratives but does not want the truth be told with relevant documents.

14.  Plaintiff has complied fully with this Court's Discovery Order and made several good faith, but unsuccessful, attempts to cajole counsel to comply. Plaintiff has a right to discovery and for this Court's orders to be followed.  Plaintiff believes that counsel's failures to date are part of a strategy to run out the clock and engage in dilatory tactics in order to harm Plaintiff's ability to prosecute this case.

15.  Plaintiff believes that this Court should impose sanctions on counsel in order to deter them from engaging in dilatory behavior in the future and to ensure that they respect the Rules and this Court's orders.  Therefore, Plaintiff urges this Court to issue an Order to Show Cause why sanctions should not be imposed.

Wherefore, for all the above reasons, Plaintiff moves this Court to deny Defendant Frey's request for a protective order, issue an Order compelling Defendant Frey and his

attorneys to comply with all discovery and Court orders, and order counsel to show

cause why they should not be sanctioned for already failing to comply.

Respectfully submitted

Brett Kimberlin

Certificate of Service

I certify that I emailed a copy of this response to attorneys for Defendant Frey this

14th day of August, 2015.

Brett Kimberlin

## CERTIFICATION OF PLAINTIFF BRETT KIMBERLIN

I, Brett Kimberlin, certify under penalties of perjury as set forth in 28 USC 1746, that the statements above are true and correct, and that he "has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action."

Brett Kimberlin



**BLOGGIN' & BRADCASTIN'**
(L to R) Patrick Frey, Marc Danziger, David Dayen and Brad Friedman
during a special "VP Debate" edition of The Mike Malloy Show, 10/2/08

EXHIBIT A