UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

BRETT KIMBERLIN,
  Plaintiff,

PATRICK FREY,
  Defendant.

No. GJH 13 3059

**PLAINTIFF'S RESPONSE TO INTERMARKET/ACE OF SPADES' MOTION TO RECONSIDER THE COURT'S JULY 24, 2015 ORDER DENYING HIS MOTION TO QUASH**

Now comes Plaintiff Brett Kimberlin and responds in opposition to Intermarkets/Ace of Spades' Motion to Reconsider this Court's July 24, 215 Order denying his Motion to Quash. In short, the motion is without merit and in bad faith.

1. Counsel for Intermarkets/Ace of Spades ("AOS") repeats the same arguments rejected by this Court on July 24th, accusing the Court of "misapprehending" this and that, and asserting that AOS' First Amendment rights trumps all. However, in *Lefkoe v. Jos. A. Bank Clothiers, Inc.*, 577 F. 3d 240 (4th Cir. 2009), the Court found that the First Amendment does not protect a third party from having his identity disclosed pursuant to a discovery request. In that case, the "Massachusetts district court, having authority over the (third party) subpoena, denied the law firm's motion to quash the subpoena and ordered the law firm to reveal the nonparty witness' identity." Although there was a protective order in that case, the courts ordered that the identity be disclosed to the parties.

2. Court after court has ordered that anonymous third parties be identified in response to a valid subpoena. See e.g., *In re Anonymous Speakers*, 661 F.3d 1168 (9th Cir. 2011) (District Court ordered several anonymous speakers identified and Court of Appeals denied mandamus to overturn order). Judge Hollander, in *In re Drasin*,

Civil Action No. ELH-13-1140 (July 24, 2013), followed *Lefkoe* and *Anonymous Speakers* in refusing to quash a third party subpoena regarding the identity of anonymous posters.

3. Incredibly, Intermarkets, a company that places advertisements on AOS' blog, has argued that it will suffer if AOS the blogger is identified because other anonymous bloggers may not use its services if they know that Intermarkets complied with a lawful subpoena. This speculative argument is so meritless it does not even deserve an extended response. Companies such as Google, Twitter and Yahoo respond to these types of subpoenas every single day yet have not suffered a single iota because of them.

4. Moreover, AOS is not anonymous. Many in the conservative community including Defendant Frey know him. In fact, he has appeared publicly at the Conservative Political Action Committee Conference where he gave the keynote speech. His photos at that event are widely distributed on the Internet. Exhibit A. He has also appeared live on national news programs, including Fox News, where his face has been seen by millions of viewers. Exhibit B. Intermarkets is asking the Court to stop Plaintiff from learning the name and address of a person known to thousands of people in the conservative community and seen by millions of people worldwide. Clearly, AOS has waived any First Amendment right to anonymity by his public appearances.

5. AOS is very close to Defendant Frey. In fact, according to Defendant Frey, AOS traveled to California and met with Frey at a public event. Exhibit C. Defendant Frey and AOS have linked to each other's blogs hundreds of times. Plaintiff believes, as he stated in his previous declaration, that Defendant Frey corresponded by phone and by email

with AOS, and devised a common plan to use AOS' top conservative blog to support Defendant Frey's illegal scheme to deprive Plaintiff of his civil rights. As a result, AOS demanded in his blog posts that Plaintiff be imprisoned, and stated that if law enforcement officials did not imprison Plaintiff, Plaintiff would "escalate his crimes" and people would die. This fear mongering propaganda was part and parcel of Defendant Frey's master plan to deprive Plaintiff of his civil rights. Clearly, Plaintiff has a right under Federal Rules of Civil Procedure 45 and 26 to question AOS and seek documents from him to discover "relevant" evidence in the instant case.

6. This Court, in it's previous order, urged the parties to agree on a protective order, which is something that Intermarkets previously and now requests. Plaintiff pointed out to counsel that he, unlike Defendant Frey and others, has never once published a single post or tweet about any case, and has never published any document. Plaintiff told counsel for Intermarkets that he would agree not to publish or share any information provided by counsel outside of any court setting. Plaintiff asked counsel to work out an acceptable protective order that would provide Plaintiff with AOS' identity while protecting Intermarkets' data. However, counsel refused, and now asks this Court to approve a protective order that provides no identifying information to Plaintiff. Such a position makes a mockery of the Rules and this Court's prior order.

Wherefore, for all the above reasons and the reasons stated in this Court's July 24th Letter Order, this Court should deny AOS' Motion to Quash and for Protective Order.

Respectfully submitted,

Brett Kimberlin