# EXHIBIT A

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
SOUTHERN DIVISION

| | |
|---|---|
| BRETT KIMBERLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )       **Case No. 13-3059 GJH** |
| | ) |
| PATRICK FREY, | ) |
| | ) |
| Defendant. | ) |

### ACE OF SPADES' RESPONSE TO INTERMARKETS' MOTION TO RECONSIDER OR IN THE ALTERNATIVE FOR PROTECTIVE ORDER

Non-party Ace of Spades ("Ace"), by and through the undersigned counsel and pursuant to Federal Rules 26 and 45, respectfully submits this Response to Non-party Intermarkets, Inc.'s Motion to Reconsider or in the Alternative for Protective Order, ECF No. 296, and in support thereof, states as follows:

1.     Plaintiff Brett Kimberlin persists in his efforts to obtain the identity of Ace purportedly in order "to question [Ace] and seek documents from him to discover 'relevant' evidence in the instant case."[1] As noted in the motion by Intermarkets, Inc., Ace has broad rights under the Constitution to speak anonymously, and as set forth in the attached Declaration, he places the utmost importance on maintaining his anonymity.[2] Plaintiff has not met his burden to overcome the protections afforded to an anonymous speaker such as Ace.

---

[1] Plaintiff's Response to Intermarket/Ace of Spades' Motion to Reconsider the Court's July 24, 2015 Order Denying His Motion to Quash, ECF No. 299, at 3 ("Plaintiff's response"). Despite the title of Plaintiff's response, Intermarkets, Inc., as the recipient of the subpoena, moved to quash the subpoena and then subsequently moved for reconsideration of this Court's order. Ace was not a movant for either of those motions.

[2] Ace is aware of numerous anonymous bloggers who have suffered negative repercussions after having their identities revealed, and wishes to avoid that outcome for himself. Ace states that he fears that if his identity is disclosed publicly or even to Plaintiff alone, he will suffer irreparable

2.       However, Ace appreciates that the Court expressly invited Intermarkets to "seek a narrower and more tailored protective order to address specific privacy and confidentiality concerns." Letter Order, ECF No. 294, at 4 n.2. Ace respectfully submits this response to inform the Court that, although Plaintiff has not met his burden, Ace nonetheless is agreeable to provide information to Plaintiff responsive to reasonable discovery requests under the protection of a narrowly tailored protective order that precludes disclosure of his identity. A motion for such a protective order, accompanied by a proposed order, is filed simultaneously herewith.

3.       Specifically, subject to such a protective order, Ace would be willing to produce relevant documents (with redactions to identifying information or other information that raises privacy concerns) and entertain appropriate written interrogatories that can be responded to through counsel, subject, of course, to applicable privileges. *See* Ace Decl., ¶ 7. Courts have approved such an approach where a non-party's privacy is at stake. *See Marcella v. Brandywine Hosp.*, 47 F.3d 618, 626 (3d Cir. 1995) (permitting anonymous discovery from blood donor in case alleging negligence concerning blood transfusion infected with HIV); *Moore v. Rees*, No.

---

emotional, professional, and reputational injury. Declaration of Non-Party Ace of Spades ("Ace Decl."), ¶¶ 1-3, 6. Moreover, "[i]ncluded within the panoply of protections that the First Amendment provides is the right of an individual to speak anonymously." *Independent Newspapers, Inc. v. Brodie*, 966 A.2d 432, 440 (Md. 2009) (reversing trial court's order to identify anonymous online writers) (collecting cases). The tradition of "anonymous political writing" extends back to this nation's earliest days, most famously in the Federalist Papers "published under the pseudonym of 'Publius,'" and "the historical evidence indicates that Founding-era Americans opposed attempts to require that anonymous authors reveal their identities." *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 360-61 (1995) (Thomas, J., concurring).

   The authorities in Plaintiff's response are readily distinguishable from this case. In *In re Anonymous Speakers*, 661 F.3d 1168, 1176 (9th Cir. 2011), the district court ordered disclosure of some (but not all) of a set of anonymous speakers only after applying "the most exacting standard": that of summary judgment. Plaintiff here has made *no* evidentiary showing supporting his demand for Ace's identity that can meet that standard. The other cases cited by Plaintiff refer to instances where, unlike here, the anonymous speaker's identity was sought in order to assert claims against that person. By contrast, this Court has already dismissed Ace as a defendant because Plaintiff failed to state a claim against him.

06-cv-22, 2007 WL 1035013, at *15 (E.D. Ky. Mar. 30, 2007) (permitting anonymous discovery from execution team members in suit to prevent execution of prisoner).[3]

4. Furthermore, subject to such a protective order, Intermarkets has indicated that it "is willing to produce [the requested documents] provided that it can redact any information that identifies Ace of Spades, including name, address, financial information and the like." ECF No. 296-1, at 11-12.

