UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

BRETT KIMBERLIN,
Plaintiff,

No. GJH 13 3059

PARTICK FREY,
Defendant.

**MOTION FOR ENTRY OF FINAL JUDGMENT ON TWO DISMISSED COUNTS**

Now comes Plaintiff Brett Kimberlin and moves this Court, pursuant to Federal Rule of Civil Procedure 54(b), to direct entry of a final judgment on the RICO count and the Section 1985(2) court as set forth in this Court's order of March 17, 2015.

1. Counsel for defendant Breitbart.com has indicated that Breitbart.com does not object to the relief sought by this motion.

2. Rule 54(b) gives the Court the authority to issue a final judgment in cases where there are multiple defendants and multiple counts:

> b) JUDGMENT ON MULTIPLE CLAIMS OR INVOLVING MULTIPLE PARTIES. When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

3. In the instant case, only one Defendant is remaining on one count in the Complaint. The other Defendants are named in the dismissed counts. The dismissed counts are final and there will be no piecemeal filings of appeals.

4. It appears that the single count remaining in this case will take a great deal of time in court due to discovery matters and trial preparation.

5. There would be no prejudice to any Defendant by the issuance of a final order.

6. The Fourth Circuit has set forth the steps necessary for a Rule 54(b) certification:

First, the district court must determine whether the judgment is final. *Id.* at 7, 100 S.Ct. at 1464. The Court in *Curtis-Wright* stated that a judgment "must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id.* (quoting *Sears, Roebuck & Co.,* 351 U.S. at 436, 76 S.Ct. at 900). Second, the district court must determine whether there is no just reason for the delay in the entry of judgment. *Curtis-Wright,* 446 U.S. at 8, 100 S.Ct. at 1465. This inquiry, "tilted from the start against fragmentation of appeals, is necessarily case-specific." *Spiegel v. Trustees of Tufts College,* 843 F.2d 38, 43 (1st Cir.1988); *see also Curtis-Wright,* 446 U.S. at 10-11, 100 S.Ct. at 1466-67("because the number of possible [Rule 54(b)] situations is large, we are reluctant either to fix or sanction narrow guidelines for district courts to follow"). In determining whether there is no just reason for delay in the entry of judgment, factors the district court should consider, if applicable, include:

(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, 1336*1336 shortening the time of trial, frivolity of competing claims, expense, and the like.

*Allis-Chalmers Corp. v. Philadelphia Electric Co.,* 521 F.2d at 364 (footnotes omitted); *see also Curtis-Wright,* 446 U.S. at 8, 100 S.Ct. at 1465 ("whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals") (footnote omitted).

Where the district court is persuaded that Rule 54(b) certification is appropriate, the district court should state those findings on the record or in its order. *Spiegel,* 843 F.2d at 43; *Allis-Chalmers Corp.,* 521 F.2d at 364. The expression of clear and cogent findings of fact is crucial. *See Allis-Chalmers,* 521 F.2d at 365 ("The variety

and number of factors which may be present in any one case highlights the importance of the district court's evaluation and articulation of those factors leading to its grant of Rule 54(b) certification."). In fact, numerous courts have held that where the district court's Rule 54(b) certification is devoid of findings or reasoning in support thereof, the deference normally accorded such a certification is nullified. *See e.g., Corrosioneering,* 807 F.2d 1279 (The absence of reasons in support of a district court's certification nullifies any deference due the Rule 54(b) order.) (citations omitted). This straightforward exercise assists not only the district court in assessing the equities of the situation, but also the appellate review of a Rule 54(b) certification. *Allis-Chalmers,* 521 F.2d at 364.

Wherefore, for all the foregoing reasons, Plaintiff moves this Court, pursuant to Rule 54(b), to certify that the judgment in the RICO count and the Section 1985(2) count are final for purposes of appeal.

Respectfully submitted,

Brett Kimberlin

Certificate of Service

I certify that I mailed a copy of this motion to Defendants Walker and Hoge this 17th day of September, 2015.

Brett Kimberlin