IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

BRETT KIMBERLIN,

Plaintiff

v.                                                          CASE NO.: GJH-13-3059

PATRICK FREY,

Defendant

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT ON TWO DISMISSED COUNTS (ECF NO. 307)**

Now COMES Defendant Aaron J. Walker, Esq.,[1] and files this Opposition to the Plaintiff's Motion for Entry of Judgment on Two Dismissed Counts (ECF. No. 307) (hereinafter "MFJ") and states the following:

1. On or about September 17, 2015, the Plaintiff filed the above-mentioned MFJ, seeking entry of judgment under Fed. R. Civ. P. 54(b) on the two federal claims that had been dismissed on March 17, 2015, specifically, 18 U.S.C. §1961 *et seq.* and 42 U.S.C. §1985.

2. The Plaintiff pretends to offer his reasons for this proposed action but instead he simply presents an extended page-long quotation from *Braswell Shipyards, Inc. v. Beazer East, Inc.*, 2 F. 3d 1331 (4th Cir. 1993) without any attempt to explain how the rules described in that case applies to the instant case. Every word from "First the district court must..." to "...Rule 54(b) certification. *Allis-*

---

[1] Mr. Walker refers to himself in the third person for stylistic purposes and to de-personalize this case.

*Chalmers*, 521 F.2d at 364" is lifted from *Braswell*, id. at 1335-36,[2] without citing *Braswell*, and without properly indenting the extended quotation so that one can easily tell where the quotation ends and the Plaintiff's words begin again.

    3.     In any case, he cannot meet the very *Braswell* standard he cites.

    4.     First, the Plaintiff noticeably doesn't quote this passage from the same opinion:

> Rule 54(b) certification is recognized as the exception rather than the norm. It should neither be granted routinely, *Curtis-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 10, 100 S.Ct. 1460, 1466, 64 L.Ed.2d 1 (1980), nor as an accommodation to counsel. *Corrosioneering v. Thyssen Environmental Systems*, 807 F.2d 1279, 1282 (6th Cir.1986) (citations omitted). As Judge (now Justice) Kennedy observed:
>
>> Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties.
>
> *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir.1981). The burden is on the party endeavoring to obtain Rule 54(b) certification to demonstrate that the case warrants certification. *Allis-Chalmers Corp. v. Philadelphia Electric Co.*, 521 F.2d 360, 364 (3d Cir.1975) (footnote omitted).

Id. at 1335. The Plaintiff has barely attempted to meet this burden, and in reality he cannot.

    5.     Second, as noted in *Costar Group Inc. v. Loopnet, Inc.*, 172 F. Supp. 2d 747 (D. Md., 2001), this Court must determine whether there has been a final judgment. "The requirement that the judgment be final is a threshold requirement for certification and, unlike the rest of the Rule 54(b) determination, not at the district court's discretion." Id. at 748-749. As noted in *Costar*, this requires a determination of "whether the claims in which immediate appeal is sought are separate from remaining

---

[2] Mr. Walker searched for the first quoted words "First, the district court must determine whether the judgment is final. *Id.* at 7, 100 S.Ct. at 1464" in Fastcase, limiting the search to Fourth Circuit opinions. *Braswell* was the only "hit."

claims." Id. at 749.

6. The Plaintiff in this case alleged, among other things, that there was a great RICO Enterprise arrayed against him to falsely accuse him of being involved in SWATting and that there was an equally great conspiracy to intimidate him from going to court to battle that supposed enterprise. He is still presently suing Patrick Frey for an alleged small part in that conspiracy, supposedly engaging in retaliatory investigation related to Mr. Frey's own SWATting. That is, the Plaintiff alleges absurdly that rather than pursue the "real SWATter" and protect the public from future SWATtings, Mr. Frey took the occasion of a crime being committed against him to retaliate against an allegedly innocent man, the Plaintiff, for complaints by the Plaintiff to Mr. Frey's employer. Thus, a large portion of the Plaintiff's claims in this respect turn on the same question: was he involved in Patrick Frey's SWATting? Before the dust settles in discovery, the answer might very well become a definitive "yes." As this Court has stated "[c]laims are completely distinct when they are founded upon different facts and controlled by different law." *Martin v. Conner*, Civil No.: WDQ-11-0881 at *21 (D. Md., Aug. 20, 2012) (internal quotations, citations and ellipses removed). Thus, this factual commonality between the claims alone is sufficient to make it impossible to truly separate the 42 U.S.C. §1983 claims against Frey from the other claims filed against all of the Defendants (including Frey), and for this reason alone certification should be denied.

