FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 OCT -2  PM 12: 40

CLERK'S OFFICE
AT GREENBELT

Brett Kimberlin,
*Plaintiff,*

v.

Patrick Frey,
*Defendant.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

Case No. 13-CV-3059-GJH

## WILLIAM HOGE'S OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT ON TWO DISMISSED COUNTS (ECF NO. 307)

COMES NOW William Hoge and opposes Plaintiff's Motion for Entry of Final Judgement on Two Dismissed Counts. In opposition to Plaintiff's motion Mr. Hoge adopts the arguments set forth in Aaron Walker's opposition to the motion (ECF No. 309) and incorporates them herein by reference.

Mr. Hoge wishes to draw the Court's particular attention to paragraph 9 of Mr. Walker's opposition. Mr. Hoge did not receive service of Plaintiff's motion until 30 September, 2015. The envelope containing that copy of the motion is postmarked 28 September, 2015, while the certificate of service claims that service was sent on 17 September, 2015.

As the Court noted in its 7 January, 2014, Letter Order, "The failure to serve a party is no mere technicality." ECF No. 26 at 2. Indeed, lack of timely service prejudices

a party's ability to formulate a cogent response and file it with the Court within the time limit set by the Rules. Thus, the Court told Plaintiff, "Proper service is a prerequisite for filing, and future motions will not be considered in the absence of proper service." *Id.*

In the Court's 30 December, 2013, Letter Order it noted "that Rule 11 provides sufficient deterrence against and adequate sanctions for false statements by a party[.]" ECF No. 21 at 1. Clearly, the Plaintiff's certificate of service accompanying his motion is a false statement. The difference between the date on the certificate and the postmark on the envelope is 11 days. That's not the sort of difference that could occur as a result of dropping a letter in a mailbox late in the day on the 17th and its being postmarked the next day. Given that Plaintiff's service of court papers to Mr. Hoge in this and other lawsuits has usually been delayed or has failed to occur at all, it is unlikely that the delay was not caused by a mistake. The more likely cause is purposeful delay by Plaintiff. If that be the case, then his certificate of service is a knowingly false statement made to the Court.

There have been at least ten previously documented failures of Plaintiff to properly serve Mr. Hoge.[1] Most have been accompanied by false certificates of service; each failure to serve Mr. Hoge adversely prejudiced his ability to conduct his defense of the instant lawsuit. Mr. Hoge took the Court's statement that it would not consider motions which had not been properly served as a promise of fair dealing with the parties. Yet, the Court

---

[1] *See, e.g.*, ECF No. 2 at 1; ECF No. 56 at 23-24; ECF No. 59 at3, ECF No. 149, ¶¶ 1 and 60; ECF No. 167, *passim*; and ECF No. 236, Ex. A.

has repeatedly accepted and docketed motions from Plaintiff which were not were not properly served on Mr. Hoge and other parties.  Surely, requiring one party to obey the Fed. R. Civ. P, the Local Rules, and the Court's own orders while allowing another a free pass to flout them is a prejudicial denial of the first party's right of due process.  Given that Court has stated it is "disinclined" to sanction Plaintiff's behavior (ECF No. 294 at 2), Mr. Hoge raises this point to preserve the matter for appeal.

Still, taken together with the lack of timely service on Mr. Hoge and Plaintiff's announced failure to serve other parties in this instance (ECF No. 307 at 3), Plaintiff's false certificate of service should be sufficient reason to deny the instant motion.

WHEREFORE, Mr. Hoge asks the Court to deny Plaintiff's Motion for Entry of Final Judgement on Two Dismissed Counts and for such other relief as it may deem just and proper.

Date:  2 October, 2015                          Respectfully submitted,

                                                William John Joseph Hoge, pro se
                                                20 Ridge Road
                                                Westminster, Maryland  21157
                                                (410) 596-2854
                                                himself@wjjhoge.com

**VERIFICATION**

I certify under penalty of perjury the foregoing is true and correct.

William John Joseph Hoge

**CERTIFICATE OF SERVICE**

I certify that on the 2nd day of October, 2015, I served a copy of this opposition on Brett Kimberlin at 8100 Beech Tree Road, Bethesda, Maryland  20817, by First Class U. S. Mail and by electronic means (with permission) on all counsels of record and *pro se* defendants in *Kimberlin v. National Bloggers Club*.

William John Joseph Hoge