UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
*Southern Division*

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 OCT 15  P 2: 10

CLERK'S OFFICE
AT GREENBELT

CHAMBERS OF
GEORGE JARROD HAZEL
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0637
(301) 344-3910 FAX

BY_____ DEPUTY

October 15, 2015

RE: *Kimberlin v. Frey,*
GJH-13-3059

**LETTER ORDER**

Dear Counsel:

 This letter addresses several motions presently before the Court: Defendant's Motion for Protective Order Regarding Discovery (ECF No. 295); Plaintiff's Motion to Compel and for Sanctions (ECF No. 298); Plaintiff's Motion to Extend Time for Discovery (ECF No. 308); Intermarkets' Motion to Reconsider or in the Alternative for Protective Order (ECF No. 296); Plaintiff's Motion for a Court Order Allowing Plaintiff to (1) Receive Stamped Subpoenas from the Clerk and (2) File via ECF (ECF No. 297); Plaintiff's Motion for Entry of Final Judgment on Two Dismissed Counts (ECF No. 307); and Plaintiff's motions for hearing on Defendant's Motion for Protective Order (ECF No. 303) and Plaintiff's Motion for Sanctions (ECF No. 298).

 First, this Court considers Defendant's Motion for Protective Order Regarding Discovery (ECF No. 295). Due to his occupation as a gang-prosecutor and Plaintiff's alleged threats and history of publicizing information obtained in discovery, Defendant argues that a protective order is needed "to protect Defendant from improper, non-litigation uses of disclosures such [as] sensitive and confidential information and documents." ECF No. 295 at 1. Mr. Frye also seeks an order prohibiting the videotaping of his deposition. *See* ECF No. 302 at ¶ 18. Mr. Kimberlin asserts that he does not have a history of publicizing information obtained in discovery, and argues that courts only prohibit the videotaping of depositions in extreme circumstances. *See* ECF No. 303. This Court GRANTS Defendant's motion and adopts the substance of the model Confidentiality Order from Appendix D of this Court's Local Rules, and DENIES Defendant Frye's motion to prohibit the videotaping of his deposition.

 According to Federal Rule of Civil Procedure ("FRCP") 26(c), the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c). Mr. Frye asserts that the documents subject to discovery include "lengthy and relatively voluminous email exchanges between Mr. Frey and third parties, not parties to this litigation," ECF No. 295 at ¶ 1, which provide "information

relating to the privacy, safety, confidentiality and property of himself, his family and others, including the home addresses, telephone numbers and other personally identifiable information of persons not connected to this case," ECF No. 295 at ¶ 2. This Court finds the foregoing to be sufficient to order that any documents marked as confidential shall not be disseminated or used for any purpose outside of this matter.

Plaintiff argues that Defendant's protective order should not be granted because Defendant did not provide certification that Defendant conferred or attempted to confer with Plaintiff before bringing it to the Court. *See* ECF No. 295 at ¶ 11. This Court agrees that the "motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action," Fed. R. Civ. P. 26(c)(1), and that Defendant has not provided certification in violation of FRCP 26(c) and L.R. 104.7. However, given the history between the parties, the Court finds that "requiring the parties to confer in person or by telephone before resubmitting the Motion would only lead to additional delay" and the Motion is briefed sufficiently enough to avoid denial based on procedural grounds.[1] *Cognate Bioservices v. Smith*, 2015 U.S. Dist. LEXIS 127, at *10-11 (D. Md. Sept. 23, 2015).

Regarding Defendant's concern with a videotaped deposition, however, "whenever accuracy and trustworthiness can be ensured, it is the better practice to permit electronic recordation of depositions." *Rice's Toyota World, Inc. v. Se. Toyota Distribs., Inc.*, 114 F.R.D. 647, 649 (M.D.N.C. 1987). To the extent that Mr. Frey is concerned about the public dissemination of his image, any video depositions will be protected by the Court's Confidentiality Order. Accordingly, Defendant's motion to bar video deposition is DENIED.

The Court next considers Intermarkets' Motion to Reconsider or in the Alternative for Protective Order (ECF No. 296). Plaintiff has withdrawn his subpoena sent to Intermarkets, *see* ECF No. 304, thus the motion is DENIED as moot.

Next, the Court DENIES Plaintiff's motion to receive stamped subpoenas from the Clerk and to file via ECF (ECF No. 297). As noted in the Local Rules for the United States District Court for the District of Maryland, the "Clerk shall not issue any subpoena under Fed. R. Civ. P. 45(a)(3) to any self-represented litigant proceeding in forma pauperis without first obtaining an order from the Court authorizing the issuance of the subpoena." L.R. 102.3. This Court is not inclined to waive this requirement for Mr. Kimberlin. Similarly, the Court finds that filing via ECF is a privilege bestowed up licensed attorneys and will continue to require Mr. Kimberlin and other pro se litigants to file with the Clerk of the Court. *Gusler v. City of Long Beach*, 823 F. Supp. 2d 98, 141 (E.D.N.Y. 2011) ("Such objections shall be filed with the Clerk of the Court via ECF, except in the case of a party proceeding pro se. Pro Se Plaintiff Jay Gusler must file his

---

[1] This does not in any way suggest that the parties should not make efforts in the future to resolve discovery disputes without Court intervention.

objections in writing with the Clerk of the Court within the prescribed time period noted above.").

