## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| BRETT KIMBERLIN<br><br>                              Plaintiff<br><br>vs.<br><br>PATRICK FREY<br><br>                         Defendant | Civil Action No.: 8:13-CV-03059 (GJH) |

## MOTION TO QUASH SUBPOENAS - CONTESTED

Defendant Patrick Frey, through the undersigned counsel, respectfully requests entry of an order quashing the subpoenas served on the Los Angeles District Attorney's Office and on Google, Inc., attached hereto as Exhibits A and B.  A proposed Order is attached as well.  This Motion is contested as of the date of filing

 In support of this Motion, the undersigned counsel note the following:

1.      In connection with the subpoena served on the Los Angeles District Attorney's Office, which is Mr. Frey's employer, it is as a threshold matter well settled that he has standing to object to the discovery sought and to make this motion.  While as a general rule, a party lacks standing to move to quash or modify a subpoena directed at a non-party, the "exception to this rule is that a party has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests." *United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982).  See also, *SEC v. Goldstone*, 301 F.R.D. 593, 646 (D.N.M. 2014); *Ireh v. Nassau Univ. Med. Ctr.*, 2008 U.S. Dist. LEXIS 76583, *7-8 (E.D.N.Y. Sept. 17, 2008).

2.      Those interests are well recognized in the law, particular the interest of an employee to the confidentiality of his personnel file – the information sought in the subpoena

here – which has no bearing, despite the superficial appeal of the implied argument, on plaintiff's claim.  There is no question that there is, at the very least, a prima facie right to and expectation of privacy to a public official's personnel records under California law.  See, *Olivera v. Vizzusi*, 2010 U.S. Dist. LEXIS 125083, *15 (E.D. Cal. Nov. 12, 2010).  In the Ninth Circuit, where the files maintained by the District Attorney's Office are located, there is a Federal common law recognizing a qualified privilege for official information, and "to determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery." *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-1034 (9th Cir. Cal. 1990).

3.       It is clear that under such circumstances a defendant has standing to move to quash a subpoena seeking records from an employer or former employer.  *See*, e.g., *Badr v. Liberty Mut. Group, Inc*., No. 3:06 Civ. 1208, 2007 U.S. Dist. LEXIS 73437, 2007 WL 2904210, at *1 (D. Conn. Sept. 28, 2007), quoted by *Ireh*, *supra*, at *8-9.

4.       As to the merits, there are decisions holding that personnel records are discoverable as a matter of course in § 1983 claims.  But they are not apposite here, because such cases inevitably involved alleged wrongful conduct by police officers under color of state law; the municipality is usually also a defendant; and the discovery sought seeks to uncover prior similar bad acts so as to show a pattern or practice to which the municipality was indifferent. None of these factors is relevant to the allegations here, where the only real disputed question to be decided by the Court is whether Mr. Frey did or did act under color of state law, as alleged – not how he was evaluated or considered by his superiors in the District Attorney's Office or, as previously briefed in Mr. Frey's prior motion to dismiss, even whether or not he purported to be so acting.  See, *White v. Smyers*, 2015 U.S. Dist. LEXIS 50479, *15-16 (E.D. Cal. Apr. 15, 2015)

("Plaintiff's request for all disciplinary actions or complaints contained in each defendant's personnel record seeks information that is of limited or no relevance to the matters in this action. This is not an excessive force or retaliation case, in which defendants' disciplinary records might have some relevance to their alleged conduct").

5.      Indeed, even cases that do involve excessive force are not unanimous in giving blanket permit to plaintiffs seeking to open up a defendant's personnel file just because the claim is being brought under § 1983, on the off chance that "something good" – if not for litigation, perhaps for "lawfare" – might be in there.  In *Pierce v. Ottoway*, 2009 U.S. Dist. LEXIS 21866, *11 (W.D.N.Y. Mar. 10, 2009), for example, the court, applying a New York statutory balancing test effectively the same as that of Ninth Circuit, denied disclosure of personnel records in § 1983 case.  After reviewing the records *in camera*, the *Pierce* court found that "nothing remotely relevant to the plaintiffs' claims of alleged excessive use of force or violation of civil rights. Disclosure of the records would serve no purpose other than to invade the privacy of the defendants. Accordingly, disclosure of the personnel records is not appropriate," the court ruled, and the motion was denied.  At the very least, here any disclosure pursuant to plaintiff's subpoena should be preceded by such *in camera* review.

6.      Plaintiff has also served a subpoena demanding that Google produce nothing less than "[a]l emails stored on your servers from August 2010 through June 2013 under the email address, patterico@gmail.com."  No other limitation is given, including any limitation regarding privileged communications by or to Mr. Frey, a member of the California Bar and Assistant District Attorney in Los Angeles County, California.  Given the extraordinary breadth and invasiveness of this subpoena, it hardly requires further analysis that here, too, Mr. Frey can

3

demonstrate the existence of "legitimate interests" sufficient to provide standing to move to quash that subpoena.

