FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 DEC 21  PM 3: 52

CLERK'S OFFICE
AT GREENBELT

BY_____DEPUTY

Brett Kimberlin,
*Plaintiff,*

v.

Patrick Frey,
*Defendant.*

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND
SOUTHERN DIVISION

Case No. 13-CV-03059-GJH

### WILLIAM HOGE'S OBJECTION TO SEALING ECF NO. 319 AND MOTION STRIKE ECF NO. 319 AND TO SANCTION PLAINTIFF FOR FAILURE TO SERVE COURT PAPERS ON MR. HOGE

COMES NOW William Hoge and objects to the sealing of the court paper filed as ECF

No. 319 and moves this Court to strike ECF No. 319 and to sanction Plaintiff for his

failure to provide proper service of court papers on Mr Hoge.  In support of his motion Mr.

Hoge states as follows:

### PLAINTIFF HAS FILED A MOTION TARGETING MR. HOGE WHICH HE HAS NOT SERVED ON MR. HOGE

According to the Case History on PACER, Plaintiff has filed a "Motion to Impose

Sanctions And/Or Contempt on Third Party Witness William Hoge for Violating Court

Ordered Subpoena."[1]  ECF No. 319.  The entry on PACER states that said motion was

---

[1] Mr. Hoge responded to Plaintiff's subpoena by providing copies of all the documents Plaintiff sought that were in Mr. Hoge's possession except for certain emails which were privileged communications related to the defense of this lawsuit and another filed in the Circuit Court for Montgomery County, Maryland, *Kimberlin v. Walker, et al.*, Case No. 380966V (Md. Cir.Ct. Mont. Co. 2014).

filed on 14 December, 2015, and entered on 18 December. Plaintiff has not served a copy

of that motion on Mr. Hoge, and as of the filing date of this objection and motion, seven of

the fourteen days allowed for an objection to be filed have passed. Mr. Hoge only learned

of the sealed motion targeting him because he checked the case docket for another reason.

When Plaintiff has failed to serve documents in the past, Mr. Hoge has been able to

download copies from PACER[2], but he cannot download ECF No. 319 because it is sealed.

With no access to the motion targeting him, Mr. Hoge has no way to respond, clearly

prejudicing his right to due process. The Supreme Court has said:

> It never has been doubted by this court, or any other so far as we know,
> that notice and hearing are preliminary steps essential to the passing of
> an enforceable judgment, and that they, together with a legally competent
> tribunal having jurisdiction of the case, constitute basic elements of the
> constitutional requirement of due process of law.

*Powell v. Alabama*, 287 U.S. 45, 68 (1932). With no service by the Plaintiff of ECF No. 319

and access via PACER denied by the seal, Mr. Hoge has no notice of a nature of a proposed

proceeding against him. Given the public's right to know about motions filed with a court,

it goes without saying that Mr. Hoge as the target of the motion has a right to know what

is being alleged against him.

> When presented with a motion to seal, the law in this Circuit requires a
> judicial officer to comply with the following procedural requirements: (1)
> provide public notice of the sealing request and a reasonable opportunity
> for the public to voice objections to the motion; (2) consider less drastic
> alternatives to closure; and (3) if it determines that full access is not

---

[2] Access to PACER isn't free. By allowing Plaintiff to play his games with service, the
Court has imposed an unnecessary financial burden on Mr. Hoge.

> necessary, it must state its reasons-with specific findings-supporting closure and its rejections of less drastic alternatives

*Doe v. Public Citizen*, 749 F. 3d 246, 272 (4th Cir. 2014).  If ECF No. 319 be accepted by the Court, only those parts which must remain confidential should remain sealed.  Even if part of the motion should legitimately be sealed, not all of it should.  Only those parts which are legitimately confidential should be protected.

At the very least, Mr. Hoge should be given access to a true and correct copy of the motion filed as filed—otherwise it will remain an improper *ex parte* communication with the Court.  Since Plaintiff has previously served Mr. Hoge with papers that were not the same as those he filed with this Court (*e.g.*, the First Amended Complaint, ECF No. 2), Mr. Hoge would prefer to receive a copy from the Clerk of the Court rather than Plaintiff.  Additionally, Mr. Hoge should be allowed fourteen days from the date he is actually served to respond to the motion.

## PLAINTIFF'S MOTION SHOULD BE STRICKEN

This Court has warned Plaintiff more than once that

> [t]he failure to serve a party is no mere technicality. ... Proper service is a prerequisite for filing, and future motions will not be considered in the absence of proper service.

Letter Order, Jan. 7, 2104, ECF No. 26 at 2.  The Court has also reminded him that

> individuals representing themselves are responsible for performing all duties imposed upon counsel by these Rules and all other applicable federal rules of procedure.

Letter Order, Oct. 15, 2105, ECF No. 313 at 4, quoting L.R. 101.1.a, quotation marks

omitted. Throughout this case, Plaintiff has repeatedly filed court papers without serving

them on Mr. Hoge, or he has often delayed service, mailing documents days after the date

shown on the certificates of service presented to the Court.[3] Indeed, Plaintiff's failure to

properly serve Mr. Hoge has not been limited to this lawsuit. *See Kimberlin v. Hunton &*

*Williams, LLP, et al.*, Case No. 15-CV-00723-GJH (D.Md. Dec. 18, 2015) ECF No. 99.

While the Court has not yet enforced the requirements of Rule 5(a) and L.R. 101.1.a

and 102.1.c on Plaintiff, Mr. Hoge respectfully suggests that the time has come to put an

end to Plaintiff's continued flouting of those Rules. At the very least, ECF No. 319 should

be stricken for failure to comply with Rule 5(a).

