UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

BRETT KIMBERLIN,
    Plaintiff,

v.       No GJH 13-3059

PATRICK FREY,
    Defendant.

### MOTION TO COMPEL COMPLIANCE WITH SUBPOENA *DUCES TECUM* AND REQUEST FOR AN ORDER TO SHOW CASE BY NON-PARTY AARON WALKER SHOULD NOT BE HELD IN CONTEMPT

Pursuant to Rule 45 of the Federal Rules' of Civil Procedure, Plaintiff respectfully moves this Court for an order compelling non-party Aaron Walker ("Walker") to immediately and fully comply with a subpoena *duces tecum* served upon him on or about November 16, 2015, and to show cause why he should not be held in contempt for his noncompliance.

1. This Court ordered the Clerk of the Court, on or about November 5, 2015, to issue a subpoena *duces tecum* at Plaintiff's request to Walker. Exhibit A. On or about November 16, 2015, Plaintiff served that subpoena on Walker via first class Priority Mail with a date of December 16, 2015 for compliance. See Plaintiff's Declaration at Exhibit B. At the same time, Plaintiff served subpoenas on the FBI and Los Angeles County District Attorneys Office. These subpoenas are seeking information relevant to the matters at issue in the instant case.

2. Walker never responded in any way to the subpoena. He did not file any objections, motion to quash or even contact Plaintiff to request additional time. Instead, he willfully and intentionally refused to comply. In contrast, both the FBI

and the LA County DA's Office did contact Plaintiff with regard to their subpoenas, and Plaintiff is working with them to exact compliance as soon as possible.

3. The Federal Rules provide that litigants may obtain "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" and that "appears reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b)(1). Such discovery may be obtained for a non-party through service of a subpoena commanding the production of documents. Rule 45(a). The district court from which a subpoena is issued has the authority to enforce compliance and may hold in contempt and sanction any "person who, having been served, fails without adequate excuse to obey the subpoena." Rule 45(e).

4. Federal courts have held that a Rule 45 subpoena should be enforced unless it is clear that the evidence sought can have no possible bearing on the issues. In the instant case, Plaintiff has requested information from Walker that is highly relevant to the issues in this case—I.e., emails to and from Defendant Frey regarding swatting and attempts to retaliate against Plaintiff and have him arrested.

5. Walker's failure to respond in any way to the subpoena was "without adequate excuse" and constitutes grounds for a finding of contempt. Rule 45(e). *See also* 9A, Wright & Miller, section 2465 ("failure of a subpoenaed party to attend or produce according to the terms of a subpoena is prima facie evidence of contempt").

6. Walker is an attorney and therefore is an officer of the Court. As such, he has a complete understanding of the rules and of his obligation to comply with them. His failure to do so provides sufficient grounds for imposing sanctions.

Wherefore Plaintiff moves this Court to compel Walker to immediately and fully comply with the subpoena, and require Walker to show cause why he should not be held in contempt for failing to comply in the first place.

Respectfully submitted,

Brett Kimberlin
8100 Beech Tree Rd
Bethesda, MD 20817
(301) 320 5921
justicejtmp@comcast.net

Certificate of Service

I certify that I mailed a copy of this motion to Aaron Walker and emailed a copy to the attorneys for Defendant Frey this 28th day of December 2015.

Brett Kimberlin

**DECLARATION OF BRETT KIMBERLIN**

I, Brett Kimberlin, declare under penalty of perjury pursuant to 28 USC 1746, that on or about November 16, 2015 I served Aaron Walker with a copy of a court ordered subpoena *duces tecum* by priority first class mail sent to 7537 Remington road, Manassas, VA 20109