FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 JAN -4  AM 11: 12

CLERK'S OFFICE
AT GREENBELT

BY_____ DEPUTY

Brett Kimberlin,
*Plaintiff,*

v.

Patrick Frey,
*Defendant.*

United States District Court for the
District of Maryland
Southern Division

Case No. 13-CV-03059-GJH

**William Hoge's Reply to Plaintiff's Opposition to Mr. Hoge's Objection to Sealing ECF No. 319 and Motion to Strike ECF No. 319 and Motion to Sanction Plaintiff for Failure to Serve Court Papers on Mr. Hoge**

Comes now William Hoge and replies to Plaintiff's Opposition (ECF No.323) to Mr.

Hoge's Objection and Motion (ECF No. 321).  In reply Mr. Hoge states as follows:

**Plaintiff Has Admitted That He Purposely Failed to Serve His Motion (ECF No. 319) on Mr. Hoge in Violation of This Court's Instructions**

This Court on at least two occasions during the course of this lawsuit has told

Plaintiff that

> [t]he failure to serve a party is no mere technicality. ... Proper service is a
> prerequisite for filing, and future motions will not be considered in the
> absence of proper service.

Letter Order, Jan. 7, 2104, ECF No. 26 at 2.  Also *see* Letter Order, Oct. 15, 2105, ECF No.

313 at 4.  However, Plaintiff has refused to serve Mr. Hoge with a copy of his Motion for

Sanctions targeting him.  In his Opposition to Mr. Hoge's motion he writes:

> Hoge is not a party in this action so Plaintiff is not required to serve him
> with anything.  This Court has not yet issued an order to show cause to
> Hoge so he is not entitled to know what is in the sealed motion.

Plaintiff's Opposition, ¶ 3.  While Plaintiff refuses to provide service, it is obvious from his other actions in this case that he understands that he has a duty to follow the Court's direction and provide service, and it is clear that he understands that the duty extends to non-parties affected by motions.  For example, when non-party Intermarkets filed a motion through counsel Stephen T. Fowler to quash one of Plaintiff's subpoenas (ECF No. 283), Plaintiff served his Opposition on the Messrs. Coleman and Godfrey, counsel for Defendant Frey, and on Mr. Fowler, counsel for Intermarkets.  *See* Plaintiff's Opposition, ECF No. 288, June 25, 2015, at 5.  Further, in the certificate of service in Plaintiff's recent Motion to Compel against non-party Aaron Walker, he claims to have served a copy of that motion on Mr. Walker.  *See* Plaintiff's Motion to Compel, ECF No. 324, Dec. 28, 2015, at 3. Moreover, in his current Opposition Plaintiff demonstrates his understanding of his responsibility to serve Mr. Hoge as a non-party when he writes:

> I certify that I mailed a copy of this motion to William Hoge and emailed a
> copy to the attorneys for Defendant Frey one this 28th day of December
> 2015.

Plaitiff's Opposition at 2.[1]

Plaintiff's admitted refusal to obey the Court's directives concerning service is contemptuous.  The Court should order Plaintiff to show cause why he should not be found

---

[1] However, what the Plaintiff actually did is another instance of his telling the Court one thing and doing another.  The certificate of service received by Mr. Hoge has the date altered from the 28th to the 29th, and the envelope bearing the service of Plaintiff's Opposition is postmarked on the 29th.  *See* Exhibit A.

in contempt for failure to obey its instructions on service of court papers. At the very least, the Court should enforce its own Letter Orders and strike ECF No. 319.

### PLAINTIFF'S PREJUDICIAL MOTION AGAINST MR. HOGE DOES NOT COMPLY WITH RULE 45 OR THE BASIC PRINCIPLES OF DUE PROCESS

On information and belief, Plaintiff's motion seeks to compel Mr. Hoge to provide additional documents for his fishing expedition. Such a motion is improper without notice.

> At any time, *on notice to the commanded person*, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

Fed. R. Civ. P. 45(d)(2)(B)(i), emphasis added. Filing a sealed motion relating to a subpoena so that the commanded person cannot see it does not constitute adequate notice under any rational reading of the Federal Rules of Civil Procedure. Certainly, it cannot be squared with due process. Plaintiff's improper hiding of his allegations against Mr. Hoge has prejudiced Mr. Hoge's ability to defend himself. As the Supreme Court has noted, "[t]he right to confront one's accusers is a concept that dates back to Roman times," and it is preserved today under the Bill of Rights. *Crawford v. Washington*, 541 U.S. 36, 43 (2004).

