Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

BRETT KIMBERLIN,
  Plaintiff,                                No. GJH 13 3059

PATRICK FREY,
  Defendant.

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Brett Kimberlin hereby requests that Defendant Patrick Frey produce for Plaintiff each of the documents identified below within thirty (30) days from the date of service of this Request, at the home of Brett Kimberlin, 8100 Beech Tree Rd, Bethesda, MD 20817

## INSTRUCTIONS

1.    Defendant's responses should include all responsive documents in the possession, custody or control of Defendant or any of his agents, servants, representatives, and attorneys as well as his employer and related state agencies. The requests include all documents and communications between Defendant and an outside party.

2.    The documents requested are to be reproduced either as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in this request in accordance with Fed. R. Civ. P. 34(b).

3.    In the event that any documents responsive to the requests set forth in the numbered paragraphs below were, but not longer are, within Defendant's

possession, custody, or control, state the circumstances and timing of the loss of possession, custody, or control, and the name of the persons or entities to which possession was transferred, if any.

4. Each request for the production of documents is a request for the original of the final version of such document(s), although an identical copy may be produced when an original is not available, as well as any non-identical drafts or non-identical copies of such document(s), including those that are non-identical by reason of notations or markings on the copies.

5. Proper safeguards against destruction of electronic/computer data, including the destruction of back-up and archival data, must be followed pending final resolution of this case.

6. Where electronic data or information stored on any electronic media is responsive to a request, the plaintiffs seek electronic copies of the information, as well as instruction and programs necessary to search or retrieve such information, including all attachments and enclosures, which should not be separated from the items to which they are attached or with which they are enclosed.

7. If any one of the requests for documents contained herein is claimed to be objectionable, state the portion of such request that is claimed to be objectionable, and the nature and basis of the objection.

8. If Defendant contends that any responsive document is protected from disclosure by virtue of a privilege, supply a description of the information in question which shall provide, with respect to each such writing as part of such description thereof: (a) each privilege whereby Defendant contends the contents of

such writing are protected from disclosure; (b) each and every fact upon which the defendant relies on to support the claim of privilege; (c) the type of writing (e.g. letter, memorandum, telegram, telefax, notes or memoranda of telephone conversations, etc.); (d) the date of each such writing; (e) the author(s) of each such writing; (f) the person(s) to whom each such writing was directed; (g) the person(s) to whom copies of each such writing were supplied; and (h) the general subject matter of each such writing.

9. If no documents exist that are responsive to a particular request, please state that no documents exist.

10. These document requests are deemed to be continuing so as to require the service of supplemental responses and supplemental document productions in the event that Defendant (including counsel) locate additional documents not previously disclosed.

11. Unless otherwise stated, these document requests are limited to documents created and/or dated between August 2010 and the present.

**DEFINITIONS**

All definitions as set forth in Fed. R. Civ. P. 34(a) are incorporated by reference including in particular, but without limitation, the definitions therein as to "document," "communication," "person," and "concerning."

1. "Defendant," "you, or "your" means each Patrick Frey.

(a) The term "document" shall include, without limitation, any writing, whether handwritten, printed, typed or otherwise made, of any kind

or nature, however produced or reproduced, including drafts thereof, and including copies bearing notations or marks not found on the original.

(b)   This definition shall further include, without limitation, agreements, letters, correspondence, memoranda, e-mail, notes, analyses, appraisals, valuations, reports, studies, bills, statements, work papers, books, records, journals, ledgers, logs, messages of any nature (including reports, notes, notations, and memoranda of or relating to telephone conversations and conferences), agenda, minutes or transcripts or tapes of communications or meetings, desk calendars, appointment books, diaries, lists, questionnaires, surveys, tapes or other recordings from which information can be obtained.

(c)   This definition shall include documents stored, maintained, or transmitted as electronic data.

2.   The term "electronic data" includes writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means, and means the original, or identical duplicate when the original is not available, and any non-identical copies, whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind.  Electronic data includes, but is not limited to, activity listings of electronic mail recipients and/or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, any and all items stored on electronic media, including, but not limited to, computer memories, hard disks,

floppy disks, CD-ROMs and removable media. Electronic data also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy.

3. The phrase "provided" or "providing" means any service or treatment offered, authorized, funded, or approved by the defendant, the Partnership, or the Medicaid HMOs.

4. The term "State" means the State of California and its agencies.

5. "And" and "or" shall be construed conjunctively or disjunctively, whichever makes the particular Interrogatory more inclusive, and "any" shall mean each and every.

6. The singular form of a word shall be deemed to include the plural, and the masculine or feminine, whenever appropriate in order to bring within the scope of these Interrogatories any information which otherwise might be considered to be beyond their scope.

7. To the extent that any request, or interrogatory, or any subpart thereof, that is incorporated into a request by reference, refers to a statute or regulation, terms used in the request or interrogatory shall have the same meaning as used in the statute or regulation.

### DOCUMENT REQUESTS

Request No. 1.

All documents concerning, reflecting or referring to any and all matters related to the swatting of Defendant, Aaron Walker, Mike Stack and Eric Erickson.

Request No. 2.

All documents identified, referenced, or relied upon in Defendants' Answers to Plaintiff's First Set of Interrogatories and/or concerning the subject matter of said Interrogatories, and all documents requested in said Interrogatories.

Request No. 3

All documents not referenced in Plaintiff's Interrogatories but related in any way to the subject matter of this complaint, swattings, and Brett Kimberlin that may be relevant to the claim in the complaint.

Respectfully,

Brett Kimberlin

June 9, 2015