Exhibit C

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

BRETT KIMBERLIN,
Plaintiff,

No. GJH 13 3059

PARTICK FREY,
Defendant.

**PLAINTIFF'S FIRST SET OF INTERROGATORIES/PATRICK FREY**

1. Provide and state all evidence to support your statements that Brett Kimberlin is responsible for swatting you or others.

2. State all policies, letters, emails or other communications of your employer, including those you relied on, giving you authority to use your official capacity to target Brett Kimberlin for criminal prosecution.

3. State what you reported to the police the night of your swatting concerning who you were writing about and who you believed was involved in the swatting call to your home, and provide a copy of you swatting police report.

4. State what prompted you to contact Kent Gibson rather than someone with the FBI to determine the voice analysis of your swatting call.

5. State who told you to contact Kent Gibson.

6. State the nature of your relationship with Erick Erickson.

7. Describe your conversations with Erick Erickson prior to his swatting and whether you advised him to contact his local police department to tell them that he might be swatted.

8. State the dates and times that you contacted Erick Erickson before during and after your swatting incident and provide copies of any written communications regarding Brett Kimberlin and swattings.

9. State your relationship with the person who blogs as AceofSpades, state his real name, and provide copies of all emails you had with him regarding Brett Kimberlin and swattings.

10. State the dates, times, and subject matter of your discussions with the blogger known as AceofSpades before during and after your swatting incident.

11. State the names of the FBI agents and US Attorneys you contacted in Los Angeles, Dallas, and Washington, DC concerning Brett Kimberlin and your swatting incident, and provide copies of any written communications with them.

12. State the dates, times, names and subject matter of all correspondence with FBI agents and U.S. Attorneys or Assistant U.S. Attorneys concerning your swatting incident and provide copies of all communications with them.

13. State your reasons for stating that Los Angeles County or California state officials were not interested enough in your swatting incident to investigate it to your satisfaction.

14. State why you had "given up" on law enforcement to solve your swatting incident, and what you meant by that statement.

15. State how many different people you have stated were involved with or responsible for your swatting incident, and provide what evidence you compiled on these possible suspects.

16. State the dates, times, and names and subject matter of all contacts to United States Senator(s) or Representative(s) that you contacted regarding your swatting incident, and provide copies of those communications.

17. State the dates, times, and names and subject matter of media contacts that you talked to before during and after your swatting incident to discuss the incident, and provide copies of those communications.

18. State the date times and subject matter of all discussions between you and Andrew Breitbart concerning Brett Kimberlin, and any action planned of taken against Mr. Kimberlin.

19. State the policy of the Los Angeles District Attorney's Office that gave you permission to be directly involved in investigating crimes committed against you.

20. State whether the Los Angeles District Attorney's office has a policy that precludes you from investigating criminal cases in which you are directly involved.

21. State whether you were you told by anyone in a supervisory capacity in the Los Angeles District Attorney's Office not to be involved in investigating your own swatting case. If so, state the name(s) of this person(s) you talked with, and what were the dates, times and subject matter of these conversations, and provide copies of those communications.

22. State the dates, times, and subject matter of your conversations with William Hoge concerning Brett Kimberlin before during and after your swatting incident, and provide copies of those communications.

23. State the dates, times, and subject matter of your conversations with Aaron Walker concerning Brett Kimberlin before during and after your swatting incident, and provide copies of those communications.

24. State whether you are aware of any disposition of your the swatting incident by law enforcement officials at the state or federal level. If so, state the result of that investigation and provide any written communication regarding that disposition and whether it is still pending.

25. State the dates, times, and subject matter of conversations you had with Brandon Darby about Brett Kimberlin before during and after your swatting incident.

26. State the names and contact information of all Law Enforcement investigators you talked with concerning your swatting incident, and provide copies of those communications.

27. State whether it is the policy of Law Enforcement or Prosecutors in Los Angeles County to recuse themselves from investigating crimes in which they are directly involved.

28. State the names of all persons who you believe have discoverable information about this case, and provide any such information that is in your custody.

29. State the dates, times, and subject matter of your conversations with Glen Reynolds concerning Brett Kimberlin before during and after your swatting incident, and provide copies of those communications.

Dated this 9th day of June, 2015

Brett Kimberlin