UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

BRETT KIMBERLIN,
    Plaintiff,

v.                                                          No GJH 13-3059

PATRICK FREY,
    Defendant.

### MOTION TO LIFT PROTECTIVE ORDER

Now comes Plaintiff Brett Kimberlin and moves this Court to lift the protective

order issued in this case in October prohibiting Plaintiff from disclosing documents

provided by Defendant Frey, discussing them with anyone, sharing them with the

media, or filing them in open court in any case.  As will be shown below, Defendant

Frey misled the Court regarding the documents.  Moreover, the protective order

violates the First Amendment and is contrary to the recent Fourth Circuit decision in

*In Re Wall Street Journal*, et al, No 15-1179, (Mach 5, 2015), where the Court

invalidated a similar protective/gag order as violative of the First Amendment.  The

Fourth Circuit has also held that protective orders should be narrowly tailored and

that the First Amendment guarantees the public and the press the right to access in

both civil and criminal trials. *Rushford v. New Yorker Magazine Inc.*, 846 F.2d 249,

253 (4th Cir. 1988).

1.      Defendant Frey moved for the protective order on the grounds that the

documents to be disclosed would place him in danger and violate his privacy rights.

The Court granted a blanket protective order that was not "narrowly tailored."

2.      Defendant Frey has provided more than 2000 pages of documents to Plaintiff and not a single one of them would place him in any danger or violate any privacy rights of his. There are no social security numbers or any other personal information about Defendant Frey that is not known to the public.  Most of the emails were to and from multiple parties, sometimes as many as a dozen.

3.      This is a case of national importance that has generated a great deal of publicity.  Several reporters have contacted Plaintiff to review the discovery but Plaintiff has told them that he cannot provide the discovery to them because of the protective order.  See Exhibits A and B.  As the Fourth Circuit held, the press has a First Amendment right to discovery in these types of cases.  Id.

4.      The protective order imposes a gag order on Plaintiff that has restrained him from discussing the discovery with the press.  This also violates his First Amendment right to free speech.

5.      Plaintiff needs to file some of the discovery in open court and provide it to other attorneys but he cannot do so because of the protective order.  Several lawyers representing other defendants being sued by Plaintiff have asked to see discovery related to their clients but Plaintiff cannot provide it to them.  In *Rushford*, supra, the Fourth Circuit noted that discovery documents attached to motions should be freely accessible to the press and public.

6.      Plaintiff filed a motion in this case re William Hoge, and had to file it under seal because of the protective order.  Mr. Hoge has asked this Court to unseal the motion because it violates his right to due process.

7.     In the related case of *Kimberlin v. Hunton & Williams*, pending before this Court, Plaintiff has requested discovery which several of the defendants have argued is not necessary because Plaintiff has shown no connection between the H&W defendants and Defendant Frey's associates in the instant case.   However, the Frey discovery proves many instances of direct and indirect connections between those parties.   Being able to palce that information before this Court is imperative for the truth finding process. See *Rushford*.

8.     Defendant Frey is a public official and as such documents shining light on his his actions should be available to the public.   As the United States Supreme Court has noted, one way to deter a misbehaving prosecutor is to "publicly chastise[] the prosecutor by identifying him in the court's opinion." *United States v. Hasting*, 461 U.S. 499, 506 n.5 (1974).]."   In the instant case, Plaintiff cannot even file public motions discussing the discovery, which allows Defendant Frey to cover up his misconduct while continuing his false narratives about Plaintiff.

Wherefore, for all the above reasons, Plaintiff moves this Court to lift the protective order.

Respectfully submitted,

Brett Kimberlin
8100 Beech Tree Rd
Bethesda, MD 20817
(301) 320 5921
justicejtmp@comcast.net

Certificate of Service

I certify that I mailed a copy of this motion to William Hoge and emailed a copy to the attorneys for Defendant Frey this 12th day of January 2016.

Brett Kimberlin