

# COUNTY OF LOS ANGELES

## OFFICE OF THE COUNTY COUNSEL

648 KENNETH HAHN HALL OF ADMINISTRATION
500 WEST TEMPLE STREET
LOS ANGELES, CALIFORNIA 90012-2713

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 JAN 11 P 3: 09

CLERK'S OFFICE
AT GREENBELT

BY_____ DEPUTY

TELEPHONE
(213) 974-0811

FACSIMILE
(213) 626-2105

TDD
(213) 633-0901

MARY C. WICKHAM
County Counsel

January 8, 2016

Hon. George J. Hazel
U.S. District Court, District of Maryland
Southern Division
6500 Cherrywood Lane
Greenbelt, MD  20770

**Re:    Kimberlin v. Frey, Case No. CV13-03059-GJH**

Dear Judge Hazel:

I am counsel for the Los Angeles District Attorney's Custodian of Records ("DA COR") and am writing in support of Defendant's December 21, 2015 Motion to Quash the subpoena duces tecum served on DA COR.

DA COR served its Responses and Objections to Plaintiff's subpoena on December 14, 2015.  On December 23, 2015, I spoke with Plaintiff to discuss DA COR's objections to the subpoena, specifically with regard to the requests for documents contained in Defendant's personnel file.  We agreed to narrow the scope of the subpoena to certain categories of documents that I did not believe were part of Plaintiff's internal personnel file.  At the time, I was under the impression that there could be documents related to Plaintiff's complaints about Defendant that were not part of Plaintiff's internal personnel file; however, I have just learned that this is not the case.  Any and all documents regarding any investigation performed by the Los Angeles County DA's Office into Plaintiff's complaints against Defendant are indeed part of Plaintiff's internal personnel file.

As Defendant correctly states in his Motion to Quash, Defendant has "a prima facie right to and expectation of privacy to [his] personnel records under California law."  *See* Defendant's Motion to Quash Subpoenas at 2, *citing Olivera v. Vizzusi*, 2010 U.S. Dist. LEXIS 125083 *15 (E.D.Cal., Nov. 12, 2010). Moreover, such personnel files are protected from disclosure by the Official Information Privilege, *California Evidence Code* Section 1040 (Official Government Information), *California Government Code* Section 6254, and the Deliberative Process Privilege.  Further, Plaintiff has presented no facts or

HOA.1873792.1

Hon. George J. Hazel
January 8, 2016
Page 2


argument that Defendant's personnel records have any bearing or relevance to the
instant case so as to overcome DA COR's – and Defendant's – overwhelming
privacy interests in its internal personnel files.

   I spoke with Plaintiff today and informed him that I would be sending this
letter in support of Defendant's Motion to Quash, and that in accordance with our
prior conversation, DA COR will produce to Plaintiff the documents that are not
part of DA COR's personnel files.

           Respectfully submitted,

           MARY C. WICKHAM
           County Counsel

        By
           LANA CHOI
           Senior Associate County Counsel
           Law Enforcement Services Division

cc:  Brett Kimberlin
    T. Bruce Godfrey (counsel for Patrick Frey)