U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2016 JAN 13 PM 12: 16
CLERK'S OFFICE
AT GREENBELT
BY ____ DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
***Southern Division***

| | | |
|---|---|---|
| **BRETT KIMBERLIN,** | * | |
| **Plaintiff** | * | |
| **v.** | * | **CASE NO.: GJH-13-3059** |
| **J. PATRICK FREY,** | * | |
| **Defendant** | * | |

* * * * * * * * * * * * * * *

**MR. WALKER'S MOTION FOR SANCTIONS UNDER RULE 45(D)(1)**

NOW COMES non-party Aaron J. Walker, Esq.,[1] and files this Motion for Sanctions Under Fed. R. Civ. P. 45(d)(1) and states the following:

1. Filed simultaneously with this motion is Mr. Walker's Opposition to the Plaintiff's Motion to Compel and Request for Show Cause Order (hereinafter the "Opposition").

2. As stated in the Opposition, ¶¶ 8-21, the Plaintiff has sought to enforce a subpoena that is wholly duplicative of two document requests to Mr. Frey's attorneys and significantly duplicative of a document request served on Mr. Walker in another case.

3. As also stated in the Opposition, ¶¶ 1-7, the Plaintiff has filed a motion to compel and for sanctions for alleged non-compliance with that subpoena (ECF No. 324) without even pretending that he properly served the subpoena on Mr. Walker.

[1] Mr. Walker refers to himself in the third person for stylistic purposes and to de-personalize this case.

4. Under Rule 45(d)(1), the Plaintiff has a duty to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."

5. By attempting to enforce a subpoena that was 1) wholly duplicative of two document requests served on Defendant Frey and 2) significantly duplicative of a document request served and complied with in another case, the Plaintiff has clearly breached that duty.

6. Further, the same rule states that "[t]he court for the district where compliance is required must enforce this duty *and impose an appropriate sanction*—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." id. (emphasis added).

7. This rule is not discretionary. It requires that a sanction be imposed. Mr. Walker has suggested a sanction of at least $500 to compensate him for his lost time and repeats that request here.

WHEREFORE, the Plaintiff should be sanctioned for attempting to enforce an unduly burdensome subpoena not less than $500 for Mr. Walker loss of earnings; and this Court should grant any other relief that is just and equitable.

Wednesday, January 13, 2016

Respectfully submitted,

Aaron J. Walker, Esq.
Va Bar# 48882
P.O. Box 3075
Manassas, Virginia 20108
(703) 216-0455
AaronJW72@gmail.com
(No fax)

**CERTIFICATE OF SERVICE**

I certify that on the 13th day of January, 2016, I served copies of this document on Brett Kimberlin at 8100 Beech Tree Road, Bethesda, Maryland 20817 and Ron Coleman, Esq. for Patrick Frey by email with his permission.