UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

BRETT KIMBERLIN,
    Plaintiff,

v.    No. GJH 13-3059

PATRICK FREY,
    Defendant.

## MOTION TO AMEND WITH LEAVE OF THE COURT

Now comes Plaintiff Brett Kimberlin, pursuant to Federal Rule of Civil Procedure 15(a)(2), and moves to amend his Complaint in the interest of justice. Under the Rule, leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ.P.15(a). The Supreme Court has declared that "this mandate is to be heeded." *Foman v. Davis,* 371 U.S. 178, 182, (1962). The law is well settled "that leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 509(4th Cir.1986). *Edwards v. City of Goldsboro*, 178 F. 3d 231, 242 (4th Circuit 1999).

1. In this case, Plaintiff has alleged that Defendant Patrick Frey, an Assistant District Attorney from Los Angeles County California, under color of law, retaliated against Plaintiff for complaining to his supervisors at the District Attorney's Office about his conduct that fell outside of established county policy. See 42 USC 1983.

2. Over the past two months, Plaintiff has received more than 2000 pages of discovery from various sources that establishes (1) that Los Angeles County also violated Plaintiff's rights under color of law and conspired with Defendant Frey to

retaliate against Plaintiff, and (2) that numerous other people acted in concert with Defendant Frey under color of law to retaliate against Plaintiff.

3. The law is clear that LA County can be held liable under 1983 where its policies gave rise to the actions of Defendant Frey. *Goldstein v. City of Long Beach*, 715 F. 3d 750 – (9th Circuit, en banc 2013)

4. Moreover, it is well established that private parties who conspire or act in concert with a state official can be sued under 1983 not only for conspiracy but also for acting "under color of law." *Vance v. Billingsley*, 487 F.Supp. 439 (1980). See also "A person is deemed to act in concert when he acts *with another* to bring about some preconceived result." *Black's Law Dictionary,* 262 (5th ed.1979)

5. In the instant case, the discovery already provided shows that the policies of the LA County District Attorney's Office and the actions of that office form a strong basis for a claim under Section 1983. Moreover, it is clear that several other private citizens worked in concert with Defendant Frey, under color of law, to retaliate against Plaintiff, and are liable under Section 1983. Frey was a state actor but he did not act alone.

6. All of the information Plaintiff wants to add to an amended complaint is newly discovered information. Currently, much of that information is subject to a protective order so he cannot describe it in detail in this motion. However, Plaintiff needs to quote from it and attach it to the amended complaint in order to show specificity and state a claim re the new defendants. Therefore, Plaintiff needs this Court to grant this motion allowing him to amend his complaint and use the new discovery in that complaint.

7. Plaintiff has asked Defendant Frey if he would consent to the amended compliant under Rule 15(a)(2) but he declined.

8. It is in the interest of justice and truth finding to allow Plaintiff to amend his complaint.

Wherefore, for all these reasons, Plaintiff moves this Court to allow him to amend his complaint.

Respectfully submitted,

Brett Kimberlin
8100 Beech Tree Rd
Bethesda, MD 20817
justicejtmp@comcast.net
(301) 320 5921

CERTIFICATE OF SERVICE

I certify that I served a copy of this motion on attorneys for Defendant Frey and on attorneys for LA County this 21st day of January, 2016.

Brett Kimberlin