UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

BRETT KIMBERLIN,
Plaintiff,

v.  No. GJH 13-3059

PATRICK FREY,
Defendant.

**PLAINTIFF'S REPLY TO DEFENDANT FREY'S OPPOSITION TO LIFTING PROTECTIVE ORDER**

Plaintiff hereby replies to Defendant Frey's Opposition to his Motion to Lift Protective Order.

1. Defendant Frey misled this Court in granting his request for a Protective Order. In fact, he falsely asserted that the discovery would violate his privacy interests and place him in danger by providing information to those he prosecutes as a hard core gang prosecutor in LA County California.

2. Plaintiff has received more than 2000 pages of discovery from Defendant Frey and has not found a single document that would violate his privacy or place him in danger.

3. As an example of these documents, Plaintiff is filing under seal, 57 pages of discovery for the Court's review.

4. The Fourth Circuit has made clear in *Rushford v. New Yorker Magazine*, 846 F.2d 249, 252 (4th Cir. 1988), that discovery documents that are used in a motion filed in court should not be protected:

> However, such [protected] discovery, which is ordinarily conducted in private, stands on a wholly different footing than does a motion filed by a party seeking action by the court. *See Bank of America Nat'l Trust and Sav. Ass'n v. Hotel Rittenhouse Assoc.*, 800 F.2d 339, 343 (3d Cir.1986). The

counsel for The New Yorker even acknowledged that if the case had gone to trial and the documents were thereby submitted to the court as evidence, such documents would have been revealed to the public and not protected under the [protective order]. Because summary judgment adjudicates substantive rights and serves as a substitute for a trial, we fail to see the difference between a trial and the situation before us now. *See Anderson v. Cryovac, Inc.,* 805 F.2d 1, 13 (1st Cir.1986) (recognizing that documents submitted as a part of motions for summary judgment are subject to public right of access); *In re Continental Illinois Sec. Litig.,* 732 F.2d 1302, 1308-10 (7th Cir.1984) (presumption of public right of access applies to motion to terminate derivative claims); *Joy v. North,* 692 F.2d 880, 893 (2d Cir.1982) ("documents used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons");

5. Plaintiff wants to use hundreds of pages of the Frey discovery to support various pleadings in this case, including motions, amended complaints, and even summary judgment. The fact that the documents are under protective order precludes him from doing so and this is contrary to the *Rushford* holding.

Wherefore, Plaintiff moves this Court to lift the protective order.

Respectfully submitted,

Brett Kimberlin
8100 Beech Tree Rd
Bethesda, MD 20817
justicejtmp@comcast.net
(301) 320 5921

CERTIFICATE OF SERVICE

I certify that I served a copy of this motion on attorneys for Defendant Frey this 1st<sup>st</sup> day of February, 2016.

Brett Kimberlin