UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
*Southern Division*

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 FEB 11  A 11: 40

CLERK'S OFFICE
6500 CHERRYWOOD LANE
GREENBELT MARYLAND 20770
(301) 344-0637
(301) 344-3910 FAX
BY_____ DEPUTY

CHAMBERS OF
GEORGE JARROD HAZEL
UNITED STATES DISTRICT JUDGE

February 11, 2016

RE: *Kimberlin v. Frey*,
    GJH-13-3059

## LETTER ORDER

Dear Counsel and Mr. Kimberlin:

This letter addresses several motions presently before the Court: Kimberlin's Motion to File In Camera Motion Under Seal (ECF No. 318); Frey's Motion to Quash Subpoenas (ECF No. 320); Hoge's Motion to Strike, Motion for Sanctions (ECF No. 321); Kimberlin's Motion to Compel (ECF No. 324); Kimberlin's Motion to Lift Protective Order (ECF No. 327); Walker's Motion for Sanctions (ECF No. 329); and, Kimberlin's Motion for Leave to Amend Complaint (ECF No. 334).

Kimberlin's Motion to File In Camera Motion Under Seal (ECF No. 318)

Kimberlin has submitted a motion to be allowed to file a motion under seal that is currently filed in camera. ECF No. 318. Kimberlin asserts that the motion and the attached exhibits contain information covered by the October 15, 2015 Protective Order (ECF No. 312) ("Protective Order"). *Id.* The Protective Order allows the parties to use documents designated as confidential when "preparing for and conducting the litigation in which the information or documents were disclosed (including appeals)." ECF No. 312 at 3. However, the Protective Order requires that any filing that discloses documents subject to the Protective Order be filed under seal. *Id.* at 4. After reviewing the in camera motion, the Court will GRANT Plaintiff's motion to file under seal. Kimberlin is instructed to properly serve third-party William Hoge. Kimberlin is further instructed to provide Hoge with a copy of the Protective Order and this Letter Order, which hereby instructs Hoge that he is bound by the provisions of the Protective Order as it relates to his receipt of ECF No. 319.

Frey's Motion to Quash Subpoenas (ECF No. 320)

Next, the Court considers Frey's Motion to Quash Subpoenas (ECF No. 320). Frey argues that he has standing to quash the subpoenas served on the Los Angeles District Attorney's Office ("LADA") and Google, Inc. because of his legitimate interests. ECF No. 320 at ¶ 1. He

also argues that California law has "a prima facie right to and expectation of privacy to a public official's personal records," ECF No. 320 at ¶ 2 (citing *Olivera v Vizzusi*, No. 2:10-1747, 2010 U.S. Dist. LEXIS 125083, at *15 (E.D. Cal. Nov. 15, 2010)), and that a defendant has standing to move to quash a subpoena seeking records from an employer, ECF No. 320 at ¶ 3. Kimberlin argues that the motion should be denied because Kimberlin "contacted attorneys at the LA County District Attorney's Office and came to an agreement on what documents they should provide at this time." ECF No. 322 at ¶ 2.

Under Federal Rule of Civil Procedure ("Rule") 45, "[o]n timely motion, the court for the district where compliance is required must question or modify a subpoena that . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies . . . ." Fed. R. Civ. P. 45(d)(3)(A). When withholding subpoenaed information under a claim that it is privileged, the custodian must "(i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45(e)(2)(A). The LADA's Custodian of Records states that "[a]ny and all documents regarding any investigation performed by the Los Angeles County DA's Office into Plaintiff's complaints against Defendant are indeed part of Plaintiff's internal personnel file," which is "protected from disclosure by the Official Information Privilege, *California Evidence Code* Section 1040 (Official Government Information), *California Government Code* Section 6254, and the Deliberative Process Privilege." ECF No. 328 at 1. The Court finds that the information sought by the subpoena is privileged and GRANTS Frey's motion to quash the Los Angeles District Attorney subpoena.

