IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

BRETT KIMBERLIN,

 Plaintiff,

v.               Case No.: GJH-13-3059

PATRICK FREY, *et al.*,

 Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Unseal Records Used in Summary Judgment Motions, ECF No. 410, which is the latest of numerous attempts by Plaintiff Brett Kimberlin to unseal documents that he obtained in discovery in this case. Defendant Patrick Frey submitted a Response to Kimberlin's Motion, ECF No. 414, to which Kimberlin replied, ECF No. 415. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). The Court denies Kimberlin's Motion.

Kimberlin makes two arguments as to why the documents should be unsealed. First, Kimberlin argues that under *Rushford v. New Yorker Magazine*, 846 F.2d 249 (4th Cir. 1988), "documents used in a summary judgment motion must be made public" pursuant to the First Amendment, which "provides an affirmative right of public access to virtually all judicial proceedings involved in civil proceedings." ECF No. 410 ¶ 1. Second, Kimberlin argues that he needs the documents to be unsealed as he "will be appealing this case and cannot do so without relying on and extensively discussing the documents and the pleadings." *Id.* ¶ 2. He claims that "[t]here is no provision under law that allows a party to appeal under seal in normal civil matters

such as the instant case." *Id.* ¶ 3. The Court address these two points in turn, and finds neither one to be persuasive.

Kimberlin does not have a right to have the documents unsealed under *Rushford*. This is not the first time that Kimberlin has relied on *Rushford* in an attempt to unseal the documents in this case. In his January 12, 2016 Motion to Lift Protective Order, Kimberlin argued, citing *Rushford*, that "the First Amendment guarantees the public and the press the right to access in both civil and criminal trials," ECF No. 327 at 1, and that "discovery documents attached to motions should be freely accessible to the press and public," *Id.* ¶ 5. In denying that Motion, the Court reasoned that while *Rushford* "discusses whether attachments to a dispositive motion should remain sealed," the case "notes that discovery, which is ordinarily conducted in private, stands on a wholly different footing," and that "the First Amendment [does] not preclude the district court from entering a protective order limiting disclosure of the products of pretrial discovery." ECF No. 344 at 3.

This time when citing *Rushford*, Kimberlin points out that the Court has in fact granted a motion for summary judgment, and relied on certain documents that he argues should be unsealed. While this situation is more like *Rushford* than Kimberlin's prior attempts to unseal the documents, *Rushford* remains distinguishable. This Court has previously reasoned that "it is improper for Plaintiffs to wield the 'public interest' as a mechanism to unravel a confidentiality agreement to which Plaintiffs assented." *Myles v. RENT-A-Ctr., Inc.*, No. JKB-15-300, 2016 WL 3077399, at *3 (D. Md. June 1, 2016). Although certain documents may be unsealed under *Rushford*, the Fourth Circuit has explained that only third parties who do not already have access to the documents may seek to unseal documents under *Rushford*. *See Pittston Co. v. United States*, 368 F.3d 385, 406 (4th Cir. 2004). In *Pittston*, a number of documents were protected

2

from public disclosure under a Protective Order. *Id.* The plaintiff used the protected documents in its filings on motions for summary judgment, and then filed a motion to unseal the documents. In its motion, which the district court denied, the plaintiff argued that there was public interest in unsealing the documents. *Id.* In affirming the district court's denial of the plaintiff's motion, the Fourth Circuit distinguished *Rushford*, reasoning that "[u]nlike the circumstances in *Rushford*, where The Washington Post did not have access to the documents, Pittston already had access to the documents covered by the protective order." *Id.*

The Court finds that *Pittston* is dispositive. Here too, there is not a third-party member of the "public" seeking to unseal the documents relied upon in the Court's prior order.[1] *See also, Va. Dept. of State Police v. Washington Post*, 386 F.3d 567, n.6 (4th Cir. 2004) (in order unsealing documents for public access, distinguishing *Pittston* because third-parties had intervened and requested access). As in *Pittston*, Kimberlin already has access to all of the documents that he seeks to unseal, and is simply trying to "wield the public interest" to circumvent the Protective Order in this case. Therefore, under *Pittston*, the Court will not unseal the documents relied on in the Court's Summary Judgment Order.

Kimberlin next argues that during his appeal "he must be able to cite the record in this case, quote from exhibits, and do so publicly." ECF No. 415 ¶ 1. Kimberlin further argues that "[t]here is no provision under law that allows a party to appeal under seal in normal civil matters such as the instant case." ECF No. 410 ¶ 3. Kimberlin claims that "it is the obligation of the

---

[1] The Court notes that even if a third-party was requesting that the Court unseal the documents, it is not a foregone conclusion that they would be entitled to such relief under *Rushford*, as *Rushford* does not grant an absolute right to have documents unsealed that were relied on in the Court's summary judgment order. The Fourth Circuit in *Rushford* explained that "[w]e certainly recognize that there may be instances in which discovery materials should be kept under seal even after they are made part of a dispositive motion." *Rushford*, 846 F.2d at 253. Where a district court determines that the continued sealing of the documents "serves an important governmental interest and that there is no less restrictive way to serve that governmental interest," the court may keep documents under seal, even where they were part of a dispositive motion. *Id.* Here, as no third-party has requested that the documents be unsealed, however, the Court need not reach a conclusion as to whether keeping the documents sealed "serves an important governmental interest."

3

District Court to ensure that the record on appeal is adequate for a proper review of the case." ECF No. 415 ¶ 3. Kimberlin cites no case law for any of these propositions.

Kimberlin's contentions that he cannot pursue his appeal to the Fourth Circuit without the documents being unsealed is without merit. In the Court's Protective Order, the Court instructed the parties that they were permitted to use protected documents for "conducting the litigation in which the information or documents were disclosed *(including appeals)*." ECF No. 312 ¶ 1(c) (emphasis added). Therefore, the Court's Protected Order expressly permits Kimberlin to "cite the record in this case, [and] quote from exhibits" – exactly the relief he seeks. Furthermore, Kimberlin's claim that there is no way for him to "appeal under seal" is also baseless. The Fourth Circuit's Appellate Procedure Guide contains detailed instructions for how a party may appeal under seal and file sealed documents and records with the Fourth Circuit. *See* "Sealed & Confidential Materials," U.S. Court of Appeals for the Fourth Circuit, https://www.ca4.uscourts.gov/AppellateProcedureGuide/General_Provisions/SealedConfidMem.html (last accessed on Nov. 13, 2017). Kimberlin does not direct the Court to any legal precedent for his conclusion that he must be able to quote from exhibits "publicly" on appeal, and the Court is unaware of any legal precedent or principle granting him this right. Kimberlin has the express consent of the Court to use sealed documents in pursuing his appeal, so long as he follows the procedures the Fourth Circuit has established.

* * *

For the foregoing reasons, the Court finds that Kimberlin is not entitled to have the documents relied on by this Court in its July 21, 2017 Opinion unsealed, ECF No. 408, and he has not shown that he needs the documents to be unsealed to pursue his appeal. As such, the

4

Court's Protective Order, ECF No. 312, will remain fully in effect, and Kimberlin's Motion to Unseal Records Used in Summary Judgment Motions, ECF No. 410, is hereby **DENIED**.

Date: November 13, 2017

GEORGE J. HAZEL
United States District Judge