5. Such a protective order serves the interests of all involved. Plaintiff will obtain discovery he believes he needs for his case, while both Intermarkets and Ace will have the assurance that the anonymity of Ace will be protected. Maintaining the anonymity of its blogger-clients is central to Intermarkets' business, *id.* at 11, and it is critical to Ace, whose First Amendment rights and safety concerns are at stake. Ace Decl., ¶¶ 3, 6.

6. Counsel has conferred with Plaintiff, pursuant to Local Rule 104.7, and Plaintiff stated that he opposes the relief requested.

7. To the extent that such a protective order is not entered, before the anonymity of a non-party is disclosed, the party seeking disclosure must establish that: (1) the subpoena seeking the information was issued in good faith and not for any improper purpose; (2) the information sought relates to a core claim or defense; (3) the identifying information is directly and materially relevant to that claim or defense; and (4) information sufficient to establish or to disprove that claim or defense is unavailable from any other source. *See Doe v. 2TheMart.com, Inc.*, 140 F. Supp. 2d 1088, 1095 (W.D. Wash. 2001) (quashing subpoena issued to internet service provider seeking identification of anonymous speakers). As an anonymous speaker, Ace

---

[3] The United States District Court for the District of Columbia entered a similar protective order in *Sherrod v. Breitbart*, No. 11-cv-00477 (D.D.C. Sept. 16, 2013), ECF No. 67, that protected from disclosure the identity of a confidential source.

is entitled to test Kimberlin's evidence as to these factors before he is stripped of his anonymity, which is not only constitutionally protected but is also of great value to him.

## CONCLUSION

For the foregoing reasons, Ace respectfully requests that the Court reconsider its denial of Intermarkets' motion to quash and quash the subpoena entirely, or in the alternative, grant the motions for a protective order by Intermarkets and Ace that prevents disclosure of Ace's identity.

Dated: August 14, 2015

Respectfully submitted,

BAKER & HOSTETLER LLP
By: /s/ Mark I. Bailen
    Mark I. Bailen (13805)
    Washington Square, Suite 1100
    1050 Connecticut Avenue, N.W.
    Washington, DC 20036
    Tel:202-861-1500
    Fax:202-861-1783
    mbailen@bakerlaw.com
*Counsel for Non-party Ace of Spades*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
SOUTHERN DIVISION

| | |
|---|---|
| BRETT KIMBERLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   **Case No. 13-3059 GJH** |
| | ) |
| PATRICK FREY, | ) |
| | ) |
| Defendant. | ) |

## DECLARATION OF ACE OF SPADES

I, "Ace of Spades," under oath and through my counsel, declare under penalty of perjury that the following is true and correct to the best of my personal knowledge pursuant to 28 U.S.C. § 1746:

1. I am an anonymous blogger who writes using the pseudonym "Ace of Spades." I have posted under this name on a blog that I operate titled "Ace of Spades HQ" for over a decade. This is a group blog featuring content, written by myself and others posting under other names, that offers a range of political, social, and cultural commentary.

2. The blog has been widely recognized and is a recipient of several awards.

3. I blog anonymously in order to express my opinions and views, and contribute to online debate on matters of public concern, while also protecting my privacy. I am personally aware of numerous instances in which anonymous bloggers were "outed" and suffered harsh reputational and professional consequences, harassment, and fear for their personal security. I am careful to protect my anonymity and I have turned down multiple offers of employment because the positions offered would have required me to publicly disclose my identity. In June

2011, I received a death threat that I considered credible enough to refer to law enforcement, as a result of my blogging on a matter unrelated to Mr. Kimberlin and this case.  This incident redoubled my sense that maintaining my anonymity continues to be of utmost importance.

4. My blog is my only occupation and my sole source of income.  I receive income through my commercial relationship with Intermarkets, Inc., an advertising company that specializes in protecting its clients' anonymity.

5. My understanding of the records Intermarkets holds related to me is that they include my name, address, and bank account, as well as matters such as automatic tallying of page views for purposes of advertising compensation.  Crucially, none of these business records bear any possible relevance to Mr. Kimberlin's allegations concerning my alleged relationship and communications with Patrick Frey.  My only communications with Intermarkets relate to the placement of ads, compensation for such placement, and related technical issues.  Intermarkets also contacted me to inform me of Mr. Kimberlin's attempts to obtain records from the company.

6. If my identity is exposed as a result of Mr. Kimberlin's subpoena to Intermarkets or otherwise, I will suffer not only emotional distress, but also irreparable professional and reputational injury.  As noted above, I fear for my safety as I have received death threats in the past.  In addition, the success of my website in attracting readers is in large part due to the anonymous nature of the posts by "Ace of Spades."  This would be irreparably lost if my identity is disclosed.

7. I appreciate that this Court has dismissed me as a defendant from this case.  I wish nothing more than to put this entire matter behind me.  Accordingly, through counsel, I am willing to provide to Mr. Kimberlin information responsive to his discovery requests provided a

protective order is in place to protect against the disclosure of my identity. I am also willing to entertain appropriate written interrogatories that can be responded to through counsel.

/s/ Ace of Spades

Executed on August 14, 2015