7. Indeed, this goes to another factor cited in the Plaintiff's block quote of *Braswell*. After determining whether there was a final judgment, this Court is required to consider whether there is there is a just reason for delay. Citing *Allis-Chalmers Corp. v. Philadelphia Electric Co.*, 521 F.2d 360, 364 (3d Cir.1975), the *Braswell* court stated that part of that consideration included "the possibility that the need for review might or might not be mooted by future developments in the district court[.]" *Braswell*,

2 F. 3d at 1335. If the question of the Plaintiff's involvement in the SWATting is answered in the positive, it would moot the claim that anyone committed fraud or unlawful intimidation by accusing him of it.

8. Third, specifically on the RICO claims, the fact that Mr. Frey is a defendant in both the RICO claim and the remaining Civil Rights Claim (under 42 U.S.C. §1983) also renders certification inappropriate. As stated in *Braswell*,

> the fact the parties on appeal remain contestants below militates against the use of Rule 54(b). *Spiegel [v. Trustees of Tufts College*, 843 F.2d 38, 44 (1st Cir.1988)] ("It will be a rare case where Rule 54(b) can appropriately be applied when the contestants on appeal remain contestants below.").

2 F. 3d at 1336-37.

9. Finally, it is worth noting that service is woefully inadequate for this motion. While Mr. Walker appreciates receiving service from Mr. Kimberlin (for once), and the Plaintiff states that he served Mr. Hoge as well, the Plaintiff's certificate of service doesn't state that he served anyone else. Some will be served automatically by the ECF system, but that won't work for Defendants Lee Stranahan, Ali Akbar, the National Bloggers Club, or Robert Stacy McCain. Furthermore, upon information and belief, the Plaintiff has not actually served Mr. Hoge: the Plaintiff merely said that he did. Each of these Defendants have as much right as Mr. Walker to file a response supporting or opposing this proposed certification, and the Plaintiff has denied all of them notice or opportunity to be heard.

10. For all of these reasons, certification under Rule 54(b) should be denied.

WHEREFORE, the Plaintiff's motion for a Rule 54(b) certification should be denied.

Monday, September 28, 2015                    Respectfully submitted,

_[signature]_
Aaron J. Walker, Esq.
Va Bar# 48882
P.O. Box 3075
Manassas, Virginia  20108
(703) 216-0455
AaronJW72@gmail.com
(No fax)

### CERTIFICATE OF SERVICE

I certify that on the __28th__ day of __September__, 2015, I served copies of this document on the following parties via U. S. Mail or email as noted:

Brett Kimberlin at 8100 Beech Tree Road, Bethesda, Maryland 20817
Michael Smith, Esq., for Michelle Malkin and Twitchy at smith@smithpllc.com
Mark Bailen, Esq., for Erick Erickson, Redstate, Glen Beck, Mercury Radio Arts, The Blaze, and Ace of Spades at mbailen@bakerlaw.com
Lee Stranahan at stranahan@gmail.com
Breitbart.com at Loconnor@breitbart.com and Larry@breitbart.com
National Bloggers Club and Ali Akbar at ali@blogbash.com
Ron Coleman, Esq. for Patrick Frey and Mandy Nagy at rcoleman@goetzfitz.com.
DB Capitol Strategies and Dan Backer at DBacker@DBCapitolStrategies.com
Robert Stacy McCain at r.s.mccain@att.net
Lynn Thomas at lmalone.thomas.legal@gmail.com
William J.J. Hoge III, at himself@wjjhoge.com

_[signature]_