The Court DENIES the Plaintiff's Motion for Entry of Judgment on Two Dismissed Counts (ECF No. 307). FRCP 54(b) "allows the district court to provide relief to litigants that would suffer undue hardship if final judgment is not entered on the adjudicated claim prior to the resolution of the unadjudicated claims." *Braswell Shipyards v. Beazer E., Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993). "Rule 54(b) certification is recognized as the exception rather than the norm. It should neither be granted routinely, nor as an accommodation to counsel." *Id.* As noted by the United States Supreme Court, not all "judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims. . . . It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980). The facts underlying the adjudicated and unadjudicated claims are closely related. The Court finds it best to avoid the possibility of burdening the Fourth Circuit with fragmented appeals stemming from the same set of facts.

Next, the Court DENIES without prejudice Plaintiff's Second Motion to Compel Discovery (ECF No. 298). FRCP 37 allows for a party to "move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "The memorandum in support of the motion shall set forth, as to each response to which the motion is directed, the discovery request, the response thereto, and the asserted basis for the insufficiency of the response." L.R. 104.8.a. The Plaintiff fails to specify the discovery in question. The Court expects Defendant Frye to comply with the discovery guidelines pursuant to the FRCP, the Local Rules, the Court's Discovery Order, and the Protective Order. If Defendant Frye fails to do so, Plaintiff may renew its motion and specify the missing discovery.

Relatedly, the Court DENIES Mr. Kimberlin's motion for sanctions against counsel for Mr. Frey (ECF No. 298). Correspondence provided by the Defendant indicates that the Plaintiff opted not to meet and confer despite the Defendant's invitation, ECF No. 302 at ¶¶ 2-3, and that the Defendant has made a good faith effort to participate in discovery, *see* ECF No. 295 at ¶ 1 ("Patrick Frey has served discovery responses to Mr. Kimberlin's initial discovery requests, i.e., interrogatories and document demands, but has reserved disclosure concerning such discoverable material as may fall under the aegis of the relief requested."). Furthermore, Plaintiff fails to cite to any legal standards that the Defendant failed to adhere to in their discovery dispute. Imposing sanctions is a serious matter and the "Court expects that motions for sanctions will not be filed as a matter of course. The Court will consider in appropriate cases imposing sanctions upon parties who file unjustified sanctions motions." L.R. 105.8.a. As with his previous motion for sanctions, "Kimberlin has not demonstrated any bad faith on the part of Frye." ECF No. 294 at 5.

The Court DENIES Kimberlin's Motion for a Show Cause Hearing Regarding Sanctions (ECF No. 298) and Kimberlin's motion for hearing on Defendant's motion for a protective order

(ECF No. 303). In its discretion, the Court finds that the motions brought before this Court are sufficiently briefed and that hearings are not necessary. *See* L.R. 105.6.

Plaintiff's motion to extend time for discovery (ECF No. 308) is GRANTED. The deadline for discovery is now February 5, 2016. Accordingly, Defendant's Motion to Extend Time to Respond (ECF No. 310) is DENIED as moot.

In summary, the motions are resolved are follows:

- Defendant's Motion for Protective Order Regarding Discovery (ECF No. 295) is GRANTED in part and DENIED in part;
- Plaintiff's Motion to Compel and for Sanctions (ECF No. 298) is DENIED;
- Plaintiff's Motion to Extend Time for Discovery (ECF No. 308) is GRANTED;
- Defendant's Motion to Extend Time to Respond (ECF No. 310) is DENIED as moot;
- Intermarkets' Motion to Reconsider or in the Alternative for Protective Order (ECF No. 296) is DENIED as moot;
- Plaintiff's Motion for a Court Order Allowing Plaintiff to (1) Receive Stamped Subpoenas from the Clerk and (2) File via ECF (ECF No. 297) is DENIED;
- Plaintiff's Motion for Entry of Final Judgment on Two Dismissed Counts (ECF No. 307) is DENIED;
- and, Plaintiff's motions for hearing on Defendant's Motion for Protective Order (ECF No. 303) and Plaintiff's Motion for Sanctions (ECF Nos. 298) are DENIED.

The Court warns Plaintiff and Defendant to abide by the procedures of this Court. As the Court noted in its January 7, 2014 Letter Order, the "failure to serve a party is no mere technicality. . . . Proper service is a prequisite for filing, and future motions will not be considered in the absence of proper service." ECF No. 26 at 2. Similarly, the Court "will not consider any discovery motion unless the moving party has filed a certificate reciting (a) the date, time and place of the discovery conference, and the names of all persons participating therein, or (b) counsel's attempts to hold such a conference without success, and (c) an itemization of the issues requiring resolution by the Court." L.R. 104.7. Finally, "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address and telephone number. . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a); *see also* L.R. 101.1.a ("[I]ndividuals representing themselves are responsible for performing all duties imposed upon counsel by these Rules and all other applicable federal rules of procedure.").

In order to prevent a delay in discovery, the Court has ruled on the substance of the foregoing motions. All subsequent motions that fail to properly serve all parties in this matter or are improperly signed, will be struck from the Court's docket. *See* ECF No. 133 at 2 ("This

Court intends to follow Judge Grimm's CMO as written. To the extent a party files a motion (or other document) that is noncompliant with the CMO, it will be struck from the Court's docket.").

Although informal, this is an Order of the Court and shall be docketed as such.

Sincerely,

George Jarrod Hazel
United States District Judge