7.      The Google email subpoena is unlawful under the Stored Communications Act, 18 U.S.C. §§ 2701, *et seq*. (the "SCA"), separate and apart from the fact that it is overly broad. As the court explained in *Bower v. Mirvat El-Nady Bower*, 808 F. Supp. 2d 348 (D. Mass. 2011):

> Google [is an] "electronic communication service" provider[] and . . . governed by the SCA. The SCA provides in relevant part that:
>
>> a person or entity providing an electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service[.]
>
> 18 U.S.C. § 2702(a)(1). The statute lists eight explicit exceptions to this prohibition, but does not include in that list responding to a civil subpoena. See 18 U.S.C. § 2702(b)(1)-(8). Rather, pursuant to § 2703, governmental entities may require the disclosure of the contents of customers' electronic communications or subscriber information in the context of ongoing criminal investigations, but no similar authority is granted to civil litigants. In short, "[p]rotecting privacy interests in personal information stored in computerized systems, while also protecting the Government's legitimate law enforcement needs, the Privacy Act creates a zone of privacy to protect internet subscribers from having their personal information wrongfully used and publicly disclosed by 'unauthorized private parties,' S.REP. No. 99-541, at 3 (1986), as reprinted in 1986 U.S.C.C.A.N. 3555, 3557." *In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 610 (E.D. Va. 2008).
>
> Faced with this statutory language, **courts have repeatedly held that providers such as Yahoo! and Google may not produce emails in response to civil discovery subpoenas**. *See, e.g., id.* at 609-611, and cases cited.

*Bower*, 808 F. Supp. 2d at 349-350 (emphasis added).  The currency of *In re Subpoena Duces Tecum to AOL, LLC*, the seminal case decided in this Circuit and relied on by *Bower*, was most recently confirmed by this Court in *Finkle v. Howard County*, 2014 U.S. Dist. LEXIS 166636 (D. Md. Dec. 2, 2014) at *4, which also quoted the Northern District of California's identical holding in *In re Facebook, Inc*., 923 F. Supp. 2d 1204, 1206 (N.D. Cal. 2012).

8.     Moreover, the subpoena is improper because of its overbreadth.  Again, it purports to require Google to hand over absolutely every email from Mr. Frey's Gmail account during the designated period – a stunning invasion of privacy.  A subpoena is overbroad if it does not limit the documents requested to subject matter relevant to the claims or defenses. *Innovative Therapies, Inc. v. Meents*, 302 F.R.D. 364, 382 (D. Md. 2014).  Requesting "all emails" from a service provider is, per se, overly broad and improper.  *See*, e.g., *Fisher v. Household Life Ins. Co.*, 2012 U.S. Dist. LEXIS 37909, *12 (D. Kan. Mar. 21, 2012) ("Plaintiffs' request for all emails is overly broad and excessive"); *Butler v. State Dep't of Pub. Safety & Corr.*, 2014 U.S. Dist. LEXIS 107810, *7 (M.D. La. Aug. 6, 2014) ("The scope of the request, which . . . is not limited to communications between certain individuals, is overly broad").

WHEREFORE Plaintiff Patrick Frey respectfully requests that this Honorable Court enter an order quashing or modifying the above-referenced subpoenas, a proposed model of which is attached.  Signatures lines follow on the next page.

Respectfully submitted,

_____
T. Bruce Godfrey #24596
Jezic, Krum & Moyse LLC
2730 University Blvd. West, #604
Silver Spring, MD 20902
240-292-7200
facsimile:  (888) 241-3135
godfrey@jezicfirm.com


ARCHER & GREINER
A Professional Corporation

By:_____
          Ronald D. Coleman (Pro Hac Vice)

Court Plaza South
21 Main Street, Suite 353
Hackensack, NJ  07601
201- 342-6000
rcoleman@archerlaw.com

Attorneys for Defendant Patrick Frey

Dated: December 21, 2015

## <u>CERTIFICATE OF ELECTRONIC FILING AND REGARDING WAIVER OF MAILINGS</u>

   I, T. Bruce Godfrey, hereby certify that I have filed a copy of this document with the United States District Court electronically and by so doing have provided compliant notice to those parties who are registered with ECF through counsel as of this filing consistently with Local Rule 102.1(c) on December 21, 2015.  All parties, including pro se parties, have agreed to accept service by electronic mail only and an electronic copy has been distributed to all parties.


                  _____
                  T. Bruce Godfrey #24596

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

BRETT KIMBERLIN

                   Plaintiff

vs.

PATRICK FREY

                Defendant

Civil Action No.: 8:13-CV-03059 (GJH)

## <u>ORDER</u>

Upon review of Defendant Patrick Frey's Motion to Quash Subpoenas and any opposition thereto, and for good cause shown, it is hereby this _____ day of _____, 201_____,

      **<u>ORDERED</u>** that Defendant's Motion to Quash Subpoenas is hereby **<u>GRANTED</u>**.


_____
Judge of the United States District Court
For the District of Maryland