## PLAINTIFF'S CONDUCT DESERVES SANCTIONS

Plaintiff is not some naive, inexperienced *pro se* litigant who is making occasional

mistakes navigating the Rules. This Court has previously found that Plaintiff is an

---

[3] Since being warned by Judge Grimm in January, 2014, Plaintiff has failed to provide
proper service of multiple filings on Mr. Hoge. *See* William Hoge's Opposition to Plaintiff's
Motion for Entry of Final Judgment on Two Dismissed Counts, Oct. 2, 2015, ECF No. 310,
n. 1. Certainly, the most egregious example of these is Plaintiff's failure to serve a copy of
the Second Amended Complaint on Mr. Hoge. *See* Memorandum of Support of Defendant
Hoge's Motion to Dismiss Plaintiff's Second Amended Complaint, July 14, 2014, ECF No.
149 at 1.

experienced *pro se* litigator.[4]  Indeed, a recent search of PACER turned up over 30 entries

showing Plaintiff as a *pro se* plaintiff or petitioner.  He is also a convicted perjurer who has

admitted to forging a summons in this very case,[5] and his *pro se* status in no way excuses

his conduct.

Plaintiff should know it is wrong to fail to serve the other parties in a lawsuit

because, as noted above, this Court has told him so.  He should also know that it is wrong

to file false certificates of service with the Court—after all, his first jail sentence was for

lying to a grand jury, so he should understand that statements made to a judicial

proceeding are supposed to be truthful.  ECF No. 319 is not the first time Plaintiff has

played fast and loose with service of court papers.[6,7]  He has shown a continuing pattern of

deceitful behavior.  Thus, it is reasonable to assume that Plaintiff has been knowingly and

purposefully failing to properly serve Mr. Hoge and that he has been knowingly and

---

[4] Memorandum Opinion, *Kimberlin v. Kimberlinunmasked*, Case No. 13-CV-2580-RWT
(D.Md. Feb. 28, 2014), ECF. No. 12 at 2, 3.

[5] Response to Show Cause Order, Mar. 11, 2014, ECF No. 102.  Note that the Court has
never ruled on Plaintiff's response to Judge Grimm's order that Plaintiff show cause why
he should not be sanctioned for forging the Twitchy summons.  *See* Letter Order, Feb. 21,
2014, ECF No. 88 at 6.  This remains an open item on the docket.

[6] *See, e.g.*, Defendant Hoge's Motion for Reconsideration, Dec. 31, 2013, ECF No. 25, ¶¶ 1
and 5 and n. 2.  Mr. Hoge declines to accept email service from Plaintiff because of prior
experience with documents served by Plaintiff via email which were not the same as those
filed with the Court.  Mr. Hoge wishes to have hard copies provided by Plaintiff for
comparison with the scanned documents shown on PACER.

[7] Nor is this the first time in which Plaintiff has failed to serve Mr. Hoge a sealed motion
which targeted him.  *See* Miscellaneous Correspondence, July 24, 2014, ECF No. 166 at 2.

purposefully lying to the Court about it.

While the Court has previously stated that it is "disinclined" to sanction Plaintiff's

behavior (Letter Order, July 24, 2015, ECF No. 294 at 2), Mr. Hoge respectfully suggests

that a finding of contempt would appropriate in this case because Plaintiff's ongoing

failure to provide proper service is an attack on the orderly administration of justice which

this Court should not allow to continue.

> The power of contempt which a judge must have and exercise in protecting
> the due and orderly administration of justice and in maintaining the
> authority and dignity of the court is most important and indispensable.

*Cooke v. U.S.*, 267 U.S. 517, 539 (1925).

> To fine for contempt—imprison for contumacy—enforce the observance of
> order, &c., are powers which cannot be dispensed with in a court, because
> they are necessary to the exercise of all others, and so far our courts no
> doubt possess powers not immediately derived from statute[.]

*U.S. v. Hudson*, 11 U.S. 32, 34 (1812). Alternatively, sanctions could be imposed under the

Court's inherent authority after giving the Plaintiff an appropriate opportunity to

respond.

### PRAYER FOR RELIEF

WHEREFORE, Mr. Hoge asks the Court to ORDER

i.) That Plaintiff SHALL provide Mr. Hoge with a true and correct copy of the

motion and attachments filed as ECF No. 319;

6

ii.)   That ECF No. 319 be STRICKEN, or, alternatively, that Mr. Hoge be allowed

fourteen days after service of ECF No. 319 upon him to respond to the motion; and

iii.)   That Plaintiff SHALL show cause why he should not be sanctioned for his

failure to comply the Fed. R. Civ. P. 5(a) and the Court's instructions.

Mr. Hoge also asks for such other relief as the Court may find just and proper.


Date:  21 December, 2015                        Respectfully submitted,

William John Joseph Hoge, *pro se*
20 Ridge Road
Westminster, Maryland  21157
(410) 596-2854
himself @wjjhoge.com


### CERTIFICATE OF SERVICE

I certify that on the 21st day of December, 2015, I served a copy of the foregoing on Brett Kimberlin via First Class U. S. Mail to 8100 Beech Tree Road, Bethesda, Maryland 20817, and on counsel for Patrick Frey via email by permission.

William John Joseph Hoge

## VERIFICATION

I certify under penalty of perjury that the foregoing is true and correct.

William John Joseph Hoge