Given Plaintiff's lack of compliance with Rule 45 and the motion's prejudicial effect on Mr. Hoge's right to due process, Plaintiff's motion should be stricken as improper.

### PLAINTIFF'S MOTION HAS BEEN IMPROPERLY SEALED

Plaintiff's argument that he would be subject to sanctions if he were to properly serve Mr. Hoge is specious. Plaintiff's Opposition, ¶ 2. If he had followed the proper

procedure for dealing with a document under seal he would have no such problem.

The correct procedure for filing a motion under seal are found in L.R. 105.11. which specifies that "[t]he Court will not rule upon the motion [to seal] until at least fourteen (14) days after it is entered *on the public docket* to permit the filing of objections by interested parties." (emphasis added). For now, the fourteen days should not have begun to run because the motion to seal (ECF No. 318) was itself unilaterally sealed by Plaintiff. Nothing is yet in the public docket.

The Fourth Circuit held in *Doe v. Public Citizen*, 749 F.3d, 246, (4th Cir. 2014), holding that "the First Amendment secures a right of access" to court documents and that "access may be restricted only if closure is necessitated by a compelling government interest and the denial of access is narrowly tailored to serve that interest[.]" *Id.*, 266 (internal quotation marks and citations omitted). As a result, the Fourth Circuit instructed that:

> When presented with a motion to seal, the law in this Circuit requires a judicial officer to comply with the following procedural requirements: (1) provide public notice of the sealing request and a reasonable opportunity for the public to voice objections to the motion; (2) consider less drastic alternatives to closure; and (3) if it determines that full access is not necessary, it must state its reasons-with specific findings-supporting closure and its rejections of less drastic alternatives.

*Id.*, 272. Moreover, the protective order Plaintiff refers to also instructs Plaintiff of the proper procedure.

The Plaintiff claims that his reason for sealing the entire motion to compel and sealing even the motion to seal is that his motion attached several exhibits that includes documents subject to a protective order. Obedience to a protective order is a compelling interest, but the Plaintiff's seals are almost certainly not narrowly tailored to that interest. The Plaintiff has not explained why he didn't simply move to place only those exhibits under the seal in compliance with this Court's Protective Order (ECF No. 312). If the Plaintiff felt that it was necessary to include some information from those documents in the body of his motion, he should have provided a redacted version to both this Court and to Mr. Hoge. The seal the Plaintiff is seeking is plainly far more "drastic" than what is necessary. Further, even if it were impossible to file his motion to compel without sealing the entirety of it, Plaintiff has no excuse for filing a motion to seal under seal. If he wishes to seal any document—even if it is a motion to seal—the Plaintiff must file a public motion to seal that document under. See L.R. 105.11.

He should now know what his responsibilities are after having previously tried to file a sealed motion for preliminary injunction (Miscellaneous Correspondence, July 22, 2014, ECF No. 165).[2] During that episode, Mr. Levy informed the Court that

> I have called Kimberlin's attention to the requirements of Local Rule 105(11) (see attached email). He apparently does not intend to meet those requirements; indeed, his response included a vulgarity that I prefer not to place in the public record.

---

[2] Plaintiff refused to serve ECF No. 165 on Mr. Hoge and the other targets of his proposed injunction.

5

Miscellaneous Correspondence, July 24, 2014, ECF No. 166, at 2. The referenced email states in relevant part:

> I want to be sure you are aware of Local Rule 105(11) which spells out the procedures that have to be followed before a document can be filed under seal—you need to present PUBLICLY your reasons for requesting sealing, there needs to be PUBLIC NOTICE, and then the public and press have an opportunity to object. Given the high standards that the Fourth Circuit applies to sealing requests—most recently articulated in Doe v. Public Citizen, 749 F.3d 246—I have grave doubt that you can succeed … [.] The is no exception for pro se parties.

*Id.* at 3. Emphasis in the original.