Regarding the Google, Inc. subpoena, Frey argues that the subpoena is unlawful under the Stored Communications Act. ECF No. 320 at ¶¶ 6–7. The Court agrees. The Stored Communications Act does not allow "enforcement of a civil subpoena issued to an e-mail service provider." *In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 611 (E.D. Va. 2008); *see also Finkle v. Howard Cty.*, No. SAG-13-3236, 2014 U.S. Dist. LEXIS 166636, at *5 n.3 (D. Md. Dec. 2, 2014) ("The Stored Communications Act ("SCA") unambiguously states that the contents of electronically stored communications shall not be disclosed to parties unless an enumerated exception applies. 18 U.S.C. § 2702. A civil subpoena is not an exception."). As noted by Kimberlin, the Court has not yet ruled on Kimberlin's request to serve Google, Inc. with a subpoena. *See* ECF No. 315; ECF No. 322 at ¶ 3. Based on the foregoing, the request to serve Google, Inc. with a subpoena is DENIED and the Motion to Quash the Supoena is therefore DENIED as moot.

Hoge's Motion to Strike, Motion for sanctions (ECF No. 321)

Non-party William Hoge requests that the Court strike ECF No. 319 and sanction Plaintiff for not providing proper service on Hoge. ECF No. 321 at 1. However, the in camera motion has not been filed. Rather, Kimberlin submitted the motion for review by the Court along

2

with his motion to file under seal. *See* ECF No. 318. In Kimberlin's motion, he notes that the "information in the In Camera Motion cannot be publicly disclosed absent an express order of this Court" ECF No. 318. Thus, Kimberlin did not fail to serve Hoge; the in camera motion was submitted to the Court to determine how it should be filed. As discussed above, Kimberlin is instructed to serve the Motion on Hoge. Hoge's motion to strike ECF No. 319 and to sanction Kimberlin is DENIED.

Kimberlin's Motion to Compel (ECF No. 324)

Next, the Court DENIES Kimberlin's Motion to Compel because Walker was not properly served. According to Rule 45(b)(1), a person "who is at least 18 years old and not a party may serve a subpoena." Fed. R. Civ. P. 45(b)(1). In Plaintiff's motion, he states, "Plaintiff served that subpoena on Walker via first class Priority Mail with a date of December 16, 2015 for compliance." ECF No 324 at ¶ 1. This does not comply with Rule 45(b)(1). Because Plaintiff failed to properly serve Walker, he cannot compel compliance with the subpoena.

Kimberlin's Motion to Lift Protective Order (ECF No. 327)

Kimberlin has also filed a Motion to Lift Protective Order (ECF No. 327). In his motion, Kimberlin argues that the Protective Order violates his First Amendment right to free speech, prevents him from sharing protected documents with "lawyers representing other defendants being sued by Plaintiff," and prevents him from using the information to amend his complaint in *Kimberlin v. Hunton & Williams*, GJH-15-1173. ECF No. 327.

To support his argument, Plaintiff cites to *In re Wall St. Journal*, 601 F. App'x 215 (4th Cir. 2015) and *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249 (4th Cir. 1988), but neither case supports Plaintiff's position. *In re Wall St. Journal* discusses the public's qualified right of access to criminal trials. *In re Wall St. Journal*, 601 F. App'x at 218. *Rushford*, which discusses whether attachments to a dispositive motion should remain sealed, notes that "discovery, which is ordinarily conducted in private, stands on a wholly different footing than does a motion filed by a party seeking action by the court." *Rushford*, 846 F.2d at 252. According to Rule 26(c), the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c). As explained in *Rushford*, "the First Amendment [does] not preclude the district court from entering a protective order limiting disclosure of the products of pretrial discovery," *Rushford*, 846 F.2d at 252, which is the case here.