Plaintiff filed a completely sealed Motion for Sanctions targeting Mr. Hoge. He failed to file the required open, publicly accessible motion stating why the Motions for Sanction should be sealed either in whole or in part. His action serves the dual improper purposes of preventing Mr. Hoge from having proper notice and of preventing the public's right to observe the activities of the Court.[3] Once again, he apparently doesn't intend to meet the requirements of this Court's Rules. Therefore, Plaintiff's motion should be stricken.

### PLAINTIFF'S SUBPOENA IS SUBSTANTIALLY DUPLICATIVE

Although Mr. Hoge cannot intelligently challenge any motion to compel until he sees it, it is very clear that Plaintiff is not entitled to what he seeks because the subpoena to Mr. Hoge (ECF No. 308-1) was itself overly broad and duplicative. Rule 45(d)(1) directs

---

[3] For the record, Mr. Hoge objects to the sealing both as the target of the motion and as a member of the press.

parties such as Plaintiff to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena[.]"  In the instant case, the subpoena delivered to Mr. Hoge imposes an undue burden to the extent that it is duplicative of document requests to Mr. Frey.

This can be seen by comparing the language of the subpoena to Mr. Hoge with the discovery sought from Mr. Frey.  The documents sought via the subpoena include the following

> [a]ll communications between you and Patrick Frey concerning Brett
> Kimberlin from May 2012 through May 2014, including those concerning
> alleged swatting of Aaron Walker and Mr. Frey.

Plaintiff's Subpoena to Hoge.  This, in turn, overlaps with what was requested from Mr. Frey.  For instance, Mr. Frey was asked in the first discovery request from Plaintiff to provide the following:

> All documents identified, referenced, or relied upon in Defendants'
> Answers to Plaintiff's First Set of Interrogatories and/or concerning the
> subject matter of said Interrogatories, and all documents requested in
> said Interrogatories.

Plaintiff's First Request for Documents, Request No. 2.  *See* Exhibit B.  That would include interrogatory number 22 which asked for Mr. Frey to

> [s]tate the dates, times, and subject matter of your conversations with
> William Hoge concerning Brett Kimberlin before during and after your
> swatting incident, and provide copies of those communications.

Plaintiff's Interrogatories to Frey, ¶ 22.  *See* Exhibit C.  Likewise the Second Document request sought

> [a] complete copy of any and all digital, electronic or stored media
> containing *any information* related to Brett Kimberlin and swattings from
> 2010 through 2013, including hard drives, CDs, DVD and thumb drives.

Plaintiff's Second Request for Production of Documents to Frey.  Emphasis added. *See*

Exhibit D.

Obviously, these document requests encompass every communication between Mr.

Hoge and Mr. Frey about Mr. Kimberlin, making that part of the subpoena redundant

and, therefore, such production an undue burden.  Although Mr. Hoge has exercised

forbearance in relation to the subpoena and fully complied by producing all unprivileged

documents in his possession[4], the Plaintiff is not entitled to an order compelling

redundant discovery.

Rule 45(d)(1) directs parties such as Plaintiff to "take reasonable steps to avoid

imposing undue burden or expense on a person subject to the subpoena" and states that

> [t]he court for the district where compliance is required must enforce this
> duty and impose an appropriate sanction—which may include lost
> earnings and reasonable attorney's fees—on a party or attorney who fails
> to comply.

Plaintiff's subpoena to Mr. Hoge is for the most part duplicative with discovery already

provided by Mr. Frey.  The Court should not only deny Plaintiff's motion to compel and for

---

[4] Mr. Hoge has 13 possibly responsive emails, 9 of which were privileged communications
related to defense of the instant lawsuit or *Kimberlin v. Walker, et al.*, Case No. 380966V
(Md. Cir.Ct. Mont. Co. 2014).  Mr. Hoge's email retention policy is to delete emails more
than 6 months old except for those specifically saved.  He has no responsive emails saved
which date before the filing of *Kimberlin v. Walker, et al.* in 2013.  He has no responsive
documents other than emails.  A complete privilege log and the 4 non-privileged emails
were sent to Plaintiff in response to his subpoena.

sanctions against Mr. Hoge, it should impose sanctions against Plaintiff pursuant to Rule 45(d)(1).