The Court finds Plaintiff's other concerns to be unpersuasive. There are no other defendants to share the protected documents with because all other Defendants have been dismissed. *See* ECF No. 264 (dismissing all Defendants except Defendant Frey). As noted above, the Protective Order allows the parties to use the protected documents for "preparing for and conducting *the litigation in which the information or documents were disclosed* (including appeals)." ECF No. 312 at 3 (emphasis added). Allowing Plaintiff to use the protected

3

documents in this case to pursue defendants in a separate case would defeat the purpose of the Protective Order. Accordingly, Plaintiff's Motion to Lift Protective Order is DENIED.

Walker's Motion for Sanctions Under Rule 45(d)(1) (ECF No. 329)

Non-party Aaron J. Walker has filed a motion for sanctions under Rule 45(d)(1) (ECF No. 329). In his motion, Walker argues that Plaintiff should be sanctioned for "attempting to enforce a subpoena that was 1) wholly duplicative of two document requests served on Defendant Frey and 2) significantly duplicative of a document request served and complied with in another case." ECF No. 329 at ¶ 5. As the Court has previously noted, "'[m]otions for sanctions are to be filed sparingly,' and '[t]he keynote is cooperation and simple solutions, not paperwork and unnecessary expense to clients.'" ECF No. 294 at 2 (quoting *Thomas v. Treasury Mgmt. Ass'n, Inc.*, 158 F.R.D. 364, 366 (D. Md. 1994)). Contrary to Walker's assertion, ECF No. 329 at ¶ 7 ("This rule is not discretionary. It requires that a sanction be imposed."), Rule 45(d)(1) sanctions are within the discretion of the district court, *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1185 (9th Cir. 2013). In its discretion, the Court DENIES Walker's Motion for Sanctions Under Rule 45(d)(1).

Kimberlin's Motion for Leave to Amend Complaint (ECF No. 334)

Last, the Court DENIES Plaintiff's Motion for Leave to Amend Complaint (ECF No. 334). This case has been pending since October 15, 2013, ECF No. 1, and the Court has reminded Plaintiff on two prior occasions that "no further amendments [to the Complaint] will be permitted," *see* ECF No. 88 at 5; ECF No. 133. Furthermore, Plaintiff's motion does not present good cause for moving to amend his Complaint after the established June 15, 2015 deadline. ECF No. 279 at 2; *see also Wonasue v. Univ. of Md. Alumni Ass'n*, 295 F.R.D. 104, 107 (D. Md. 2013) ("'Good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts. Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. The [c]ourt focuses less on the substance of the proposed amendment and more on the timeliness of the motion to amend and the reasons for its tardy submission." (citations and quotation marks omitted)). Plaintiff's Second Amended Complaint indicates that he was aware of LADA's identity as a potential defendant. *See* ECF No. 100-1 at ¶ 208 ("As set forth above, the actions of Defendant Frey . . . were done under color of state law, specifically as an Assistant District Attorney for Los Angeles, California, with the knowledge and permission of his supervisors in the Los Angeles District Attorney's Office."). Thus, Plaintiff could have added LADA as a party in his Second Amended Complaint rather than attempting to do so almost two years later.

In summary, the motions are resolved are follows:

- Kimberlin's Motion to File In Camera Motion Under Seal (ECF No. 318) is GRANTED;
- Frey's Motion to Quash Subpoenas (ECF No. 320) is GRANTED, in part, and DENIED, in part, as moot;

- Hoge's Motion to Strike, Motion for Sanctions (ECF No. 321) is DENIED;
- Kimberlin's Motion to Compel (ECF No. 324) is DENIED;
- Kimberlin's Motion to Lift Protective Order (ECF No. 327) is DENIED;
- Walker's Motion for Sanctions (ECF No. 329) is DENIED; and,
- Kimberlin's Motion for Leave to Amend Complaint (ECF No. 334) is DENIED.

Although informal, this is an Order of the Court and shall be docketed as such.

Sincerely,

GEORGE J. HAZEL
United States District Judge