<h3 align="center">SUMMARY</h3>

For over two years now, Plaintiff has been filing papers with this Court in this and another lawsuit[5] without properly serving them on Mr. Hoge.  Sometimes they were served late.  Sometimes they were not served at all.  The Court has told Plaintiff that it will not accept such filings from him, and it had been made aware of those failures of service, but it has not stricken a single filing for improper service.  Indeed, Plaintiff has told the Court barefaced lies about service by filing false certificates of service.  Multiple instances of such misrepresentations have been brought to the Court's attention[6], and the Court has done nothing thus far.

As a result of the Court's failure to enforce the Federal Rules of Civil Procedure and its own Rules, Mr. Hoge's due process rights have be prejudiced, not just once, but over and over again.  As a result of the Court's failure to enforce those Rules, Mr. Hoge has been burdened with the unnecessary expenses such as obtaining documents via PACER.  Throughout this case, Mr. Hoge has endeavored to be responsive and has worked to move his part along quickly.  In the instance of the subpoena underlying the present issue, Mr. Hoge fully complied with the request for information even though the subpoena was not

---

[5] *See Kimberlin v. Hunton & Williams LLP, et al.*, Case No. 15-CV-00723-GJH, Dec. 18, 2015, ECF No. 99.

[6] Including the Plaintiff's Opposition to the instant motion.  *See* footnote 1.

properly served on him[7] and even though Plaintiff's subpoena was duplicative of his discovery requests to Mr. Frey.  Mr. Hoge is not the one attempting to game the system.

Thus far, Mr. Hoge has relied to his detriment on the Court's representations that it would fairly enforce the Federal Rules of Civil Procedure and its own Rules.  Meanwhile, Plaintiff has not suffered a single consequence for any of his ongoing purposefully wrongful acts.  He hasn't even been punished for forging a summons.

Plaintiff has publicly stated that he intends to engage in vexatious litigation against Mr. Hoge indefinitely.[8]  This Court should not allow itself to be Plaintiff's personal Star Chamber where secret allegations can be made and where Mr. Hoge can be ordered to appear and testify with no notice of the allegations against him as Plaintiff seeks in his Opposition (¶ 4).  The time has come for this Court to stand up for the integrity of its processes and the orderly administration of justice.  The time has come for this Court to put an end to Plaintiff's vexatious harassment.

### PRAYER FOR RELIEF

WHEREFORE, Mr. Hoge asks the Court to ORDER

i.)    That Plaintiff SHALL provide Mr. Hoge with a true and correct copy of the

motion and attachments filed as ECF No. 319;

---

[7] On information and belief, Plaintiff claims to have mailed the subpoena to Mr. Hoge just as Plaintiff claims he mailed a subpoena to non-party Aaron Walker.  *See* Plaintiff's Motion to Compel, Dec. 28, 2015, ECF No. 324, ¶ 1.  However, Fed. R. Civ. P. 45(b)(1) clearly states that a party may not serve a subpoena.

[8] *See* Hoge's Reply to Plaintiff's Opposition to Motions to Dismiss, Jan. 5, 2015, ECF No. 236 at 9.

ii.)  That ECF No. 319 be STRICKEN, or, alternatively, that Mr. Hoge be allowed

fourteen days after service of ECF No. 319 upon him to respond to the motion; and

iii.)  That Plaintiff SHALL show cause why he should not be sanctioned for his

failure to comply the Fed. R. Civ. P. 5(a) and the Court's instructions.

Mr. Hoge also asks for such other relief as the Court may find just and proper.

Date:  31 December, 2015                    Respectfully submitted,

                                            William John Joseph Hoge, *pro se*
                                            20 Ridge Road
                                            Westminster, Maryland  21157
                                            (410) 596-2854
                                            himself @wjjhoge.com

### CERTIFICATE OF SERVICE

I certify that on the 31st day of December, 2015, I served a copy of the foregoing on Brett Kimberlin via First Class U. S. Mail to 8100 Beech Tree Road, Bethesda, Maryland 20817, and on counsel for Patrick Frey via email by permission.

                                            William John Joseph Hoge

### VERIFICATION

I certify that all the foregoing is true and correct to the best of my knowledge and belief and that all copies are true and accurate reproductions of the originals.

                                            William John Joseph Hoge